**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| *In re PVC Pipe Antitrust Litigation* | Case No. 1:24-cv-07639 |
| This Document Relates to: | Hon. LaShonda A. Hunt |
| ALL ACTIONS | |

**MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION TO APPOINT LOCKRIDGE GRINDAL NAUEN PLLP AND SCOTT+SCOTT ATTORNEYS AT LAW LLP CO-LEAD CLASS COUNSEL**
<u>**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23(g)**</u>

This case involves PVC pipe, a commodity product that is widely used both in plumbing applications as well as to protect and insulate electrical wiring. Defendants are manufacturers—often referred to as "converters"—of PVC municipal water pipes, PVC water pipes, and PVC electrical conduit pipes (together, "PVC Pipes"), and Oil Price Information Service ("OPIS"), a reporting service for PVC Pipes. Given the vital role that PVC Pipes play in this country's infrastructure, the resolution of Plaintiffs' allegations will likely have far-reaching implications. To ensure that such an important and complex case progresses efficiently, Plaintiffs in the three filed PVC Pipe cases present this uncontested motion for leadership. The proposed class includes all purchasers of PVC Pipes through a non-converter seller (hereinafter, the "Proposed Class").

Counsel representing plaintiffs in the three cases filed to date have conferred and agreed upon a proposed leadership structure that has the necessary experience, capacity, and resources to lead this litigation, and therefore move to appoint Lockridge Grindal Nauen PLLP ("LGN") and Scott+Scott Attorneys at Law LLP ("Scott+Scott") as Co-Lead Class Counsel (together, "Proposed Co-Lead Counsel") and to appoint Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") as Liaison Counsel.

## I. RELEVANT FACTUAL BACKGROUND

George Bavolak, represented by LGN, filed the first class action against Defendants alleging anticompetitive conduct in the PVC Pipes market on August 23, 2024, and an amended complaint on September 6, 2024. *See George Bavolak, et al. v. Atkore, Inc., et al.*, No. 1:24-cv-07639 (N.D. Ill.) ("*Bavolak*")). Blake Wrobbel, represented by Scott+Scott and co-counsel, filed a complaint on September 3, 2024, and an amended complaint on September 12, 2024. *See Blake Wrobbel, et al. v. Atkore Inc., et al.*, No. 1:24-cv-8012 (N.D. Ill.) ("*Wrobbel*")). On September 11, 2024, TC Construction, represented by LGN and co-counsel, filed a third complaint. *See TC*

*Constr., Inc. v. Atkore Inc., et al.*, No. 1:24-cv-08281 (N.D. Ill.) ("*TC Construction*")). All three cases contain substantially similar allegations.

Bavolak, Wrobbel, and TC Construction (collectively, "Plaintiffs") allege that PVC Pipe manufacturers conspired and combined to fix, raise, maintain, and stabilize the price of PVC Pipes in the United States. *Bavolak* Amended Complaint, ECF No. 21, at ¶ 5; *Wrobbel* Amended Complaint, ECF No. 21, at ¶¶ 9-11; *TC Construction* Complaint, ECF No. 1, at ¶ 5. Defendants' manipulation of the PVC Pipe market was facilitated by OPIS, a reporting service that gave Defendants the ability to signal pricing activities, share pricing data, and maintain disciplined, collective action. *Bavolak* Amended Complaint ¶ 3; *Wrobbel* Amended Complaint ¶ 9; *TC Construction* Complaint ¶ 3. As a result of Defendants' conduct, Plaintiffs and the Proposed Class paid artificially inflated prices for PVC Pipes. *Bavolak* Complaint ¶ 53; *Wrobbel* Complaint ¶ 11; *TC Construction* Complaint ¶ 53. All three complaints allege that Defendants' collusion violated Section 1 of the Sherman Act, 15 U.S.C. § 1, as well as state antitrust laws, and injured Plaintiffs and members of the Proposed Class.

After a hearing on September 19, 2024, the Court granted a motion to reassign the related *Wrobbel* and *TC Construction* cases to *Bavolak* pursuant to Local Rule 40.4. ECF No. 86. On September 23, 2024, the Parties filed a Joint Stipulation regarding Relatedness, Reassignment, and Initial Case Management Deadlines. *See* ECF No. 101.

## II. LGN AND SCOTT+SCOTT WILL BEST REPRESENT THE PROPOSED CLASS

In large, complex class actions, the Court should appoint lead counsel who are "best able to represent the class." Fed. R. Civ. P. 23(g).[1] The Court should consider counsel's: (a) willingness

---

[1] Seventh Circuit courts are guided by Federal Rule of Civil Procedure 23(g)'s standard when appointing interim class counsel before a class is certified. *See Smith v. State Farm Mut. Auto. Ins.*

2

and availability to commit to a time-consuming project; (b) ability to work cooperatively with others; (c) professional experience in this type of litigation; (d) access to sufficient resources to advance the litigation in a timely manner; and (e) diversity. Manual for Complex Litigation, Fourth, § 40.22. Courts have found the experience and service as lead counsel in prior cases factors particularly persuasive.[2] Further, the appointment of more than one co-lead counsel and liaison counsel is typical, especially in inherently complex antitrust class actions.[3] Here, Proposed Co-Lead Counsel offer a diverse team and are among the most experienced, well-resourced, and committed antitrust plaintiffs' firms in the nation.

> A. **Proposed Co-Lead Counsel Have Demonstrated a Willingness and Availability to Commit to this Complex and Important Case.**

One factor a court may consider is counsel's demonstrated commitment to litigating the case, including whether counsel has undertaken "the process of drafting the complaint [which] requires investigatory and analytical effort.'" Moore's Federal Practice § 23.120[3][a] (2007); *see also Moehrl*, 2020 WL 5260511, at *2. Courts weigh this factor "heavily in favor" of appointing counsel who have "taken the lead . . . in moving [the] litigation forward" and who have "superior knowledge" of the claims and theories of liability at issue.[4] Proposed Co-Lead Counsel have done

---

*Co.*, 301 F.R.D. 284, 288 (N.D. Ill. 2014). Given how closely the Rule 23(g)(1) factors follow the Manual for Complex Litigation § 40.22 factors, Plaintiffs follow those five factors here.

[2] *See Cicilline v. Jewel Food Store, Inc.*, 542 F. Supp. 2d 831, 841 (N.D. Ill. 2008) ("Counsel who regularly pursue similar claims are more likely to appropriately and effectively serve the class and bring more expertise than less-experienced counterparts.").

[3] *See Moehrl v. Nat'l Ass'n of Realtors*, No. 19-cv-01610, 2020 WL 5260511, at *2 (N.D. Ill. May 30, 2020) (approving three-firm leadership and noting "it is not unusual for multiple firms to serve as interim co-lead counsel"); *Walker v. Discover Fin. Servs.*, No. 10-cv-6994, 2011 WL 2160889, at *3 (N.D. Ill. May 26, 2011) (noting courts "have frequently appointed more than one firm to act as interim-lead and/or lead counsel" and collecting cases).

[4] *In re Clearview AI, Inc., Consumer Priv. Litig.*, No. 21-C-0135, 2021 WL 916056, at *1-2 (N.D. Ill. Mar. 10, 2021); *see also In re Stericycle*, No. 13-C-5795, 2013 WL 5609328, at *2 (N.D. Ill. Oct. 11, 2013) (appointing firm which "engaged in more active pursuit of the prosecution of the putative class['s] claims"); *Chester Cty. Emps.' Ret. Fund v. White*, No 11-C-8114, 2012 WL

3

just that, taking significant steps to identify and investigate Plaintiffs' claims and to advance this litigation. *See* Fed. R. Civ. P. 23(g)(1)(A)(i).

The depth and detail of the allegations in the Complaints showcase Proposed Co-Lead Counsels' efforts. The firms have pursued numerous fronts—legal, factual, and economic—in their investigation and expended substantial resources, in both attorney time and monetary expense. Proposed Co-Lead Counsel have held discussions with class members and other industry participants, developed sources, collected relevant information, retained expert economists, and conducted considerable industry research. Declaration of Brian D. Clark in Support of Memorandum of Law in Support of Motion to Appoint Co-Lead Class Counsel ("Clark Decl.") at ¶ 8. Counsel's investigations, done without any known prior or parallel investigation by the U.S Department of Justice or any other government competition authority, led to the filing of the first three class action complaints to allege an industry-wide conspiracy involving PVC converters and OPIS. *Id.*

As described further below, the firms have a strong track record of working cooperatively and effectively in antitrust class actions over the past decade. Since filing their Complaints, Proposed Co-Lead Counsel have partnered to continue their investigation into the alleged misconduct. They have also submitted and presented before this Court a Motion for Finding of Relatedness and Reassignment, a Joint Motion addressing case management matters, and a proposed stipulation consolidating these cases and addressing other case management matters. ECF Nos. 20, 27, 30, & 101.

---

1245724, at *3-4 (N.D. Ill. Apr. 13, 2012) (efforts in investigation and discovery weighed heavily in favor of appointment).

4

### B. Proposed Co-Lead Counsel Will Continue to Work Cooperatively.

Lead counsel must have the ability to effectively reach consensus and work cooperatively.[5] Proposed Co-Lead Counsel have a strong track record in exercising this skill in antitrust class actions over the last decade. LGN and Scott+Scott currently work together as part of the leadership teams for different classes in *In re Cattle and Beef Antitrust Litigation*, No. 0:22-md-3031 (D. Minn.) and *Klein v. Meta Platforms*, No. 3:20-cv-8570 (N.D. Cal.) ("*Facebook*"), and together as plaintiffs' counsel in *Othart Dairy Farm LLC v. DFA, Inc.*, No. 2:22-cv-251 (D.N.M) ("*Othart Dairy*"). *See* Clark Decl. ¶ 7 (praise from the Court in *Cattle and Beef* for counsels' "remarkable . . . civility toward each other"). In fact, the lawyers working on the instant matter personally work together on all of those cases plus additional cases currently and in the past. *See, e.g.*, *In re Surescripts Antitrust Litig.*, 1:19-cv-06627 (N.D. Ill.) (Tharp, J.); *In re Peanut Farmers Antitrust Litig.*, No. 19-cv-00463 (E.D. Va.) ("*Peanuts*").

Since partnering, Proposed Co-Lead Counsel managed the execution of numerous pretrial matters, including completion of service and coordinating with Defendants to file a joint stipulation regarding relatedness, reassignment, and initial case management deadlines. *See* ECF Nos. 20, 27, 30, & 101.

### C. LGN and Scott+Scott Have Significant Experience in Class Action and Antitrust Litigation and Know the Applicable Law.

Proposed Co-Lead Counsel have extensive experience litigating antitrust class actions and other complex litigation and consistently demonstrate a deep knowledge of antitrust and other applicable law. *See* Manual for Complex Litigation, Fourth, § 40.22; Fed. R. Civ. P. 23(g)(1)(A)(ii)

---

[5] *See Baker v. Saint-Gobain Performance Plastics Corp.*, No. 1:16-CV-0220, 2016 WL 4028974, at *4 (N.D.N.Y. July 27, 2016) (counsel's ability "to command the respect of their colleagues and work cooperatively with opposing counsel and the court" are important considerations (internal quotations omitted) (citing Manual for Complex Litigation, § 10.224)).

and (iii). Indeed, LGN and Scott+Scott have prosecuted as court-appointed lead counsel some of the most significant antitrust class actions in the past two decades, recovering billions of dollars as well as injunctive relief for consumers and businesses. *See* Clark Decl. ¶ 3; Declaration of Karin E. Garvey in Support of Memorandum of Law in Support of Motion to Appoint Co-Lead Class Counsel ("Garvey Decl.") at ¶¶ 10-11. In addition, as encouraged in the Court's individual procedures, Proposed Co-Lead Counsel commit to providing substantive opportunities to less experienced attorneys throughout the case. Below is a summary of each firm's overall experience, as well as more detailed information for the attorneys from each firm that will be personally leading this matter if appointed.

       1.       **Lockridge Grindal Nauen PLLP**

LGN filed the first complaint in this matter after conducting an in-depth investigation led by Brian Clark and Simeon Morbey. LGN is a 60-attorney firm with offices in Minneapolis, Chicago, and Boston that has specialized in antitrust litigation for over 45 years. Clark Decl. ¶ 3. LGN serves in leadership roles in antitrust matters across a wide variety of industries and federal courts, including the Northern District of Illinois. In just the last decade, LGN has helped recover billions of dollars for their clients and class members in antitrust class actions. *Id.*

Brian Clark and Simeon Morbey will lead LGN's team in this matter, supported by additional key attorneys contained in Exhibit A to Mr. Clark's declaration.

       a)       **Brian D. Clark**

Brian D. Clark is a partner at LGN and co-chair of its antitrust practice group. Mr. Clark recently served as lead trial counsel to jury verdict for the class in *In re Broiler Chicken Antitrust Litig.*, No. 1:16-cv-08737 (N.D. Ill.) before Judge Thomas Durkin, a case that recovered $284 million for the class. Mr. Clark has led the charge in many recent agricultural antitrust cases, including price-fixing cases involving chicken, pork, beef, and turkey both in this District and

around the country. *See* Clark Decl. Ex. A. Mr. Clark served personally as co-lead counsel in the *Peanuts* litigation, which settled within 18 months of filing of the complaint, on the eve of trial, for $102.75 million and received an Outstanding Antitrust Litigation Achievement award from the American Antitrust Institute.

Mr. Clark is also a recognized e-discovery expert in the plaintiffs' bar. He is the founder and President of the Complex Litigation E-Discovery Forum, a plaintiffs' attorney e-discovery group with hundreds of members focused on e-discovery best practices and strategies. He leads LGN's e-discovery practice group, advises clients of all sizes on e-discovery matters, and previously taught e-discovery at the University of Minnesota Law School for five years.

### b) Simeon Morbey

Simeon Morbey is Senior Counsel at LGN. He has successfully represented plaintiffs in complex class action litigation for over a decade and possesses significant litigation experience. In 2021, Mr. Morbey's outstanding exceptional work in *Peanuts* earned him the prestigious American Antitrust Institute Award for Outstanding Antitrust Litigation Achievement by a Young Lawyer. Over the course of his career, Mr. Morbey has played an active role in numerous nationwide antitrust class actions such as *Peanuts* (co-lead counsel); *In re Pork Antitrust Litig.,* No. 18-cv-01776 JRT-HB (D. Minn.) (co-lead counsel); *Broiler Chicken* (co-lead Counsel); *Cattle and Beef*, (co-lead counsel for beef purchasers); and *In re Turkey Antitrust Litig.,* No. 1:19-cv-08318 (N.D. Ill.) (co-lead counsel). Mr. Morbey has also served as a member and contributor to the Complex Litigation E-Discovery Forum and a founding co-chair of the Federal Bar Association-Minnesota Chapter's Civil Discovery Practice Group.

### c) Other Key Team Members

LGN's team assigned to this matter also includes Kyle Pozan, Eura Chang, and Consuela Abotsi-Kowu. Mr. Pozan is senior counsel is based in Chicago and brings a wealth of knowledge

of local practice, and significant experience in large antitrust class actions such as *Broilers* and *Cattle and Beef*. Ms. Chang is an associate with experience in briefing dispositive and discovery motions, defending and taking depositions, and document review in antitrust and consumer protection litigation. Finally, Ms. Abotsi-Kowu, currently awaiting her bar results, has previously clerked as a summer associate at LGN and worked as a certified student attorney in the University of St. Thomas School of Law's Criminal and Juvenile Defense Clinic.

2. **Scott+Scott Attorneys at Law LLP**

Scott+Scott's more than 130 attorneys practice across the United States and in Europe. They have decades of extensive experience in litigation, trial, and settlement of antitrust class action cases and have served in leadership positions in hundreds of class actions, including many in this District. Importantly, Scott+Scott attorneys are at the forefront of exposing price fixing mechanisms that undermine competition, precisely the type of conduct that is alleged here. For example, Scott+Scott is co-lead counsel acting for renters nationwide harmed by RealPage's algorithms to set multi-family rental prices. *See In re RealPage, Inc. Rental Software Antitrust Litig. (No. II)*, 3:23-md-03071 (M.D. Tenn.). Scott+Scott attorneys are also serving as co-lead counsel on behalf of ranchers alleging the big four packers who control approximately 80% of the market conspired to drive down the prices paid for cattle. *See Cattle and Beef*.

Scott+Scott's team in this litigation will be led by Karin Garvey and Brian Hogan. Both Ms. Garvey and Mr. Hogan have significant experience litigating antitrust class actions, including in this District. Additional information on the significant breadth of Scott+Scott's leadership in the antitrust bar is provided in the attached firm resume. *See* Garvey Decl. Ex. A.

a. **Karin E. Garvey**

Karin Garvey is a partner in the antitrust group at Scott+Scott. Ms. Garvey is able to deploy the knowledge she gained from 18 years on the defense side to the strategic advantage of her

8

current clients on the plaintiffs' side. With over 25 years of litigation experience, Ms. Garvey brings significant experience in managing complex cases from development through resolution and appeal, has engaged in all phases of trial preparation and trial, and has briefed and argued appeals. Ms. Garvey has personally been appointed to leadership positions in multiple antitrust class actions including, in this District, *Surescripts*. Ms. Garvey also leads the direct purchaser class in *In re FICO Antitrust Litigation*, No. 1:20-cv-02114 (N.D. Ill.) (Chang, J.), in which Scott+Scott was appointed sole lead counsel. In addition, Ms. Garvey led the end-payor class in *In re Opana ER Antitrust Litigation*, 1:14-cv-10150 (N.D. Ill.) (Leinenweber, J.). There, she played a large role at the 2022 trial, including delivering significant portions of plaintiffs' opening statement and closing argument, and, mid-trial, reached a settlement of $15 million with one of the defendants.

Ms. Garvey is a leader of the plaintiff antitrust bar. She is frequently called upon to speak on antitrust matters and is recommended by Chambers & Partners USA and The Legal 500 for excellence in the antitrust practice; she also has been recognized by Lawdragon as one of the "Leading Plaintiff Financial Lawyers in America." Ms. Garvey has been described in those rankings as an "incredibly capable" and "experienced and thoughtful litigator." She was also recognized as having "great trial experience," "having been "in the trenches," and "know[ing] how to work through complex issues." In addition, Ms. Garvey, an alumna of Northwestern University Pritzker School of Law, teaches in the school's trial advocacy program as an adjunct faculty member.

    b.   **Brian M. Hogan**

Brian Hogan is a partner at Scott+Scott, based in Chicago. With nearly 20 years of litigation experience practicing law in the state and federal courts of Illinois, Mr. Hogan has been

9

part of numerous trial teams before state and federal juries, including in this District, and has handled appeals before the Seventh Circuit. He was recently appointed liaison counsel in *In re Manufactured Home Lot Rents Antitrust Litigation*, 1:23-CV-06715 (N.D. Ill.) (Valderrama, J.) (alleging defendants used price-fixing mechanism to facilitate manufactured home lot rental price increases). He has had a prominent role on leadership teams in many recent antitrust class actions. *See*, *e.g.*, *In re Auto. Parts Antitrust Litig.*, No. 17-mc-00003 (E.D. Mich.) (unprecedented MDL stemming from the largest criminal antitrust investigation in U.S. history with settlements totaling over $550 million); *Peanuts*. Mr. Hogan recently tried an antitrust case with Ms. Garvey to verdict in this District, successfully settling with one defendant for $15 million during the trial. *See Opana*, No. 1:14-cv-10150.

        **c.**    **Other Key Team Members**

Scott+Scott recognizes the importance of providing less experienced attorneys with courtroom experience and is grateful to see that the Court welcomes such opportunities. Two of the associate members of Scott+Scott's team in this matter, both of whom specialize in antitrust class actions, are Michael Srodoski and Daniel Brockwell. Mr. Srodoski, who has been practicing for eight years, has represented plaintiffs in numerous antitrust class actions, including *Broiler Chicken*, *RealPage*, *Othart Dairy*, *Facebook*, and *Cattle and Beef*, and alongside LGN in most of those cases. Mr. Srodoski is a key contributor to Scott+Scott's litigations from start to finish. He is an integral part of Scott+Scott's pre-complaint investigation efforts and to the Firm's complaint drafting. Mr. Srodoski plays a lead role in discovery, drafting discovery requests and leading meet and confers; he also has taken multiple depositions, including an expert deposition, and has defended clients' depositions. Mr. Srodoski has also led the briefing on both discovery and dispositive motions. Mr. Brockwell, who has been practicing for four years, has been an active

10

participant in discovery, drafting written discovery and taking two depositions. He also assisted in drafting a class certification motion and has researched and drafted, on his own, numerous discovery motions.

### D. LGN and Scott+Scott Believe that Appointment of Liaison Counsel Is Warranted.

Consistent with the Manual for Complex Litigation, LGN and Scott+Scott believe that appointment of liaison counsel would benefit the class in this matter and propose that Cohen Milstein Sellers & Toll PLLC be appointed as Liaison Counsel.

Cohen Milstein is one of the oldest, largest, and most successful law firms in the nation dedicated primarily to the prosecution of class actions. Cohen Milstein's antitrust prowess has been recognized by numerous industry associations and legal publications. For instance, Cohen Milstein has been chosen by The Legal 500 for nine straight years as one of the top antitrust class action firms in the country; by American Lawyer Media and The National Trial Lawyers as their Antitrust Law Firm of the Year; as The Legal 500's Leading Plaintiff Class Action Antitrust Firm; as the National Law Journal's Elite Trial Lawyers—Antitrust; and as a Law 360 Competition Practice Group of the Year. Forbes has called Cohen Milstein a "class action powerhouse," while Inside Counsel has dubbed Cohen Milstein "[t]he most effective law firm in the United States for lawsuits with a strong social and political component."

The Cohen Milstein team will be led by Carol Gilden and Sharon Robertson and will also include Brent Johnson and Jared Dummitt. *See also* Clark Decl. Ex. B.

#### a. Carol Gilden

Carol Gilden is a partner in the Cohen Milstein's Chicago office. She has served as co-lead or sole lead counsel in numerous significant class and derivative actions in the Northern District of Illinois and other district courts, including *Hughes v. Huron Consulting Group,* (N.D. Ill.) a

11

securities class action resulting in a $40 million settlement; *Seafarers Pension Plan v. Bradway, et al.,* (N.D. Ill.), a federal derivative suit against Boeing's directors and officers arising out of the 737 MAX crashes and alleging proxy statement violations in connection with director elections, which resulted in corporate governance reforms valued more than $100 million and a $6.25 million payment by the board of directors' insurers to the company; and *In re Abbott Laboratories Infant Formula Shareholder Derivative Litigation* (N.D. Ill.), a currently pending federal derivative suit arising from Abbott's directors' breach of fiduciary duty in connection with a nationwide infant formula recall.

      **b.**     **Sharon K. Robertson**

Sharon K. Robertson is a nationally recognized leader in antitrust, and has served as co-lead in numerous antitrust cases, including *In re Lidoderm Antitrust Litigation* (N.D. Cal.), a pay-for-delay suit where she helped to secure a precedent-setting set of settlements totaling nearly $105 million for end-payor purchasers, and *In re Loestrin Antitrust Litigation* (D.R.I.), which settled a day before trial.

      **c.**     **Other Key Team Members**

Brent W. Johnson, co-chairs the firm's antitrust practice group and has been repeatedly recognized for his top-notch work in the field. He has served as co-lead counsel in numerous antitrust class actions, including *In re Broiler Chicken Antitrust Litigation* (N.D. Ill.) ($183.9 million in settlements that are public for end-user consumers from chicken processors in supply restriction case), *Jien v. Perdue Farms, Inc.* (D. Md.), ($339 million in settlements to date for workers in chicken and turkey processing plants in wage suppression case) and *Brown v. JBS USA Food Company* (D. Co.) (more than $200 million in settlements for workers in beef and pork processing plants in wage suppression case).

Jared A. Dummitt is an associate in Cohen Milstein's antitrust group, was previously a law clerk for two federal judges and is experienced in litigating antitrust claims on behalf of indirect purchaser classes.

### E. LGN and Scott+Scott Have Sufficient Resources to Effectively Prosecute this Litigation in a Timely Manner.

Proposed Co-Lead Counsel stand ready to dedicate the resources necessary to represent and protect the interests of the Proposed Class through rigorous motion practice, discovery, class certification, and trial. *See* Fed. R. Civ. P. 23(g)(1)(A)(iv). And because both firms regularly prosecute major antitrust actions, they understand the resource commitment required for lengthy, time-consuming litigation. The two firms will self-fund this litigation and bring the same dedication and commitment to this case as they have done in prior cases. Clark Decl. ¶ 5; Garvey Decl. ¶ 22. The firms' extensive in-house litigation capacities—including in-house investigators, data scientists, IT specialists, eDiscovery groups, and document hosting capacity—allow them to efficiently obtain, manage, and analyze the volume of documents and data necessary to advance Plaintiffs' claims without incurring excessive vendor costs. Clark Decl. ¶ 5; Garvey Decl. ¶ 21. In sum, Proposed Co-Lead Counsel have the expertise, talent, and resources to successfully prosecute this case.

### F. LGN and Scott+Scott, along with the proposed Liaison Counsel, are a diverse, gender-balanced leadership slate.

The Manual for Complex Litigation and courts within this District emphasize the importance of a diverse group of attorneys in class counsel leadership. *See* Manual for Complex Litigation, Fourth § 40.22; *see e.g.*, *In re Fairlife Milk Prods. Mktg. & Sales Practices Litig.*, No. 19-cv-3924, 2020 WL 362788, at *1 (N.D. Ill. Jan. 22, 2020) (recognizing a court's responsibility to "keep[] in mind the benefits of diversity of experience, skills, and backgrounds" when deciding

lead counsel). Here, Proposed Co-Lead Counsel propose a gender-balanced slate from each Proposed Co-Lead firm and Liaison Counsel firm. In addition, numerous attorneys from each of the three firms come from diverse backgrounds.

### III. PROPOSED RESPONSIBILITIES FOR CO-LEAD CLASS COUNSEL

If appointed, Proposed Co-Lead Counsel will ensure that this matter is adjudicated in an efficient manner, including implementing a time and expense reporting protocol for class counsel. *See* Clark Decl., Ex. C. Each firm's time and expenses will be reviewed by a co-lead firm monthly.

### IV. CONCLUSION

For these reasons, Plaintiffs respectfully request the Court approve the proposed leadership structure as outlined in the Co-Lead Class Counsel proposed order.

Dated: September 26, 2024

Respectfully submitted,

**LOCKRIDGE GRINDAL NAUEN PLLP**

*/s/ Brian D. Clark*
Brian D. Clark (MN #0390069)
Simeon A. Morbey (MN #0391338)
Eura Chang (MN #0403526)
100 Washington Avenue South, Suite 2200
Minneapolis, Minnesota 55401
(612) 339-6900
bdclark@locklaw.com
samorbey@locklaw.com
echang@locklaw.com

Kyle J. Pozan (IL Bar No. 6306761)
**LOCKRIDGE GRINDAL NAUEN PLLP**
1165 N. Clark Street, Suite 700
Chicago, IL 60610
(312)205-8968
kjpozan@locklaw.com

*Counsel for Plaintiffs George Bavolak and TC Construction, Inc.*

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

*/s/ Brian M. Hogan*
Brian M. Hogan (N.D. Ill. Bar No. 6286419)
Karin E. Garvey (N.D. Ill. Bar No. 2997831)
The Helmsley Building, 230 Park Ave., 24th Floor
New York, NY 10169
(212) 223-6444
brian.hogan@scott-scott.com
kgarvey@scott-scott.com

Patrick J. Coughlin (N.D. Ill. Bar No. 90785466)
Daniel J. Brockwell (admitted *pro hac vice*)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 W. Broadway, Suite 3300
San Diego, CA 92101
(619) 233-4565
pcoughlin@scott-scott.com
dbrockwell@scott-scott.com

Patrick McGahan*
Michael Srodoski (admitted *pro hac vice*)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
156 South Main Street
P.O. Box 192
Colchester, CT 06415
(860) 537-5537
pmcgahan@scott-scott.com
msrodoski@scott-scott.com

*Counsel for Plaintiff Blake Wrobbel*

15

        **COHEN MILSTEIN SELLERS & TOLL PLLC**
*/s/ Carol V. Gilden*
Carol V. Gilden
ARDC No. 6185530
190 South LaSalle Street
Suite 1705
Chicago, IL 60603
cgilden@cohenmilstein.com

Sharon K. Robertson
Jared A. Dummitt
**COHEN MILSTEIN SELLERS & TOLL PLLC**
88 Pine Street, 14th Floor
New York, NY 10005
srobertson@cohenmilstein.com
jdummitt@cohenmilstein.com

Brent W. Johnson
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue NW
Fifth Floor
Washington, D.C. 20005
bjohnson@cohenmilstein.com

*Counsel for Plaintiff George Bavolak*