IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| George Bavolak individually and on behalf of all persons similarly situated,<br><br>　　Plaintiff,<br><br>v.<br><br>Atkore, Inc., Cantex Inc., Diamond Plastics Corporation, IPEX USA LLC, JM Eagle, Inc., National Pipe & Plastics, Inc., OPIS, Otter Tail Corporation, Prime Conduit, Inc., Southern Pipe, Inc., and Westlake Corporation,<br><br>　　Defendants. | Case No. 24 C 7639<br><br>Hon. LaShonda A. Hunt |
| Blake Wrobbel, Individually and on Behalf of All Others Similarly Situated,<br><br>　　Plaintiff,<br><br>v.<br><br>Atkore Inc.; Cantex Inc.; Diamond Plastics Corporation; IPEX USA LLC; Jet Stream, Inc.; J-M Manufacturing Company, Inc. d/b/a JM Eagle; National Pipe & Plastics, Inc.; Oil Price Information Service, LLC; Otter Tail Corporation; Prime Conduit, Inc.; Sanderson Pipe Corporation; Southern Pipe & Supply Company, Inc.; and Westlake Corporation,<br><br>　　Defendants. | Case No. 24 C 8012<br><br>Hon. Jeremy C. Daniel |

1

| | |
|---|---|
| TC Construction, Inc. individually and on behalf of all persons similarly situated, | |
| Plaintiff, | |
| v. | Case No. 24 C 8281 |
| Atkore, Inc., Cantex Inc., Diamond Plastics Corporation, IPEX USA LLC, JM Eagle, Inc., National Pipe & Plastics, Inc., Oil Price Information Service, LLC, Otter Tail Corporation, Prime Conduit, Inc., Southern Pipe, Inc., and Westlake Corporation, | Hon. Jeremy C. Daniel |
| Defendants. | |
| Bill Wagner & Sons, Inc., | |
| Plaintiff, | |
| v. | |
| Atkore, Inc., Cantex Inc., Diamond Plastics Corporation, IPEX USA LLC, PIPELIFE Jet Stream, Inc., J-M Manufacturing Co, In. d/b/a JM Eagle, National Pipe & Plastics, Inc., Oil Price Information Service, LLC, Otter Tail Corporation, Northern Pipe Products, Inc., Prime Conduit, Inc., Vinyltech Corporation, Sanderson Pipe Corporation, Westlake Corporation, and Westlake Pipe & Fittings Corporation (f/k/a Napco Pipe & Fittings) d/b/a North America PVC Pipe Corporation, | Case No. 24 C 8991  Hon. John F. Kness |
| Defendants. | |

**AMENDED ORDER REGARDING RELATEDNESS,
REASSIGNMENT, AND INITIAL CASE MANAGEMENT DEADLINES**

Upon consideration of the proposed stipulation submitted in this matter [86] and as discussed on the record at the status hearing on 10/8/24,

2

**IT IS ORDERED:**

1. The action styled *Bavolak v. Atkore, Inc., et al.*, No. 24 C 7639 (N.D. Ill.) ("*Bavolak*"), which is pending before the Honorable LaShonda A. Hunt and is the lowest-numbered case, and the actions styled *Wrobbel, et al. v. Atkore Inc., et al.*, No. 24 C 8012 (N.D. Ill.) ("*Wrobbel*") and *TC Construction, Inc. v. Atkore Inc., et al.*, No. 24 C 8281 (N.D. Ill.) ("*TC Construction*"), which are pending before the Honorable Jeremy C. Daniel, and *Bill Wagner & Sons, Inc. v. Atkore, Inc.*, No. 24 C 8991 (N.D. Ill.) ("*Bill Wagner & Sons*"), which is pending before Honorable John F. Kness, are related for purposes of Local Rule 40.4. Each of these actions is a putative class action alleging price-fixing of PVC pipes, the cases are early in the pleadings stage, and a single proceeding before one judge would be more efficient.

2. *Wrobel, TC Construction, and Bill Wagner & Sons* shall be reassigned to this Court and consolidated with the above-captioned case, Case No. 24 C 7639 for pretrial purposes pursuant to Rule 42(a) of the Federal Rules of Civil Procedure (the "Consolidated Action").

3. All pleadings relating to the Consolidated Action shall bear the following caption:

| | |
|---|---|
| In re PVC Pipe Antitrust Litigation | |
| _____ | No. 24 C 7639 |
| THIS DOCUMENT RELATES TO: | Hon. LaShonda A. Hunt |

4. When a filing is intended to be applicable to all actions to which this Order applies, the words, "All Actions" shall appear immediately after the words, "THIS DOCUMENT RELATES TO:" in the caption above. When a pleading is intended to apply only to some, but not

3

all such actions, the specific action(s) to which it is intended to be applicable shall appear immediately after the words, "THIS DOCUMENT RELATES TO:" in the caption above.

5. The clerk is directed to administratively close Case Nos. 24 C 8012, 24 C 8281, and 24 C 8991. All future filings in the Consolidated Action shall be filed in Case No. 24 C 7639 only. The Clerk of Court shall revise the caption in Case No. 24 C 7639 as set forth in Paragraph 3 of this Order.

6. Pursuant to Rule 4(c) of the Federal Rules of Civil Procedure, service of process of the complaints in *Bavolek* and *Wrobbel* was completed. Service of process had not been completed in *TC Construction* and *Bill Wagner & Sons*.

7. All parties will accept service of pleadings, discovery requests, discovery responses, and similar documents via e-mail.

8. Defendants will accept service of process of any consolidated complaint by CM/ECF.

9. This Order does not constitute a determination that these individual actions should be consolidated for trial, nor does it have the effect of making any entity a party to an action in which it has not been joined and served in accordance with the Federal Rules of Civil Procedure.

10. The terms of this Order shall apply automatically to actions later instituted in, removed to, or transferred to this Court (including cases transferred for pretrial purposes under 28 U.S.C. § 1407 or 28 U.S.C. § 1404) that involve allegations of price fixing of PVC pipes.

11. Additional related cases, including those designated by a plaintiff through filing a Notice of Related Action or so indicating through an entry on the civil cover sheet, may be reassigned to and consolidated with the above-captioned action. Counsel for Plaintiffs in the Consolidated Action must promptly file a "Notice of Request for Reassignment and

Consolidation" in the Consolidated Action and mail and/or email a copy to counsel for plaintiff in each subsequently filed or transferred related action. Any party in such newly-filed or transferred action shall have 21 days after notice is provided to counsel to object to re-assignment and consolidation. The objecting party must meet and confer with opposing counsel prior to filing a an objection and supporting brief in this Consolidated Action.

12. Any lawyer who has been admitted *pro hac vice* in any of the above-referenced actions (or any subsequently-filed case that is consolidated with this action) need not seek *pro hac vice* admission in the Consolidated Action—a single pro hac vice admission in these consolidated proceedings is sufficient. Any lawyer who has filed an appearance in any of the above-referenced actions (or any subsequently-filed case that is consolidated with this action) need not re-file an appearance in any other action—a single notice in these consolidated proceedings is sufficient. Nevertheless, it is incumbent upon the lawyer to ensure that his or her appearance is listed in the Consolidated Action for CM/ECF purposes.

13. Defendants are not required to respond to the current operative complaints in the above-captioned actions.

14. The Court has already entered orders appointing co-lead and liaison counsel for the putative proposed classes pursuant to Rule 23(g) of the Federal Rules of Civil Procedure. (*See* Dkts. [163] & [164]).

15. Plaintiffs' counsel will file their consolidated amended class action complaints by October 30, 2024. All deadlines for responses will be set by further Court order.

ENTERED:

**Dated: October 17, 2024**

*LaShonda A. Hunt*

LaShonda A. Hunt
United States District Judge