**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| *In re PVC Pipe Antitrust Litigation* | Case No. 24 C 07639 |
| THIS DOCUMENT RELATES TO: | Hon. LaShonda A. Hunt |
| *The Direct Purchaser Plaintiff Class* | |

**DECLARATION OF ROBERT N. KAPLAN IN SUPPORT OF DIRECT**
**PURCHASER PLAINTIFF BILL WAGNER & SON, INC.S 'S MOTION – UNOPPOSED**
**BY SETTLING DEFENDANT OIL PRICE INFORMATION SERVICE, LLC**
**("OPIS") –FOR PRELIMINARY APPROVAL OF SETTLEMENT WITH**
**DEFENDANT OPIS AND RELATED RELIEF**

I, Robert N. Kaplan, declare under penalty of perjury as follows:

1. I am a partner at Kaplan Fox & Kilsheimer LLP ("Kaplan Fox"), appointed by the Court on October 17, 2024 as Lead Counsel for the Direct Purchaser Plaintiff Class (the "Lead Counsel Order," ECF No. 163).

2. Since entering private practice after serving in the Antitrust Division of the U.S. Department of Justice, I have successfully negotiated dozens of settlements in antitrust cases, as court-appointed lead, co-lead or settlement counsel on behalf of classes of direct-purchaser plaintiffs, as well as on behalf of large publicly- and privately-owned corporate clients pursuing direct-purchaser antitrust claims as individual (often opt-out) plaintiffs.

3. The Lead Counsel Order gave Kaplan Fox the authority to "[n]egotiate with defense counsel with respect to settlement and other matters." Lead Counsel Order, at ¶ h.

4. Pursuant to the authority granted by the Court, Lead Counsel in early March 2025 began settlement negotiations with Defendant Oil Price Information Service, LLC ("OPIS"). The arm's-length negotiations with OPIS were conducted by email, phone and videoconference by experienced counsel on both sides—namely, the undersigned, on behalf of DPPs, and Brian

O'Bleness and Natalie Spears of Dentons US LLP, on behalf of OPIS. The parties' negotiations continued until the Settlement Agreement (a true and correct copy of which is attached hereto as **Exhibit A**) was finalized and executed on the evening of May 16, 2025.

5. These often hours-long negotiations – many of which took place late at night, early in the morning, on weekends, or during holidays – were hard-fought, extensive, and, while professional and civil, contentious, with each side committed to obtaining the best possible agreement for their clients (and, in Lead Counsel's case, in the best interests of the members of the DPP Settlement Class). Indeed, the last video negotiation I had with OPIS's counsel was on May 16, 2025 at 6:30 am Central time, the day the Settlement Agreement was signed.

6. These negotiations resulted in two forms of relief that will directly benefit the DPP Settlement Class as reflected in the Settlement Agreement: (1) OPIS' agreement to provide extensive cooperation to the DPP Class in pursuing their remaining claims in this action; and (2) monetary relief of $3 million.

7. The agreed-upon cooperation by OPIS provides the DPP Class with significant non-monetary compensation that is of substantial value to the DPP Settlement Class in their continued prosecution of their claims, particularly at this very early stage of the litigation.

8. In particular, the Settlement Agreement obligates OPIS to provide, through its outside counsel, up to seven hours of an attorney proffer regarding the material facts regarding the alleged antitrust violations alleged in DPP's Complaint. Settlement Agreement, ¶ 10(a).

9. OPIS is also required to use reasonable efforts to make available for depositions up to three current or former OPIS employees as well as up to three current or former OPIS employees to testify live at DPPs' trial. Settlement Agreement, ¶¶ 10(b)-(c).

10. OPIS will also produce to DPP all documents subpoenaed by and produced to the

grand jury empaneled by the U.S. Department of Justice, Antitrust Division or any other governmental entity investigating the PVC Pipe Market, including structured pricing data regarding PVC Pipe and resin from 2012 through 2024, drafts and final editions of OPIS Reports, along with all messages or communications between Donna Todd and any employee of a PVC converter, and centralized sources of ESI related to the PVC Pipe Market. *Id.*, at ¶¶ 9(d), 10(d).

11.     In addition, OPIS will provide DPPs with declarations, affidavits and/or testimony to establish the authenticity and admissibility of its documents, which will save the DPP Settlement Class time and streamline their trial preparation against the remaining Defendants.

12.     OPIS, which has not conceded or admitted liability concerning Plaintiffs' allegations, has made clear to DPP that it would vigorously defend the case absent the Settlement.

13.     Based upon my years of experience in negotiating antitrust settlements for plaintiffs and plaintiff classes, I believe that this early, so-called "ice-breaker" settlement with OPIS is in the best interests of the DPP Settlement Class, particularly because of the aforementioned extensive cooperation OPIS has agreed to provide.

14.     Attached are true and correct copies of the following:

a.     **Exhibit A:** Long-Form Settlement Agreement Between Direct Purchaser Class Plaintiffs and Defendant Oil Price Information Service, LLC, executed on May 16, 2025;

b.     **Exhibit B:** August 18, 2017 Order Preliminarily Approving Proposed Settlement Between Direct Purchaser Plaintiff Class and Fieldale Farms Corporation and Conditionally Certifying the Proposed Settlement Class, ECF No. 462 from *In re Broiler Chicken Antitrust Litigation*, Case No. 1:16-cv-08637 (N.D. Ill.) (Durkin, J.) ("*Broilers*");

c. **Exhibit C:** Plaintiffs' Motion for Preliminary Approval of Settlement with Defendant RelayHealth, for Certification of the Proposed Settlement Class, for Approval to Notify the Settlement Class, and for Related Relief, ECF No. 126, filed July 29, 2020, in *In re Surescripts Antitrust Litigation*, Civil Action No. 1:19-cv-06627 (N.D. Ill.) ("*Surescripts*");

d. **Exhibit D:** April 19, 2021 Order Preliminarily Approving Settlement with Defendant RelayHealth, Certifying the Proposed Settlement Class, Approving Notification to the Settlement Class, and Related Relief, ECF No. 175 from *Surescripts* (Tharp, J.);

e. **Exhibit E**: December 20, 2019 *Nunc Pro Tunc* Order Granting Direct Purchaser Plaintiffs' Motion for Preliminary Approval of the Settlements with Defendants Peco Foods, Inc., George's, Inc., George's Farms, Inc., and Amick Farms, Inc., ECF No. 3394 from *Broilers*;

f. **Exhibit F:** February 25, 2021 Order Granting Direct Purchaser Plaintiffs' Motion for Preliminary Approval of the Settlements with Defendants Pilgrim's Pride Corp., Tyson Foods, Inc., Tyson Chicken, Inc., Tyson Breeders, Inc., and Tyson Poultry, Inc., ECF No. 4341 from *Broilers*;

g. **Exhibit G**: October 5, 2021 Order Granting Direct Purchaser Plaintiffs' Motion for Preliminary Approval of the Settlements with the Mar-Jac and Harrison Poultry Defendants, ECF No. 5086 from *Broilers*;

h. **Exhibit H**: July 28, 2021 Order Granting Commercial and Institutional Indirect Purchaser Plaintiffs' Motion for Preliminary Approval of Proposed Settlement with Tyson Defendants and Provisional Certification of Settlement Class, ECF

No. 196, from *Sandee's Bakery et al. v. Agri Stats, Inc. et al./In re Turkey Antitrust Litig.*, Case No. 1:20-cv-02295 (N.D. Ill.) (Kendall, J.);

i. **Exhibit I:** "Huntington Bank Settlement Services – Experience Matters;" and

j. **Exhibit J**: June 22, 2018 Order Granting Direct Purchaser Plaintiffs' Motion to Approve a Plan of Notice of Settlement with Defendant Fieldale Farms Corporation, ECF No. 980 from *Broilers*.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 6, 2025 in Rye, New York.

*/s/ Robert N. Kaplan*
Robert N. Kaplan

5