**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re PVC Pipe Antitrust Litigation | Case No. 24 C 7639 |
| THIS DOCUMENT RELATES TO: | Hon. LaShonda A. Hunt |
| All Actions | |

## <u>ORDER</u>

Currently pending before the Court are two separate motions: (1) the End-User Plaintiffs' Motion for Leave to Plead a Separate End-User Class and to Appoint Dedicated End-User Class Counsel (Dkt. 237) (the "End-User Motion"); and (2) Plaintiff Vitolite Electric Sales Co.'s Opposed Motion to Appoint Nussbaum Law Group, P.C. as Co-Lead Counsel for the Direct Purchaser Plaintiff Class (Dkt. 268) (the "Direct Purchaser Co-Lead Counsel Motion"). For the reasons stated below, the end-user motion is granted in part, and the direct purchaser co-lead counsel motion is denied without prejudice.

This consolidated civil antitrust action is about the price of PVC pipe. Plaintiffs are persons and entities who purchased PVC pipe manufactured by the Converter Defendants directly and indirectly through a non-converter PVC pipe seller. They contend that defendant Oil Price Information Service, LLC ("OPIS") facilitated a price-fixing conspiracy between and among the Converter Defendants to keep PVC pipe prices artificially high. The Court previously recognized two separate putative classes—The Direct Purchaser Plaintiff Class and the Non-Converter Seller Purchaser Class—and appointed co-lead class counsel and liaison counsel for each respective group. (Dkts. 163, 164). Class counsel filed first consolidated class action complaints (Dkts. 179,

183) (sealed), and the Court subsequently entered a briefing schedule on defendants' forthcoming motions to dismiss (Dkt. 213). Then these contested motions[1] were filed seeking to create a separate end-user plaintiff group and to add co-lead counsel to the direct purchaser plaintiff class. Each motion is fully briefed and the Court has thoroughly reviewed the arguments and cited legal authorities.

First, the Court agrees that a separate end-user class is appropriate here. The PVC pipe market structure is undoubtedly intricate and multi-layered, such that the categories of direct purchasers, intermediate resellers, and end users is perhaps an overly simplistic description of the typical levels in a distribution chain. Even so, the Court is persuaded that the Non-Converter Seller Purchaser Class includes different groups of plaintiffs with potentially conflicting interests. Specifically, that conflict centers on the inherent tension regarding the portion of any alleged price increase passed on through direct and indirect purchasers to the varied end user customers. (*See* End User Mem. at 1395-1402, Dkt. 239).[2] The Court therefore grants that portion of the motion, and creates an independent End-User Class of all end-users of PVC Pipe who purchased the product through a non-converter seller.[3]

However, the Court enters and continues the motion with respect to the request to appoint Elizabeth A. Fegan of Fegan Scott LLC and Frederick S. Longer of Levin, Sedran & Berman LLP as dedicated co-lead class counsel to represent the End-User Class. The submissions from Ms. Fegan and Mr. Longer reflect that they are each capable and well-qualified to serve in this capacity.

---

[1] Defendants did not take a position on these disputes here. (Dkt. 250).

[2] Unless otherwise noted, page numbers in citations to the docket reference the "PageID #" in the CM/ECF header of the document, not other page numbers in the header or footer.

[3] The fact that class members in this group may overlap with other classes is no reason to delay addressing an obvious conflict at the beginning of the case before significant motion practice begins.

Nevertheless, fairness and equity dictate that all counsel in the case have an opportunity to be heard regarding whether they should serve as lead counsel (or liaison counsel) for the newly created end-user class. Plaintiffs' counsel acknowledge the potential breadth of this group as well as the time and efforts that many attorneys of record have already put into investigating and drafting a comprehensive consolidated first amended class action complaint. As such, interested counsel shall have until 6/16/25 to file a motion to be appointed class counsel for the Separate End-User Class. No notice of presentment is required. If no motions are filed, the Court will grant this request and appoint Ms. Fegan and Mr. Longer as co-lead class counsel for the End-User Class.

Second, the Court denies without prejudice the Direct Purchaser Co-Lead Counsel Motion. Again, the Court does not question the impressive qualifications of Nussbaum Law Group, P.C. to serve as co-lead counsel for the direct purchaser class. While there are obvious benefits to having multiple lawyers with a variety of experiences litigating complex antitrust cases leading this effort, the additional costs and potential inefficiencies are not yet justified here. True, lead counsel was appointed early in the case but that was because the parties and the Court sought to move the litigation forward in a timely and expeditious manner. There was no need to delay that decision to see who else might step up to the plate when the Court had able counsel who was ready, willing, and able to proceed. The Court remains confident that lead counsel will ensure all viewpoints in the decision-making process are considered.

The fact that another direct purchaser plaintiff has now filed a complaint does not necessarily warrant the addition of co-lead counsel. To the contrary, the Court believes that doing so for that reason would incentivize other lawyers to file separate complaints and seek to take the reins in a case that has sufficiently progressed and stalled only because of the Court's trial schedule, and not a lack of diligence by the parties. To be clear, the Court is not closing the door

on this option. At some point, it may be appropriate to amend the leadership structure as the case

evolves. But doing so right now would likely lead to duplication of labor that slows the case down

further at a time when the parties are ready to proceed.

**SO ORDERED.**

**DATED**: June 6, 2025                    **ENTERED**:

LaShonda A. Hunt
United States District Judge