UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *In re PVC Pipe Antitrust Litigation* <br><br> This Document Relates to: <br><br> Non-Converter Seller Purchaser and End-User Classes | Case No. 1:24-cv-07639 <br><br> Hon. LaShonda A. Hunt |

**JOINT SUPPLEMENTAL MEMORANDUM IN FURTHER SUPPORT OF NON-CONVERTER-SELLER PURCHASER CLASS PLAINTIFFS' MOTION—UNOPPOSED BY SETTLING DEFENDANT OIL PRICE INFORMATION SERVICE, LLC ("OPIS")—FOR PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT WITH DEFENDANT OPIS AND RELATED RELIEF (ECF NO. 293)**

Non-Converter Seller Purchaser Plaintiffs ("NCSPs") and End-User Class Plaintiffs (End-User Class") jointly submit this response in further support of Non-Converter-Seller Purchaser Class Plaintiffs' Motion—Unopposed by Settling Defendant Oil Price Information Service, LLC ("OPIS")—for Preliminary Approval of Settlement Agreement with Defendant OPIS and Related Relief. (ECF No. 293) ("Preliminary Approval Motion").

The Court's orders creating a separate End-User Class (ECF No. 307) and appointing End-User Class Counsel (ECF No. 337) did not impact the substance of the Long-Form Settlement Agreement Between Non-Converter Seller Purchaser Class Plaintiffs And Defendant Oil Price Information Service, LLC ("OPIS Settlement") and the related Motion for Preliminary Approval, but left two technical issues to address: (1) the class definitions of the NCSP Class and End-User Class, and (2) the End-User Class's consent to the proposed settlement with Defendant OPIS and any amendments relating thereto. The NCSPs, End-User Class, and OPIS have conferred extensively and are pleased to inform the Court that they have addressed and resolved each of these issues, and request the Court grant the Preliminary Approval Motion of the OPIS Settlement.

The parties' agreements are detailed in this brief, as well as the Addendum to the OPIS Settlement, which is attached hereto as **Exhibit A** ("Addendum"). The parties will also be submitting an Amended Proposed Order in support of the Preliminary Approval Motion.

NCSPs, End-Users, and OPIS respectfully submit that the Settlement Agreement as modified by the Addendum satisfies all of the requirements for preliminary approval and request that Court enter the Amended Proposed Order approving the Settlement Agreement. Appointed counsel for the NCSP Class and End-User Class will be prepared to address at tomorrow's hearing any questions the Court may have regarding the Addendum to the OPIS Settlement or the Amended Proposed Order.

1. **NCSPs and the End-Users Reached Agreement on Class Definitions**

Consistent with the Court's directives (ECF No. 321), NCSP and End-User Class Counsel worked cooperatively to reach a consensus on the appropriate class definitions for the NCSP Class and End-User Class, which are as follows:

**NCSP Class**

> All entities and persons who purchased PVC Pipe in the United States between January 1, 2021 through May 16, 2025 (1) directly from a seller that bought the PVC Pipe from a Converter Defendant that was (2) manufactured by a Converter Defendant.
>
> Specifically excluded from the NCSP Class are (1) all public water systems, public wastewater systems, and suppliers of public energy or electricity, (2) Defendants; the officers, directors, or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir, or assign of any Defendant, and (3) any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, any juror assigned to this action, any business majority-owned by any such person, and any Co-Conspirator identified in this Action.

**End-User Class**

>All purchasers of PVC pipe in the United States between January 1, 2021 through May 16, 2025 who fall into any of the following categories: (1) All public water systems that purchased PVC Pipe for end use, including in connection with the treatment or supply of water; (2) All public wastewater systems that purchased PVC pipe for end use, including for the collection, disposal, or treatment of wastewater; (3) All suppliers of public energy or electricity that purchased PVC pipe for end use, including in connection with the supply of electricity for public consumption; or (4) All purchasers of PVC Pipe that purchased from a seller who purchased the product indirectly from Defendants.
>
>Specifically excluded from the End-User Class are Defendants; the officers, directors, or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir, or assign of any Defendant. Also excluded from the End User Class is any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, any juror assigned to this action, any business majority-owned by any such person, and any Co-Conspirator identified in this Action.

The NCSP Class and End-User Class respectively satisfy the requirements for Rule 23 and should be certified by the Court for settlement purposes. The above classes both separately satisfy the requirements of Rule 23(a) because: (1) both classes are so numerous that joinder of all members would be impracticable; (2) there are questions of law and fact common to both classes; (3) the claims of the representative parties are typical of the claims of the respective classes; and (4) the representative parties will continue to fairly and adequately protect the interests of the respective classes. Moreover, under Rule 23(b), questions of law and fact common to both class's respective members predominate over any questions affecting only individual class members, and therefore, a class action is far superior to other available methods for fairly and efficiently adjudicating this controversy.

Notably, these class definitions are consistent with the Court's orders and directives regarding the creation of the separate End-User Class and modified NCSP Class. The Court has previously appointed Lockridge Grindal Nauen PLLP and Scott+Scott Attorneys at Law LLP as Co-Lead Counsel for the NCSP Class (ECF No. 164) and Pearson Warshaw, LLP and Fegan Scott at Co-Lead Counsel for the End-User Class (ECF No. 337). Furthermore, each of the classes are represented by class representatives who fall within the respective NCSP Class and End-User Class definitions. The Court should therefore certify the End-User Class and NCSP Class for settlement purposes consistent with Rule 23.

### 2. End-User Plaintiffs Consent to the Settlement with OPIS, and the Settlement is Fair, Reasonable, and Adequate Under Rule 23.

Following their appointment on June 18, 2025, End-User Class Counsel independently evaluated and scrutinized the terms of the proposed OPIS Settlement, and held several arm's-length negotiations with outside counsel for OPIS and NCSP Counsel regarding the fairness and adequacy of the Settlement Agreement, and its application to the End-User Class. These negotiations resulted in all parties agreeing to the terms of the Addendum, which confirms that the End-User Class consents to the Settlement Agreement with OPIS (ECF No. 296-1) and clarifies the application of various aspects of that agreement to the newly created End-User Class.

Notably, the Addendum provides the End-User Class shall have the same rights to Cooperation under the Settlement Agreement as the NCSP Class. *See* Addendum at ¶ 5. The End-User Class has already received these benefits, including an initial attorney proffer by OPIS, and access to documents previously produced to the NCSP Class under the Settlement Agreement. Assuming preliminary approval is granted, the End-User Class will benefit from this cooperation to prosecute its claims, including filing an amended complaint. The Addendum further sets forth a procedure for the allocation of the $3,000,000 Settlement Fund between the NCSP Class and

End-User Classes, prior to the distribution of the settlement proceeds to the class members. *See* Addendum, ¶ 6.

The Addendum also addresses the dissemination of Class Notice to the NCSP and End-User Classes. *See* Addendum, ¶ 8. In order to avoid delay in the case management schedule, the Addendum: (1) contemplates the granting of preliminary approval in connection with the July 15, 2025 hearing on NCSPs' Preliminary Approval Motion, and (2) provides a deadline of July 29, 2025, for the submission of a revised plan of notice to the NCSP Class and the submission of a motion for approval of a plan of notice by End-Users. By separating preliminary approval from approval of a plan of notice, the Court and the Classes avoid any further delay in proceeding with amended complaints (ECF No. 349), which all Plaintiffs and non-settling Defendants have proposed to be due thirty (30) days after the Court grants preliminary approval of the NCSP and End-User Classes' settlements with OPIS.

### 3. Conclusion

Through extensive arm's-length negotiations, the parties have reached agreement on the terms of an OPIS Settlement Agreement that is fair, reasonable, and adequate for the NCSP Class and End-User Class. The NCSP Class and End-User Class respectfully submit that the OPIS Settlement satisfies the standard for preliminary approval and should be approved by the Court.

| | |
|---|---|
| Dated: July 14, 2025 | Respectfully submitted, |
| **LOCKRIDGE GRINDAL NAUEN PLLP** | **SCOTT+SCOTT ATTORNEYS AT LAW LLP** |
| /s/ *Brian D. Clark* | */s/ Karin E. Garvey* |
| Brian D. Clark (IL Bar No. 6350416) | Karin E. Garvey (N.D. Ill. Bar No. 2997831) |
| Simeon A. Morbey (MN #0391338) | Brian M. Hogan (N.D. Ill. Bar No. 6286419) |
| Consuela Abotsi-Kowu (MN #0505682) *(pro hac vice forthcoming)* | Donald A. Broggi *(pro hac vice pending)* |
| 100 Washington Avenue South, Suite 2200 | The Helmsley Building |
| Minneapolis, Minnesota 55401 | 230 Park Ave., 24th Floor |
| (612) 339-6900 | New York, NY 10169 |
| bdclark@locklaw.com | (212) 223-6444 |
| samorbey@locklaw.com | kgarvey@scott-scott.com |
| cmabotsi-kowu@locklaw.com | brian.hogan@scott-scott.com |
| | dbroggi@scott-scott.com |
| Kyle J. Pozan (IL Bar No. 6306761) | Patrick J. Coughlin (N.D. Ill. Bar No. 90785466) |
| 1165 N. Clark Street, Suite 700 | Daniel J. Brockwell (admitted *pro hac vice*) |
| Chicago, IL 60610 | 600 W. Broadway, Suite 3300 |
| (312) 205-8968 | San Diego, CA 92101 |
| kjpozan@locklaw.com | (619) 233-4565 |
| | pcoughlin@scott-scott.com |
| Stephen J. Teti | dbrockwell@scott-scott.com |
| 265 Franklin Street, Suite 1702 | |
| Boston, MA 02110 | Patrick McGahan *(*admitted *pro hac vice)* |
| (617) 456-7701 | Michael Srodoski (admitted *pro hac vice*) |
| sjteti@locklaw.com | 156 South Main Street |
| | P.O. Box 192 |
| | Colchester, CT 06415 |
| | (860) 537-5537 |
| | pmcgahan@scott-scott.com |
| | msrodoski@scott-scott.com |

*Interim Co-Lead Class Counsel for Non-Converter Seller Purchasers*

6

| | |
|---|---|
| **PEARSON WARSHAW, LLP** | **FEGAN SCOTT LLC** |
| /s/ *Bobby Pouya* | */s/ Elizabeth A. Fegan* |
| Daniel L. Warshaw (Bar No. 185365) | Elizabeth A. Fegan |
| Bobby Pouya (Bar No. 245527) | 150 S. Wacker Drive, 24th Floor |
| Adrian Buonanoce (*admitted pro hac vice*) | Chicago, IL 60606 |
| 15165 Ventura Boulevard, Suite 400 | Telephone: (312) 741-1019 |
| Sherman Oaks, CA 91403 | beth@feganscott.com |
| Telephone: (818) 788-8300 | |
| dwarshaw@pwfirm.com | Kyle A. Jacobsen (*admitted pro hac vice*) |
| bpouya@pwfirm.com | 709 N. 2nd St. |
| abuonanoce@pwfirm.com | Suite 400 #1280 |
| | Philadelphia, PA 19123 |
| Brian Pafundi (*admitted pro hac vice*) | Telephone: (484) 352-2318 |
| 328 Barry Avenue South, Suite 200 | kyle@feganscott.com |
| Wayzata, MN 55391 | |
| Telephone: (612) 389-0600 | |
| bpafundi@pwfirm.com | |

*Interim Co-Lead Counsel for the End-User Class*