**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| *In re PVC Pipe Antitrust Litigation* | Case No. 24 C 7639 |
| _____ | Hon. LaShonda A. Hunt |
| THIS DOCUMENT RELATES TO: | |
| The Direct Purchaser Plaintiff Class | |

**ORDER GRANTING DPP'S MOTION FOR PRELIMINARY APPROVAL OF
SETTLEMENT AGREEMENT WITH DEFENDANT OPIS AND RELATED RELIEF**

This cause came before the Court on the Direct Purchaser Plaintiff's motion for preliminary approval of the proposed settlement with Defendant Oil Price Information Service, LLC ("OPIS") and other relief (the "Motion") (ECF No. 301). Direct Purchaser Plaintiff ("DPP") has entered into a Settlement Agreement with Defendant OPIS ("Settling Defendant," who along with DPP are collectively referred to in this Order as the "Parties"), executed by the Parties on May 16, 2025. Having reviewed the Motion, supporting memorandum, declarations and exhibits, along with the Settlement Agreement, and hearing no objections at the July 15, 2025 approval hearing, the Court FINDS and ORDERS as follows:

Preliminary Approval of Settlement Agreement

1.     Terms used in this Order that are defined in the Settlement Agreement are, unless otherwise defined herein, used as defined in the Settlement Agreement.

2.     The Court has jurisdiction over this action and each of the Parties to the Settlement Agreement. Upon consideration of the record, the Court finds that the proposed Settlement Agreement, which was arrived at by arm's-length negotiations by highly experienced counsel, falls within the range of possible approval and is hereby preliminarily approved, subject to further

consideration at the Court's Fairness Hearing. The Court preliminarily finds that the Settlement encompassed by the Settlement Agreement is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the DPP Settlement Class, raises no obvious reasons to doubt its fairness, and raises a reasonable basis for presuming that the Settlement and its terms satisfy the requirements of Federal Rules of Civil Procedure 23(c)(2) and 23(e) and Due Process so that Notice of the Settlement should be given.

Certification of the DPP Settlement Class for Settlement Purposes Only

3.     This Court finds that for settlement purposes, the provisions of Rule 23 of the Federal Rules of Civil Procedure are satisfied, and certifies, for settlement purposes only, a Settlement Class defined as:

> All persons and entities who purchased PVC Pipes in the United States directly from one or more of the Converter Defendants (or from any of the Converter Defendants' parents, predecessors, subsidiaries or affiliates) at any time between April 1, 2021 through May 16, 2025. Excluded from the Class are Defendants, and their parents, predecessors, subsidiaries, and affiliates, and all federal government entities and instrumentalities of the federal government.

4.     Neither this Order, nor the Settlement Agreement, nor any other Settlement-related document, nor anything contained herein or therein or contemplated hereby or thereby, nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other Settlement-related document, shall constitute, be construed as, or be deemed to be evidence of or an admission or concession:

a.   by the Settling Defendant as to the validity of any claim that has been or could have been asserted by the DPPs against the Settling Defendant, or as to any liability by the Settling Defendant as to any matter set forth in this Order, **or**

b.   as to whether any class, in this case or others, may be certified for purposes of: (i) any subsequent settlements between DPP and other Defendants in this case; and/or

(ii) litigation and trial.

<u>Appointment of Settlement Class Counsel, Representative of the DPP Settlement Class,
Settlement Administrator, and Escrow Agent</u>

5.      The Court appoints: (i) the law firm of Kaplan Fox & Kilsheimer LLP as Settlement Class Counsel for the DPP Settlement Class, and DPP Bill Wagner & Son, Inc. as Representative for the DPP Settlement Class; (ii) JND Legal Administration LLC as Settlement Administrator; and (iii) The Huntington National Bank as Escrow Agent.

<u>Class Notice and Fairness Hearing</u>

6.      The proposed notice plan set forth in the Motion and the supporting declarations, along with the subsequent proposed amendments, complies with Rule 23(c)(2)(B) and Due Process as it constitutes the best notice that is practicable under the circumstances, including individual direct notice via U.S. mail to all members of the DPP Settlement Class who can be identified through reasonable effort.

  a. Pursuant to the Stipulation and Order Regarding Provision of Customer Information by Non-Settling Defendants to Effectuate Notice of Plaintiffs' Proposed Settlements with Defendant OPIS on July 16, 2025 (ECF No. 358), each of the Non-Settling Defendants (namely, Defendants Atkore Inc., Cantex Inc., Diamond Plastics Corporation, IPEX USA LLC, J-M Manufacturing Company, Inc. d/b/a JM Eagle, National Pipe & Plastics, Inc., Otter Tail Corporation, Prime Conduit, Inc., Southern Pipe, Inc., Westlake Corporation, Sanderson Pipe Corporation, and Jet Stream, Inc.) will, within thirty (30) days of the later of (1) the Court's granting approval of the notice plans proposed by each of the Direct Purchaser Class Plaintiffs, Non-Converter Seller Purchaser Plaintiffs and End-User Class Plaintiffs (collectively, "All Class Plaintiffs"), or (2) the Court's entry of an

order granting preliminary approval of OPIS' respective settlement agreements with All Class Plaintiffs, prepare and provide to a representative of JND Legal Administration, LLC, in its capacity as Settlement Administrator for the proposed DPP class settlement, a list of customers who directly purchased PVC pipe in the United States during the period January 1, 2021, through May 16, 2025, to the extent such a list can be generated from systems maintained and used in the ordinary course of business ("Customer List"). Customer Lists will include the following information, if reasonably available from the system used by the Non-Settling Defendant to generate the list: customer name, street address, city, state, country, postal code, email, and, to the extent available, such lists will be broken out by ship-to and bill-to contact information.

b. Non-Settling Defendants will have no obligation to create the Customer Lists unless the Court grants both preliminary approval to OPIS' respective settlement agreements with All Class Plaintiffs and approves the notice plans of All Class Plaintiffs without material changes thereto.

c. The Settlement Administrator is permitted to use the Customer Lists solely for the limited purpose of effectuating notice of the proposed Direct Purchaser Plaintiff class settlement in accordance with the Court-approved notice plan herein.

d. The Settlement Administrator is prohibited from disclosing the Non-Settling Defendants' Customer Lists to any other person or entity, including Settling Defendant OPIS, or any attorney who represents a Plaintiff or putative class member in this action.

e. Within thirty (30) days of completing notice of the proposed Direct Purchaser

Plaintiff class settlement, the Settlement Administrator shall permanently destroy all copies of the Non-Settling Defendants' Customer Lists in its possession, custody, or control and provide notice to the Non-Settling Defendants of its compliance with this provision of this Order, except that the Settlement Administrator may keep a composite customer list to be used for future class notices without any indication of the identity of which Non-Settling Defendant provided the name of the customers.

7.     The direct mail notice will be supported by reasonable digital notice to reach potential members of the DPP Settlement Class who could not be individually identified.

8.     The attached proposed notice documents: Summary Notice (Exhibit A) and Long Form Notice (Exhibit B), and their manner of transmission, comply with Rule 23(c)(2)(B) and due process because the notices and forms are reasonably calculated to adequately apprise Settlement Class members of: (i) the nature of the action; (ii) the definition of the class certified for settlement purposes only; (iii) the class claims, issues, or defenses; (iv) that a Settlement Class member may enter an appearance through an attorney if the member so desires; (v) that the Court will exclude from the Settlement Class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3). Non-substantive changes, such as typographical errors, can be made to the notice documents by agreement of the Parties without leave of the Court.

<u>Other Provisions</u>

9.     If the Settlement Agreement is terminated in accordance with its provisions, or is not approved by the Court or any appellate court, then the Settlement Agreement and all proceedings in connection therewith shall be vacated, and shall be null and void, except insofar as expressly provided otherwise in the Settlement Agreement, and without prejudice to the *status quo*

*ante* rights of DPP, the Settling Defendant, and the members of the DPP Settlement Class.

10.     If the Settlement Agreement is terminated or is ultimately not approved, the Court will modify any existing scheduling orders as necessary to ensure that the DPPs and Settling Defendant will have sufficient time to prepare for the resumption of litigation.

11.     The Court hereby sets the below schedule for the dissemination of Class Notice to the DPP Settlement Class, and for the Court's Fairness Hearing, at which time the Court will determine whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate.  The Court may order the Fairness Hearing to be postponed, adjourned, or continued.  If that occurs, the updated hearing date shall be posted on the settlement website created and maintained by the Settlement Administrator, but other than that website posting, the Parties will not be required to provide any additional notice to members of the DPP Settlement Class.

| Event | Timing |
|---|---|
| Non-Settling Defendants Produce Customer Lists to Settlement Administrator | 30 days after entry of Preliminary Approval Order |
| Notice Plan Begins | The later of: (1) 14 days after Non-Settling Defendants' production of Customer Lists to Settlement Administrator or (2) the date the Court sets for the Non-Converter Seller Purchaser and End-User Class Settlement Notice Plans to begin. |
| Objection and Exclusion Deadline | 84 days after Notice Plan begins |
| Motion for Final Approval Filings | 14 days before Fairness Hearing |
| Fairness Hearing | 40 days from the last day for class members to request exclusion from the DPP Settlement Class, or as soon thereafter as the Court's schedule permits |

12.     The Court's certification of the DPP Settlement Class as provided herein is without prejudice to, or waiver of the rights of, any other Defendant to contest class certification of any class proposed in this case.

**DATE:**  July 17, 2025        **ENTERED:**

LaShonda A. Hunt
United States District Judge

# Exhibit A

## Summary Notices for Digital Campaign 1

**Banner Ad - 728 x 90**



**Banner Ad - 300 x 600**



**Banner Ad - 300 x 250**



**Banner Ad - 320 x 50**



## Summary Notices for Digital Campaign · 2

**LinkedIn Ad**



<u>Exhibit B to DPPs' Preliminary Approval Order</u>

# If you purchased PVC Pipe in the United States between April 1, 2021, and May 16, 2025, <u>directly</u> from any of the following companies, you may be affected by a class action settlement:

**Atkore, Inc.**
**Cantex Inc.**
**Diamond Plastics Corporation**
**Prime Conduit, Inc.**
**Sanderson Pipe Corporation**
**Southern Pipe, Inc.**
**Ipex USA, LLC**
**J-M Manufacturing Company, Inc. d/b/a JM Eagle**
**National Pipe & Plastics, Inc.**
**PipeLife Jet Stream, Inc.**
**Otter Tail Corporation**
**Northern Pipe Products, Inc.**
**Vinyltech Corporation**
**Westlake Corporation**
**Westlake Pipe & Fittings Corporation d/b/a North America PVC Pipe Corporation**

*A federal court authorized this Notice. This is not a solicitation from a lawyer or a claims filing service.*

- You may be affected by a proposed Settlement in a class action lawsuit called *In re PVC Pipe Antitrust Litigation*, Case No. 1:24cv-07639, pending in the United States District Court for the Northern District of Illinois. The proposed Settlement is a **partial** Settlement because it includes only one defendant, Oil Price Information Service, LLC (OPIS). The lawsuit is continuing against 15 defendants who have **not** settled, referred to as the Converter Defendants.

- Under the proposed Settlement, OPIS agreed to pay $3,000,000 to create a Settlement Fund for the benefit of Class Members, in exchange for a release of all claims against OPIS in this lawsuit. OPIS has also agreed to provide cooperation in the continuing lawsuit against the Converter Defendants. The release to OPIS does not include a release of any of the Converter Defendants. The lawsuit is continuing against them.

- The Converter Defendants include the following manufacturers of PVC Pipe: Atkore, Inc., Cantex Inc., Diamond Plastics Corporation, Prime Conduit, Inc., Sanderson Pipe Corporation, Southern Pipe, Inc., IPEX USA, LLC, J-M Manufacturing Company, Inc. d/b/a JM Eagle, National Pipe & Plastics, Inc.,

**Questions? Visit www.xxxx.com or call toll-free x-xxx-xxx-xxxx**

PipeLife Jet Stream, Inc., Otter Tail Corporation, Northern Pipe Products, Inc., Vinyltech Corporation, Westlake Corporation and Westlake Pipe & Fittings Corporation d/b/a North America PVC Pipe Corporation.

- "PVC Pipe" refers to polyvinyl chloride pipe, including all PVC pipe and piping products used in plumbing, electrical conduit, and municipal piping systems that are manufactured by combining chlorine and ethylene.

- Payments to eligible Class Members will **not** be distributed at this time. Instead, payments will be combined with any future settlements or recoveries in the continuing lawsuit against the Converter Defendants. Please visit www.x.com for updates.

- The proposed Settlement relates to a class action lawsuit brought on behalf of *direct* purchasers of PVC Pipe ("Plaintiffs"). This includes all persons or entities that purchased PVC Pipe directly from one or more of the named Converter Defendants. There are also two lawsuits pending in the same Court on behalf of *indirect* purchasers and a separate settlement of those claims. This proposed Settlement applies only to *direct* purchases of PVC Pipe from the Converter Defendants and does **not** apply to *indirect* purchases of PVC Pipe.

- Plaintiffs allege that between April 1, 2021, and May 16, 2025, Defendants engaged in a conspiracy to inflate prices of PVC Pipe in the United States, that Defendants broke the law and as a result Class Members paid more for PVC Pipe than they otherwise would have. The Court has not decided who is right.

- If the Court approves the Settlement, it will resolve claims against OPIS only.

- **Your legal rights will be affected whether or not you act.**

- Your rights and options – **and the deadlines to exercise them** – are explained in this Notice, along with information about the lawsuit and proposed Settlement. Please read the entire Notice carefully.

| Your Legal Rights and Options | | |
|---|---|---|
| **DO NOTHING** | • Stay in the Settlement Class<br>• If the Court approves the proposed Settlement, you may be eligible for a payment in the future. The Settlement Fund will be combined with future settlements or recoveries in the continuing lawsuit against the Converter Defendants and paid to Class Members at a later time<br>• Give up your right to separately sue or continue to sue OPIS for the claims in this case (See Question x) | None |
| **GO TO THE COURT'S HEARING** | • Ask the Court for permission to speak about the fairness of the proposed Settlement (See Question x) | Month x, 2025 |
| **OBJECT TO THE SETTLEMENT** | • Stay in the Settlement Class, but write to the Court about why you don't like the proposed Settlement (See Question x) | Postmarked by Month x, 2025 |
| **EXCLUDE YOURSELF** | • Remove yourself from the proposed Settlement | Postmarked by |

**Questions? Visit www.xxxx.com or call toll-free x-xxx-xxx-xxxx**

| ("OPT OUT") | • Receive no future payment from the proposed Settlement<br>• Keep your right to separately sue or continue to sue OPIS for the claims in this case (See Question x) | Month x, 2025 |
|---|---|---|

**Questions? Visit www.xxxx.com or call toll-free x-xxx-xxx-xxxx**

## What this Notice Contains

**BASIC INFORMATION** ........................................................................................ **PAGE 4**
1.  Why did I get this Notice?
2.  What is this lawsuit about?
3.  Who are the Defendants?
4.  Why is this a class action?
5.  Why is there a proposed Settlement with OPIS?

**THE SETTLEMENT CLASS** ................................................................................. **PAGE 5**
6.  Am I part of the Settlement Class?
7.  I bought PVC Pipe during the timeframe. Am I a Class Member?
8.  I'm still not sure if I am included.

**THE BENEFITS OF THE PROPOSED SETTLEMENT** ...................................... **PAGE 5**
9.  What does the proposed Settlement provide?
10. When will I get my payment?
11. What am I giving up by staying in the proposed Settlement?

**EXCLUDING YOURSELF FROM THE PROPOSED SETTLEMENT** ...................... **PAGE 6**
12. How do I get out of the proposed Settlement?
13. If I exclude myself, can I get money from the proposed Settlement?

**THE LAWYERS REPRESENTING YOU** ................................................................ **PAGE 7**
14. Do I have a lawyer in this case?
15. How will the lawyers be paid?

**OBJECTING TO THE PROPOSED SETTLEMENT** .............................................. **PAGE 7**
16. How do I tell the Court that I do not like the proposed Settlement?
17. What's the difference between objecting and excluding?

**THE COURT'S FAIRNESS HEARING** ................................................................ **PAGE 8**
18. When and where will the Court decide whether to approve the proposed Settlement?
19. Do I have to come to the hearing?
20. May I speak at the hearing?

**IF YOU DO NOTHING** .......................................................................................... **PAGE 9**
21. What happens if I do nothing at all?

**IF GETTING MORE INFORMATION** .................................................................... **PAGE 10**
22. How can I get more information?

**Questions? Visit www.xxxx.com or call toll-free x-xxx-xxx-xxxx**

## **Basic Information**

| **1. Why did I get this Notice?** |
|---|

You received this Notice because you or your company may have purchased PVC Pipe **directly** from one or more of the Converter Defendants between April 1, 2021, and May 16, 2025.

The Court has directed that this Notice be sent to you because, as a possible Class Member, you have the right to know about the proposed Settlement and your rights and options before the Court decides whether to approve the proposed Settlement.

This Notice explains the lawsuit, the proposed partial Settlement, and your legal rights.

U.S. District Judge the Honorable LaShonda A. Hunt of the U.S. District Court for the Northern District of Illinois in Chicago, Illinois, is the judge overseeing this class action. The case is called *In re PVC Pipe Antitrust Litigation*, Case No. 1:24cv-07639. The people who sued are called Plaintiff, and the companies they sued are called Defendants. The only Defendant that has agreed to the proposed Settlement is OPIS. The lawsuit is continuing against the Converter Defendants.

| **2. What is this lawsuit about?** |
|---|

The lawsuit alleges that Defendants conspired to fix, raise, maintain, and stabilize the price of PVC Pipe prices between April 1, 2021, and May 16, 2025, and that Class Members paid higher prices for PVC Pipe as a result. The Court has not decided who is right.

Plaintiffs have reached a proposed Settlement with OPIS only. While OPIS does not concede or admit liability for Plaintiffs' allegations, it has agreed to settle this action to avoid the uncertainties and risks of further litigation. The lawsuit is proceeding against the Converter Defendants.

| **3. Who are the Defendants?** |
|---|

OPIS and the Converter Defendants are collectively called Defendants. OPIS is the only Settling Defendant. The Converter Defendants are: Atkore, Inc., Cantex Inc., Diamond Plastics Corporation, Prime Conduit, Inc., Sanderson Pipe Corporation, Southern Pipe, Inc., IPEX USA, LLC, J-M Manufacturing Company, Inc. d/b/a JM Eagle, National Pipe & Plastics, Inc., PipeLife Jet Stream, Inc., Otter Tail Corporation, Northern Pipe Products, Inc., Vinyltech Corporation, Westlake Corporation and Westlake Pipe & Fittings Corporation d/b/a North America PVC Pipe Corporation.

| **4. Why is this a class action?** |
|---|

In a class action, one or more individuals or entities called class representative sue on behalf of others who have similar claims, all of whom together are a "class." Individual class members do not have to file a lawsuit to participate in the class action settlement. One court resolves the settlement-related issues for all class members, *except* for those who exclude themselves from the settlement.

**Questions? Visit www.xxxx.com or call toll-free x-xxx-xxx-xxxx**

5

### 5. Why is there a proposed Settlement with OPIS?

The Court did not decide in favor of Plaintiffs or OPIS. Instead, both sides agreed to the proposed Settlement to avoid the cost and risk of continued litigation and a trial. The proposed Settlement does not mean that any law was broken or that OPIS did anything wrong. Plaintiffs and their counsel believe the proposed Settlement is the best result for all Class Members. The lawsuit is continuing against the Converter Defendants.

## The Settlement Class

### 6. Am I part of the Settlement Class?

You are a Class Member if you or your company purchased PVC Pipes in the United States **directly** from one or more of the Converter Defendants (or from any of the Converter Defendants' parents, predecessors, subsidiaries or affiliates) at any time between April 1, 2021, and May 16, 2025.

Defendants, and their parents, predecessors, subsidiaries, and affiliates, and all federal government entities and instrumentalities of the federal government are excluded from the Settlement Class.

### 7. I bought PVC Pipe during the timeframe. Am I a Class Member?

Not necessarily. You are only a Class Member if you bought PVC Pipe during the time period **directly** from one of the Converter Defendants.

### 8. I'm still not sure if I am included.

If you are still not sure if you are a Class Member, please review the detailed case information at www.xxxxx.com. You may also call the Settlement Administrator at 1-xxx-xxx-xxxx.

## The Benefits of the Proposed Settlement

### 9. What does the proposed Settlement provide?

Under the proposed Settlement, OPIS has agreed to pay **$3,000,000** in cash (the "Settlement Fund"). The Settlement Fund will be distributed at a later time to eligible Class Members after deducting notice and administration costs (up to $250,000), and attorneys' fees, expenses and service awards to Plaintiffs, if awarded by the Court.

OPIS will also provide extensive cooperation to Plaintiffs in the continuing lawsuit against the Converter Defendants. Details about the cooperation are in the Settlement Agreement available at www.xxxxx.com.

### 10. When will I get my payment?

Payments from the Settlement Fund will **not** be sent to Class Members at this time. But if you are a Settlement Class Member and you don't exclude yourself, you will be eligible to receive a payment at a later date. If you exclude yourself from the proposed Settlement, you will **not** be eligible to receive a payment from the proposed Settlement.

**Questions? Visit www.xxxx.com or call toll-free x-xxx-xxx-xxxx**

6

## 11. What am I giving up by staying in the proposed Settlement?

Unless you exclude yourself from the proposed Settlement, you cannot sue, continue to sue, or be part of any other lawsuit against OPIS about the legal and factual issues in this case. All the Court's orders will apply to you and legally bind you. In other words, if you do nothing, you will **not** be able to sue OPIS in an antitrust lawsuit, because your claim in this case with OPIS will be "released."

The Settlement Agreement provides that OPIS will pay $3,000,000 and cooperate in the continuing lawsuit against the Converter Defendants in exchange for a release of claims by Class Members against OPIS and its past and present parents, subsidiaries, divisions, affiliates, stockholders, and general or limited partners, as well as its past and present respective officers, directors, employees, trustees, insurers, agents, attorneys, and any other representatives (the "Releasees"). The Settlement Agreement, however, does not release any claims relating to or against the Converter Defendants.

Broadly speaking, the Settlement Agreement completely releases, acquits, and forever discharges OPIS and the other Releasees from any and all other claims arising at any time prior to May 16, 2025 that are related to the antitrust claims alleged in *In re PVC Pipe Antitrust Litigation.*

The Settlement Agreement is available at www.xxxxx.com. It fully describes the legal claims that you give up if you do nothing and stay in the Settlement Class.

# Excluding Yourself from the Proposed Settlement

If you want to keep the right to sue OPIS on your own about the legal issues being resolved in this case, then you **must** take steps to exclude yourself from, or "opt out" of, the proposed Settlement. If you opt out and the Court approves the proposed Settlement, you will **not** receive a payment.

## 12. How do I get out of the proposed Settlement?

To exclude yourself from or "opt out" of the proposed Settlement, you <u>must</u> mail a letter with the following information:

- A statement indicating that you want to be excluded from the proposed Settlement in *In re PVC Pipe Antitrust Litigation*, Case No. 1:24cv-07639; and

- The name (including any formerly known names, doing business as names, etc.), address, telephone number, and signature of the person or entity seeking exclusion.

Exclusion requests can only be made by an individual or individual entity on behalf of themselves (and subsidiaries) and personally signed by each individual person or entity requesting exclusion.

Your exclusion letter must be postmarked by **Month x, 2025** and mailed to:

*PVC Pipe Direct Purchaser Settlement* – EXCLUSIONS
c/o JND Legal Administration
PO Box xxxx
Seattle, WA 98111

**If you ask to be excluded from the proposed Settlement, you will <u>not</u> get any future payment from the proposed Settlement, and you <u>cannot</u> object to the proposed Settlement.**

If you do not request to be excluded from the proposed Settlement and the proposed Settlement is approved

**Questions? Visit www.xxxx.com or call toll-free x-xxx-xxx-xxxx**

by the Court, you may be entitled to a future payment from the Settlement Fund. If you have a pending lawsuit against OPIS involving the same legal issues in this case, speak to your lawyer in that case immediately. You must exclude yourself from the proposed Settlement in order to bring your own antitrust lawsuit against OPIS.

| **13. If I exclude myself, can I get money from the proposed Settlement?** |
| --- |

No. If you exclude yourself from, or "opt out" of, the proposed Settlement, you will **not** be able to get money from the proposed Settlement.

# The Lawyers Representing You

| **14. Do I have a lawyer in this case?** |
| --- |

Yes. The Court has appointed the law firm of Kaplan Fox & Kilsheimer LLP ("Interim Lead Counsel") to represent the Settlement Class on an interim basis and for purposes of the proposed Settlement. If you want your own lawyer to represent you and appear in Court for you concerning the proposed Settlement, you may hire one at your own expense. If you wish to exclude yourself from the proposed Settlement and pursue your own lawsuit against OPIS, you may need to hire your own lawyer.

| **15. How will the lawyers be paid?** |
| --- |

You are not personally responsible for any payment of attorneys' fees or for reimbursement of expenses incurred or paid by Interim Lead Counsel. Interim Lead Counsel is not asking at this time to be paid from the Settlement Fund. At a later date, likely in conjunction with other possible settlements, Interim Lead Counsel will ask the Court to approve a payment from the Settlement Fund for fees, reimbursement of expenses and a service award for the named Plaintiff. You will be provided notice of such request and given an opportunity to object to such request.

# Objecting to the Proposed Settlement

| **16. How do I tell the Court that I don't like the proposed Settlement?** |
| --- |

If you stay in the Settlement Class, you can object to the proposed Settlement if you do not like any part of it. The Court will consider your views, but the proposed Settlement may still be approved in spite of your objection.

To object, you must mail a letter that includes the following:

- A statement indicating that you object to the proposed Settlement in *In re PVC Pipe Antitrust Litigation*, Case No. 1:24cv-07639;
- The name (including any formerly known names, doing business as names, etc.), address, telephone number, and signature of the person filing the objection (or their counsel's signature);
- The reasons you object, and any legal authority;
- The names of the attorneys that represent you, if any;

**Questions? Visit www.xxxx.com or call toll-free x-xxx-xxx-xxxx**

- Proof of your membership in the Settlement Class, such as invoice showing that you purchased PVC Pipe directly from one or more Converter Defendants between April 1, 2021, and May 16, 2025, or otherwise satisfy the definition in answer to Question x; and

- A statement of whether you or your counsel intend to appear at the Fairness Hearing, and the identity of any witness that you will call to testify in support of your objection.

You <u>must</u> mail your objection postmarked by **Month x, 2025,** to:

| **The Court:** | **Interim Lead Counsel:** | **OPIS Counsel:** |
|---|---|---|
| Clerk of Court | Robert N. Kaplan | Brian O'Bleness |
| United States District Court for | KAPLAN FOX & | DENTONS US LLP |
| the Northern District of Illinois | KILSHEIMER LLP | 1900 K. Street NW |
| Everett McKinley Dirksen | 800 Third Avenue, 38th Floor | Washington, D.C. 20006 |
| United States Courthouse | New York, New York 10022 | |
| 219 South Dearborn Street | rkaplan@kaplanfox.com | Natalie J. Spears |
| Chicago, IL 60604 | | DENTONS US LLP |
| | | 233 South Wacker Drive, |
| | | Suite 5900 |
| | | Chicago, Illinois 60606 |

---

**17. What's the difference between objecting and excluding?**

"Objecting" is simply telling the Court that you do not like something about the proposed Settlement. You can object only if you don't exclude yourself from the Settlement Class. "Excluding" yourself means that you are removing yourself from the Settlement Class and you will **not** receive a future payment from the Settlement Fund. If you exclude yourself from or "opt out" of the Settlement Class, you have no right to object to the proposed Settlement because it no longer affects you.

## <u>The Court's Fairness Hearing</u>

The Court will hold a fairness hearing to decide whether to approve the proposed Settlement. You may, but need not, attend the hearing. If you do attend the hearing, you may ask the Court's permission to speak (see Question x), but you do not have to participate.

---

**18. When and where will the Court decide whether to approve t h e proposed Settlement?**

---

The Court will hold a Fairness Hearing at x:xx x.m. CT on **Month x, 2025,** at the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604, Courtroom #x. The hearing may be moved to a different date or time without additional notice, so check www.xxxx.com before making travel plans. At the hearing, the Court will consider whether the proposed Settlement is fair, reasonable, and adequate. The Court will listen to Class Members who have asked to speak at the hearing. If there are objections or comments, the Court will consider them at that time. After the hearing, the Court will decide whether to approve the proposed Settlement. We do not know how long the Court will take to decide.

**Questions? Visit www.xxxx.com or call toll-free x-xxx-xxx-xxxx**

### 19. Do I have to come to the hearing?

No. Interim Lead Counsel will answer any questions the Court may have. However, you are welcome to come at your own expense. If you send an objection to the proposed Settlement, you do not have to come to the Fairness Hearing to explain it. As long as you mail your written objection on time, the Court will consider it. You may also pay your own lawyer to attend and speak (or not) at the hearing on your behalf, but it is not required.

### 20. May I speak at the hearing?

Yes. If you did not exclude yourself from the Settlement Class, you may ask the Court for permission for you or your own attorney to speak at the Fairness Hearing, at your own expense. To do so, you must send a letter stating the following:

- "Notice of Intention to Appear *In re PVC Pipe Antitrust Litigation*, Case No. 1:24cv-07639;"
- The position you will take at the hearing and the reasons for your position;
- Your name, address, telephone number, and your signature; and
- Proof of your membership in the Settlement Class, such as invoices showing that you directly purchased PVC Pipe from one or more Converter Defendants between April 1, 2021, and May 16, 2025, or proof that otherwise satisfies the definition in Question x.

Your Notice of Intention to Appear <u>must</u> be postmarked by **Month x, 2025,** and mailed to:

| **The Court:** | **Interim Lead Counsel:** | **OPIS Counsel:** |
|---|---|---|
| Clerk of Court | Robert N. Kaplan | Brian O'Bleness |
| United States District Court for | KAPLAN FOX & | DENTONS US LLP |
| the Northern District of Illinois | KILSHEIMER LLP | 1900 K. Street NW |
| Everett McKinley Dirksen | 800 Third Avenue, 38th Floor | Washington, D.C. 20006 |
| United States Courthouse | New York, New York 10022 | |
| 219 South Dearborn Street | | Natalie J. Spears |
| Chicago, IL 60604 | | DENTONS US LLP |
| | | 233 South Wacker Drive, |
| | | Suite 5900 |
| | | Chicago, Illinois 60606 |

# If You Do Nothing

### 21. What happens if I do nothing at all?

If you do nothing, you will remain a Settlement Class Member and be eligible to get a future payment from the proposed Settlement (if approved by the Court), as well as payments from future settlements or recoveries in the continuing lawsuit against Converter Defendants.

**Questions? Visit www.xxxx.com or call toll-free x-xxx-xxx-xxxx**

# Getting More Information

**22. How do I get more information?**

This Notice summarizes the proposed Settlement. For more detailed information, visit www.xxxx.com or call 1-xxx-xxx-xxxx.

DATED: Month x, 2025                    The Honorable LaShonda A. Hunt

**Questions? Visit www.xxxx.com or call toll-free x-xxx-xxx-xxxx**