UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *In re PVC Pipe Antitrust Litigation* <br><br> This Document Relates to: <br><br> Non-Converter Seller Purchaser Class Plaintiffs and End-User Class Plaintiffs | Case No. 24 C 7639 <br><br> Hon. LaShonda A. Hunt |

**ORDER PRELIMINARILY APPROVING NCSP CLASS PLAINTIFFS'
MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT
WITH DEFENDANT OPIS AND RELATED RELIEF**

WHEREAS, the Court has considered the Long-Form Settlement Agreement between Non-Converter Seller Purchaser Class Plaintiffs and Defendant Oil Price Information Service, LLC, dated May 16, 2025,[1] and the Addendum to the Settlement Agreement (collectively referred to herein as the "Settlement Agreement"),[2] which sets forth the terms and conditions for a proposed Settlement[3] of the above-captioned Action, and the termination and dismissal with prejudice of all causes of action against defendant Oil Price Information Service, LLC ("OPIS") in the Action;

WHEREAS, the Court has considered Non-Converter-Seller Purchaser Class Plaintiffs' Motion—Unopposed by Settling Defendant Oil Price Information Service, LLC ("OPIS")—for Preliminary Approval of Settlement Agreement with Defendant OPIS and Related Relief ("Motion"), the July 14, 2025 Further Response in Support of the Motion filed jointly by the NCSP

---

[1] This settlement agreement is attached as Exhibit 1 to the Declaration of Brian D. Clark and Karin E. Garvey in Support of Non-Converter-Seller Purchaser Class Plaintiffs' Motion—Unopposed By Settling Defendant Oil Price Information Service, LLC ("OPIS")—For Preliminary Approval Of Settlement Agreement With Defendant OPIS and Related Relief ("Joint Declaration"). (ECF No. 296-1).

[2] The Addendum to the Settlement Agreement was filed on July 14, 2025. (ECF No. 354-1).

[3] Unless otherwise defined herein, capitalized terms shall be those defined in the Settlement Agreement.

Class and End-User Class ("Further Response"), the memorandum of law, declarations, and exhibits filed in support , and all other papers submitted in connection with the Settlement Agreement and the Motion for Preliminary Approval; and

WHEREAS, the Court held a hearing on July 15, 2025, at which the Court heard argument on whether the Settlement Agreement should be preliminarily approved without receiving any objections (in writing or orally) to the relief sought;

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1. The Court preliminarily approves the Settlement Agreement. The Court has considered and determined that the Settlement Agreement preliminarily satisfies the class action settlement requirements of Rule 23 of the Federal Rules of Civil Procedure and is "within the range of possible approval," in order to "ascertain whether there is any reason to notify the class members of the proposed settlement and to proceed with a fairness hearing." *In re TikTok, Inc., Consumer Priv. Litig.*, 565 F. Supp. 3d 1076, 1083 (N.D. Ill. 2021).

2. The Court has subject matter and personal jurisdiction over Plaintiffs, all members of the Settlement Classes provisionally certified below, and OPIS.

3. Based on and pursuant to the class action criteria of Rule 23(a) and 23(b)(3), the Court preliminarily finds that the requirements of Rule 23(a) and 23(b)(3) have been met and therefore provisionally certifies, for Settlement purposes only, the following Non-Converter Seller Purchaser Settlement Class:

> All entities and persons who purchased PVC Pipe in the United States between January 1, 2021 through May 16, 2025 (1) directly from a seller that bought the PVC Pipe from a Converter Defendant that was (2) manufactured by a Converter Defendant.
>
> Specifically excluded from the NCSP Classes are (1) all public water systems, public wastewater systems, and suppliers of public energy or electricity, (2) Defendants; the officers, directors, or employees of any Defendant; any entity in which any Defendant has

2

a controlling interest; and any affiliate, legal representative, heir, or assign of any Defendant, and (3) any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, any juror assigned to this action, any business majority-owned by any such person, and any Co-Conspirator identified in this Action.

4. The Court finds that plaintiffs George Bavolak, Delta Line Construction Co., Blake Wrobbel, and TC Construction, Inc., (collectively, the "NCSPs") will fairly and adequately represent and protect the interests of the NCSP Settlement Class and appoints them to serve as the named representatives of the NCSP Settlement Class.

5. The Court appoints the law firms of Lockridge Grindal Nauen PLLP and Scott+Scott Attorneys at Law LLP to serve as NCSP Settlement Class Counsel, finding that they meet the requirements to be Class Counsel pursuant to Rule 23(g).

6. Based on and pursuant to the class action criteria of Rule 23(a) and 23(b)(3), the Court preliminarily finds that the requirements of Rule 23(a) and 23(b)(3) have been met and therefore provisionally certifies, for Settlement purposes only, the following End-User Settlement Class:

> All purchasers of PVC pipe in the United States between January 1, 2021 through May 16, 2025 who fall into any of the following categories: (1) All public water systems that purchased PVC Pipe for end use, including in connection with the treatment or supply of water; (2) All public wastewater systems that purchased PVC pipe for end use, including for the collection, disposal, or treatment of wastewater; (3) All suppliers of public energy or electricity that purchased PVC pipe for end use, including in connection with the supply of electricity for public consumption; or (4) All purchasers of PVC Pipe that purchased from a seller who purchased the product indirectly from Defendants.
>
> Specifically excluded from the End-User Settlement Class are any direct purchases from Converter Defendants; Defendants; the officers, directors, or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir, or assign of any Defendant. Also excluded from the End-User Settlement Class is any judicial officer presiding

3

over this action and the members of his/her immediate family and judicial staff, any juror assigned to this action, any business majority-owned by any such person, and any Co-Conspirator identified in this Action.

7. The Court finds that plaintiffs Erie County Water Authority, Water District No. 1 of Johnson County, Kansas, and Northern Moraine Wastewater Reclamation District (collectively, the "End-Users") will fairly and adequately represent and protect the interests of the End-User Settlement Class and appoints them to serve as the named representatives of the End-User Settlement Class.

8. The Court appoints the law firms of Pearson Warshaw, LLP and Fegan Scott LLC to serve as End-User Settlement Class Counsel, finding that they meet the requirements to be Class Counsel to Rule 23(g).

9. In the event the Settlement Agreement is terminated pursuant to the terms thereof, or fails to become effective for any reason, then: (a) all orders of the Court preliminarily or otherwise approving the Settlement and/or preliminarily or otherwise certifying any settlement class shall be vacated; (b) the Parties shall be returned to the *status quo* that existed in the Action immediately prior to the Execution Date of the Settlement Agreement; and (c) the Parties shall retain all of their respective rights and defenses as of immediately prior to the Execution Date of the Settlement Agreement, including OPIS's right to contest certification of any class and/or subclass on any grounds. The Parties shall then proceed in all respects as if the Settlement Agreement and any related orders had not been executed and/or entered, and all documents produced pursuant to the Settlement Agreement shall be returned to OPIS as provided in the Settlement Agreement.

10. The Court appoints Huntington Bank to serve as Escrow Agent. The entire Settlement Sum of $3,000,000 shall be deposited in the Escrow Account, subject to future

proceedings, to be approved by the Court, regarding the allocation of that sum between NCSPs and End-Users.

11. No later than July 29, 2025, NCSPs shall submit a revised plan of notice and End-Users shall file a motion for approval of a plan of notice consistent with the Settlement Agreement.

12. Notwithstanding that discovery is stayed in this matter, Counsel are granted permission to seek customer lists and related contact information from non-settling Defendants for the limited purpose of providing direct notice to the Settlement Class as provided for in the Joint Stipulation Regarding Provision of Customer Information by Non-Settling Defendants to Effectuate Notice of Plaintiffs' Proposed Settlements with Defendant OPIS (ECF No. 358). Further, NCSP Interim Co-Lead Counsel and End-User Interim Co-Lead Counsel are authorized to serve non-party discovery on non-converter pipe sellers (e.g., direct purchasers of PVC Pipe or other downstream entities), seeking customer lists and related contact information for the limited purpose of providing direct notice to the Settlement Class. The deadline for responses to such discovery shall be 30 days after entry of this Order.

**DATE:** July 17, 2025          **ENTERED:**

*LaShonda A Hunt*
_____
LaShonda A. Hunt
United States District Judge

5