**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| *In re PVC Pipe Antitrust Litigation* | Case No. 1:24-cv-07639 |
| This Document Relates to: | Hon. LaShonda A. Hunt |
| ALL ACTIONS | |

## <u>STIPULATED PROTECTIVE ORDER</u>

WHEREAS, Plaintiffs and Defendants (collectively, the "Parties") in the above-captioned matter agree that the proceedings may involve the discovery and disclosure of confidential, non-public, sensitive, and/or proprietary business, employment, tax, financial, and personally identifiable information, Documents, and other materials;

WHEREAS, the Parties agree that any Disclosures or Discovery Material (as defined below) shall be used only for purposes of prosecuting or defending this action and for no other purposes;

WHEREAS, the Parties agree that Protected Material will be disclosed and used only as provided herein;

WHEREAS, the Parties may serve subpoenas for production of Documents on certain other individuals and entities that are not Parties, but that may be entitled to the same types of privileges, protections, and assurances of confidentiality available to or agreed upon by the Parties;

WHEREAS, because a purpose of this Order is to protect and preserve confidential Documents and information, the Parties agree they are bound as follows from and after the date their counsel have signed it, even if such execution occurs prior to Court approval; and

THEREFORE, the Parties seek entry of an Order, pursuant to Federal Rule of Civil Procedure 26(c), governing the disclosure of Documents and information therein designated as

"Confidential Information," "Highly Confidential Information" or "Outside Counsel Only Information" on the terms set forth herein.

THE PARTIES HEREBY STIPULATE AND AGREE AS FOLLOWS:

**1.      SCOPE**

The protections conferred by this Order cover Protected Material (as defined in Section 2(o)) produced or adduced in the course of discovery, regardless of the medium or manner generated, stored, maintained, or revealed (including, among other things, initial disclosures, responses to discovery requests, document protections deposition testimony and exhibits, and information derived therefrom, and expert reports and materials). This Order shall apply to any named party to this action as well as to any non-party in this action who produces information pursuant to this Order (including all of its officers, directors, employees, independent contractors, retained experts, outside counsel (and their support staff)). This Order is subject to the rules of this Court, the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

Nothing in this Order shall be construed to limit the use of any Document at any trial or hearing in this matter provided that the parties take necessary advance precautions to avoid the public disclosure of Protected Material (as defined in Section 2(o)).

**2.      DEFINITIONS:**

(a)      <u>Confidential Information</u>: As used in this Order, "Confidential Information" means any Disclosures or Discovery Material, or any portion thereof (regardless how generated, stored, or maintained, including, among other things, disclosures, responses to discovery requests, document productions, deposition testimony, including exhibits and information derived therefrom, and expert reports and materials), which contains confidential or proprietary business, commercial,

research, personnel, product, employment, tax, personally identifiable information, or financial content belonging to the producing Party or Non-Party that has not been made public or is not otherwise accessible in the public domain. Confidential Information, for example, may appear within one or more of the following categories: (i) information prohibited from disclosure by statute, regulation, contractual agreement or as otherwise required by law; (ii) Personally Identifiable Information ("PII") or sensitive personal information (including but not limited to medical information; income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; and personnel or employment records); (iii) personnel and employment records; (iv) information that reveals trade secrets or other confidential or proprietary; and (v) research, technical, commercial or financial information that the party has maintained as confidential. These categories are expressly provided for illustrative purposes only, and are not intended to be and should not be construed as exhaustive of the types of information that may be appropriately designated as "Confidential Information." The parties will make reasonable efforts to ensure that information or documents that are available to the public are not designated as Confidential Information.

(b)    Counsel (without qualifier): Outside Counsel and In-House Counsel (as well as their support staff).

(c)    Designating Party: a Party or Non-Party that designates information produced in Discovery Material or in responses to discovery as "Confidential Information," "Highly Confidential Information" or "Outside Counsel Only Information."

(d)     <u>Disclosures or Discovery Material</u>: all information, regardless of the medium or manner generated, stored, or maintained (including, among other things, documents, testimony, transcripts, or tangible things), that are produced, used, or generated in disclosures or responses to discovery (formal or informal), document productions, deposition testimony, including exhibits and information derived therefrom, and expert reports and materials in this litigation regardless of whether made prior to the entry of this Order.

(e)     <u>Expert</u>: a person who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this litigation to assist in the preparation and/or trial of this action. This definition includes the Expert's employees and staff as well as any professional jury or trial consultants retained in connection with this litigation.

(f)     <u>Highly Confidential Information</u>: any otherwise Confidential Information, or any portion thereof, which a producing Party or Non-Party believes to be so highly sensitive that: (i) it is the subject of reasonable efforts to maintain its secrecy; (ii) it is sufficiently valuable and secret to afford a potential or actual advantage over others; (iii) its disclosure to existing or potential competitors or customers would cause injury to the business, commercial, competitive, or financial interests of the producing Party or Non-Party; or (iv) which law or contract requires the equivalent of "Highly Confidential" treatment as set forth in this Order. By way of example only, Highly Confidential Information could include material that discloses: (a) current or future business strategies and other strategic planning information; (b) projections or plans regarding performance, budgets, production, output, sales,

marketing, or distribution practices; (c) research and development information; (d) manufacturing know-how or technology; (e) board of directors materials and presentations; (f) customer lists or information; (g) negotiation strategies; (h) proprietary software, systems, or processes; (i) margin, cost, and pricing information; (j) intellectual property; (k) employee training materials; or (l) employee recruitment and retention strategies.

(g) <u>In-House Counsel</u>: attorneys who are employees of a Party or Non-Party (as well as their support staff).

(h) <u>Non-Party</u>: any individual or entity that is not a Party but produces Discovery Material in this litigation.

(i) <u>Outside Counsel</u>: attorneys who are not employees of a Party or Non-Party, but who are retained to represent or advise a Party or Non-Party in the litigation (as well as their support staff).

(j) <u>Outside Counsel Only Information</u>: The term "Outside Counsel Only Information" means information (regardless of how it was generated, stored or maintained) that contains highly competitive or highly sensitive information that the Designating Party reasonably and in good faith believes is either (i) Confidential or Highly Confidential Information that contains information that may disclose the Producing Party's current or future business or pricing strategies or decisions, or (ii) Highly Confidential Material that could cause competitive harm to the Producing Party if shared with In-House Counsel for the Receiving Party.

(k) <u>Party</u>: any Party to this litigation, including all of its officers, directors, and employees.

(l)     "PII": Personally Identifiable Information, which, for purposes of this Order, means: payment card numbers, financial account numbers, social security numbers, driver's license numbers, medical information, employer identification numbers, tax identification numbers, passport numbers, or a foreign government's equivalent of any of these numbers or identifiers.

(m)     Producing Party: a Party or Non-Party that produces Disclosures or Discovery Material in this litigation.

(n)     Professional Vendors: persons or entities specifically engaged for the limited purpose of providing litigation support services (e.g., ESI vendors; photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; investigators and consultants; court reporters) and their employees and subcontractors. For the avoidance of doubt, Professional Vendors do not include expert consultants and their staff.

(o)     Protected Material: any Disclosure or Discovery Material that is designated as "Confidential Information," "Highly Confidential Information" or "Outside Counsel Only Information" pursuant to this Order.

(p)     Receiving Party: a Party that receives Disclosures or Discovery Material from a Producing Party in this litigation.

(q)     Challenging Party: a Party or Non-Party that challenges the designation of Disclosures or Discovery Material under this Stipulated Protective Order.

3.    **DESIGNATING PROTECTED MATERIAL**

(a)    Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information for protection under this Order must take care to limit any such designation to specific material that qualifies under appropriate standards.

(b)    Manner of Designations. A Producing Party shall designate Protected Material as follows:

(i)    For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings): the Producing Party shall affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "OUTSIDE COUNSEL ONLY" on each page that contains Protected Material, in a manner that does not interfere with the legibility of the document. With respect to documents for which the legend cannot be affixed, e.g., documents produced in native form, this legend shall be affixed to the Bates-labeled placeholder image and identified in an accompanying load file as outlined in more detail in an ESI Protocol agreed to by the parties.

(ii)    For testimony given in depositions or in other pretrial or trial proceedings: unless all Parties agree otherwise on the record at the time the deposition testimony is taken, or hearing or other proceeding is held, all deposition testimony and trial or other pretrial proceedings shall be treated as Outside Counsel Only Information for a period of 30 days after the final transcript is delivered to the party being deposed. Within 30 days of receiving the final transcript of the proceeding (or such other period as the Parties shall mutually agree), the Party or Non-Party seeking to designate material as

7

Confidential Information, Highly Confidential Information, or Outside Counsel Only Information shall provide written notice to other Parties and the court reporter for the deposition in question as to specific portions of the testimony that are designated Confidential Information, Highly Confidential Information or Outside Counsel Only Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The court reporter shall provide a final copy of the transcript that reflects any designations of pages of the transcript as Confidential Information, Highly Confidential Information, or Outside Counsel Only Information in the lower left-hand corner of each designated page.

(iii)     For information produced in any other tangible items: the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "OUTSIDE COUNSEL ONLY."

(c)     Failure to Designate. A failure to designate Discovery Material as Confidential Information, Highly Confidential Information, or Outside Counsel Only Information does not waive the right to so designate the Discovery Material. If a Party designates a document as Confidential Information, Highly Confidential Information, or Outside Counsel Information after it was initially produced or portions of a deposition transcript after the period identified in Paragraph 3(c)(ii) above, the Receiving Party, on notification of the designation, must make a reasonable effort to ensure that the document or transcript is treated in accordance

with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, Highly Confidential Information, or Outside Counsel Only Information, even where the failure to so designate was inadvertent and where the material is subsequently designated.

(d) <u>Designating Material Produced by Other Party</u>. Nothing in this Order prohibits a Party from designating as Confidential Information, Highly Confidential Information, or Outside Counsel Only Information a Disclosure or Discovery Material produced by another Party or a Non-Party if the Designating Party has a good-faith belief that the Disclosure or Discovery Material qualifies for such designation. If a Party designates as Confidential Information, Highly Confidential Information, or Outside Counsel Only Information a Disclosure or Discovery Material produced by another Party or a non-Party, the Party must produce or cause to be produced a new version of the Disclosure or Discovery Material compliant with Section 3(c).

4. **ACCESS TO AND USE OF DISCLOSURE OR DISCOVERY MATERIAL**

(a) <u>Disclosure of Outside Counsel Only Information</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information designated Outside Counsel Only Information only to:

(i) The Receiving Party's Outside Counsel, including employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation (including paralegals and attorney support staff) and as contemplated in Section 17(c);

(ii)     any person designated as a corporate witness for the Producing Party pursuant to Fed. R. Civ. P. 30(b)(6), provided that counsel for the Party intending to disclose the information has a good-faith basis for believing that such Protected Material is relevant to the topic(s) for which the person has been designated;

(iii)    Experts (as defined in this Order) of the Receiving Party, for purposes of this litigation, including principals and employees of the firms with which the experts or consultants are associated, provided that such disclosure is reasonably necessary for this litigation, who have signed the Declaration attached hereto as Exhibit A;

(iv)    the Court and its personnel;

(v)     Professional Vendors (including employees and subcontractors) retained for purposes of the litigation, who have signed the Declaration attached hereto as Exhibit A;

(vi)    the author(s), custodian(s), or recipient(s) of the document (not including a person who received the document solely in the course of litigation) or the original source(s) of this information;

(vii)   any person who is referenced in the Document or whose conduct is purported to be identified in the Document, provided that counsel for the party intending to disclose the information has a good-faith basis for believing such Protected Material is relevant to events, transactions, discussions, communications, or data about which the person has knowledge; disclosure to such person is limited to the portion of the

10

document in which the person or person's conduct is identified or referenced; and such person has signed the Declaration attached hereto as Exhibit A;

(viii) during their testimony (including at depositions or testimony at trial or hearings), witnesses in the litigation to whom disclosure is reasonably necessary, provided that counsel for the Party intending to disclose the information has a good-faith basis for believing such Protected Material is relevant to events, transactions, discussions, communications, or data about which the witness is expected to testify or about which the witness may have knowledge, and such person has signed the Declaration attached hereto as Exhibit A. During preparation for their depositions, witnesses in the litigation to whom counsel for the Party has a good-faith belief that disclosure is reasonably necessary to the Litigation, provided the witness has completed the certification contained in Attachment A to this Order. Witnesses shall not retain a copy of Documents containing the Protected Material, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts, so long as, promptly after certification of their transcript, they return or destroy the Protected Material and all copies thereof. Pages of transcribed testimony or exhibits to depositions that are designated as Outside Counsel Only Information pursuant to Section 3 may not be disclosed to anyone except as permitted under this Order;

(ix)    any mediators or other dispute resolution neutrals appointed by the Parties to assist in alternative dispute resolution, including their secretaries, paraprofessional assistants, and other employees of such mediators who are actively engaged in assisting the mediators in connection with this matter and who have signed the Declaration attached as Exhibit A; and

(x)    other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered, but such consent shall not be unreasonably withheld.

(b)    <u>Disclosure of Highly Confidential Information</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information designated Highly Confidential Information only to:

(i)    Those permitted to access Outside Counsel Only Information under Section 4(a); and

(ii)    the Receiving Party's in-house counsel that are actively responsible for this Litigation, to whom it is reasonably necessary to disclose the information, provided that such individuals do not regularly participate in the commercial business activities of the Party, and who have signed the Declaration hereto as Exhibit A.

(c)    <u>Disclosure of Confidential Information</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information designated Confidential Information only to:

(i)    Those permitted to access materials under Section 4(a) and 4(b);

(ii)     the officers, directors, and employees (including In-House Counsel) of the
         Receiving Party, but only to the extent Counsel has a good-faith basis for
         believing such disclosure is reasonably necessary for this Litigation, and
         who have been advised of their obligations under this Order;

(iii)    an individual named plaintiff or class representative to whom Counsel has
         a good-faith basis for believing such disclosure is reasonably necessary for
         this Litigation and who have been advised of their obligations under this
         Order;

(iv)     any person designated as a corporate witness for the Producing Party
         pursuant to Fed. R. Civ. P. 30(b)(6) provided that counsel for the Party
         intending to disclose the information has a good-faith basis for believing
         that such Confidential Information is relevant to the topic(s) for which the
         person has been designated;

(v)      former employees of a Party, but only to the extent counsel has a good-faith
         basis for believing such Confidential Information is relevant to events,
         transactions, discussions, communications or data about which the former
         employee has knowledge; disclosure to such former employee is limited to
         the portion of the document about such events, transactions, discussions,
         communications, or data; and such former employee has signed Exhibit A;

(vi)     during their testimony (including at depositions or testimony at trial or
         hearings), witnesses in the litigation to whom disclosure is reasonably
         necessary, provided that counsel for the Party intending to disclose the
         information has a good-faith basis for believing such Confidential

Information is relevant to events, transactions, discussions, communications, or data about which the witness is expected to testify or about which the witness may have knowledge, and such person has signed the Declaration attached hereto as Exhibit A. During preparation for their depositions, witnesses in this litigation to whom counsel for the Party has a good-faith belief that disclosure is reasonably necessary to the Litigation, provided the witness has completed the certification contained in Attachment A to this Order. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts, so long as promptly after certification of their transcript, they return or destroy the Confidential Information and all copies thereof. Pages of transcribed testimony or exhibits to depositions that are designated as CONFIDENTIAL INFORMATION pursuant to Section 3 may not be disclosed to anyone except as permitted under this Order.

(d)  <u>Control of Documents</u>. Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Protected Material. Counsel shall maintain Declarations attached as Exhibit A signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

## 5.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

This Order is entered pursuant to and invokes the maximum protections allowed under Federal Rule of Evidence 502(d) with regard to Privileged Material. The inadvertent disclosure of

Privileged Material shall be governed by this Order and not be subject to the provisions in Federal Rule of Evidence 502(b). This Order does not preclude a Party from intentionally waiving any claims of privilege, including by their affirmative use—as opposed to inadvertent disclosure—of their own Privileged Material. The scope of any such intentional waiver shall be governed by Federal Rule of Evidence 502(a).

This Order shall not affect the application of any rules, including but not limited to the Federal Rules of Evidence and the Federal Rules of Civil Procedure, governing the assertion, application, or challenge of any claim of privilege.

## 6.    FILING PROTECTED MATERIAL

In the event a Receiving Party seeks to file any document containing Protected Material subject to protection under this Order with the Court, that Party must take appropriate action to ensure that the document receives proper protection from public disclosure, including: (a) filing a redacted document with the consent of the Designating Party; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for *in camera* review; or (c) seeking leave to file, or filing if permitted, the document or portions thereof under seal by complying with the federal and local rules, as well as any standing orders or other orders of the Court.

## 7.    NO GREATER PROTECTION OF SPECIFIC INFORMATION

Except on privilege grounds not addressed by this Order, no Party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the Party discloses (1) it withheld information, (2) a general summary of what was withheld, and (3) its justification for withholding such information, so that the Requesting Party can challenge such protection.

8.      **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

A Challenging Party may challenge the confidentiality designation of a particular Disclosure or Discovery Material by letter or email to Counsel for the Designating Party, at any time prior to 30 days before the first day of trial. The written notice shall identify with specificity, including by Bates number if available, the information to which the objection is made and the basis for that objection, and shall give the Designating Party an opportunity to review the Designated Material, to reconsider the designation, and if no change in designation is offered, to explain the basis for the designation. Within ten business days after the notice is received, the parties will attempt to resolve the dispute over telephone, videoconference, or in-person.

If the parties cannot resolve the objection during the telephonic, video, or in-person conference, the Challenging Party may file a discovery motion within ten business days of the Parties' failure to resolve the objection. Such motion shall identify the challenged material and set forth in detail the basis for the challenge or designation. Each such motion's supporting brief must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements of this procedure. The disputed information shall be treated as Confidential Information, Highly Confidential Information, or Outside Counsel Only Information under the terms of this Protective Order until the Court issues a ruling on the dispute. Any motion challenging a confidentiality designation must not publicly file the documents with contested designations nor describe them in a manner that would reveal Confidential Information, Highly Confidential Information, or Outside Counsel Only Information.

9.      **USE AT HEARINGS**

The terms of this protective order do not preclude, limit, restrict, or otherwise apply to the use of any Protected Material at any trial or hearing, provided that the parties take necessary advance precautions to avoid the unnecessary disclosure of Protected Material. A Party that intends

to present Protected Material at a hearing or trial shall bring that issue to the Court's and Parties' attention in advance of the proceeding if reasonably practicable, or at the proceeding if necessary; in either case without disclosing the Protected Material. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

## 10. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

(a) If a Party is served with a subpoena, a discovery request, an order, or other legally enforceable demand issued in other litigation or proceedings before any administrative or legislative body, or any other person or organization purporting to have authority to subpoena that would compel disclosure of any information designated in the litigation as "CONFIDENTIAL INFORMATION," "HIGHLY CONFIDENTIAL INFORMATION," or "OUTSIDE COUNSEL ONLY INFORMATION" the Party must so notify the Designating Party in writing (by email, if possible) immediately and in no event more than 5 business days after receiving the subpoena, discovery request, order, or demand. Such notification must include a copy of the subpoena, discovery request, order, or demand. The Party who is served with the subpoena, order, or demand also must immediately, and in no event more than three business days after receipt, inform in writing the party who caused the subpoena, discovery request, order, or demand to issue in the other proceeding that some or all of the material covered by the subpoena, discovery request, order, or demand is the subject of this Order. Such notification must include a copy of the subpoena, discovery request, court order, or demand. In addition, the Receiving Party must promptly deliver a copy of this Order to the

17

party in the other proceeding that caused the subpoena, discovery, request, order, or demand to issue.

(b)    The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in the litigation an opportunity to try to protect its Protected Material in the court or body from which the subpoena, discovery request, order, or demand issued. If the Designating Party timely seeks a protective order, the Receiving Party served with the request shall not produce any Protected Material before a determination by the court from which the request issued, unless the Receiving Party has obtained the Designating Party's permission. The Receiving Party shall cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose designated material may be affected. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its Protected Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in the litigation to disobey a lawful directive from another court or body authorized to issue such directives. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control any Protected Material designated by another party to this case.

## 11.   THIRD PARTY SUBPOENAS

In accordance with Federal Rule of Civil Procedure 45(a)(4), a party issuing a subpoena must give "notice and a copy of the subpoena" to be the other parties in the action. To ensure that parties receive adequate notice of the issuance of third-party subpoenas, any party issuing a subpoena to a non-party shall provide notice and copy of the subpoena to all parties at least two business days prior to service of subpoena.

## 12.    FINAL DISPOSITION

Unless prohibited by law or otherwise ordered or agreed in writing by the Producing Party, within 60 calendar days after the final termination of the litigation (including any appeals), each Receiving Party must either: (a) return all Protected Material to the Producing Party; or (b) destroy all Protected Material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-calendar-day deadline that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, (i) Counsel are not expected to access and extract any Protected Material from their disaster recovery systems; and (ii) Counsel are entitled to retain an archival copy of all pleadings, final expert reports, motion papers, transcripts, legal memoranda, correspondence, and attorney work product, even if such materials contain Protected Material. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal. Filings under seal shall be deleted from the ECF system only upon order of the Court.

## 13.    ORDER SUBJECT TO MODIFICATION

This Protective Order may be modified by the Court on motion of any party for good cause shown following notice to all Parties and an opportunity for them to be heard. The Parties may agree to modifications to this Order, so long as the affected Parties all provide written consent.

14. **NO PRIOR JUDICIAL DETERMINATION**

This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document designated Confidential Information, Highly Confidential Information or Outside Counsel Only Information by counsel or the Parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

15. **ABSENT CLASS MEMBERS**

Protected Material may not be disclosed to absent members of a putative or certified class (each an "Absent Class Member") who have not intervened or otherwise appeared in this litigation, except under the circumstances described in Section 4. If, however, Protected Material is contained in a filing with the Court pursuant to Section 6, such filing may be disclosed to Counsel for the Absent Class Member (or the Absent Class Member if not represented) for purposes of evaluating any settlement affecting the Absent Class Member, provided that such Counsel, if any, and the Absent Class Member have signed Exhibit A.

16. **UNAUTHORIZED DISCLOSURE OF DISCOVERY MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Disclosures or Discovery Material, including Protected Material, to any person or entity or in any circumstance not authorized under this Order, the Party must promptly upon learning of such disclosure: (a) notify in writing the Designating Party of the unauthorized disclosures and, to the extent feasible, identify the Bates-labeled number of the unauthorized disclosure; (b) in writing to the Designating Party, identify the persons or entities that have received copies of the documents or information, and explain the facts surrounding the disclosure of those materials; (c) make every reasonable effort to prevent disclosure by each unauthorized person who received such

information; (d) use reasonable best efforts to retrieve all copies of the Disclosure or Discovery Material; (e) if feasible, inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (f) if feasible, request such person or persons to execute the Declaration that is attached hereto as Exhibit A. Nothing contained herein shall limit the right of the Designating Party to seek relief against the Party responsible for such disclosure.

## 17.  NON-PARTIES AND ADDITIONAL PARTIES

In conducting discovery from Non-Parties, the Parties shall attach this Order to a copy of any subpoena or other discovery request. Non-Parties from whom discovery is requested are entitled to the protections of this Order in responding to such requests. In the event that a new Party is added, substituted, or otherwise brought into this action, this Order will be binding on and inure to the benefit of the new Party.

## 18.  MISCELLANEOUS

(a)    **Right to Further Relief**. Nothing in this Order abridges the right of any person with standing concerning the subject matter for good cause shown following notice to all Parties and an opportunity for them to be heard to seek its modification by the Court in the future.

(b)    **Party's Disclosure of Its Own Documents**. Nothing in this Order shall prevent a Producing Party from disclosing its own Disclosure or Discovery Material, including Protected Material, in any manner it chooses.

(c)    **Counsel's Reliance on Protected Material**. Notwithstanding the provisions of Section 4(a)-(b), Outside Counsel for a Party may provide high-level summaries or characterizations of the evidence in the case to the Party or individuals employed by the Party who have responsibility to make decisions regarding the defense or settlement of the case. Nothing in this Order is intended to bar or otherwise prevent

any counsel from rendering advice to his or her client with respect to this Litigation and, in the course of rendering such advice, from relying upon his or her examination or knowledge of Confidential Information, Highly Confidential Information or Outside Counsel Only Information.

(d) **Right to Assert Other Objections**. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

(e) **Effectiveness when Executed**. Once executed by the Parties, the Stipulation shall be treated by the Parties as an Order of Court until it is formally approved by the Court.

(f) **Application of Protective Order After Termination of Litigation**. The Parties hereby agree to be bound by the terms of this Order after the litigation ends. A Party may also seek leave to reopen the case to enforce the Order's provisions.

**DATED**: August 4, 2025                     **ENTERED**:

LaShonda A. Hunt
United States District Judge

Dated: July 30, 2025                              Respectfully submitted,

*/s/ Brian D. Clark*
Brian D. Clark (IL Bar No. 6350416)
Simeon A. Morbey (MN #0391338)
Laura Matson (MN #0396598)
Consuela Abotsi-Kowu (MN #0505682)
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Avenue South, Suite 2200
Minneapolis, Minnesota 55401
(612) 339-6900
bdclark@locklaw.com
samorbey@locklaw.com
lmmatson@locklaw.com
cmabotsi-kowu@locklaw.com

*/s/ Brian M. Hogan*
Brian M. Hogan (N.D. Ill. Bar No. 6286419)
Karin E. Garvey (N.D. Ill. Bar No. 2997831)
Donald A. Broggi (*pro hac vice* pending)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Ave., 24th Floor
New York, NY 10169
(212) 223-6444
brian.hogan@scott-scott.com
kgarvey@scott-scott.com
dbroggi@scott-scott.com

Patrick J. Coughlin (N.D. Ill. Bar No. 90785466)
Daniel J. Brockwell (admitted *pro hac vice*)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 W. Broadway, Suite 3300
San Diego, CA 92101
(619) 233-4565
pcoughlin@scott-scott.com
dbrockwell@scott-scott.com

Patrick McGahan (admitted *pro hac vice*)
Michael Srodoski (admitted *pro hac vice*)
**SCOTT+SCOTT ATTORNEYS
AT LAW LLP**
156 South Main Street
P.O. Box 192
Colchester, CT 06415
(860) 537-5537
pmcgahan@scott-scott.com

msrodoski@scott-scott.com

*Co-Lead Class Counsel for Non-Converter*
*Seller Purchaser Class Plaintiffs*

*/s/ Robert N. Kaplan*
Robert N. Kaplan
Matthew P. McCahill
Elana Katcher
Brandon Fox
Carihanna Morrison
**KAPLAN FOX &**
**KILSHEIMER LLP**
800 Third Avenue, 38th Floor
New York, NY 10022
Tel: (212) 687-1980
rkaplan@kaplanfox.com
mmccahill@kaplanfox.com
ekatcher@kaplanfox.com
Bfox@kaplanfox.com
cmorrison@kaplanfox.com

Gary L. Specks
**KAPLAN FOX &**
**KILSHEIMER LLP**
681 Prestwick Lane
Wheeling, IL 60090
T: (847) 831-1585
gspecks@kaplanfox.com

*Lead Counsel for the Direct*
*Purchaser Plaintiff Class*

*/s/ Joseph M. Vanek*
Joseph M. Vanek
David Germaine
John P. Bjork
**SPERLING KENNY**
**NACHWALTER, LLC**
321 N Clark Street, Suite 2500
Chicago, IL 60654
Tel: (312) 641-3200
jvanek@sperlingkenny.com
dgermaine@sperlingkenny.com
jbjork@sperlingkenny.com

Phillip F. Cramer
**SPERLING KENNY
NACHWALTER, LLC**
1221 Broadway, Suite 2140
Nashville, TN 37212
Tel: (312) 641-3200
Fax: (312) 641-6492
pcramer@sperlingkenny.com

James Almon
**SPERLING KENNY
NACHWALTER, LLC**
2707 Killarney Way #2707
Tallahassee, FL 32309
Tel: (850) 354-5300
jalmon@sperlingkenny.com

*Liaison Counsel for the Direct Purchaser
Plaintiff Class*

Dianne M. Nast
Joseph Roda
Michael Ford
**NASTLAW LLC**
1101 Market Street, Suite 2801
Philadelphia, PA 19107
Tel: (215) 923-9300
dnast@nastlaw.com
jnroda@nastlaw.com
mford@nastlaw.com

Joshua H. Grabar
Julia Varano
**GRABAR LAW OFFICE**
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (267) 507-6085
jgrabar@grabarlaw.com
jvarano@grabarlaw.com

***Counsel for Direct Purchaser Plaintiff Bill Wagner & Son, Inc.***

Linda P. Nussbaum
Meghan J. Talbot
**NUSSBAUM LAW GROUP, P.C.**
1133 Avenue of the Americas, 31st Floor
New York, New York 10036
Tel: (917) 438-9189
Lnussbaum@nussbaumpc.com
Mtalbot@nussbaumpc.com

Roberta D. Liebenberg
Gerard A. Dever
Jeffrey B. Gittleman
FINE, KAPLAN & BLACK, R.P.C.
One South Broad Street
Ste 2300
Philadelphia, PA 19107
215-567-6565
Email: rliebenberg@finekaplan.com
Email: gdever@finekaplan.com
Email: jgittleman@finekaplan.com

*Counsel for Plaintiff Vitolite Electric Sales Co.*

*/s/ Elizabeth A. Fegan*
Elizabeth A. Fegan
**FEGAN SCOTT LLC**
150 S. Wacker Drive, 24th Floor
Chicago, IL 60606
Telephone: (312) 741-1019
Facsimile: (312) 264-0100
beth@feganscott.com

Kyle A. Jacobsen (*pro hac vice*)
**FEGAN SCOTT LLC**
709 N 2nd St
Suite 400 #1280
Philadelphia, PA 19123
Telephone: (484) 352-2318
Facsimile: (312) 264-0100
kyle@feganscott.com

*/s/ Bobby Pouya*
Daniel L. Warshaw (Bar No. 185365)
Bobby Pouya (Bar No. 245527)
Adrian Buonanoce (Pro Hac Vice)
**PEARSON WARSHAW, LLP**

15165 Ventura Boulevard, Suite 400
Sherman Oaks, CA 91403
Telephone: (818) 788-8300
Facsimile: (818) 788-8104
dwarshaw@pwfirm.com
bpouya@pwfirm.com
abuonanoce@pwfirm.com

Brian Pafundi (*Pro Hac Vice*)
**PEARSON WARSHAW, LLP**
328 Barry Avenue South, Suite 200
Wayzata, MN 55391
Telephone: (612) 389-0600
Facsimile: (612) 389-0610
bpafundi@pwfirm.com

*Co-Lead Counsel for the*
*End-User Plaintiff Class*

/s/ Daniel E. Laytin
Daniel E. Laytin, P.C. (6257119)
Christa C. Cottrell, P.C. (6284749)
David M. Bernick (3121556)
Mark Filip (6226541)
Taylor S. Rothman (6327528)
**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
dlaytin@kirkland.com
ccottrell@kirkland.com
david.bernick@kirkland.com
mark.filip@kirkland.com
taylor.rothman@kirkland.com

*Counsel for J-M Manufacturing*
*Company, Inc., d/b/a JM Eagle*

/s/ Britt M. Miller
Britt M. Miller
Matthew D. Provance
**MAYER BROWN LLP**
71 South Wacker Drive
Chicago, IL 60606
Tel.: 312-783-0600

bmiller@mayerbrown.com
mprovance@mayerbrown.com

*Counsel for Defendant Atkore Inc.*

*/s/ Thomas V. Panoff*
Thomas V. Panoff
**SHEPPARD, MULLIN, RICHTER &**
**HAMPTON LLP**
321 North Clark St., 32nd Floor
Chicago, Illinois 60654
Telephone: (312) 499-6328
tpanoff@sheppardmullin.com

Ann M. O'Brien (admitted *pro hac vice*)
Leo D. Caseria (admitted *pro hac vice*)
**SHEPPARD, MULLIN, RICHTER &**
**HAMPTON LLP**
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC 20006-6801
Telephone: (202) 747-1900
aobrien@sheppardmullin.com
lcaseria@sheppardmullin.com

*Counsel for Defendant National*
*Pipe & Plastics, Inc.*

*/s/ Timothy Ray*
Timothy Ray (ARDC #6230099)
**HOLLAND & KNIGHT LLP**
150 N. Riverside Plaza, Suite 2700
Chicago, IL 60603
Tel: 312.263.3600
Timothy.Ray@hklaw.com

David C. Kully (*pro hac vice*)
**HOLLAND & KNIGHT LLP**
800 17th St., NW; Suite 1100
Washington, DC 20006
Tel: 202-469-5415
david.kully@hklaw.com

*Counsel for Defendant Pipelife*
*Jet Stream, Inc.*

*/s/ Robert Milne*

Robert Milne (admitted *pro hac vice*)
Bryan Gant (admitted *pro hac vice*)
David H. Suggs (admitted *pro hac vice*)
Kristen O'Shaughnessy (admitted *pro hac vice*)
**WHITE & CASE LLP**
1221 Avenue of the Americas
New York, NY 10020
Tel: (212) 819-8200
rmilne@whitecase.com
bgant@whitecase.com
dsuggs@whitecase.com
kristen.oshaughnessy@whitecase.com

*Counsel for Defendant IPEX USA LLC*

*/s/ Eliot A. Adelson*
Eliot A. Adelson, CA Bar No. 205284
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, CA 94105
(415) 268-7000
eadelson@mofo.com

Lisa M. Phelan, D.C. Bar No. 1617073
Megan E. Gerking, D.C. Bar No. 1027190
Robert W. Manoso, D.C. Bar No. 1047241
**MORRISON & FOERSTER LLP**
2100 L Street NW
Washington, D.C. 20037
(202) 887-1500
lphelan@mofo.com
mgerking@mofo.com
rmanoso@mofo.com

*Counsel for Defendants Otter Tail Corporation,*
*Northern Pipe Products, Inc., and*
*Vinyltech Corporation*

*/s/ John DeQ. Briggs*
John DeQ. Briggs (DC Bar #171470)
Richard B. Dagen (DC Bar #388115)
Daniel K. Oakes (DC Bar #1009519)
**AXINN, VELTROP &**
**HARKRIDER LLP**
1901 L Street NW
Washington, DC 20036

Telephone: (202) 912-4700
jbriggs@axinn.com
rdagen@axinn.com
doakes@axinn.com

*Counsel for Defendants Cantex Inc.,*
*Diamond Plastics Corporation,*
*Prime Conduit, Inc., Sanderson Pipe*
*Corporation, and Southern Pipe, Inc.*

*/s/ William R.H. Merrill*
William R. H. Merrill
James T. Southwick
Elizabeth B. Hadaway
**SUSMAN GODFREY LLP**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Phone: (713) 651-9366
bmerrill@susmangodfrey.com
jsouthwick@susmangodfrey.com
ehadaway@susmangodfrey.com

Ezra Ruiz (admitted *pro hac vice*)
**SUSMAN GODFREY LLP**
401 Union Street, Suite 3000
Seattle, WA 98101
Phone: (206) 516-3880
eruiz@susmangodfrey.com

*/s/ Suyash Agrawal*
Suyash Agrawal (6308343)
Christopher Walling (6333521)
**MASSEY & GAIL LLP**
50 E. Washington St., Suite 400
Chicago, Illinois 60602
Tel: (312) 379-0949
Fax: (312) 379-0467
sagrawal@masseygail.com
cwalling@masseygail.com

*Counsel for Defendants Westlake*
*Corporation and Westlake Pipe*
*& Fittings Corporation*

## **EXHIBIT A**

### **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____, [print full name], of _____

[print or type full address], declare under penalty of perjury under the laws of the United States of

America that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Northern District of Illinois, in the case captioned

*In re PVC Pipe Antitrust Litigation*, No. 1:24-cv-07639-LAH.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order,

and I understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of Illinois solely for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after the termination of this action.

Date: _____

City and State (or Country) where sworn and signed: _____

Printed Name: _____

Signature: _____