UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *In Re PVC Pipe Antitrust Litigation* | Case No. 1:24-cv-07639 |
| This Document Relates to: *All Actions* | Hon. LaShonda A. Hunt |

**THE UNITED STATES' UNOPPOSED
MOTION TO INTERVENE AND STAY DISCOVERY**

The United States of America, through the Antitrust Division of the United States Department of Justice (the "government"), respectfully seeks leave to intervene in the above-captioned matter under Federal Rule of Civil Procedure 24, and moves for an initial six-month, partial stay of discovery. The government further requests an immediate stay of discovery while this motion is pending. A federal grand jury empaneled in the Northern District of California is currently investigating allegations of price fixing, bid rigging, and market allocation among manufacturers of PVC pipe and others, in violation of the Sherman Act, 15 U.S.C. § 1. The same conduct is alleged in these consolidated civil cases.

For the reasons stated below, a stay is needed to protect the secrecy and confidentiality of the grand jury's investigation.[1] If full discovery were to progress in this matter at this time, the direction and focus of the grand jury's investigation may be revealed, and the government's ability to bring potential charges may be impeded. The government recognizes the interest of the parties and the public in proceeding expeditiously with this litigation and the Court's substantial

---

[1] Due to the restrictions imposed by Federal Rule of Criminal Procedure 6(e), the government cannot describe here the grand jury investigation in detail. If it would be helpful to the Court, the government is prepared to submit an under seal, *ex parte* declaration describing the grand jury's investigation more fully.

1

investment of resources to keep this case moving forward in a timely fashion. Nevertheless, a limited partial stay will not prejudice the parties and will promote an efficient and orderly resolution of the parallel civil and criminal cases. At the end of the six months, the government expects to be able to provide the Court with a status update and request that the stay be modified or extended if necessary.

The government requests a six-month stay of deposition and document discovery of the parties, their current and former employees, and third parties. This includes seeking a six-month stay of two of the five categories of discovery sought by Plaintiffs in the parties' September 22, 2025, Joint Status Report (ECF No. 482, p. 3-4): (1) "discovery [ ] of any productions of pre-existing documents made to a government enforcer in connection with an investigation into the PVC pipe market, including the U.S. Department of Justice"; and (2) the production of documents in response to Rule 34 Requests for Production, including negotiating the scope of the requests.[2] The government does not seek to stay the other three categories of discovery proposed by the plaintiffs: (1) production of structured data; (2) production of organizational charts and information sufficient to identify relevant custodians; and (3) service of Rule 45 subpoenas to telephone carriers. *See Id.* (Plaintiffs' proposed discovery tasks Nos. 3-5).

The government has met and conferred with the parties. No parties object to the government's motion to intervene in this matter. Further, because it is unlikely that motions to dismiss will have been decided under the current schedule until after the government's proposed stay expires, Plaintiffs do not oppose the government's motion for a partial, six-month stay.[3] No

---

[2] The government does not object to the parties serving their Rule 34 Requests for Production and associated responses or objections. The government also does not oppose a Defendant producing documents to the Plaintiffs pursuant to any settlement agreement.

[3] Defendants do not oppose the government's stay request either, but the government understands that Defendants may separately seek a broader discovery stay from the Court.

2

parties object to the government's motion to stay discovery of "productions of pre-existing documents made to a government enforcer in connection with an investigation into the PVC pipe market, including the U.S. Department of Justice."

The Court should grant both the government's motion to intervene and the government's motion to stay discovery.

## MOTION TO INTERVENE

Federal Rule of Civil Procedure 24 provides two avenues for the government to intervene in this matter: Rule 24(a)(2) allows the government to intervene as a matter or right, and Rule 24(b)(1)(B) allows permissive intervention.

### Intervention of Right Under Rule 24(a)(2)

Rule 24(a)(2) allows for "intervention of right" in an action if (1) the application to intervene is timely, (2) the applicant has an interest in the subject matter of the action, (3) disposition of the action may impede the applicant's ability to protect that interest, and (4) the applicant's interest is not adequately represented by existing parties to the litigation. *See Sec. Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1380 (7th Cir. 1995) (internal quotation marks and citations omitted). The requirements for intervention of right are construed "liberally" and doubts are resolved "in favor of allowing intervention." *Michigan v. U.S. Army Corps of Engineers*, No. 10-cv-4457, 2010 WL 3324698, at *2 (N.D. Ill. Aug. 20, 2010).

**1. The Government's Motion to Intervene Is Timely.**

Whether a motion is timely depends on the totality of the circumstances, including "(1) the length of time the intervenor knew or should have known of his interest in the case; (2) the prejudice to the original parties caused by the delay; (3) the resulting prejudice to the intervenor if the motion is denied; and (4) any unusual circumstances." *South v. Rowe*, 759 F.2d 610, 612 (7th

Cir. 1985). Each of these considerations lead to the conclusion that the government's intervention is timely.

This motion to intervene is timely. While the government has been aware of this case since around the time of its filing, the government only recently learned of its interest in this case, on September 23, 2025, when the parties filed their Joint Status Report (Dkt. 482). In that filing, Plaintiffs indicated for the first time their intention to seek discovery of documents produced to government enforcers, including the Department of Justice. Previously, it was not clear to the government whether Plaintiffs would seek materials overlapping with the grand jury's investigation. Intervention only prejudices the parties if a potential intervenor learned of its interest in the case and nevertheless failed to intervene, causing delay. *See Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 857 (9th Cir. 2016); *see also Stallworth v. Monsanto Co.*, 558 F.2d 257, 267 (5th Cir. 1977). Here, the government has promptly sought intervention upon learning that the scope of discovery might prejudice the ongoing criminal investigation.

    **2. The Government Has a Sufficient Interest in This Case as a Result of the Ongoing Federal Criminal Investigation.**

The government has a strong interest in ensuring the integrity of its ongoing, pre-indictment criminal investigation into some of the same conduct at issue in this litigation. Whether an intervenor has a sufficient interest under Rule 24(a)(2) "is a highly fact-specific determination, making comparison to other cases of limited value." *Schipporeit,* 69 F.3d at 1381 (citations omitted). Nevertheless, courts allow intervention as of right under Rule 24(a)(2) where the intervenor has a "direct, significant, legally protectable" interest in the litigation. *American Nat'l Bank v. City of Chicago*, 865 F.2d 144, 146 (7th Cir.1989). Here, the government clearly has a direct, significant, and legally protectable interest, both in its mission to criminally enforce the Sherman Act—one of the statutes at issue in this litigation—and in ensuring the integrity of

4

the grand jury's investigation into some of the same conduct at issue here. What's more, if charges are filed as the result of the grand jury's investigation, the government would have a substantial interest in minimizing the extent to which civil discovery could be used to circumvent criminal discovery. *See SEC v. Salis*, No. 16-cv-231, 2016 WL 7239916, at *2 (N.D. Ind. Dec. 14, 2016).

### 3. The Government Could Not Protect Its Interest in this Case Without Intervention.

Courts have repeatedly found that absent intervention, a tangible threat to the government's legally cognizable interest exists where, as here, discovery in a civil case threatens to interfere with the integrity of the government's parallel criminal investigation or prosecution. *See, e.g.*, *In re Fragrance Direct Purchaser, Indirect Purchaser, and End-User Antitrust Litigs.*, Nos. 2:23-02174, 2:23-03249, 2:23-16127 (D.N.J. June 30, 2025), ECF Nos. 216, 162 & 150 (Order granting the government's motion to intervene under Rule 24(a)(2)); *In re Broiler Chicken Antitrust Litig.*, No. 1:16-cv-08637, ECF No. 2302 (N.D. Ill. Jun. 19, 2019) (Order granting the United States' motion to intervene and stay discovery); *In re Generic Digoxin & Doxycycline Antitrust Litig.*, No. 2:16-md-02724-CMR, ECF No. 108 (E.D. Pa. Jan. 6, 2017) (Order granting the United States' motion to intervene); *In re Flash Memory Antitrust Litig.*, No. 4:07-cv-00086-SBA, ECF No. 212 (N.D. Cal. Oct. 23, 2007); In re TFT (Flat Panel) Antitrust Litig., No. 3:07-md-01827-SI, ECF No. 217 (N.D. Cal. Jul. 10, 2007); In re Static Random Access Memory (SRAM) Antitrust Litig., No. M:07-cv-1819-CW, ECF No. 198 (N.D. Cal. Jun. 5, 2007). Other Department of Justice components have also sought intervention when confronted with similar situations. *See SEC v. Fleming*, No. 17-cv-7049, ECF No. 32 (N.D. Ill. Nov. 20, 2017) (USAO successfully intervened and obtained stay of discovery in civil case brought by SEC pending resolution of criminal insider trading charges); *CFTC v. Zhao*, No. 1:18-cv-620, ECF No. 26 (N.D.Ill. Oct. 16, 2018) (granting DOJ

Criminal Division's motion to intervene and stay discovery in civil action brought by CFTC pending resolution of criminal fraud, spoofing, and false statement charges); *Eastwood Enters., LLC v. Farha*, No. 8:07-CV-1940-T-33EAJ, ECF No. 220 (M.D. Fla. May 13, 2010) (summarily permitting the government to intervene "insofar as it [sought] to stay discovery in [the] matter"). Similarly, here, the United States possesses a significantly protectable interest in maintaining the integrity and confidentiality of the grand jury's ongoing parallel investigation.

### 4. No Existing Party to this Civil Litigation Adequately Represents the United States' Interest in Maintaining the Integrity of Its Ongoing Criminal Investigation.

Finally, none of the parties to this litigation adequately represent the government's interests. Nor could they. The Defendants' interest in defending the alleged conduct at issue in this litigation is diametrically opposed to the government's interest in investigating and potentially prosecuting the same or similar conduct criminally. Neither do the Plaintiffs adequately represent the government's interests, notwithstanding the fact that their interests are more closely aligned with the government's interests. Further, neither Plaintiffs nor Defendants can be expected to represent the interests of the government or the public in maintaining the secrecy and confidentiality of grand jury investigations. In *Salis*, for example, where the Department of Justice sought to intervene in a civil enforcement action brought by the Securities and Exchange Commission, the court explained: "although both agencies represent the interests of the United States, the SEC's and the DOJ's interests are different, and the SEC can't be expected to protect the interests of the DOJ." 2016 WL 7239916, at *3. If the SEC is unable to protect the government's investigatory and prosecutorial interests, then private plaintiffs certainly cannot.

Accordingly, the Court should permit the government to intervene as a matter of right under Rule 24(a)(2).

**Permissive Intervention under Rule 24(b)(1)(B)**

If the Court does not allow the government to intervene as of right under Rule 24(a)(2), it should nevertheless permit the government to intervene under Rule 24(b)(1)(B), which allows intervention where the party, on a timely motion, "has a claim or defense that [it] shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

As discussed above, the government's motion is timely. And this litigation clearly shares "common question[s] of law or fact," Rule 24(b)(1)(B), with the grand jury investigation, because the very same conduct at issue in this litigation is under investigation by the grand jury.

**MOTION TO STAY DISCOVERY**

This Court has the inherent power to stay civil proceedings pending the completion of a criminal proceeding "if the interests of justice require it." *Chagolla v. City of Chicago*, 529 F. Supp. 2d 941, 945 (N.D. Ill. 2008) (*citing United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970)); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *Jenny's Uniforms, Inc. v. AMCO Ins. Co.*, No. 16-cv-0113, 2016 WL 5394392, at *1 (S.D. Ill. 2016) (*citing Kordel*, 397 U.S. at 12 n.27) ("[I]t is within a district court's discretion to stay civil proceedings, postpone civil discovery, or impose protective orders and conditions on discovery when there are criminal proceedings occurring at the same time as a related civil proceeding.").

Courts in the Seventh Circuit and elsewhere examine several factors to determine whether a stay of civil proceedings in these circumstances is warranted. Though the factors vary in numbers and formulations from case to case, and are not exhaustive, they generally include the following:

(1) the effect on the public interest of granting or denying a stay;

(2) the effect on the trial court and the efficient use of judicial resources, and whether there is substantial overlap between the cases;

7

(3) the posture of the criminal proceeding;

(4) the interest of the civil plaintiff in proceeding expeditiously, and the potential prejudice the plaintiff may suffer from a delay; and

(5) the burden that any particular aspect of the civil case may impose on defendants if a stay is denied.

*See, e.g., Cruz v. City of Chicago*, No. 08-cv-2087, 2011 WL 613561, at *2 (N.D. Ill. Feb. 15, 2011); *Clark v. Djukic*, No. 14-cv-160, 2014 WL 6674610, at *1-2 (N.D. Ind. Nov. 25, 2014) (Cherry, M.J.).

1. **Public Interest**

Of all the factors above, the public's interest in effective criminal law enforcement—and hence the government's interest in protecting the integrity of the grand jury's investigation and subsequent charges—should be afforded the most weight. *See Benevolence Int'l Found., Inc. v. Ashcroft*, 200 F. Supp. 2d 935, 941 (N.D. Ill. 2002) (*citing Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1062)). Although the public also has an interest in the "prompt disposition of civil litigation," *Chagolla v. City of Chicago*, 529 F. Supp. 2d 941, 946- 47 (N.D. Ill. 2008), that interest is generally outweighed by the public's interest in effective criminal law enforcement, *see id*. And in this case, the nature and scope of the alleged price-fixing, bid-rigging, and market allocation conduct under investigation by the grand jury, as well as the risks to the investigation of on-going civil discovery is more than sufficient for the public-interest factor to favor a stay.

2. **Judicial Resources and Overlap**

Another factor is whether the overlap between civil and criminal matters will promote efficiency. Where there is substantial overlap between the civil and criminal matters, staying discovery in the civil matter promotes efficient use of judicial resources because "resolution of the related criminal matter may eliminate much of the Court's work in the civil action by simplifying

8

the issues" and prevents discovery from becoming "bogged down" with "a long series of Fifth Amendment assertions." *United States v. All Meat & Poultry Prods.*, No. 02-cv-5145, 2003 WL 22284318, at *5 (N.D. Ill. Oct. 2, 2003) (Bobrick, M.J.).

Here, there is very substantial overlap between the civil and criminal matters: both involve similar conduct and implicate the same statute. Although the requested stay may cause some short-term delay, granting the stay and allowing the grand jury investigation and any subsequent charges to streamline the Court's workload may significantly enhance judicial economy. That is especially true in the context of criminal antitrust enforcement, where a judgment against a defendant is "prima facie evidence against such defendant in any action or proceeding brought by any other party." 15 U.S.C. § 16(a).

### 3. Posture of Criminal Proceeding

A pre-indictment stay is appropriate. Although courts are sometimes reluctant to grant a stay before any charges have been filed due to the uncertain length of criminal investigations, *see, e.g.*, *All Meat & Poultry Prods.*, 2003 WL 22284318, at *5, the pre-indictment status of the investigation is merely a consideration, not a complete bar. In numerous cases, courts have granted discovery stays before the grand jury has indicted anyone. *See, e.g.*, *SEC v. Chestman*, 861 F.2d 49, 50 (2d Cir. 1988); *SEC v. Offhill*, No. 3:07-cv-1643-D, 2008 WL 958072, at *3 (N.D. Tx. Apr. 9, 2008); *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1038-39 (W.D. Mich. 2007); *Ashworth v. Albers Medical, Inc.*, 229 F.R.D. 527, 533 (S.D.W. Va. 2005); *Jones v. City of Indianapolis*, 216 F.R.D. 440, 451-52 (S.D. Ind. 2003); *Walsh Securities Inc. v. Cristo Property Management, Ltd.*, 7 F.Supp.2d 523, 527-28 (D.N.J 1998); *SEC v. Downe*, No. 92-cv-4092 1993 WL 22126, at *13 (S.D.N.Y. Jan. 26, 1993); *Brumfield v. Shelton*, 727 F. Supp. 282, 284 (E.D. La 1989); *Brock v. Tolkow*, 109 F.R.D. 116, 119 (E.D.N.Y. 1985). In fact, courts in other districts have found that

"when the government seeks a stay of civil discovery, the justification for obtaining the stay is often strongest before an indictment is handed down." *Offhill*, 2008 WL 958072, at *3 (emphasis added); *see also Lee v. Ackal*, No. 15-cv-00754, 2016 WL 1690319, at *3 (W.D. La. Apr. 25, 2016); *Tajonera v. Black Elk Energy Offshore Operations, LLC*, No.13-cv-0366, 2015 WL 893447, at *9 (E.D. La. Mar. 2, 2015); *Warren v. Geller*, No. 11-cv-2282, 2013 WL 1455688, at *9 (E.D. La. Apr. 9, 2013).

In any event, a pre-indictment stay is appropriate here because the government is seeking only a 6- month stay, not an open-ended stay. Moreover, the government is committed to working expeditiously toward charging decisions. At the end of six months, the government will be able provide the Court with a status update and request that the stay be modified or extended if necessary.

4. **Plaintiffs' Interest in Proceeding Expeditiously**

As previously discussed with respect to judicial economy, resolution of the criminal case could narrow the scope of this civil litigation, which would benefit all parties, including plaintiffs, and therefore weighs heavily in favor of a stay. *See, e.g.*, *Emich Motors Corp. v. Gen. Motors Corp.*, 340 U.S. 558, 568 (1951) ("It is well established that a prior criminal conviction may work an estoppel in favor of the [plaintiff] in a subsequent civil proceeding."); *In re Worldcom, Inc. Sec. Litig.*, No. 02-cv-3288, 2002 WL 31729501, at *8 (S.D.N.Y. Dec. 5, 2002) ("The conviction of a civil defendant as a result of the entry of a plea or following a trial can contribute significantly to the narrowing of issues in dispute in the overlapping civil cases and promote settlement of civil litigation.").

## 5. Burden on Defendants

This factor weighs in favor of a stay, as well. Denying a stay would impose a burden on the subjects of the criminal investigation in at least two significant respects. First, it would force subjects to defend two cases simultaneously. Second, denying a stay of discovery in this action would force subjects to choose between invoking their Fifth Amendment right against self-incrimination and risking that any such invocation would be used as a basis for an adverse inference in this civil case, or testifying or otherwise responding to civil discovery and having their responses used against them in the criminal case. *See Chagolla*, 529 F. Supp. 2d at 947 ("A civil defendant in this situation who is effectively backed into a corner in which he has no viable choice but to claim the privilege is forced to face a significant risk of unfair prejudice that may be virtually impossible to remedy."); *Harris v. City of Chicago*, 266 F.3d 750, 753 (7th Cir. 2001) ("[T]he Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them.") (citation omitted). Granting the stay would mitigate that dilemma.

///

///

///

///

///

///

///

## **CONCLUSION**

For the reasons discussed above, the government's motion to intervene and its motion to stay should be granted.

DATED: October 7th, 2025

Respectfully submitted,

*/s/ Nolan J. Mayther*
Nolan J. Mayther (CA Bar No. 319471)
Andrew Mast (CA Bar No. 284070)
Trial Attorneys
Antitrust Division
United States Department of Justice
San Francisco Office
450 Golden Gate Ave., 10-0101
San Francisco, CA 94102
415-229-2929
nolan.mayther@usdoj.gov