UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *In re PVC Pipe Antitrust Litigation* | Case No. 1:24-cv-07639 |
| This Document Relates to: *All Actions* | Hon. LaShonda A. Hunt |

**JOINT STATUS REPORT**

Pursuant to the Court's October 21, 2025 Minute Entry (the "October 21 Minute Entry," ECF No. 507), the undersigned Parties submit the following Joint Status Report addressing (1) status of briefing on the Converter Defendants' motions to dismiss; (2) progress on settlement; (3) update on the status and anticipated timing of the three classes' respective programs to provide notice of their settlements with Defendant OPIS to potential members of those classes; (4) status of the discovery permitted by the Court as clarified in the October 21 Minute Entry entered following the October 21, 2025 status conference; and (5) any other pertinent matters for the Court to consider.

The word "Plaintiffs" as used below refers to the Direct Purchaser Plaintiffs ("DPPs"), the End-User Plaintiffs ("EUPs") and the Non-Converter Seller Purchaser Plaintiffs ("NCSPs") collectively.

The phrase "Downstream Plaintiffs" as used below refers to both EUPs and NCSP classes collectively.

The phrase "Pre-Existing Defendants" as used below refers to all Converter Defendants except the Cresline Defendants and Defendant Charlotte Pipe & Foundry, Inc.

The phrase "New Defendants" as used below refers to the Cresline Defendants and Defendant Charlotte Pipe & Foundry, Inc. collectively.

### I. Parties' Joint Statement on the Converter Defendants' Motions to Dismiss

On October 30, 2025, certain of the Pre-Existing Defendants filed a joint motion to dismiss Plaintiffs' claims against them. *See* ECF No. 534. In addition, Pre-Existing Defendants JM Eagle, Westlake Corporation and Westlake Pipe & Fittings, certain affiliates of Atkore Inc., certain affiliates of IPEX, Otter Tail and Vinyltech, and PipeLife Jet Stream each filed their own motion to dismiss. *See* ECF Nos. 538, 549, 552, 555, 567. On November 21, 2025, New Defendants Cresline and Charlotte Pipe each filed their own motion to dismiss. *See* ECF Nos. 571, 575.

Plaintiffs' oppositions to the Pre-Existing Defendants' motions to dismiss are due by December 15, 2025. Plaintiffs will file a single, omnibus opposition brief to the individual motions

to dismiss filed by JM Eagle, Westlake, Atkore affiliates, IPEX affiliates, Otter Tail, Vinyltech, PipeLife Jet Stream, Cresline and Charlotte Pipe.[1]

DPPs will file their own brief addressing DPP-specific arguments in the Converter Defendants' joint motion to dismiss.

The Downstream Plaintiffs will file their own brief addressing Downstream Plaintiff-specific arguments in the Converter Defendants' joint motion to dismiss.

The deadline for the Converter Defendants to file their replies in support of their motions to dismiss is January 26, 2026.

## II. Parties' Joint Statement on Progress on Settlement

To the extent there are any ongoing settlement discussions, those discussions are confidential. In the event of a settlement, the respective parties will advise the Court promptly.

## III. Update on the Status and Anticipated Timing of Issuing Notice of the Settlements with Defendant OPIS to Potential Members of the DPP, EUP, and NCSP Classes

1. **DPP Class Notice:** DPPs are prepared to issue direct and digital notice to potential members of the DPP Settlement Class, and can do so promptly on the date set by the Court for the start of the EUP and NCSP notice programs. *See* Para. 11 of the Court's July 17, 2025 *Order Granting DPP's Motion for Preliminary Approval of Settlement Agreement with Defendant OPIS and Related Relief* (the "DPP PAO," ECF No. 360).

   JND Legal Administration, LLC ("JND," the Court-Appointed Settlement Administrator for DPPs' settlement with Defendant OPIS) has created a mailing list to issue direct, mailed notice to potential members of the DPP Settlement Class. JND has pursuant to the DPP PAO also set up a website that will go live the same day direct notice is mailed and digital notice is placed as banner-ads on certain industry websites. DPP Settlement Class Counsel is coordinating as needed with counsel for the Downstream Plaintiffs regarding a likely notice date of January 8, 2026, a timeline that works for JND to begin the DPP Notice Plan pursuant to Para. 11 of the DPP PAO.

2. **EUP Class Notice:** Following preliminary approval of the settlement with Defendant OPIS, End-User Settlement Class Counsel served nearly 70 non-party subpoenas on non-converter pipe sellers as authorized by the Court. *See* ECF No. 362 at 5. In response to the subpoenas, End-User Settlement Class Counsel received millions of lines of contact information for potential End-User Settlement Class members. This data, in addition to the customer lists and related contact information from non-settling Defendants and the End-User Settlement Class list compiled by the Settlement Administrator, Kroll Settlement

---

[1] Plaintiffs' oppositions to the New Defendants' motions to dismiss are due by December 22, 2025 under the current schedule, but Plaintiffs believe it will be more efficient to include the New Defendants in this single, omnibus opposition brief to be filed by December 15, 2025.

Administration, LLC ("Kroll"), will be used to provide direct notice to part of the End-User Settlement Class. The remainder of the End-User Settlement Class will receive notice via a robust publication notice campaign.

End-User Settlement Class Counsel intend to file a motion regarding the notice plan by December 12, 2025, and is coordinating with DPP and NCSP Settlement Class Counsel to effectuate notice on January 8, 2026.

3. **NCSP Class Notice:** NCSPs served over 50 non-party subpoenas to facilitate class notice of the OPIS settlement. At this time, the final two non-parties, Home Depot and Lowe's, are in the process of completing productions responsive to NCSPs' subpoenas.

Kroll, the Court-Appointed Settlement Administrator for NCSPs' settlement with Defendant OPIS, has created a mailing list to issue direct notice to potential members of the NCSP Settlement Class, which will be finalized once the remaining non-party productions are received. Kroll has also set up a website that will go live the same day direct notice is mailed out and digital notice is placed as banner-ads on certain industry websites. NCSP Settlement Class Counsel is coordinating as needed with DPP and EUP Settlement Class Counsel regarding a likely notice date of January 8, 2026.

IV. **Status of the Discovery Permitted by the Court to Proceed**

1. Service of Comprehensive Rule 34 Requests for Production

On October 28, 2025, Plaintiffs served on the Converter Defendants *All Plaintiffs' Revised First Set of Requests to the Converter Defendants for the Production of Documents and Electronically-Stored Information*, to which there is no response deadline pursuant to Item 2 of the October 21 Minute Entry; no Converter Defendants have responded to date.

On October 29, 2025, Downstream Plaintiffs served on the Converter Defendants *The Downstream Plaintiffs' First Set of Requests to Converter Defendants*, to which there is no response deadline pursuant to Item 2 of the October 21 Minute Entry; no Converter Defendants have responded to date.

**Plaintiffs' Position:** Plaintiffs request that the Court set a deadline of mid-January for Defendants' written responses. The default rule is that discovery can proceed during the pendency of a motion to dismiss. *See SK Hand Tool Corp. v. Dresser Indus., Inc.*, 852 F.2d 936, 945 (7th Cir. 1988) ("[T]here is no requirement that the discovery cease during the pendency of a motion to dismiss[.]"). And courts in this district disfavor discovery stays as a general matter. *See, e.g.*, *New England Carpenters Health & Welfare Fund v. Abbott Labs.*, 2013 WL 690613, at \*2 (N.D. Ill. Feb. 20, 2013) ("[A]lthough stays on discovery are sometimes appropriate, this court disfavors them because they bring resolution of the dispute to a standstill.").

Maintaining the discovery stay as currently ordered will cause just such a standstill here. This case has been pending for almost 18 months, and Plaintiffs' complaints allege with significant detail the scope and mechanics of Defendants' conspiracy – none of which are, as Defendants contend, "immaterial" to Plaintiffs' claims or Defendants defenses to those claims. Ordering all Converter Defendants – who, except for organizational charts, have not produced a single

3

document to Plaintiffs – to respond by mid-January allows the case to proceed efficiently and expeditiously. A continued stay of this basic part of the discovery process is an unreasonable, indefinite delay of this litigation, which will set back the entire case schedule and ultimate resolution of the case. *See Hinkle v. Henderson*, 135 F.3d 521, 523 (7th Cir. 1998) ("The adage 'justice delayed is justice denied' is appropriately used to criticize unnecessarily protracted court proceedings."). Objecting and responding to a set of what are fairly standard document requests is neither inefficient nor burdensome here. The Court stated that it "want[ed] to see the motions to dismiss" prior to ordering written discovery responses. 10/21/2025 Hr'g Tr. 27:20. Those briefs have now been on file for over a month, and nothing in the briefs indicates that the case will not be moving forward.

**Converter Defendants' Position:** The Court should not set a response deadline for the Requests for Production at this time. Although the October 21 Minute Entry authorized service of the Requests, it deliberately did not impose a response deadline. The Court's reasoning for this approach was as follows: "I am not going to set a deadline for responses yet. This is just serving [the Requests] because I want to see the motions to dismiss. I want to see what's filed, and I want to get a better sense of what the potential sort of claims – the arguments will be in this case, how much may survive, if it's going to be narrowed." 10/21/2025 Hr'g Tr. 27:19-24.

The stay on responding to Plaintiffs' Requests for Production continues to make sense for these reasons and based upon the dismissal arguments that Converter Defendants have raised. Converter Defendants have moved to dismiss all claims against them in their entirety, and strongly believe all claims should be dismissed. Granting these motions should negate the need for any discovery. Even if the Court does not dismiss all claims, ruling on the Converter Defendants' motions would substantially narrow the scope of discovery in this case by rendering factual contentions, claims, and theories alleged in the various complaints irrelevant for purposes of discovery. *See, e.g.*, *Sojo's Studios, Inc. v. Citizens Ins. Co. of Am.*, 2021 WL 837623, at *3 (N.D. Ill. Mar. 4, 2021) (holding that "there is no need for discovery" into claims that are "immaterial"). The bottom line is that this case should not proceed past the motions to dismiss, but even if it does, the likely elimination of claims and parties will materially change how the Converter Defendants respond and object to Plaintiffs' discovery requests.

Further, it would be inefficient to require the Converter Defendants to expend resources preparing responses and objections while the parties are simultaneously briefing the motions to dismiss. That is particularly so in light of the stay that the government requested and the Court ordered. *See* ECF Nos. 500, 503. Even if Converter Defendants are required to serve their objections and responses to the Requests for Production, no substantive discussions or meet and confer negotiations about their objections or the scope of their production obligations can occur under the terms of the stay obtained by the government. *See* 10/21/2025 Hr'g Tr. 20:1-4 (the government's counsel stating that, in its stay motion, it "sought a stay of the production of documents in response to the Rule 34 RFPs, and that does include negotiating the scope of the requests"). In complex commercial litigation, objections and responses to Requests for Production are often just the first step in a lengthy negotiation process—but the parties are prohibited from engaging in that process under the terms of the stay. As a result, requiring Defendants to serve their objections and responses now, while the motions to dismiss remain pending, would not

meaningfully advance the case. Plaintiffs offer no basis for revisiting the scope of the Court's discovery stay.

If the Court is inclined to set a deadline for written responses and objections to Requests for Production served during the stay,[2] it should be no sooner than 30 days after an order lifting the stay.

### 2. Production of Organizational Charts by the Pre-Existing Defendants

On October 23, 2025, pursuant to Item 4 of the October 21, 2025 Minute Entry, Plaintiffs requested via email the production of organizational charts from all Pre-Existing Defendants, from January 1, 2017, to the present (reserving all rights as to the relevant time period), with the charts produced to include C-suite level leadership as well as employees with responsibilities relating to the pricing, sales, customer service, marketing, and production of PVC Pipes and Fittings. Plaintiffs proposed a production deadline of November 21, 2025.

Plaintiffs, on November 6, 2025, followed up with the Pre-Existing Defendants, having received no response to their initial request of October 21, 2025.

On November 12, 2025, Pre-Existing Defendants responded that those Defendants "are working to collect organizational charts maintained in the regular course of business and expect to be able to produce them prior to December 16." [11/12/25 email from K. O'Shaughnessy to C. Abotsi-Kowu.]

**Plaintiffs' Position:** Plaintiffs respectfully submit there is no reason to delay further the production of organizational charts by the New Defendants.[3] The organizational charts sought by Plaintiffs are narrowly tailored and can be produced with negligible burden. Pre-Existing Defendants were given 56 days to produce theirs, and as of the time of this filing, one Converter Defendant (IPEX) has already produced its. New Defendants – who were served with Plaintiffs' Complaints almost four months ago, since which time Plaintiffs have served and received telephone records and other documents from non-parties in response to Rule 45 subpoenas on telephone carriers (served by all Plaintiffs) and certain members of the DPP class (served by the Downstream Plaintiffs) – should be given the same amount of time, with their organizational charts due February 10, 2026. New Defendants joined the collective motion to dismiss and filed

---

[2] The New Defendants have prioritized the motions to dismiss and are still getting up to speed. Plaintiffs' requests for production are wholly new requests for the New Defendants, unlike others who were served with prior versions. In light of those circumstances and for the reasons set forth in Section IV.2, *infra*, the New Defendants respectfully submit that they should not be required to respond to Plaintiffs' requests for production.

[3] The government's motion to intervene and stay discovery expressly excluded organizational chart production from the scope of the requested stay for all Defendants. *See* Motion by Interventor United States of America to stay discovery, ECF No. 500, at 2. The October 21 Minute Entry granting the motion, however, stays the production of organizational charts as to the New Defendants. ECF No. 507 at 1. The government did not seek this broader relief.

individual motions addressing their specific circumstances. Oppositions to their motions will be filed simultaneously with oppositions to all other Defendants' motions on December 15, 2025. New Defendants are therefore no longer differently situated from Pre-Existing Defendants in any meaningful respect.

**New Defendants' Position:** Cresline and Charlotte Pipe respectfully submit that, as set forth in their individual motions to dismiss, Plaintiffs have not pleaded any cognizable claims against them. Accordingly, there is no legitimate basis for any further discovery, including the production of organizational charts, before the Court decides those motions. Plaintiffs assert that "at minimum, some claims will proceed to discovery," but the motions filed by Cresline and Charlotte present distinct, independent grounds for dismissal and make clear that Plaintiffs' claims against them should not proceed to discovery. Plaintiffs' assertion that Cresline and Charlotte Pipe are "no longer differently situated" from the Pre-Existing Defendants is incorrect. Since being added to this litigation over a year after it began, both Cresline and Charlotte Pipe have been focused on evaluating Plaintiffs' claims and briefing their motions to dismiss, briefing that will continue into January 2026. Cresline and Charlotte Pipe are situated differently than the Pre-Existing Defendants and the existing stay of discovery of any type, including organizational charts, structured data, and responses to Plaintiffs' Rule 34 requests, should continue.

**Pre-Existing Defendants' Position:** The Pre-Existing Defendants will produce their organizational charts by December 16, 2025, and understand that Plaintiffs raise no dispute about that timeline. The Pre-Existing Defendants take no position on the appropriate deadline, if any, for the New Defendants to produce their organizational charts.

3. <u>Service of Rule 45 Subpoenas on Telephone Carriers</u>

Pursuant to Item 5 of the October 21 Minute Entry, on October 27, 2025, Plaintiffs served Rule 45 subpoenas on Verizon and AT&T seeking production of telephone records for the telephone numbers of certain current or former employees of the Defendants. Both Verizon and AT&T have begun producing documents, including telephone records and certificates of authenticity, in response to those subpoenas, and Plaintiffs are in turn serving on Defendants all documents produced to Plaintiffs. There will be additional follow-up subpoenas to additional carriers holding relevant phone records as identified by AT&T and Verizon.

Pursuant to Item 5 of the October 21 Minute Entry, on October 27, 2025, Downstream Plaintiffs served Rule 45 subpoenas on Verizon and AT&T seeking production of telephone records for the telephone numbers of certain current or former employees of certain distributors that the Downstream Plaintiffs have alleged to be the Converter Defendants' Co-Conspirators. Both Verizon and AT&T have begun producing documents, including telephone records and certificates of authenticity, in response to those subpoenas, and Plaintiffs are in turn serving on Defendants all documents produced to Plaintiffs.

## V. Other Pertinent Matters for the Court to Consider

**Stay of Discovery.** On October 7, 2025, the United States intervened and sought a six-month partial stay of discovery (ECF No. 500), specifically excluding from the partial stay: (1) production of structured data; (2) production of organizational charts and information sufficient to

identify relevant custodians; (3) service of Rule 45 subpoenas to telephone carriers; and (4) documents produced pursuant to a settlement agreement. The Court granted the government's motion on October 10, 2025 (ECF No. 503; *see also* ECF No. 507), and these three categories of discovery remain unaffected by the stay.

**Plaintiffs' Position:** Now that the motions to dismiss have been filed (*see* ECF No. 363), Plaintiffs request that the Court lift its partial stay of discovery (ECF No. 213) and allow Plaintiffs to seek structured data from Defendants. Production of such data at this stage of the case will both allow Plaintiffs' expert economists to supplement their current work, and may encourage settlement, as the Plaintiffs would have the means to determine more precisely the amount of commerce at issue, which in turn would inform the scope of the monetary components of any settlement with a Converter Defendant.

Moreover, the factual allegations in Plaintiffs' operative complaints contain unparalleled detail. Thus, Plaintiffs respectfully submit, that it is unlikely that Defendants will succeed on their motions to dismiss, and, at minimum, some claims will proceed to discovery. Given that reality, there is no reason to delay the production of structured data. That data will need to be produced in the case. What is more, even if certain Defendants' motions are granted in their entirety, the claims against their competitors will move forward and any dismissed Defendant would still be required to produce such data pursuant to Rule 45. Put simply, ordering Defendants to produce it now will most efficiently advance the litigation while respecting the partial stay sought by the government and granted by the Court. Several courts have ordered production of defendants' structured data in the same or similar circumstances.[4]

**Converter Defendants' Position:** The Court should maintain the existing *status quo* and decline Plaintiffs' request to direct the parties to negotiate about and produce structured data at this time. As stated above, Converter Defendants strongly believe the Court should dismiss all claims, and view that as the likely outcome of the pending motions to dismiss. Plaintiffs' contrary predictions are wrong and, in all events, not a basis to accelerate broad, costly discovery of structured data. *See, e.g.*, *Robinson v. Walgreen Co.*, 2021 WL 2453069, at *3 (N.D. Ill. June 16, 2021) ("The Court finds that a discussion of the merits of the pending motion to dismiss to evaluate whether the stay should be granted would be inappropriate."). Rule 26 allows district courts ample discretion to determine the sequence of discovery, *see Crawford-El v. Britton*, 523 U.S. 574, 598 (1998), and the Court has already exercised that discretion through its stay of formal discovery, *see* ECF No. 213. That framework should not be upended simply because Plaintiffs speculate that "some claims will proceed." And to be clear, Converter Defendants take the opposite view on the likely outcome of their motions to dismiss.

Moreover, and as described above, if the motions to dismiss are only partially granted, the Court's rulings would still materially affect the Converter Defendants' structured-data discovery obligations. *See supra* § IV.1. Eliminating certain claims, theories, or parties would likely narrow

---

[4] *See, e.g.*, Exhibit 1, ECF No. 264, January 2, 2025 Order, *In re Concrete and Cement Additives Antitrust Litig.*, 24-md-3067 (S.D.N.Y.) (compelling defendants to produce transactional sales data during pendency of motions to dismiss and while DOJ stay on other kinds of discovery was still pending).

the parameters of structured data (for example, transactional data on certain products or time periods) that is relevant to the remaining aspects of the case. And because even a partial dismissal order could render much of plaintiffs' requested data irrelevant, the Court's decision will inform the proportionality analysis—particularly given the significant cost and burden associated with producing such data. *See, e.g.*, *Craigville Tel. Co. v. T-Mobile USA, Inc.*, 2023 WL 12016210, at *2 (N.D. Ill. June 27, 2023) (declining to allow discovery that was not proportional to the needs of the case and would impose undue burden).

Further, Plaintiffs' contention that any Defendant dismissed on the pleadings would face essentially the same production burden as a non-party via Rule 45 is incorrect. Party discovery and non-party subpoena obligations are not coextensive. *See, e.g.*, *Patterson v. Burge*, 2005 WL 43240, at *1 (N.D. Ill. Jan. 6, 2005) ("[N]on-parties are not treated exactly like parties in the discovery context, and the possibility of mere relevance may not be enough; rather, non-parties are entitled to somewhat greater protection."). The scope, burdens, proportionality analysis, available objections, and cost-shifting considerations differ materially for non-parties as compared to parties. *See id.*; *Parker v. Four Seasons Hotels, Ltd.*, 291 F.R.D. 181, 188 (N.D. Ill. 2013); *In re Subpoena to Creeden & Assocs., Inc.*, 2012 WL 4580841, at *2 (N.D. Ill. Sept. 28, 2012); Fed. R. Civ. P. 45(d). It is therefore wrong to suggest that ordering immediate production of structured data now is inevitable. If the motions to dismiss are granted in whole or in part—as Plaintiffs themselves tacitly acknowledge is possible—front-loading expansive structured-data production now could be unnecessary and wasteful.[5]

---

[5] For the same reasons as those set forth in Section IV.1, note 2, *supra*, and in Section IV.2, *supra*, the New Defendants respectfully submit that Plaintiffs should not be permitted to seek structured data from the New Defendants.

8

Case: 1:24-cv-07639 Document #: 584 Filed: 12/08/25 Page 9 of 13 PageID #:6375

Dated: December 8, 2025                                    Respectfully submitted,

| | |
|---|---|
| */s/ Robert N. Kaplan* | */s/ Brian D. Clark* |
| Robert N. Kaplan | Brian D. Clark (IL Bar No. 6350416) |
| Matthew P. McCahill | Simeon A. Morbey (MN #0391338) |
| Elana Katcher | Laura M. Matson (MN #0396598) |
| Brandon Fox | **LOCKRIDGE GRINDAL NAUEN PLLP** |
| Carihanna Morrison | 100 Washington Avenue South, Suite 2200 |
| **KAPLAN FOX & KILSHEIMER LLP** | Minneapolis, Minnesota 55401 |
| 800 Third Avenue, 38th Floor | (612) 339-6900 |
| New York, NY 10022 | bdclark@locklaw.com |
| Tel: (212) 687-1980 | samorbey@locklaw.com |
| rkaplan@kaplanfox.com | lmmatson@locklaw.com |
| mmccahill@kaplanfox.com | |
| ekatcher@kaplanfox.com | Kyle J. Pozan (IL Bar No. 6306761) |
| bfox@kaplanfox.com | Consuela Abotsi-Kowu (MN #0505682) |
| cmorrison@kaplanfox.com | **LOCKRIDGE GRINDAL NAUEN PLLP** |
| | 1165 N. Clark Street, Suite 700 |
| Gary L. Specks | Chicago, IL 60610 |
| **KAPLAN FOX & KILSHEIMER LLP** | (312) 205-8968 |
| 681 Prestwick Lane | kjpozan@locklaw.com |
| Wheeling, IL 60090 | cmabotsi-kowu@locklaw.com |
| T: (847) 831-1585 | |
| gspecks@kaplanfox.com | */s/ Karin E. Garvey* |
| | Karin E. Garvey (N.D. Ill. Bar No. 2997831) |
| *Interim Lead Counsel for the Direct Purchaser Plaintiff Class* | Brian M. Hogan (N.D. Ill. Bar No. 6286419) |
| | **SCOTT+SCOTT ATTORNEYS AT LAW LLP** |
| */s/ Joseph M. Vanek* | The Helmsley Building |
| Joseph M. Vanek | 230 Park Ave., 24th Floor |
| David Germaine | New York, NY 10169 |
| John P. Bjork | (212) 223-6444 |
| **SPERLING KENNY NACHWALTER, LLC** | kgarvey@scott-scott.com |
| 321 N Clark Street, Suite 2500 | brian.hogan@scott-scott.com |
| Chicago, IL 60654 | |
| Tel: (312) 641-3200 | Patrick J. Coughlin (N.D. Ill. Bar No. 90785466) |
| jvanek@sperlingkenny.com | Daniel J. Brockwell (admitted *pro hac vice*) |
| dgermaine@sperlingkenny.com | **SCOTT+SCOTT ATTORNEYS AT LAW LLP** |
| jbjork@sperlingkenny.com | 600 W. Broadway, Suite 3300 |
| | San Diego, CA 92101 |
| | (619) 233-4565 |

9

<(1:24-cv-07639)>
</(1:24-cv-07639)>

Phillip F. Cramer
**SPERLING KENNY NACHWALTER, LLC**
1221 Broadway, Suite 2140
Nashville, TN 37212
Tel: (312) 641-3200
Fax: (312) 641-6492
pcramer@sperlingkenny.com

James Almon
**SPERLING KENNY NACHWALTER, LLC**
1616-D Metropolitan Cir.
Tallahassee, FL 32308
Tel: (850) 942-4334
jalmon@sperlingkenny.com

*Interim Liaison Counsel for the Direct Purchaser Plaintiff Class*

*/s/ Elizabeth A. Fegan*
Elizabeth A. Fegan
**FEGAN SCOTT LLC**
150 S. Wacker Drive, 24th Floor
Chicago, IL 60606
Telephone: (312) 741-1019
Facsimile: (312) 264-0100
beth@feganscott.com

Kyle A. Jacobsen (*pro hac vice*)
**FEGAN SCOTT LLC**
709 N 2nd St
Suite 400 #1280
Philadelphia, PA 19123
Telephone: (484) 352-2318
Facsimile: (312) 264-0100
kyle@feganscott.com

Jonathan D. Lindenfeld (*pro hac vice*)
**FEGAN SCOTT LLC**
305 Broadway, 7th Floor
New York, NY 10007
Phone: 332.216.2101
Fax: 312.264.0100
jonathan@feganscott.com

pcoughlin@scott-scott.com
dbrockwell@scott-scott.com

Patrick McGahan (admitted *pro hac vice*)
Michael Srodoski (admitted *pro hac vice*)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
156 South Main Street
P.O. Box 192
Colchester, CT 06415
(860) 537-5537
pmcgahan@scott-scott.com
msrodoski@scott-scott.com

*Co-Lead Class Counsel for Non-Converter Seller Purchaser Class Plaintiffs*

*/s/ Daniel E. Laytin*
Daniel E. Laytin, P.C. (6257119)
Christa C. Cottrell, P.C. (6284749)
Taylor S. Rothman (6327528)
**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
dlaytin@kirkland.com
ccottrell@kirkland.com
taylor.rothman@kirkland.com

*Counsel for J-M Manufacturing Company, Inc., d/b/a JM Eagle*

*/s/ Britt M. Miller*
Britt M. Miller
Matthew D. Provance
Megan E. Stride
**MAYER BROWN LLP**
71 South Wacker Drive
Chicago, IL 60606
Tel.: 312-783-0600
bmiller@mayerbrown.com
mprovance@mayerbrown.com

10

*/s/ Daniel L. Warshaw*
Daniel L. Warshaw (Bar No. 185365)
Bobby Pouya (Bar No. 245527)
Adrian Buonanoce (Pro Hac Vice)
**PEARSON WARSHAW, LLP**
15165 Ventura Boulevard, Suite 400
Sherman Oaks, CA 91403
Telephone: (818) 788-8300
Facsimile: (818) 788-8104
dwarshaw@pwfirm.com
bpouya@pwfirm.com
abuonanoce@pwfirm.com

Brian Pafundi (*Pro Hac Vice*)
**PEARSON WARSHAW, LLP**
328 Barry Avenue South, Suite 200
Wayzata, MN 55391
Telephone: (612) 389-0600
Facsimile: (612) 389-0610
bpafundi@pwfirm.com

*Co-Lead Counsel for the*
*End-User Plaintiff Class*

*/s/ Thomas V. Panoff*
Thomas V. Panoff
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
321 North Clark St., 32nd Floor
Chicago, Illinois 60654
Telephone: (312) 499-6328
tpanoff@sheppardmullin.com

Ann M. O'Brien (admitted *pro hac vice*)
Leo D. Caseria (admitted *pro hac vice*)
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC 20006-6801
Telephone: (202) 747-1900
aobrien@sheppardmullin.com
lcaseria@sheppardmullin.com

mstride@mayerbrown.com

*Counsel for Defendant Atkore Inc., Atkore RMCP, Inc., Allied Tube & Conduit Corporation, Atkore International, Inc., and Atkore Plastic Pipe Corporation*

*/s/ Robert Milne*
Robert Milne (admitted *pro hac vice*)
Bryan Gant (admitted *pro hac vice*)
David H. Suggs (admitted *pro hac vice*)
Kristen O'Shaughnessy (admitted *pro hac vice*)
**WHITE & CASE LLP**
1221 Avenue of the Americas
New York, NY 10020
Tel: (212) 819-8200
rmilne@whitecase.com
bgant@whitecase.com
dsuggs@whitecase.com
kristen.oshaughnessy@whitecase.com

*Counsel for Defendant IPEX USA LLC, Multi Fittings Corporation, and Silver-Line Plastics LLC*

*/s/ Eliot A. Adelson*
Eliot A. Adelson, CA Bar No. 205284
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, CA 94105
(415) 268-7000
eadelson@mofo.com

Lisa M. Phelan, D.C. Bar No. 1617073
Megan E. Gerking, D.C. Bar No. 1027190
Robert W. Manoso, D.C. Bar No. 1047241
**MORRISON & FOERSTER LLP**
2100 L Street NW
Washington, D.C. 20037
(202) 887-1500
lphelan@mofo.com
mgerking@mofo.com
rmanoso@mofo.com

*Counsel for Defendant National Pipe & Plastics, Inc.*

/s/ Timothy Ray
Timothy Ray (ARDC #6230099)
**HOLLAND & KNIGHT LLP**
150 N. Riverside Plaza, Suite 2700
Chicago, IL 60603
Tel: 312.263.3600
Timothy.Ray@hklaw.com

David C. Kully (*pro hac vice*)
**HOLLAND & KNIGHT LLP**
800 17th St., NW; Suite 1100
Washington, DC 20006
Tel: 202-469-5415
david.kully@hklaw.com

*Counsel for Defendant Pipelife Jet Stream, Inc.*


/s/ John DeQ. Briggs
John DeQ. Briggs (DC Bar #171470)
Richard B. Dagen (DC Bar #388115)
Daniel K. Oakes (DC Bar #1009519)
**AXINN, VELTROP & HARKRIDER LLP**
1901 L Street NW
Washington, DC 20036
Telephone: (202) 912-4700
jbriggs@axinn.com
rdagen@axinn.com
doakes@axinn.com

Brooke Oppenheimer (CT Bar #29421)
**AXINN, VELTROP & HARKRIDER LLP**
90 State House Square
Hartford, CT 06103
Telephone: 860-275-8100
boppenheimer@axinn.com

*Counsel for Defendants Cantex Inc., Diamond Plastics Corporation, Prime Conduit, Inc., Sanderson Pipe Corporation, and Southern Pipe, Inc.*

*Counsel for Defendants Otter Tail Corporation, Northern Pipe Products, Inc., and Vinyltech Corporation*

/s/ William R.H. Merrill
William R. H. Merrill
James T. Southwick
Elizabeth B. Hadaway
**SUSMAN GODFREY LLP**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Phone: (713) 651-9366
bmerrill@susmangodfrey.com
jsouthwick@susmangodfrey.com
ehadaway@susmangodfrey.com

Ezra Ruiz (admitted *pro hac vice*)
**SUSMAN GODFREY LLP**
401 Union Street, Suite 3000
Seattle, WA 98101
Phone: (206) 516-3880
eruiz@susmangodfrey.com

/s/ Suyash Agrawal
Suyash Agrawal (6308343)
Christopher Walling (6333521)
**MASSEY & GAIL LLP**
50 E. Washington St., Suite 400
Chicago, Illinois 60602

/s/ *Rebecca Weinstein Bacon*
Rebecca Weinstein Bacon (6257492)
Mark L. Levine (6201501)
Benjamin Robert Montague (6327341)
**BARTLIT BECK LLP**
54 W. Hubbard St., Ste. 300
Chicago, Illinois 60654
Telephone: (312) 494-4400
Facsimile: (312) 494-4440
rweinstein.bacon@bartlitbeck.com
mark.levine@bartlitbeck.com
benjamin.montague@bartlitbeck.com

Lawrence C. Moore, III (N.C. Bar No. 21731)
Nathan C. Chase, Jr. (N.C. Bar No. 39314)
William M. Miller (N.C. Bar No. 36946)
**ROBINSON, BRADSHAW & HINSON, P.A.**
600 S. Tryon St., Suite 2300
Charlotte, North Carolina 28202
(704) 377-2536
lmoore@rbh.com
nchase@rbh.com
wmiller@rbh.com

*Counsel for Defendant Charlotte Pipe & Foundry Company*

Tel: (312) 379-0949
Fax: (312) 379-0467
sagrawal@masseygail.com
cwalling@masseygail.com

*Counsel for Defendants Westlake Corporation and Westlake Pipe & Fittings Corporation*

/s/ *Alan W. Nicgorski*
Alan W. Nicgorski
Joseph J. Jacobi
**HANSEN REYNOLDS LLC**
150 South Wacker Drive, 24th Floor
Chicago, IL 60606
Telephone: (312) 265-2253
anicgorski@hansenreynolds.com
jjacobi@hansenreynolds.com

James H. Smith
John Briody (*pro hac vice to follow*)
Daniel W. Levy (*pro hac vice to follow*)
**MCKOOL SMITH**
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 402-9400
Facsimile: (212) 402-9444
jsmith@mckoolsmith.com
jbriody@mckoolsmith.com
dlevy@mckoolsmith.com

*Counsel for Defendants Cresline Plastic Pipe Co., Cresline-West, Inc., and Cresline Northwest LLC*