UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *In re PVC Pipe Antitrust Litigation* | Case No. 1:24-cv-07639 |
| This Document Relates to: | Hon. LaShonda A. Hunt |
| End-User Class Plaintiffs | |

**END-USER CLASS PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION TO APPROVE UPDATED NOTICE DOCUMENTS, FINAL <u>NOTICE PLAN, AND SCHEDULE FOR FINAL APPROVAL</u>**

1045836.9

I.      **INTRODUCTION**

On July 17, 2025, the Court preliminarily approved the End-User Class Plaintiffs' ("End-Users") settlement with Defendant Oil Price Information Service, LLC ("OPIS"). *See* ECF No. 362 ("Preliminary Approval Order"). On July 31, 2025, the Court approved End-Users' notice plan, notice documents, and schedule for final approval of the OPIS Settlement upon commencement of the notice. *See* ECF No. 375 ("Notice Order"). The order permitted the End-Users to conduct discovery to identify potential End-User Class contact information and develop the final notice plan. The End-Users and their settlement administrator Kroll Settlement Administration ("Kroll") have prepared the final notice plan, which sets a date certain for notice to begin, and updated the notice documents accordingly. In addition, to correct an inadvertent oversight, the End-User Class also have stipulated to update the End-User Settlement Class definition to exclude federal government entities.

The End-Users respectfully move the Court to approve the updated class definition, final notice plan as set forth herein, including the amended notice documents[1] attached to the Declaration of Christie K. Reed of Kroll, filed concurrently herewith ("Reed Decl."), and set a hearing date for the Fairness Hearing for the OPIS settlement with the End-User Class. End-User

---

[1] Although the amended exhibits include non-substantive changes, including correction of typographical errors and the addition Settlement Administrator contact information, which do not require leave from the Court (*see* ECF No. 374 at 3), End-Users submit these documents for Court approval because they also include the amended class definition as set forth herein, which is the subject of the Joint Stipulation Between End-User Class Plaintiffs And Settling Defendant Oil Price Information Service, LLC Regarding Class Definition, filed concurrently herewith as **Exhibit A**. Plaintiffs will update these notices with specific dates prior to distribution, pursuant to the Court's Order.

Settlement Class Counsel[2] have met and conferred with OPIS regarding this motion and OPIS does not oppose.

## II. BACKGROUND

On May 16, 2025, the End-Users entered into a Settlement Agreement with Defendant OPIS (*see* ECF No. 296-1), which was preliminarily approved by the Court. *See generally* Preliminary Approval Order. In granting preliminary approval, the Court permitted End-User Settlement Class Counsel "to seek customer lists and related contact information from non-settling Defendants for the limited purpose of providing direct notice to the Settlement Class" and "to serve non-party discovery on non-converter pipe sellers (e.g., direct purchasers of PVC Pipe or other downstream entities), seeking customer lists and related contact information for the limited purpose of providing direct notice to the Settlement Class." *See* Preliminary Approval Order at 5.

## III. THE COURT-APPROVED END-USER NOTICE PLAN HAS BEEN FINALIZED

Pursuant to the Preliminary Approval Order, End-User Settlement Class Counsel have worked diligently to ascertain End-User Settlement Class member contact information. *See* Preliminary Approval Order at 5. In addition to negotiating and receiving customer lists and related contact information from non-settling Defendants, End-User Settlement Class Counsel served nearly 70 subpoenas on non-converter pipe sellers. In response to the subpoenas, End-User Settlement Class Counsel received millions of lines of data containing contact information for potential End-User Settlement Class members. The End-User Class and Kroll also researched and obtained contact information regarding the public water systems, public wastewater systems, and suppliers of public energy for the purpose of providing direct notice to these entities.

---

[2] The Court appointed the law firms of Pearson Warshaw, LLP and Fegan Scott LLC to serve as End-User Settlement Class Counsel. *See* Preliminary Approval Order at 4.

Using the information received, End-User Settlement Class Counsel and Kroll finalized the previously approved notice plan. *See* ECF No. 375 at 2. First, direct notice will be sent to End-User Settlement Class members in the first three categories of the End-User Settlement Class comprising public water systems; public wastewater systems, and all suppliers of public energy, for which direct contact information has been reasonably identified. The Settlement Administrator compiled the list of End-User Class members in the first three categories from: (1) customer lists and related contact information from non-settling Defendants; (2) publicly-available data from the United States Environmental Protection Agency's Safe Drinking Water Information System Federal Reporting Services, which contains information about public water systems; (3) a leading information aggregator; and (4) other sources. *See* Reed Decl. ¶ 7. Second, a robust publication notice will be implemented providing notice to End-User Settlement Class members, including those in the fourth category: "All purchasers of PVC Pipe that purchased from a seller who purchased the product indirectly from Defendants". *See* Reed Decl. ¶¶ 15-27. The publication notice program will utilize an online media campaign to achieve at least 70% reach among a target audience of adults who have completed any bathroom, kitchen, or landscape repair or remodel themselves or through another household member, as well as adults who are likely consumers and/or hobbyists interested in DIY, home repair, and/or crafts. *See Id*. The various publications will refer audiences to the settlement website, where readers can easily obtain detailed information about the case and Settlement.

In conjunction with the direct notice campaign, the added reach of the publication notice plan components exceeds the Federal Judicial Center's threshold as to reasonableness in notification programs. *See* Barbara J. Rothstein & Thomas E. Willging, Federal Judicial Center, "Managing Class Action Litigation: A Pocket Guide for Judges," at 27 (3d Ed. 2010).

## IV. UPDATED NOTICE DOCUMENTS AND END-USER CLASS DEFINITION

As part of their preparation of the final notice plan, End-User Class Counsel updated the final notice documents. Those updated and final notice documents are attached as Exhibits 1 through 4 to the Reed Declaration.

Further, End-User Settlement Class Counsel and OPIS were contacted by the Department of Justice ("DOJ") and asked that End-User Settlement Class definition be updated to confirm federal government entities would be excluded from the End-User Settlement Class. As confirmed by their concurrently filed stipulation, the End Users and OPIS have conferred and entered into the concurrently filed stipulation to update the End-User Settlement Class. *See* Joint Stipulation Between End-User Class Plaintiffs And Settling Defendant Oil Price Information Service, LLC Regarding Class Definition, filed concurrently herewith. The updated End-User Settlement Class containing this exclusion is as follows:

> All purchasers of PVC pipe in the United States between January 1, 2021 through May 16, 2025 who fall into any of the following categories: (1) All public water systems that purchased PVC Pipe for end use, including in connection with the treatment or supply of water; (2) All public wastewater systems that purchased PVC pipe for end use, including for the collection, disposal, or treatment of wastewater; (3) All suppliers of public energy or electricity that purchased PVC pipe for end use, including in connection with the supply of electricity for public consumption; or (4) All purchasers of PVC Pipe that purchased from a seller who purchased the product indirectly from Defendants.
>
> Specifically excluded from the End-User Settlement Class are any direct purchases from Converter Defendants; <u>any federal government entity;</u> Defendants; the officers, directors, or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir, or assign of any Defendant. Also excluded from the End-User Settlement Class is any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, any juror assigned to this action, any business majority-owned by any such person, and any Co-Conspirator identified in this Action.

## V. PROPOSED NOTICE SCHEDULE AND FAIRNESS HEARING DATE

End-User Settlement Class Counsel, after conferring with the Settlement Administrator and OPIS, propose the following schedule for providing notice to the End-User Settlement Class commencing on January 8, 2026, which is consistent with the previously approved notice schedule unless otherwise noted:

| Event | Date |
| --- | --- |
| Settlement Administrator to Effectuate Notice and Set Settlement Website Live | January 8, 2026 (the "Notice Date"). |
| Exclusion and Objection Deadline | April 2, 2026 (84 days after the Notice Date). |
| Motion for Final Approval of Settlement | 14 days before the Fairness Hearing. |
| Fairness Hearing | May 12, 2026, or as soon as the matter may be heard by the Court (40 days after the last day to request exclusion or object to the settlement or 124 days after the Notice Date). |

## VI. CONCLUSION

For the reasons set forth herein, End-User Settlement Class Counsel respectfully request that the Court approve the proposed final notice plan and updated notice documents, approve the updated End-User Settlement Class definition, and schedule the final fairness hearing for the End-User Class settlement with OPIS.

1045836.9

5

Dated: December 17, 2025

*/s/ Daniel Warshaw*

Daniel L. Warshaw
  dwarshaw@pwfirm.com
Bobby Pouya
  bpouya@pwfirm.com
Michael H. Pearson
  mpearson@pwfirm.com
Matthew A. Pearson (*pro hac vice*)
  mapearson@pwfirm.com
Naveed Abaie (*pro hac vice*)
  nabaie@pwfirm.com
Adrian Buonanoce (*pro hac vice*)
  abuonanoce@pwfirm.com
**PEARSON WARSHAW, LLP**
15165 Ventura Boulevard, Suite 400
Sherman Oaks, CA 91403
Telephone: (818) 788-8300
Facsimile: (818) 788-8104

Neil Swartzberg (*pro hac vice*)
  nswartzberg@pwfirm.com
**PEARSON WARSHAW, LLP**
555 Montgomery Street, Suite 1205
San Francisca, CA 94111
Telephone: (415) 433-9000
Facsimile: (415) 433-9008

Brian Pafundi (*pro hac vice*)
  bpafundi@pwfirm.com
**PEARSON WARSHAW, LLP**
328 Barry Avenue South, Suite 200
Wayzata, MN 55391
Telephone: (612) 389-0600
Facsimile: (612) 389-0610

Elizabeth A. Fegan
**FEGAN SCOTT LLC**
150 S. Wacker Drive, 24th Floor
Chicago, IL 60606
Telephone: (312) 741-1019
Facsimile: (312) 264-0100
beth@feganscott.com

Kyle A. Jacobsen (*pro hac vice*)
**FEGAN SCOTT LLC**
709 N 2nd St
Suite 400 #1280
Philadelphia, PA 19123
Telephone: (484) 352-2318
Facsimile: (312) 264-0100
kyle@feganscott.com

Jonathan D. Lindenfeld (*pro hac vice*)
**FEGAN SCOTT LLC**
305 Broadway, 7th Floor
New York, NY 10007
Phone: 332.216.2101
Fax: 312.264.0100
jonathan@feganscott.com

*Co-Lead Class Counsel for End-User Class Plaintiffs*