**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| *In re PVC Pipe Antitrust Litigation* | Case No. 1:24-cv-07639 |
| This Document Relates to: *All Actions* | Hon. LaShonda A. Hunt |

## JOINT STATUS REPORT

Pursuant to the Court's February 11, 2026 Minute Entry (the " February 11 Minute Entry," ECF No. 667), the undersigned Parties submit the following Joint Status Report addressing (1) the status of discovery, including the Parties' positions on the current stay of discovery, as well as the discovery permitted by the Court as clarified in the October 21 Minute Entry (ECF No. 507) entered following the October 21, 2025 status conference (the "DOJ Stay Order"), and (2) the status of several non-discovery issues. The parties will also be prepared to address at the upcoming conference any other pertinent matters the Court may wish to discuss.

The acronym "DOJ" as used below refers to the Antitrust Division of the United States Department of Justice.

The word "Plaintiffs" as used below refers to the Direct Purchaser Plaintiffs ("DPPs"), the End-User Plaintiffs ("EUPs") and the Non-Converter Seller Purchaser Plaintiffs ("NCSPs") collectively.

The phrase "Downstream Plaintiffs" as used below refers to both EUPs and NCSP classes collectively.

The phrase "Converter Defendants" or "Defendants" as used below refers to all Defendants other than settling Defendant Oil Price Information Service LLC ("OPIS").

The phrase "Pre-Existing Defendants" as used below refers to all Converter Defendants (*i.e.*, the Atkore, Cantex, IPEX, J-M Eagle, National Pipe, Otter Tail, PipeLife Jet Stream, and Westlake Defendants) other than the Cresline Defendants and Defendant Charlotte Pipe & Foundry, Inc., which were named for the first time in the current operative complaints.

The phrase "New Defendants" as used below refers to the Cresline Defendants and Defendant Charlotte Pipe & Foundry, Inc. collectively.

The phrase "12/08/25 JSR" as used below refers to the Parties' Joint Status Report, filed on December 8, 2025, at ECF No. 584.

## I.  **Status of Discovery**

### A.  Stay of Discovery

On October 7, 2025, the United States intervened and sought a six-month partial stay of discovery (ECF No. 500), specifically excluding from its requested stay: (1) production of structured data; (2) production of organizational charts and information sufficient to identify relevant custodians; (3) service of Rule 45 subpoenas to telephone carriers; (4) the service of Rule 34 document requests and the responses and objections thereto; and (5) documents produced pursuant to a settlement agreement. The Court granted the government's motion on October 10, 2025 (ECF No. 503; *see also* DOJ Stay Order). The stay is set to expire on April 10, 2026.

The DOJ Stay Order permitted Plaintiffs to serve document requests and subpoenas for production of telephone records and ordered the Pre-Existing Defendants to produce organizational charts. However, it stayed responses to the Rule 34 document requests served by Plaintiffs, production of organizational charts by the New Defendants, and the production of structured data.

**Plaintiffs' Position:**  All of the discovery not stayed by the DOJ Stay Order should proceed now. The motions to dismiss have been fully briefed and are under the Court's review. The factual allegations in Plaintiffs' operative complaints contain unparalleled detail. Thus, Plaintiffs respectfully submit, it is unlikely that Defendants will succeed on their motions to dismiss, and, at minimum, some claims will proceed to discovery. Given that reality, there is no reason to delay the responses to the document requests, production of organizational charts by the New Defendants, or production of structured data. With regard to that data, that data will need to be produced in the case. Even if certain Defendants' motions are granted in their entirety, the claims against their competitors will move forward and any dismissed Defendant would still be required to produce such data pursuant to Rule 45. Put simply, ordering Defendants to produce it now will most efficiently advance the litigation and be useful in settlement discussions, while respecting the partial stay sought by the government and granted by the Court. Several courts have ordered production of defendants' structured data in the same or similar circumstances.[1]

---

[1] *See, e.g.*, Exhibit 1, ECF No. 264, January 2, 2025 Order, *In re Concrete and Cement Additives Antitrust Litig.*, 24-md-3067 (S.D.N.Y.) (compelling defendants to produce transactional sales data during pendency of motions to dismiss and while DOJ stay on other kinds of discovery was still pending).  Moreover, courts in this District regularly permit discovery to proceed in antitrust cases while motions to dismiss are pending. *See, e.g. Robinson, et al., v. HP, Inc.*, 2024 WL 6990718, at *2 (N.D. Ill. May 9, 2024) (allowing discovery to proceed while motions to dismiss were pending, noting that courts deny discovery stays "where the movant's primary argument is that the motion to dismiss has a high probability of success. . . "); *In re Broiler Chicken Antitrust Litig.*, 2017 WL 4417447 at * 6 (N.D. Ill. Sept. 28, 2017) (permitting discovery of documents produced by defendants to state regulator prior to resolution of motions to dismiss, noting that the "possibility that [the defendants] could prevail on their motions to dismiss does not justify staying all document production in this case"); *New England Carpenters Health & Welfare Fund v. Abbott Laboratories*, 2013 WL 690613, at *3 (N.D. Ill. Feb. 20, 2013) (rejecting argument

**Pre-Existing Defendants' Position:** Converter Defendants believe the Court should dismiss all claims. As Defendants set forth in their briefing, fundamental flaws in Plaintiffs' theories render them legally deficient for general and Defendant-specific reasons, and Defendants are available to offer further argument should the Court request oral argument on the motions to dismiss. In any event, Plaintiffs' contrary position is not a basis to accelerate broad, costly discovery of structured data. *See, e.g.*, *Robinson v. Walgreen Co.*, 2021 WL 2453069, at *3 (N.D. Ill. June 16, 2021) ("The Court finds that a discussion of the merits of the pending motion to dismiss to evaluate whether the stay should be granted would be inappropriate.").

Even if the motions to dismiss are not granted in full, a partial dismissal that eliminates certain claims, theories, or parties would narrow the parameters of discovery (for example, transactional data on certain products or time periods) that is relevant to the remaining aspects of the case. Thus, the responses and objections that the parties will make in response to Requests for Production will depend on the scope of the claims and parties in the case, if any, which is not resolved. And because even a partial dismissal order could render much of plaintiffs' requested structured data irrelevant, the Court's decision will inform the proportionality analysis— particularly given the significant cost and burden associated with producing such data. That burden is particularly high here, given that Plaintiffs purportedly seek dozens of categories of structured data for a 14-year period, from 2012 up through the present. Plaintiffs' broad scope of proposed data discovery further reinforces that the stay should remain in place.[2]

Further, Plaintiffs' contention that any Defendant dismissed on the pleadings would face essentially the same production burden as a non-party via Rule 45, as to structured data or otherwise, is incorrect. Party discovery and non-party subpoena obligations are not coextensive. *See, e.g.*, *Patterson v. Burge*, 2005 WL 43240, at *1 (N.D. Ill. Jan. 6, 2005) ("[N]on-parties are not treated exactly like parties in the discovery context, and the possibility of mere relevance may not be enough; rather, non-parties are entitled to somewhat greater protection."). The scope, burdens, proportionality analysis, available objections, and cost-shifting considerations differ materially for non-parties as compared to parties. *See id.*; *Parker v. Four Seasons Hotels, Ltd.*, 291 F.R.D. 181, 188 (N.D. Ill. 2013); *In re Subpoena to Creeden & Assocs., Inc.*, 2012 WL 4580841, at *2 (N.D. Ill. Sept. 28, 2012); Fed. R. Civ. P. 45(d). To the extent that the motions to dismiss are granted in

---

that costs associated with discovery in antitrust cases justify staying discovery during pendency of *Twombly* motions).

[2] Courts in this District frequently stay discovery "[i]n large, complex antitrust cases such as the case here, . . . where discovery would be highly burdensome and a motion to dismiss is pending," *In re Manufactured Home Lot Rents Antitrust Litig.*, No. 23-cv-6715 (N.D. Ill. Apr. 10, 2024), ECF No. 175 at 2, particularly for discovery that is "especially burdensome and costly" and "extensive, voluminous, and expensive to produce," *id. See also DSM Desotech Inc. v. 3D Sys. Corp.*, 2008 WL 4812440, at *2 (N.D. Ill. Oct. 28, 2008) (staying discovery pending resolution of motion to dismiss and recognizing that "discovery in *any* antitrust case can quickly become enormously expensive and burdensome to defendants") (emphasis in original); *Nexstar Broad., Inc. v. Granite Broad. Corp.*, 2011 WL 4345432, at *1-4 (N.D. Ind. Sept. 15, 2011) (granting motion to stay and recognizing that "[d]iscovery concerns are particularly great in antitrust litigation, where discovery can quickly become enormously expensive and burdensome to defendants" (internal quotations omitted)).

whole or in part—as Plaintiffs themselves tacitly acknowledge may occur—front-loading expansive discovery of structured data now would be unnecessary and wasteful.

**New Defendants' Position:** New Defendants Cresline and Charlotte Pipe maintain that, as set forth in their individual motions to dismiss, Plaintiffs have not pleaded any cognizable claims against them. There remains no legitimate basis for any further discovery as to Cresline and Charlotte Pipe (including the production of organizational charts and any other discovery demands), before the Court decides those motions. Plaintiffs assert that "at minimum, some claims will proceed to discovery," but the motions filed by Cresline and Charlotte present additional and distinct grounds for dismissal and make clear that Plaintiffs' claims against them should not proceed to discovery. Accordingly, New Defendants respectfully submit that the Court should maintain the stay of discovery, pending a resolution of the motion to dismiss at least as to the New Defendants.

B. Status of Discovery Permitted by the Court and Not Subject to the DOJ Stay

### 1. Rule 34 Requests for Production:

On October 28, 2025, Plaintiffs served on the Converter Defendants All Plaintiffs' Revised First Set of Requests to the Converter Defendants for the Production of Documents and Electronically-Stored Information, to which there is no response deadline pursuant to Item 2 of the DOJ Stay Order; no Converter Defendants have responded to date.

On October 29, 2025, Downstream Plaintiffs served on the Converter Defendants The Downstream Plaintiffs' First Set of Requests to Converter Defendants, to which there is no response deadline pursuant to Item 2 of the DOJ Stay Order; no Converter Defendants have responded to date.

**Plaintiffs' Position:** Plaintiffs request that the Court order the Converter Defendants to serve their written responses to Plaintiffs' document requests within thirty (30) days. Plaintiffs had requested in the 12/08/25 JSR that the Court set a deadline of mid-January for Defendants' written responses to Plaintiffs' document requests, citing to authority that the default rule that discovery can proceed while motions to dismiss are pending. *See* 12/08/25 JSR, at 3-4. The government did not seek to stay responses to Rule 34 document requests, and given that motions to dismiss briefing is now complete, Plaintiffs believe it is appropriate that the Court order the Converter Defendants to serve their responses to Plaintiffs' long-outstanding Rule 34 document requests within thirty (30) days.

**Converter Defendants' Position:** The Court should not set a response deadline for the Requests for Production at this time. Although the October 21 Minute Entry authorized service of the Requests, it deliberately did not impose a response deadline. The Court's reasoning for this approach was as follows: "I am not going to set a deadline for responses yet. This is just serving [the Requests] because I want to see the motions to dismiss. I want to see what's filed, and I want

4

to get a better sense of what the potential sort of claims – the arguments will be in this case, how much may survive, if it's going to be narrowed." 10/21/2025 Hr'g Tr. 27:19-24.

The stay on responding to Plaintiffs' Requests for Production continues to make sense for these reasons and based upon the dismissal arguments that Converter Defendants have raised. Converter Defendants have moved to dismiss all claims against them in their entirety, which would negate the need for any discovery. Even if the Court does not dismiss all claims, an order granting the motions in part would still substantially narrow the scope of discovery in this case by rendering factual contentions, claims, and theories alleged in the various complaints irrelevant for purposes of discovery. *See, e.g.*, *Sojo's Studios, Inc. v. Citizens Ins. Co. of Am.*, 2021 WL 837623, at *3 (N.D. Ill. Mar. 4, 2021) (holding that "there is no need for discovery" into claims that are "immaterial"). Additionally, if the Court grants any of the Defendant-specific motions to dismiss, those Defendants' responses and objections will be superfluous and wasteful. The bottom line is that this case should not proceed past the motions to dismiss, but even if it does, the likely elimination of claims and parties would materially change how the Converter Defendants respond and object to Plaintiffs' discovery requests.

Finally, even if Converter Defendants are required to serve their objections and responses to the Requests for Production, no substantive discussions or meet and confer negotiations about their objections or the scope of their production obligations can occur under the terms of the DOJ Stay Order. *See* 10/21/2025 Hr'g Tr. 20:1-4 (the government's counsel stating that, in its stay motion, it "sought a stay of the production of documents in response to the Rule 34 RFPs, and that does include negotiating the scope of the requests").[3]

## 2.   Production of Organizational Charts:

The Pre-Existing Defendants have produced organizational charts to Plaintiffs, and where necessary, Plaintiffs are following up with the Pre-Existing Defendants regarding those productions.  The New Defendants have not produced organizational charts.

**Plaintiffs' Position:** Plaintiffs in the 12/08/25 JSR respectfully argued that there was no reason – and, months later, there is still no reason – to delay further the production of organizational charts by the New Defendants. *See* 12/08/25 JSR, 5-6. The New Defendants had argued that their work on the motions to dismiss justified not producing their organizational charts at this time, *see* 12/08/25 JSR, at 5, n2. However, those motions are now fully briefed and under the Court's review, and there is therefore no reason for the New Defendants not to produce their organizational charts. Plaintiffs request that the Court now order the New Defendants to do so.

---

[3] For the additional reasons set forth in Section A, the New Defendants respectfully submit that the New Defendants should not be required to respond to Plaintiffs Requests for Production.

**New Defendants' Position:** For the same reasons as those set forth in Section A, *supra*, and in the parties' 12/08/25 JSR, the New Defendants respectfully submit that the Plaintiffs should not be permitted to seek organizational charts from the New Defendants.

### 3. Rule 45 Subpoenas on Telephone Carriers:

Pursuant to Item 5 of the DOJ Stay Order, Plaintiffs have served Rule 45 subpoenas on certain telephone carriers seeking production of telephone records for the telephone numbers of certain current or former employees of the Defendants and non-parties.

Pursuant to Item 5 of the DOJ Stay Order, on October 27, 2025, Downstream Plaintiffs served Rule 45 subpoenas on Verizon and AT&T seeking production of telephone records for the telephone numbers of certain current or former employees of certain distributors that the Downstream Plaintiffs have alleged to be the Converter Defendants' Co-Conspirators. In addition, Downstream Plaintiffs served a similar Rule 45 subpoena on Comcast and have provided Comcast with the Court's February 11, 2026 Order Granting Discovery under the Cable Act (ECF No. 668).[4]

Numerous of the telephone carriers have already produced, or are in the process of producing on a rolling basis, the subpoenaed phone records. Plaintiffs are producing those to the Converter Defendants as they are received.

### II. Status of Non-Discovery Issues

1. **Briefing on Converter Defendants' Motions to Dismiss.** Briefing has been completed on the Converter Defendants' motions to dismiss. If the Court desires oral argument, the parties will be prepared to discuss scheduling argument at the February 24 conference.

2. **Progress of Settlement.** To the extent there are any ongoing settlement discussions, those discussions are confidential. In the event of a settlement, the respective parties will advise the Court promptly.

3. **Dissemination of Class Notice of OPIS Settlement.** On January 15, 2026, all three classes disseminated notice of their settlements with OPIS. The Court has set follow on dates, culminating in a final approval hearing for all three settlements on June 3, 2026.

---

[4] Downstream Plaintiffs expect to begin soon the process to obtain phone records for a limited number of Canadian individuals. That process will commence by way of a motion for the issuance of letters rogatory with this Court. Converter Defendants reserve the right to take a position on Downstream Plaintiffs' anticipated motion in due course once Downstream Plaintiffs have identified the phone records they intend to seek and explained their connection to this litigation.

Dated: February 19, 2026

Respectfully submitted,

/s/ Robert N. Kaplan
Robert N. Kaplan
Matthew P. McCahill
Elana Katcher
Brandon Fox
Carihanna Morrison
**KAPLAN FOX &
KILSHEIMER LLP**
800 Third Avenue, 38th Floor
New York, NY 10022
Tel: (212) 687-1980
rkaplan@kaplanfox.com
mmccahill@kaplanfox.com
ekatcher@kaplanfox.com
bfox@kaplanfox.com
cmorrison@kaplanfox.com

Gary L. Specks
**KAPLAN FOX &
KILSHEIMER LLP**
681 Prestwick Lane
Wheeling, IL 60090
T: (847) 831-1585
gspecks@kaplanfox.com

*Interim Lead Counsel for the Direct
Purchaser Plaintiff Class*

/s/ Joseph M. Vanek
Joseph M. Vanek
David Germaine
John P. Bjork
**SPERLING KENNY
NACHWALTER, LLC**
321 N Clark Street, Suite 2500
Chicago, IL 60654
Tel: (312) 641-3200
jvanek@sperlingkenny.com
dgermaine@sperlingkenny.com
jbjork@sperlingkenny.com

/s/ Brian D. Clark
Brian D. Clark (IL Bar No. 6350416)
Simeon A. Morbey (MN #0391338)
Laura M. Matson (MN #0396598)
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Avenue South, Suite 2200
Minneapolis, Minnesota 55401
(612) 339-6900
bdclark@locklaw.com
samorbey@locklaw.com
lmmatson@locklaw.com

Kyle J. Pozan (IL Bar No. 6306761)
Consuela Abotsi-Kowu (MN #0505682)
**LOCKRIDGE GRINDAL NAUEN PLLP**
1165 N. Clark Street, Suite 700
Chicago, IL 60610
(312) 205-8968
kjpozan@locklaw.com
cmabotsi-kowu@locklaw.com

/s/ Karin E. Garvey
Karin E. Garvey (N.D. Ill. Bar No. 2997831)
Brian M. Hogan (N.D. Ill. Bar No. 6286419)
**SCOTT+SCOTT ATTORNEYS AT LAW
LLP**
The Helmsley Building
230 Park Ave., 24th Floor
New York, NY 10169
(212) 223-6444
kgarvey@scott-scott.com
brian.hogan@scott-scott.com

Patrick J. Coughlin (N.D. Ill. Bar No. 90785466)
Daniel J. Brockwell (admitted *pro hac vice*)
**SCOTT+SCOTT ATTORNEYS AT LAW
LLP**
600 W. Broadway, Suite 3300
San Diego, CA 92101
(619) 233-4565

7

Phillip F. Cramer
**SPERLING KENNY**
**NACHWALTER, LLC**
1221 Broadway, Suite 2140
Nashville, TN 37212
Tel: (312) 641-3200
Fax: (312) 641-6492
pcramer@sperlingkenny.com

James Almon
**SPERLING KENNY**
**NACHWALTER, LLC**
1616-D Metropolitan Cir.
Tallahassee, FL 32308
Tel: (850) 942-4334
jalmon@sperlingkenny.com

*Interim Liaison Counsel for the Direct*
*Purchaser Plaintiff Class*


*/s/ Elizabeth A. Fegan*
Elizabeth A. Fegan
**FEGAN SCOTT LLC**
150 S. Wacker Drive, 24th Floor
Chicago, IL 60606
Telephone: (312) 741-1019
Facsimile: (312) 264-0100
beth@feganscott.com


Jonathan D. Lindenfeld (admitted *pro hac*
*vice*)
**FEGAN SCOTT LLC**
305 Broadway, 7th Floor
New York, NY 10007
Phone: 332.216.2101
Fax: 312.264.0100
jonathan@feganscott.com

*/s/ Daniel L. Warshaw*
Daniel L. Warshaw (Bar No. 185365)
Bobby Pouya (Bar No. 245527)
Michael H. Pearson (Bar No. 277857)
Matthew A. Pearson (admitted *pro hac vice*)
Naveed Abaie (admitted *pro hac vice*)Adrian
Buonanoce (admitted *pro hac vice*)

pcoughlin@scott-scott.com
dbrockwell@scott-scott.com

Patrick McGahan (admitted *pro hac vice*)
Michael Srodoski (admitted *pro hac vice*)
**SCOTT+SCOTT ATTORNEYS**
**AT LAW LLP**
156 South Main Street
P.O. Box 192
Colchester, CT 06415
(860) 537-5537
pmcgahan@scott-scott.com
msrodoski@scott-scott.com

*Co-Lead Class Counsel for Non-Converter*
*Seller Purchaser Class Plaintiffs*


*/s/ Daniel E. Laytin*
Daniel E. Laytin, P.C. (6257119)
Christa C. Cottrell, P.C. (6284749)
Taylor S. Rothman (6327528)
Max Samels (6333288)
**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
dlaytin@kirkland.com
ccottrell@kirkland.com
taylor.rothman@kirkland.com
max.samels@kirkland.com

*Counsel for J-M Manufacturing*
*Company, Inc., d/b/a JM Eagle*

*/s/ Britt M. Miller*
Britt M. Miller
Matthew D. Provance
Megan E. Stride
**MAYER BROWN LLP**
71 South Wacker Drive
Chicago, IL 60606
Tel.: 312-783-0600

8

**PEARSON WARSHAW, LLP**
15165 Ventura Boulevard, Suite 400
Sherman Oaks, CA 91403
Telephone: (818) 788-8300
Facsimile: (818) 788-8104
dwarshaw@pwfirm.com
bpouya@pwfirm.com
mpearson@pwfirm.com
mapearson@pwfirm.com
nabaie@pwfirm.com
abuonanoce@pwfirm.com

Brian Pafundi (admitted *Pro Hac Vice*)
**PEARSON WARSHAW, LLP**
328 Barry Avenue South, Suite 200
Wayzata, MN 55391
Telephone: (612) 389-0600
Facsimile: (612) 389-0610
bpafundi@pwfirm.com

Neil Swartzberg (admitted Pro Hac Vice)
**PEARSON WARSHAW, LLP**
555 Montgomery Street, Suite 816
San Francisco, CA 94111
Telephone: (415) 433-9000
Facsimile: (415) 433-9008
nswartzberg@pwfirm.com

*Co-Lead Counsel for the
End-User Plaintiff Class*

/s/ Thomas V. Panoff
Thomas V. Panoff
**SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP**
321 North Clark St., 32nd Floor
Chicago, Illinois 60654
Telephone: (312) 499-6328
tpanoff@sheppardmullin.com

Ann M. O'Brien (admitted *pro hac vice*)
Leo D. Caseria (admitted *pro hac vice*)
**SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP**
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC 20006-6801

bmiller@mayerbrown.com
mprovance@mayerbrown.com
mstride@mayerbrown.com

*Counsel for Defendant Atkore Inc., Atkore
RMCP, Inc., Allied Tube & Conduit
Corporation, Atkore International, Inc., and
Atkore Plastic Pipe Corporation*

/s/ Robert Milne
Robert Milne (admitted *pro hac vice*)
Bryan Gant (admitted *pro hac vice*)
David H. Suggs (admitted *pro hac vice*)
Kristen O'Shaughnessy (admitted *pro hac
vice*)
**WHITE & CASE LLP**
1221 Avenue of the Americas
New York, NY 10020
Tel: (212) 819-8200
rmilne@whitecase.com
bgant@whitecase.com
dsuggs@whitecase.com
kristen.oshaughnessy@whitecase.com

*Counsel for Defendant IPEX USA LLC, Multi
Fittings Corporation, and Silver-Line Plastics
LLC*

/s/ Eliot A. Adelson
Eliot A. Adelson, CA Bar No. 205284
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, CA 94105
(415) 268-7000
eadelson@mofo.com

Lisa M. Phelan, D.C. Bar No. 1617073
Megan E. Gerking, D.C. Bar No. 1027190
Robert W. Manoso, D.C. Bar No. 1047241
**MORRISON & FOERSTER LLP**
2100 L Street NW
Washington, D.C. 20037
(202) 887-1500

9

Telephone: (202) 747-1900
aobrien@sheppardmullin.com
lcaseria@sheppardmullin.com

*Counsel for Defendant National
Pipe & Plastics, Inc.*

*/s/ Timothy Ray*
Timothy Ray (ARDC #6230099)
**HOLLAND & KNIGHT LLP**
150 N. Riverside Plaza, Suite 2700
Chicago, IL 60603
Tel: 312.263.3600
Timothy.Ray@hklaw.com

David C. Kully (*pro hac vice*)
**HOLLAND & KNIGHT LLP**
800 17th St., NW; Suite 1100
Washington, DC 20006
Tel: 202-469-5415
david.kully@hklaw.com

*Counsel for Defendant Pipelife
Jet Stream, Inc.*

*/s/ John DeQ. Briggs*
John DeQ. Briggs (DC Bar #171470)
Richard B. Dagen (DC Bar #388115)
Daniel K. Oakes (DC Bar #1009519)
**AXINN, VELTROP &
HARKRIDER LLP**
1901 L Street NW
Washington, DC 20036
Telephone: (202) 912-4700
jbriggs@axinn.com
rdagen@axinn.com
doakes@axinn.com

Brooke Oppenheimer (CT Bar #29421)
**AXINN, VELTROP &
HARKRIDER LLP**
90 State House Square
Hartford, CT 06103
Telephone: 860-275-8100
boppenheimer@axinn.com

lphelan@mofo.com
mgerking@mofo.com
rmanoso@mofo.com

*Counsel for Defendants Otter Tail
Corporation, Northern Pipe Products, Inc.,
and Vinyltech Corporation*

*/s/ William R.H. Merrill*
William R. H. Merrill
James T. Southwick
Elizabeth B. Hadaway
**SUSMAN GODFREY LLP**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Phone: (713) 651-9366
bmerrill@susmangodfrey.com
jsouthwick@susmangodfrey.com
ehadaway@susmangodfrey.com

Ezra Ruiz (admitted *pro hac vice*)
**SUSMAN GODFREY LLP**
401 Union Street, Suite 3000
Seattle, WA 98101
Phone: (206) 516-3880
eruiz@susmangodfrey.com

*/s/ Suyash Agrawal*
Suyash Agrawal (6308343)

10

*Counsel for Defendants Cantex Inc.,*
*Diamond Plastics Corporation,*
*Prime Conduit, Inc., Sanderson Pipe*
*Corporation, and Southern Pipe, Inc.*
/s/ *Rebecca Weinstein Bacon*
Rebecca Weinstein Bacon (6257492)
Mark L. Levine (6201501)
Benjamin Robert Montague (6327341)
**BARTLIT BECK LLP**
54 W. Hubbard St., Ste. 300
Chicago, Illinois 60654
Telephone: (312) 494-4400
Facsimile: (312) 494-4440
rweinstein.bacon@bartlitbeck.com
mark.levine@bartlitbeck.com
benjamin.montague@bartlitbeck.com

Lawrence C. Moore, III (N.C. Bar No. 21731)
Nathan C. Chase, Jr. (N.C. Bar No. 39314)
William M. Miller (N.C. Bar No. 36946)
**ROBINSON, BRADSHAW & HINSON,**
**P.A.**
600 S. Tryon St., Suite 2300
Charlotte, North Carolina 28202
(704) 377-2536
lmoore@rbh.com
nchase@rbh.com
wmiller@rbh.com

*Counsel for Defendant Charlotte Pipe &*
*Foundry Company*

Christopher Walling (6333521)
**MASSEY & GAIL LLP**
50 E. Washington St., Suite 400
Chicago, Illinois 60602
Tel: (312) 379-0949
Fax: (312) 379-0467
sagrawal@masseygail.com
cwalling@masseygail.com

*Counsel for Defendants Westlake*
*Corporation and Westlake Pipe &*
*Fittings Corporation*

/s/ *Alan W. Nicgorski*
Alan W. Nicgorski
Joseph J. Jacobi
**HANSEN REYNOLDS LLC**
150 South Wacker Drive, 24th Floor
Chicago, IL 60606
Telephone: (312) 265-2253
anicgorski@hansenreynolds.com
jjacobi@hansenreynolds.com

James H. Smith
John Briody (*pro hac vice to follow*)
Daniel W. Levy (*pro hac vice to*
*follow*)
**MCKOOL SMITH**
1301 Avenue of the Americas, 32nd
Floor
New York, NY 10019
Telephone: (212) 402-9400
Facsimile: (212) 402-9444
jsmith@mckoolsmith.com
jbriody@mckoolsmith.com
dlevy@mckoolsmith.com

*Counsel for Defendants Cresline*
*Plastic Pipe Co., Cresline-West, Inc.,*
*and Cresline Northwest LLC*

11