**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| *In re PVC Pipe Antitrust Litigation* | Case No. 1:24-cv-07639 |
| ———————————— | Hon. LaShonda A. Hunt |
| THIS DOCUMENT RELATES TO: | |
| *All Direct Purchaser Plaintiff Actions* | |

**DECLARATION OF ROBERT N. KAPLAN IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS BILL WAGNER & SON, INC.'S, VITOLITE ELECTRIC SALES CO.'S, AND HODGES SUPPLY COMPANY'S MOTION – UNOPPOSED[1] BY SETTLING DEFENDANTS ATKORE INC., ATKORE INTERNATIONAL, INC., ATKORE PLASTIC PIPE CORP., ATKORE RMCP, INC., AND ALLIED TUBE & CONDUIT CORPORATION (COLLECTIVELY, "ATKORE") – FOR PRELIMINARY APPROVAL OF SETTLEMENT AND RELATED RELIEF**

I, Robert N. Kaplan, declare under penalty of perjury as follows:

1.      I am a partner at Kaplan Fox & Kilsheimer LLP ("Kaplan Fox"), appointed by the Court on October 17, 2024 as Lead Class Counsel for the Direct Purchaser Plaintiff Class (the "Lead Counsel Order," ECF No. 163).

2.      Since entering private practice after serving in the Antitrust Division of the U.S. Department of Justice, I have successfully negotiated dozens of settlements in antitrust cases, as court-appointed lead, co-lead or settlement counsel on behalf of classes of direct-purchaser plaintiffs, as well as on behalf of large publicly-and privately-owned corporate clients pursuing direct-purchaser antitrust claims as individual (often opt-out) plaintiffs.

---

[1]      The Settling Defendants do not oppose Direct Purchaser Plaintiffs' (DPPs') motion. However, because the Settlement Agreement required the terms of Direct Purchaser Plaintiffs' settlement with Atkore to remain confidential until this motion was filed, it was not possible to conduct a pre-filing meet-and-confer with other parties.

3.      The Lead Counsel Order gave Kaplan Fox the authority to "[n]egotiate with defense counsel with respect to settlement and other matters" for the Direct Purchaser Plaintiffs (DPPs). Lead Counsel Order, at ¶ h.

4.      Pursuant to the authority granted by the Court as Lead Counsel, in September 2025, I began initial settlement negotiations with Atkore. The arm's-length, very hard-fought, negotiations with Atkore continued until April 21, 2026, when a settlement agreement in principle was reached. During this seven-month period, DPPs and Atkore participated in an in-person, full-day mediation session with Miles Ruthberg of Phillips ADR on March 18, 2026. In addition, negotiations were conducted through Mr. Ruthberg by experienced counsel on both sides— namely, the undersigned, on behalf of DPPs, and Britt Miller of Mayer Brown on behalf of Atkore. After an agreement in principle was reached on April 21, 2026, the parties' negotiations continued until the Settlement Agreement (a true and correct copy of which is attached hereto as **Exhibit A**) was finalized and executed on April 28, 2026.

5.      These ongoing negotiations were extraordinarily hard-fought, extensive, and, while professional and civil, contentious, with each side committed to obtaining the best possible agreement for their clients (and, in Lead Counsel's case, in the best interests of the members of the DPP Settlement Class).

6.      These negotiations resulted in two forms of relief that will directly benefit the DPP Settlement Class as reflected in the Settlement Agreement: (1) monetary relief of seventy-two million and five-hundred thousand dollars ($72,500,000); and (2) Atkore's agreement to provide substantial cooperation to the DPP Settlement Class, which will help them in pursuing their remaining claims in this action.

7.      The agreed-upon cooperation by Atkore provides the DPP Settlement Class with

significant non-monetary benefits that have substantial value to the DPP Settlement Class in their continued prosecution of their claims.

8. In particular, Atkore will provide to DPPs documents and data already produced by Atkore to the U.S. Department of Justice ("DOJ") as part of the DOJ's investigation into alleged antitrust violations in the PVC Pipe and Fittings market, as well as certain custodial documents and data insofar as they fall outside Atkore's previous DOJ productions. Settlement Agreement, ¶ 12.

9. In addition, Atkore agrees to use reasonable efforts to authenticate and provide a business records affidavit or deposition testimony of a custodian of records, if required, for documents and/or things that DPPs intend to use at trial or summary judgment that were produced by Atkore as part of the Settlement Agreement, where the facts indicate that the Documents and/or things at issue are authentic, which will save the DPP Settlement Class time and streamline its trial preparation against the remaining Defendants.

10. Atkore has made clear to DPPs that it would continue to vigorously defend the case absent the Settlement Agreement.

11. Based upon my years of experience in negotiating antitrust settlements for plaintiffs and plaintiff classes, I believe that this relatively early settlement with Atkore is in the best interests of the DPP Settlement Class.

12. Attached are true and correct copies of the following:

  a. **Exhibit A:** Settlement Agreement Between Direct Purchaser Class Plaintiffs and Defendants Atkore Inc.; Atkore International, Inc.; Atkore Plastic Pipe Corp.; Atkore RMCP, Inc.; and Allied Tube & Conduit Corporation, executed on April 28, 2026;

b. **Exhibit B:** August 18, 2017 Order Preliminarily Approving Proposed Settlement Between Direct Purchaser Plaintiff Class and Fieldale Farms Corporation and Conditionally Certifying the Proposed Settlement Class, ECF No. 462 from *In re Broiler Chicken Antitrust Litigation*, Case No. 1:16-cv-08637 (N.D. Ill.) (Durkin, J.) ("*Broilers*");

c. **Exhibit C:** April 19, 2021 Order Preliminarily Approving Settlement with Defendant RelayHealth, Certifying the Proposed Settlement Class, Approving Notification to the Settlement Class, and Related Relief, ECF No. 175 from *In re Surescripts Antitrust Litigation*, Case No. 1:19-cv-06627 (Tharp, J.);

d. **Exhibit D**: December 20, 2019 *Nunc Pro Tunc* Order (filed Jan. 8, 2020) Granting Direct Purchaser Plaintiffs' Motion for Preliminary Approval of the Settlements with Defendants Peco Foods, Inc., George's, Inc., George's Farms, Inc., and Amick Farms, LLC, ECF No. 3394 from *Broilers*;

e. **Exhibit E:** February 25, 2021 Order Granting Direct Purchaser Plaintiffs' Motion for Preliminary Approval of the Settlements with Defendants Pilgrim's Pride Corp., Tyson Foods, Inc., Tyson Chicken, Inc., Tyson Breeders, Inc., and Tyson Poultry, Inc., ECF No. 4341 from *Broilers*;

f. **Exhibit F**: October 5, 2021 Order Granting Direct Purchaser Plaintiffs' Motion for Preliminary Approval of the Settlements with the Mar-Jac and Harrison Poultry Defendants, ECF No. 5086 from *Broilers*;

g. **Exhibit G**: July 28, 2021 Order Granting Commercial and Institutional Indirect Purchaser Plaintiffs' Motion for Preliminary Approval of Proposed Settlement with Tyson Defendants and Provisional Certification of Settlement Class, ECF

4

No. 196, from *Sandee's Bakery et al. v. Agri Stats, Inc., et al./In re Turkey Antitrust Litig.*, Case No. 1:20-cv-02295 (N.D. Ill.) (Kendall, J.);

h. **Exhibit H:** "Huntington Bank Settlement Services – Experience Matters;" and

i. **Exhibit I**: June 22, 2018 Order Granting Direct Purchaser Plaintiffs' Motion to Approve a Plan of Notice of Settlement with Defendant Fieldale Farms Corporation, ECF No. 980 from *Broilers*.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 29, 2026 in Rye, New York.

*/s/ Robert N. Kaplan*
Robert N. Kaplan

5