# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE SURESCRIPTS ANTITRUST LITIGATION | Civil Action No. 1:19-cv-06627 |
| | Judge John J. Tharp Jr. |
| This Document Relates To: | Magistrate Judge Susan E. Cox |
| All Class Actions | |

**ORDER PRELIMINARILY APPROVING SETTLEMENT**
**WITH DEFENDANT RELAYHEALTH, CERTIFYING THE PROPOSED**
**SETTLEMENT CLASS, APPROVING NOTIFICATION**
**TO THE SETTLEMENT CLASS, AND RELATED RELIEF**

**THIS CAUSE** came before the Court on Plaintiffs' Motion for Preliminary Approval of Settlement with Defendant RelayHealth and for Certification of the Proposed Settlement Class, for Approval to Notify the Settlement Class, and for Related Relief. Plaintiffs have reached a proposed settlement of their claims with Defendant NDCHealth Corporation d/b/a RelayHealth ("RelayHealth"). The Court, having reviewed the Motion, its accompanying memorandum, and the exhibits thereto, the Settlement Agreement, and the file, hereby:

**ORDERS AND ADJUDGES:**

Preliminary Approval of Settlement Agreement

1. This Court has jurisdiction over this action and each of the parties to the Settlement Agreement. Upon review of the record, the Court finds preliminarily that the proposed Settlement Agreement, which was arrived at by arm's-length negotiations by highly experienced counsel, meets all factors under Rule 23(e)(2) and will therefore likely be granted final approval by the Court, subject to further consideration at the Court's Fairness Hearing. The Court finds that the Settlement encompassed by the Settlement Agreement is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Class, raises no obvious reasons to doubt its

fairness, and raises a reasonable basis for presuming that the Settlement and its terms satisfy the requirements of Federal Rules of Civil Procedure 23(c)(2) and 23(e) and due process so that Notice of the Settlement should be given.

<u>Class Certification</u>

2. The Court finds, preliminarily, that the Settlement Class meets the requirements of Rule 23(a) as well as the requirements of Rule 23(b)(3). As to the requirements of Rule 23(a), the Court preliminarily finds that (1) the Settlement Class certified herein numbers thousands of entities, and joinder of all such entities would be impracticable, (2) there are questions of law and fact common to the Settlement Class; (3) Plaintiffs' claims are typical of the claims of the Settlement Class they seek to represent for purposes of settlement; and (4) Plaintiffs are adequate representatives of the Settlement Class. As to the requirements of Rule 23(b)(3), the Court preliminarily finds that the questions of law and fact common to the Settlement Class predominate over any questions affecting any individual Class Member, and that a class action on behalf of the Settlement Class is superior to other available means of adjudicating this dispute.

3. This Court preliminarily certifies a Settlement Class defined as:

> All pharmacies in the United States and its territories who paid for e-prescriptions routed through the Surescripts network during the period September 21, 2010 through the date of Preliminary Approval. Excluded from the Settlement Class are Defendants and their officers, directors, management, employees, parents, owners, subsidiaries, or affiliates, and all governmental entities.

4. The Court appoints the following law firms as Co-Lead Counsel for the Settlement Class:

> Kenneth A. Wexler (Committee Chair)
> Justin N. Boley
> Wexler Wallace LLP
>
> W. Joseph Bruckner
> Brian D. Clark

Lockridge Grindal Nauen P.L.L.P.

Tyler W. Hudson
Eric D. Barton
Wagstaff & Cartmell, LLP

Daniel E. Gustafson
Michelle J. Looby
Gustafson Gluek PLLC

Robert N. Kaplan
Elana Katcher
Kaplan Fox & Kilsheimer LLP

Jeffrey L. Kodroff
Spector, Roseman & Kodroff P.C.

Karin E. Garvey
Gregory S. Asciolla
Labaton Sucharow LLP

5.      The Court appoints Angeion Group ("Angeion") to serve as the notice and claims administrator for Plaintiffs in this case.

6.      The Court appoints The Huntington National Bank ("Huntington") to serve as the escrow agent and provide escrow services in this case.

<u>Class Notice</u>

7.      The proposed notice plan set forth in Plaintiffs' Motion and the supporting declarations comply with Rule 23(c)(2)(B) and due process as it constitutes the best notice that is practicable under the circumstances, including individual notice via mail as well as email to all members who can be identified through reasonable effort. The notice will be supported by reasonable publication and other notice to reach class members who could not be individually identified through reasonable effort.

8. The Court approves Plaintiffs' program to notify members of the Settlement Class of this settlement.

9. The proposed notice documents and their manner of transmission comply with Rule 23(c)(2)(B) and due process because the notices and forms are reasonably calculated to adequately apprise class members of: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3). Non-substantive changes, such as the correction of typographical errors, can be made to the notice documents by agreement of the parties without leave of the Court. The schedule for submitting claims, requesting exclusion, opting out of the Settlement Class, objecting to the Settlement Agreement, and conducting a Fairness Hearing must be submitted to and approved by the Court before notice is issued.

10. Pursuant to the Settlement Agreement, Plaintiffs will receive from RelayHealth documents sufficient to show the identity of pharmacies in the United States and its territories that contracted with settling defendant RelayHealth for Surescripts e-prescription routing access during the class period. This information will be supplemented by the names and addresses of class members that can be readily obtained by Angeion, which, together with the documents provided by RelayHealth, will likely be sufficient to identify all Settlement Class Members.

Other Provisions

11. Terms used in this Order that are defined in the Settlement Agreement are, unless otherwise defined herein, used as defined in the Settlement Agreement.

4

12.     In aid of the Court's jurisdiction to implement and enforce the proposed Settlement, as of the date of entry of this Order, Plaintiffs and all members of the Class shall be preliminarily enjoined from commencing or prosecuting any action or other proceeding against the Settling Defendant asserting any of the Claims released in Section II(B) of the Settlement Agreement pending final approval of the Settlement Agreement or until such time as this Court lifts such injunction by subsequent order.

13.     The Court's preliminary certification of the Settlement Class as provided herein is without prejudice to the right of any Defendant to contest certification of any other class proposed in these consolidated actions, and the Court's findings in this Order do not bind the Court in ruling on any motion to certify other classes in these actions. No party may cite or refer to the Court's preliminary approval of this Settlement Class (or subsequent final approval of the Settlement Class) as persuasive or binding authority with respect to the certification of any other class.

14.     If the Settlement Agreement is terminated or is ultimately not approved, the Court will modify any existing scheduling orders as necessary to ensure that the Plaintiffs and Settling Defendant will have sufficient time to prepare for the resumption of litigation.

**IT IS SO ORDERED.**

DATED: April 19, 2021

_____
JOHN J. THARP, JR.
United States District Judge

5