# EXHIBIT D

PK

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| *IN RE BROILER CHICKEN ANTITRUST LITIGATION*<br><br>This Document Relates To:<br><br>THE DIRECT PURCHASER PLAINTIFF ACTION | Case No. 1:16-cv-08637<br><br>Hon. Thomas M. Durkin |

## CORRECTED [PROPOSED] ORDER GRANTING DIRECT PURCHASER PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF THE SETTLEMENTS WITH DEFENDANTS PECO FOODS, INC., GEORGE'S, INC., GEORGE'S FARMS, INC., AND AMICK FARMS, LLC

This order corrects and replaces the order granting preliminary approval entered by the Court on December 20, 2019 (Dkt. No. 3359). This Court has held a hearing on Direct Purchaser Plaintiffs' Motion for Preliminary Approval of the Settlements With Defendants Peco Foods, Inc. ("Peco"), George's, Inc. and George's Farms, Inc. ("George's"), and Amick Farms, LLC ("Amick") ("Motion"). Direct Purchaser Plaintiffs ("Plaintiffs") have entered into Settlement Agreements with Defendants Peco, George's, and Amick (collectively "Settlings Defendants"). The Court, having reviewed the Motion, its accompanying memorandum and the exhibits thereto, the Settlement Agreements, and the file, hereby **ORDERS AND ADJUDGES:**

### Preliminary Approval of the Settlements and Certification of Settlement Class

1.      This Court has jurisdiction over this action and each of the parties to the Settlement Agreements. Upon review of the record, the Court finds that the proposed Settlement Agreements, which were arrived at by arm's length negotiations by highly experienced counsel, fall within the range of possible approval and are hereby preliminarily approved, subject to

545326.1

further consideration at the Court's Fairness Hearing. The Court finds that the Settlements Agreements are preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Class, raise no obvious reasons to doubt their fairness, and raise a reasonable basis for presuming that the Settlements and their terms satisfy the requirements of Federal Rules of Civil Procedure 23(c)(2) and 23(e) and due process so that notice of the Settlements should be given to the Settlement Class.

2.      This Court certifies a Settlement Class defined as:

All persons who purchased Broilers directly from any of the Defendants or any co-conspirator identified in this action, or their respective subsidiaries or affiliates for use or delivery in the United States from at least as early as January 1, 2008 until December 20, 2019. Specifically excluded from this Class are the Defendants, the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of any Defendant. Also excluded from this Class are any federal, state or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, any juror assigned to this action, and any co-conspirator identified in this action.

3.      The Court appoints the law firms of Lockridge Grindal Nauen P.L.L.P., and Pearson, Simon & Warshaw, LLP as co-lead counsel for the Settlement Class.

**Approval of the Notice Plan**

4.      The Court hereby directs notice to be distributed to the Settlement Class Members pursuant to Federal Rule of Civil Procedure ("Rule") 23(c)(2).

5.      The proposed notice plan set forth in the Motion and the supporting declarations comply with Rule 23(c)(2)(B) and due process as it constitutes the best notice that is practicable under the circumstances, including individual notice via mail and email to all members who can be identified through reasonable effort. The direct mail and email notice will be supported by reasonable publication notice to reach Settlement Class Members who could not be individually identified.

545326.1                                               2

6.      The attached proposed notice documents: Long Form Notice (Exhibit A), Email Notice (Exhibit B), and Summary Publication Notice (Exhibit C), and their manner of transmission, comply with Rule 23(c)(2)(B) and due process because the notices and forms are reasonably calculated to adequately apprise Settlement Class Members of (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a Settlement Class Member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the Settlement Class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).   Non-substantive changes, such as typographical errors, can be made to the notice documents by agreement of the parties without leave of the Court.

### Schedule for Class Notice and the Fairness Hearing

7.      The Court hereby sets the below schedule for the dissemination of notice to the class, for Settlement Class Members to object to or exclude themselves from the Settlements, and for the Court's Fairness Hearing, at which time the Court will determine whether the Settlement Agreements should be finally approved as fair, reasonable, and adequate. This Court may order the Fairness Hearing to be postponed, adjourned, or continued. If that occurs, the updated hearing date shall be posted on the Settlement Website, but other than the website posting the Parties will not be required to provide any additional notice to Settlement Class Members.

545326.1                                3

| DATE | EVENT |
|---|---|
| | |
| 1. January 8, 2020 | Settlement Administrator to provide direct mail and email notice, and commence the publication notice plan |
| 2. March 9, 2020 | Last day for Settlement Class Members to request exclusion from the Settlement Class; for Settlement Class Members to object to the Settlement; and for Settlement Class Members to file notices to appear at the Fairness Hearing |
| 3. March 19, 2020 | Class Counsel shall file with the Court a list of all persons and entities who have timely and adequately requested exclusion from the Settlement Class |
| 4 April 3, 2020 | Class Counsel shall file motion for final approval of the Settlements and all supporting papers, and Class Counsel and the Settling Defendants may respond to any objections to the proposed Settlements |
| 5. April 17, 2020 at 9:30 a.m. | Final Settlement Fairness Hearing |

## Other Provisions

8.     Terms used in this Order that are defined in the Settlement Agreements are, unless otherwise defined herein, used as defined in the Settlement Agreements.

9.     If the Settlement Agreements are terminated or rescinded in accordance with their provisions, or otherwise do not become Final, then the Settlement Agreements and all proceedings in connection therewith shall be vacated, and shall be null and void, except insofar as expressly provided otherwise in the Settlement Agreements, and without prejudice to the *status quo ante* rights of Plaintiffs, the Settling Defendants, and the members of the Class. The parties shall also comply with any terms or provisions of the Settlement Agreements applicable to termination, rescission, or the Settlements otherwise not becoming Final.

10.     Neither this Order nor the Settlement Agreements shall be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, or regulation or of any liability or wrongdoing by the Settling Defendants or of the truth of any of Plaintiffs' Claims or

allegations, nor shall it be deemed or construed to be an admission nor evidence of Settling Defendants' defenses.

11. All proceedings in the above-captioned action with respect to Settling Defendants and Plaintiffs are stayed until further order of the Court, except as may be necessary to implement the Settlements or comply with the terms thereof.

**IT IS SO ORDERED.**

DATED: ___1/8/2020___

Nunc Pro Tunc
12/20/2019

_____
HON. THOMAS M. DURKIN

# Exhibit A

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

# If you purchased Broiler chicken directly from a Broiler Chicken Producer in the United States from at least as early as January 1, 2008 through December 20, 2019, class action settlements may affect your rights.

### A federal court authorized this notice. This is not a solicitation from a lawyer.

- Three settlements ("Settlements") have been reached in a class action antitrust lawsuit filed on behalf of Direct Purchaser Plaintiffs ("Plaintiffs") of Broiler chicken with the following defendants: Peco Foods, Inc. ("Peco"), George's, Inc. and George's Farms, Inc. ("George's"), and Amick Farms, LLC ("Amick") (collectively "Settling Defendants").

- These proposed Settlements are with these three Settling Defendants only and do not dismiss claims against other Defendants. Several other defendants remain in the case, and Plaintiffs' lawsuit will continue against them in the case entitled *In re Broiler Chicken Antitrust Litigation*, N.D. Ill. Case No. 1:16-cv-08637.

- If approved by the Court, the Settlements will resolve Plaintiffs' claims that the Settling Defendants combined and conspired in restraint of trade, the purpose and effect of which was to suppress competition and to allow the Settling Defendants and other Broiler chicken producers to charge supra-competitive prices for Broilers during the Class Period, in violation of federal law. Settling Defendants deny all allegations of wrongdoing and damages in this lawsuit. If approved, the Settlements will avoid litigation costs and risks to Direct Purchaser Plaintiffs and the Settling Defendants, and will release the Settling Defendants from liability to the class of Direct Purchaser Plaintiffs.

- The Settlements require the Settling Defendants to pay up to the following amounts to benefit the Direct Purchaser Plaintiff Class: Peco $5.15 million, George's $4.25 million, and Amick $3.95 million (collectively $13.35 million).

- Your legal rights are affected whether you act or don't act. Please read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS FOR THE SETTLEMENTS | |
|---|---|
| **OBJECT** | Write to the Court about why you don't like the Settlements. Objections must be postmarked or received by March 9, 2020. |
| **ATTEND THE FAIRNESS HEARING** | Request to speak in Court about the fairness of the Settlements by providing notice by March 9, 2020. |
| **DO NOTHING** | You will remain part of the Settlements, and you may participate in any monetary distribution to qualified purchasers. The Settlements will resolve your claims against the Settling Defendants and you will give up your rights to sue the Settling Defendants about the legal claims in this case. You will be bound by the judgment as to these Settling Defendants. |
| **ASK TO BE EXCLUDED** | This is the only option that allows you ever to be part of any *other* lawsuit against the Settling Defendants about the legal claims in this case. Requests for Exclusion must be postmarked or received by March 9, 2020. |

- **Questions? Read on and visit www.broilerchickenantitrustlitigation.com or call toll-free 1-866-552-1178.**

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION.............................................................................................................3

    1.  Why did I receive a notice?

    2.  What is this lawsuit about?

    3.  What is a class action, and who is involved?

    4.  Why are there settlements in this case?

    5.  What if you received previous communications regarding this Lawsuit?

WHO IS IN THE SETTLEMENT CLASS......................................................................................4

    6.  Am I part of the Settlement Class?

    7.  Are there exceptions to being included in the Settlement Class?

    8.  I'm still not sure if I'm included.

THE SETTLEMENT BENEFITS..................................................................................................5

    9.  What do the Settlements with Peco, George's, and Amick provide?

    10. What are the Settlement benefits being used for?

    11. What am I giving up by staying in the Settlement Class?

    12. What happens if I do nothing at all?

EXCLUDING YOURSELF FROM THE SETTLEMENTS.................................................................5

    13. How do I exclude myself from the Settlements?

    14. If I don't exclude myself, can I sue the Settling Defendants for the same thing later?

OBJECTING TO THE SETTLEMENTS........................................................................................6

    15. How do I tell the Court that I don't like the Settlements?

    16. What is the difference between excluding myself and objecting?

THE LAWYERS REPRESENTING YOU......................................................................................7

    17. Do I have a lawyer in this case?

    18. How will the lawyers be paid?

THE COURT'S FAIRNESS HEARING........................................................................................7

    19. When and where will the Court decide whether to approve the Settlements?

    20. Do I have to come to the hearing?

    21. May I speak at the hearing?

GETTING MORE INFORMATION.............................................................................................8

    22. How do I get more information about the Settlements?

Questions? Call the Settlement Administrator toll-free at 1-866-552-1178 or visit www.broilerchickenantitrustlitigation.com.

# Basic Information

## 1. Why did I receive a notice?

All Defendants including the Settling Defendants produce Broiler chicken. Records from all Defendants show that you may have purchased Broiler chicken products directly from one or more Defendants for use and delivery in the United States between at least as early as January 1, 2008 and December 20, 2019. The list of Defendants is in Section 2 below and in the operative Complaint.

The Court authorized this notice because you have a right to know about the three proposed Settlements of certain claims by Direct Purchaser Plaintiffs against the Settling Defendants in this class action lawsuit and about your options before the Court decides whether to approve these settlements. If the Court approves the Settlements, and after objections and appeals are resolved, you will be bound by the judgment and terms of the Settlements. This notice explains the lawsuit, the Settlements, and your legal rights.

## 2. What is this lawsuit about?

This class action, *In re Broiler Chicken Antitrust Litigation*, N.D. Ill. Case No. 1:16-cv-08637, is pending in the United States District Court for the Northern District of Illinois. U.S. District Court Judge Thomas M. Durkin presides over this class action.

Direct Purchaser Plaintiffs allege that Defendants and their co-conspirators conspired to fix, raise, maintain, and stabilize the price of Broilers, beginning at least as early as January 1, 2008, and that their principal method for doing this was to coordinate their output and limit production, with the intent and expected result of increasing prices of Broilers in the United States, in violation of federal antitrust laws.

The Defendants and co-conspirators named in Direct Purchaser Plaintiffs' Fourth Consolidated Amended Complaint are producers of Broiler chicken and Broiler chicken products in the United States. The Defendants include: Fieldale Farms Corporation; Koch Foods, Inc.; JCG Foods of Alabama, LLC; JCG Foods of Georgia, LLC; Koch Meat Co., Inc.; Tyson Foods, Inc.; Tyson Chicken, Inc.; Tyson Breeders, Inc.; Tyson Poultry, Inc.; Pilgrim's Pride Corporation; Perdue Farms, Inc.; Perdue Foods LLC; Sanderson Farms, Inc.; Wayne Farms, LLC; Mountaire Farms, Inc.; Mountaire Farms, LLC; Mountaire Farms of Delaware, Inc.; Peco Foods, Inc.; Foster Farms, LLC; House of Raeford Farms, Inc.; Simmons Foods, Inc.; George's, Inc.; George's Farms, Inc.; O.K. Foods, Inc.; O.K. Farms, Inc.; O.K. Industries, Inc.; Claxton Poultry Farms, Inc.; Norman W. Fries, Inc.; Harrison Poultry, Inc.; Mar-Jac Poultry, Inc.; Mar-Jac Poultry MS, LLC; Mar-Jac Poultry AL, LLC; Mar-Jac AL/MS, Inc.; Mar-Jac Poultry, LLC; Mar-Jac Holdings, Amick Farms, LLC, Case Foods, Inc., Case Farms, LLC, Case Farms Processing, Inc., and Agri Stats, Inc.

The Court previously approved a settlement between the Direct Purchaser Plaintiffs and Fieldale Farms Corporation. Direct Purchaser Plaintiffs now have reached three proposed settlements with Peco, George's and Amick. The Direct Purchasers' case is proceeding against all other Defendants who have not settled the case. If applicable, you will receive a separate notice regarding the progress of the litigation and any resolution of claims against other Defendants.

The Settling Defendants vigorously and affirmatively deny all allegations of wrongdoing and damages in this lawsuit, and would allege numerous defenses to the Direct Purchaser Plaintiffs' claims if the case against them were to proceed. Nevertheless, the Settling Defendants agreed to settle this action to avoid the further expense, inconvenience, disruption, and burden of this litigation and any other present or future litigation arising out of the facts that gave rise to this litigation, to avoid the risks inherent in uncertain complex litigation and trial, and thereby to put to rest this controversy.

## 3. What is a class action, and who is involved?

In a class action lawsuit, one or more people or businesses called class representatives sue on behalf of others who have similar claims, all of whom together are a "class." Individual Settlement Class Members do not have to file a lawsuit to participate in the class action settlement, or be bound by the judgment in the class action. One court resolves the issues for everyone in the class, except for those who exclude themselves from the class.

Questions? Call the Settlement Administrator toll-free at 1-866-552-1178 or visit www.broilerchickenantitrustlitigation.com.

3

## 4. Why are there settlements in this case?

The Court did not decide in favor either of Direct Purchaser Plaintiffs or the Settling Defendants. Direct Purchaser Plaintiffs believe they may have won at trial and possibly obtained a greater recovery. The Settling Defendants believe they may have won at a trial and that Plaintiffs might recover nothing against them. But trials involve risks to both sides, and therefore Direct Purchaser Plaintiffs and the Settling Defendants have agreed to settle the case. The three Settlements require Peco, George's, and Amick to pay money on behalf of the Direct Purchaser Plaintiff Settlement Class Members. Direct Purchaser Plaintiffs and their attorneys believe the Settlements are in the best interests of all Class Members.

## 5. What if you received previous communications regarding this Lawsuit?

A previous notice went to the Direct Purchaser Class Members regarding the Fieldale settlement. You are permitted to participate in these Settlements regardless of whether you excluded yourself from the Fieldale settlement.

You may have received other communications regarding this lawsuit, including solicitations by other attorneys seeking to represent you as a Direct Action Plaintiff in an individual lawsuit against Defendants. These communications were not approved by the Court and—unlike this notice—did not come from Court-appointed Plaintiffs' Class Counsel. You should carefully review this notice and your rights as a Class Member before deciding whether to opt out or stay in the Class. If you have questions about this litigation and your rights as a Class Member, please contact Co-Lead Class Counsel, whose contact information is listed in question 15 below.

# Who is in the Settlement Class

## 6. Am I part of the Settlement Class?

The Court decided that, for settlement purposes, Settlement Class Members are defined as:

All persons (including businesses and companies) who purchased Broilers directly from any of the Defendants or any co-conspirator identified in this notice, or their respective subsidiaries of affiliates, for use or delivery in the United States from at least as early as January 1, 2008 until December 20, 2019.

If you satisfy these criteria, then you are a Settlement Class Member, subject to the exception listed in Section 7 below.

While the Settlements are only with Peco, George's, and Amick, the Settlement Class includes persons (including businesses and companies) who purchased Broiler chicken from *any* of the Defendants or their co-conspirators. If you are a Settlement Class Member and do not exclude yourself, you will be eligible to participate in these Settlements.

## 7. Are there exceptions to being included in the Settlement Class?

Yes. Specifically excluded from this Settlement Class are the Defendants; the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir, or assign of any Defendant. Also excluded from this Settlement Class are any federal, state, or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, any juror assigned to this action, and any co-conspirator identified in this action.

If you are in one of these categories, you are not a Settlement Class Member and not eligible to participate in the Settlements.

## 8. I'm still not sure if I'm included.

If you are still not sure if you are included, please review the detailed information contained in the Settlement Agreements, available at www.broilerchickenantitrustlitigation.com. You may also call the Settlement Administrator at 1-866-552-1178 or call or write to Co-Lead Counsel at the phone numbers or addresses listed in question 15 below.

Questions? Call the Settlement Administrator toll-free at 1-866-552-1178 or visit www.broilerchickenantitrustlitigation.com.

4

# The Settlement Benefits

## 9.  What do the Settlements With Peco, George's, and Amick provide?

If the Settlements are approved the Settling Defendants will pay up to the following amounts: Peco will pay $5.15 million, George's will pay $4.25 million, and Amick will pay $3.95 million. Collectively, the Settlements provide up to $13.35 million to the Settlement Class Members. The Settling Defendants will also cooperate with Direct Purchaser Plaintiff to authenticate documents in the litigation to be used against other Defendants. The Settlement amounts may be reduced based on the portion of class members who exclude themselves from these Settlements. This is explained in Section II.E.10.b of the Settlement Agreements. Plaintiffs will report to the Court on the number of exclusions and final amount recovered by Settlement Class Members in their motion for final approval.

## 10. What are the Settlement benefits being used for?

A portion of the Settlements' proceeds are being used by the Settlement Administrator to administer the Notice.  The remainder of the Settlements' proceeds will remain available for distributions to Settlement Class Members, any future notice costs, and attorneys' fees, litigation expenses, and incentive awards that the Court chooses to award to Plaintiffs. At this time, Plaintiffs and their counsel are not seeking any attorneys' fees, non-administration expenses, or incentive awards from the Settlements' proceeds.  However, they may do so in the future, subject to additional notice to you and approval by the Court.  Settlement Class Counsel do not intend to distribute any proceeds from the Settlements to qualifying Settlement Class Members at this time, but instead intend to combine any distribution of the Settlements' proceeds with proceeds from future settlements or other recoveries in the litigation.  You will be provided further notice of any such future settlements or recoveries.  In addition, please consult the case website, www.broilerchickenantitrustlitigation.com, regularly for updates on the case.

## 11. What am I giving up by staying in the Settlement Class?

Unless you exclude yourself from one or more of the Settlements, you are staying in the Settlement Class, which means that you can't sue, continue to sue, or be part of any other lawsuit against the Settling Defendants that makes claims based on the same legal issues alleged or could have been alleged in *this* case.  It also means that all Court orders will apply to you and legally bind you. The Released Claims are detailed in the Settlement Agreements, available at www.broilerchickenantitrustlitigation.com.

You are not releasing your claims against any Defendant other than Peco, George's, and Amick by staying in the Settlement Class.

## 12. What happens if I do nothing at all?

If you do nothing, you will remain a member of the Settlement Class, and participate in the Settlements obtained by Direct Purchaser Plaintiffs.

# Excluding Yourself from the Settlements

## 13. How do I exclude myself from the Settlements?

If you do not want the benefits offered by any of the Settlements and you do not want to be legally bound by them, or if you wish to pursue your own separate lawsuit against the Settling Defendants, you must exclude yourself by submitting a written request to the Settlement Administrator stating your intent to exclude yourself from the Settlement Class by March 9, 2020.  You can choose any of the three Settlements you want to exclude yourself from and do not have to exclude yourself from all of the Settlements.

Your Exclusion Request must include the following: (a) your name, including the name of your business which purchased Broiler chicken, and address; (b) a statement that you want to be excluded from the Settlement Class in *In re: Broiler Chicken Antitrust Litigation*, (c) which of the Settlement Agreements you wish to be excluded from; and

Questions? Call the Settlement Administrator toll-free at 1-866-552-1178 or visit www.broilerchickenantitrustlitigation.com.

5

(d) your signature or your attorneys' signature. You must mail or email your Exclusion Request, postmarked or received by March 9, 2020, to: Broiler Chicken Antitrust Litigation, c/o JND Legal Administration, PO Box 91343, Seattle, WA 98111 or info@broilerchickenantitrustlitigation.com.

## 14. If I don't exclude myself, can I sue the Settling Defendants for the same thing later?

No. Unless you exclude yourself from one or more of the Settlement Agreements, you give up the right to sue that Settling Defendant for the claims that Settlement resolves. Thus, if you do not exclude yourself from any of the three Settlement Agreements in this Notice, you give up the right to sue Peco, George's and Amick for the same claims that their Settlements resolve. If you have your own pending lawsuit against any of the Settling Defendants, speak to your lawyer in that lawsuit immediately to determine whether you must exclude yourself from this Settlement Class to continue your own lawsuit against the Settling Defendants.

By staying in the lawsuit you are not releasing your claims in this case against any Defendant other than the Settling Defendants.

# Objecting to the Settlements

## 15. How do I tell the Court that I don't like the Settlements?

If you are a Settlement Class Member and have not excluded yourself from the Settlements, you can object to one or more of the Settlements if you don't like part or all of them. The Court will consider your views.

To object, you must send a letter or other written statement saying that you object to the Direct Purchaser Plaintiffs' Settlements with the Settling Defendants in *In re: Broiler Chicken Antitrust Litigation*, state which of the Settlement you are objecting to, and the reasons why you object to the Settlements. Be sure to include your full name, the name of your business that purchased Broiler chicken, current mailing address, and email address. Your objection must be signed. You may include or attach any documents that you would like the Court to consider. Do not send your written objection to the Court or the judge. Instead, mail the objection to the Settlement Administrator, Co-Lead Counsel, and Counsel for Settling Defendant at the addresses listed below. Your objection must be postmarked no later than March 9, 2020.

| **Settlement Administrator:** | **Direct Purchaser Plaintiffs' Co-Lead Counsel:** | **Direct Purchaser Plaintiffs' Co-Lead Counsel:** |
|---|---|---|
| Broiler Chicken Antitrust Litigation c/o JND Legal Administration PO Box 91343 Seattle, WA 98111 (866) 552-1178 | W. Joseph Bruckner Lockridge Grindal Nauen P.L.L.P. 100 Washington Ave. S., Ste. 2220 Minneapolis, MN 55401 (612) 339-6900 | Bobby Pouya Pearson, Simon & Warshaw, LLP 15165 Ventura Blvd, Suite 400 Sherman Oaks, CA 91403 (818) 788-8300 |
| **Counsel for Defendant Peco:** | **Counsel for Defendant George's:** | **Counsel for Defendant Amick:** |
| Boris Bershteyn Skadden, Arps, Slate, Meagher & Flom LLP FourTimes Square New York, NY 10036 (212) 735-3000 | William L. Greene Stinson LLP 50 South Sixth Street, Suite 2600 Minneapolis, MN 55402 (612) 335-1568 | Howard B. Iwrey Dykema Gossett PLLC 39577 Woodward Ave., Suite 300 Bloomfield Hills, MI 48304 248-203-0700 |

## 16. What is the difference between excluding myself and objecting?

Objecting is telling the Court that you do not like something about the Settlements. You can object only if you do not exclude yourself from the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of

Questions? Call the Settlement Administrator toll-free at 1-866-552-1178 or visit www.broilerchickenantitrustlitigation.com.

6

the Settlement Class or the lawsuit. If you exclude yourself, you have no standing to object because the case no longer affects you.

# The Lawyers Representing You

## 17. Do I have a lawyer in this case?

The Court has appointed Lockridge Grindal Nauen P.L.L.P. and Pearson, Simon & Warshaw, LLP as Co-Lead Counsel on behalf of Direct Purchaser Plaintiffs and Settlement Class Members. Their contact information is provided above in question 15. If you wish to remain a Settlement Class Member, you do not need to hire your own lawyer because Co-Lead Counsel is working on your behalf.

If you wish to pursue your own case separate from this one, or if you exclude yourself from the Settlement Class, these lawyers will no longer represent you. You may need to hire your own lawyer if you wish to pursue your own lawsuit against the Settling Defendants.

## 18. How will the lawyers be paid?

At this time, Co-Lead Counsel are not asking the Court to award any attorneys' fees from the Settlements. In the future, Co-Lead Counsel may ask the Court to award attorneys' fees and reimbursement of reasonable and necessary litigation expenses from the Settlements with the Settling Defendants or any other settlement or other recovery in this litigation. At such time, and prior to any Court approval, Settlement Class Members will be provided with notice of the amount of fees or expenses sought by Class Counsel and the opportunity to be heard by the Court. You will not have to pay any fees or costs out-of-pocket.

# The Court's Fairness Hearing

## 19. When and where will the Court decide whether to approve the Settlements?

The Court will hold a Fairness Hearing to decide whether to approve the Settlements at 9:30 a.m. on April 17, 2020 at the United States District Court for the Northern District of Illinois, Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois in Courtroom 1441. At this hearing, the Court will consider whether the Settlements are fair, reasonable, and adequate. If there are objections, the Court will consider them. You may attend and you may ask to speak, if you make a request as instructed in Paragraph 21, but you don't have to. The Court will listen to people who have asked to speak at the hearing. After the hearing, the Court will decide whether to approve the Settlements. We do not know how long the Court will take to decide. The date of the hearing may change without further notice to the Class, so please check the settlement website for updates.

## 20. Do I have to come to the hearing?

No. Co-Lead Counsel will answer any questions the Court may have. However, you are welcome to come at your own expense. If you send an objection, you do not have to come to court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

## 21. May I speak at the hearing?

You may ask to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *In re: Broiler Chicken Antitrust Litigation*." Be sure to include your name, including the name of your business that purchased Broiler chicken, current mailing address, telephone number, and signature. Your Notice of Intention to Appear must be postmarked no later than March 9, 2020, and it must be sent to the Clerk of the Court, Co-Lead Counsel, and Defense Counsel. The address for the Clerk of the Court is: Clerk of the United States District Court, Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois. The addresses for Co-Lead

Questions? Call the Settlement Administrator toll-free at 1-866-552-1178 or visit www.broilerchickenantitrustlitigation.com.

7

Counsel and Defense Counsel are provided in Question 15. You cannot ask to speak at the hearing if you exclude yourself from the Settlements.

# Getting More Information

## 22. How do I get more information about the Settlements?

This notice summarizes the proposed Settlements. More details are in the Settlement Agreements. You can find a copy of the Settlement Agreements, other important documents, and information about the current status of the litigation by visiting www.broilerchickenantitrustlitigation.com. You may contact the Settlement Administrator at info@broilerchickenantitrustlitigation.com or toll-free at 1-866-552-1178. You may also contact Co-Lead Counsel at the address, phone number, and email address provided in Question 15.

**PLEASE DO NOT CONTACT THE COURT REGARDING THIS NOTICE.**

Questions? Call the Settlement Administrator toll-free at 1-866-552-1178 or visit www.broilerchickenantitrustlitigation.com.

8

# Exhibit B

**From**: info@broilerchickenantitrustlitigation.com
**To**:
**Date**:
**Subject**: Legal Notice re: Broiler Chicken Antitrust Litigation

---

## <u>COURT-APPROVED LEGAL NOTICE</u>

### If you purchased Broiler chicken directly from a Broiler Chicken Producer in the United States from January 1, 2008 through December 20, 2019, three class action settlements may affect your rights.

*Para una notificacion en español, llame gratis al 1-866-552-1178*
*o visite nuestro website www.broilerchickenantitrustlitigation.com.*

Settlements have been proposed between Direct Purchaser Plaintiffs and the following defendants: Peco Foods, Inc. ("Peco"), George's, Inc. and George's Farms, Inc. ("George's"), and Amick Farms, LLC ("Amick") (collectively "Settling Defendants") in a class action antitrust lawsuit about Broiler chickens sold in the United States between January 1, 2008 and December 20, 2019. This Court-ordered notice may affect your rights. Please review and follow the instructions carefully.

The United States District Court for the Northern District of Illinois authorized this notice. Before any money is paid, the Court will hold a hearing to decide whether to approve the Settlements.

### <u>WHO IS INCLUDED?</u>

For settlement purposes, Class Members are defined as all persons (including businesses and companies) who purchased Broilers directly from any of the Defendants or any co-conspirator identified in this action, or their respective subsidiaries or affiliates, for use or delivery in the United States from at least as early as January 1, 2008 until December 20, 2019. If you are not sure you are included, you can get more information, including a detailed notice, at www.broilerchickenantitrustlitigation.com or by calling toll-free 1-866-552-1178.

Specifically excluded from the Class are the Defendants; the officers, directors, or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir, or assign of any Defendant. Also excluded from the Class are any federal, state, or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, any juror assigned to this action, and any co-conspirator identified in this action.

### <u>WHAT IS THIS ABOUT?</u>

The lawsuit claims that Broiler chicken producers including the Settling Defendants combined and conspired in restraint of trade, the purpose and effect of which was to suppress competition and allow them to charge supra-competitive prices for Broilers during the Class Period, in violation of federal law. The Settling Defendants vigorously and affirmatively deny they did anything wrong, and deny that they in any way conspired with competitors to restrain trade or suppressed competition to charge supra-competitive prices. The Court did not decide which side was right, but both sides agreed to the Settlement to resolve the case. The case is still proceeding on behalf of the Direct Purchaser Plaintiffs against all other Defendants who have not settled with the Direct Purchaser Plaintiffs.

### <u>WHAT DOES THE SETTLEMENT PROVIDE?</u>

The Settlements require the Settling Defendants to pay up to the following amounts to the Direct Purchaser Plaintiff Class: Peco $5.15 million, George's $4.25 million, and Amick $3.95 million. Collectively, the Settlements provide up to $13.35 million to the Class Members. The Settling Defendants will also cooperate with Direct Purchaser Plaintiff Class with regard to the authentication of documents in the litigation against other Defendants. Class Counsel are not seeking to recover attorneys' fees and do not plan for distribution of settlement proceeds to the Class Members at this time, but may do so at a future date subject to further notice.

### <u>WHAT ARE YOUR RIGHTS AND OPTIONS?</u>

You do not need to take any action to remain a Class Member and be bound by the Settlements. As a Class Member, you may be able to participate in any future settlement or judgment obtained by Direct Purchaser Plaintiffs against other Defendants in the case who have not yet settled with the Direct Purchaser Plaintiffs. If you don't want to be legally bound by any of the Settlements, you must exclude yourself by **March 9, 2020**, or you won't be able to sue or continue to sue the Settling Defendants about the legal claims in this case. You can participate in or exclude yourself from one of more of the Settlements independently. If you exclude yourself from any of the Settlements, you can't get money from the Settlements. If you stay in the Settlements, you may object to them by **March 9, 2020**. The detailed notice explains how to exclude yourself or object. Details may also be found on the FAQs

page of the settlement website. The Court will hold a hearing in this case (*In re: Broiler Chicken Antitrust Litigation*, Case No. 16-cv-08637) on April 17, 2020 at 9:30 a.m. to consider whether to approve the Settlement. You may ask to speak at the hearing, but you don't have to. The date of the hearing may change without further notice to the Class, so please check the website for updates.

**This notice is only a summary. You can find more details about the Settlement at www.broilerchickenantitrustlitigation.com or by calling toll-free 1-866-552-1178. Please do not contact the Court.**

Case: 1:16-cv-08637 Document #: 3294-4 Filed: 01/02/20 Page 18 of 20 PageID #:248209

# Exhibit C

Case: 1:14-cv-08639 Document #: 32-4 Filed: 04/22/16 Page 19 of 20 PageID #:2479

## COURT-APPROVED LEGAL NOTICE

**If you purchased Broiler chicken directly from a Broiler Chicken Producer in the United States from January 1, 2008 through December 20, 2019, three class action settlements may affect your rights.**

*Para una notificacion in español, llame gratis al 1-866-552-1178*
*o visite nuestro website www.broilerchickenantitrustlitigation.com.*

Settlements have been proposed between Direct Purchaser Plaintiffs and the following defendants: Peco Foods, Inc. ("Peco"), George's, Inc. and George's Farms, Inc. ("George's"), and Amick Farms, LLC ("Amick") (collectively "Settling Defendants") in a class action antitrust lawsuit about Broiler chickens sold in the United States between January 1, 2008 and December 20, 2019. This Court-ordered notice may affect your rights. Please review and follow the instructions carefully.

The United States District Court for the Northern District of Illinois authorized this notice. Before any money is paid, the Court will hold a hearing to decide whether to approve the Settlements.

### WHO IS INCLUDED?

For settlement purposes, Class Members are defined as all persons (including businesses and companies) who purchased Broilers directly from any of the Defendants or any co-conspirator identified in this action, or their respective subsidiaries or affiliates, for use or delivery in the United States from at least as early as January 1, 2008 until December 20, 2019. If you are not sure you are included, you can get more information, including a detailed notice, at www.broilerchickenantitrustlitigation.com or by calling toll-free 1-866-552-1178.

Specifically excluded from the Class are the Defendants; the officers, directors, or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir, or assign of any Defendant. Also excluded from the Class are any federal, state, or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, any juror assigned to this action, and any co-conspirator identified in this action.

### WHAT IS THIS ABOUT?

The lawsuit claims that Broiler chicken producers including the Settling Defendants combined and conspired in restraint of trade, the purpose and effect of which was to suppress competition and allow them to charge supra-competitive prices for Broilers during the Class Period, in violation of federal law. The Settling Defendants vigorously and affirmatively deny they did anything wrong, and deny that they in any way conspired with competitors to restrain trade or suppressed competition to charge supra-competitive prices. The Court did not decide which side was right, but both sides agreed to the Settlement to resolve the case. The case is still proceeding on behalf of the Direct Purchaser Plaintiffs against all other Defendants who have not settled with the Direct Purchaser Plaintiffs.

### WHAT DOES THE SETTLEMENT PROVIDE?

The Settlements require the Settling Defendants to pay up to the following amounts to the Direct Purchaser Plaintiff Class: Peco $5.15 million, George's $4.25 million, and Amick $3.95 million. Collectively, the Settlements provide up to $13.35 million to the Class Members. The Settling Defendants will also cooperate with Direct Purchaser Plaintiff Class with regard to the authentication of documents in the litigation against other Defendants. Class Counsel are not seeking to recover attorneys' fees and do not plan for distribution of settlement proceeds to the Class Members at this time, but may do so at a future date subject to further notice.

### WHAT ARE YOUR RIGHTS AND OPTIONS?

You do not need to take any action to remain a Class Member and be bound by the Settlements. As a Class Member, you may be able to participate in any future settlement or judgment obtained by Direct Purchaser Plaintiffs against other Defendants in the case who have not yet settled with the Direct Purchaser Plaintiffs. If you don't want to be legally bound by any of the Settlements, you must exclude yourself by **March 9, 2020**, or you won't be able to sue or continue to sue the Settling Defendants about the legal claims in this case. You can participate in or exclude yourself from one of more of the Settlements independently. If you exclude yourself from any of the Settlements, you can't get money from the Settlements. If you stay in the Settlements, you may object to them by **March 9, 2020**. The detailed notice explains how to exclude yourself or object. Details may also be found on the FAQs page of the settlement website. The Court will hold a hearing in this case (*In re: Broiler Chicken Antitrust Litigation*, Case No. 16-cv-08637) on April 17, 2020 at 9:30 a.m. to consider whether to approve the Settlement. You may ask to speak at the hearing, but you don't have to. The date of the hearing may change without further notice to the Class, so please check the website for updates.

**This notice is only a summary. You can find more details about the Settlement at www.broilerchickenantitrustlitigation.com or by calling toll-free 1-866-552-1178. Please do not contact the Court.**