# EXHIBIT F

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

IN RE BROILER CHICKEN ANTITRUST
LITIGATION,

This Document Relates To:

THE DIRECT PURCHASER PLAINTIFF
ACTION

Case No.: 1:16-cv-08637

The Honorable Thomas M. Durkin

## ORDER GRANTING DIRECT PURCHASER PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF THE SETTLEMENTS WITH THE MAR-JAC AND HARRISON POULTRY DEFENDANTS

961653.7

This Court has held a hearing on Direct Purchaser Plaintiffs' Motion for Preliminary Approval of the Settlements with Defendants Mar-Jac Poultry, Inc., Mar-Jac Poultry MS, LLC, Mar-Jac Poultry AL, LLC, Mar-Jac AL/MS, Inc., Mar-Jac Poultry, LLC and Mar-Jac Holdings, Inc. (Mar-Jac Holdings, Inc. is incorrectly named in the Complaint as Mar-Jac Holdings, LLC) (collectively, "Mar Jac") and Harrison Poultry, Inc. ("Harrison Poultry") ("Motion"). Direct Purchaser Plaintiffs ("Plaintiffs") have entered into Settlement Agreements with Mar Jac and Harrison Poultry. The Court, having reviewed the Motion, its accompanying memorandum and the exhibits thereto, the Settlement Agreements, and the file, hereby **ORDERS AND ADJUDGES:**

### Preliminary Approval of the Settlements and Certification of Settlement Class

1.      This Court has jurisdiction over this action and each of the parties to the Settlement Agreements. Upon review of the record, the Court finds that the proposed Settlement Agreements, each of which was arrived at by arm's length negotiations by highly experienced counsel, falls within the range of possible approval and each one is hereby preliminarily approved, subject to further consideration at the Court's Fairness Hearing. The Court finds that the Settlement Agreements are preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class, raise no obvious reasons to doubt their fairness, and raise a reasonable basis for presuming that the Settlements and their terms satisfy the requirements of Federal Rules of Civil Procedure 23(c)(2) and 23(e) and due process so that notice of the Settlements should be given to the Settlement Class.

2.      This Court certifies a Settlement Class defined as:

All persons who purchased Broilers directly from any of the Defendants or any co-conspirator identified in this action, or their respective subsidiaries or affiliates for use or delivery in the United States from at least as early as January 1, 2008 until December 20, 2019. Specifically excluded from the Settlement Class are the

961653.7

2

Defendants; the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of any Defendant. Also excluded from this Settlement Class are any federal, state, or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

3.      The Court appoints the law firms of Lockridge Grindal Nauen P.L.L.P., and Pearson, Simon & Warshaw, LLP as Co-Lead Counsel for the Settlement Class.

### Approval of the Notice Plan

4.      The Court hereby directs notice to be distributed to the Settlement Class members pursuant to Federal Rule of Civil Procedure ("Rule") 23(c)(2). A.B. Data Ltd. is hereby appointed as Claims Administrator and ordered to effectuate the notice plan. US Bank is hereby appointed as the Escrow Agent for the Settlements.

5.      The proposed notice plan set forth in the Motion and the supporting declarations comply with Rule 23(c)(2)(B) and due process as it constitutes the best notice that is practicable under the circumstances, including individual notice via mail and email to all members who can be identified through reasonable effort. The direct mail and email notice will be supported by reasonable publication notice to reach Settlement Class members who could not be individually identified.

6.      The attached proposed notice documents: Long Form Notice (Exhibit "A"), Email Notice (Exhibit "B"), and Summary Publication Notice (Exhibit "C"), and their manner of transmission, comply with Rule 23(c)(2)(B) and due process because the notices and forms are reasonably calculated to adequately apprise Settlement Class members of (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a Settlement Class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the Settlement Class any member who requests exclusion; (vi)

961653.7                                              3

the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3). Non-substantive changes, such as typographical errors, can be made to the notice documents by agreement of the parties without leave of the Court.

<b><u>Schedule for Class Notice and the Fairness Hearing</u></b>

7.      The Court hereby sets the below schedule for the dissemination of notice to the class, for Settlement Class members to object to or exclude themselves from the Settlement, and for the Court's Fairness Hearing, at which time the Court will determine whether the Settlement Agreements should be finally approved as fair, reasonable, and adequate. The Fairness Hearing may take place remotely via telephone or video conference. This Court may order the Fairness Hearing to be postponed, adjourned, or continued. If that occurs, the updated hearing date shall be posted on the Settlement Website, but other than the website posting the Parties will not be required to provide any additional notice to Settlement Class members.

| DATE | EVENT |
|---|---|
| 1. October 22, 2021 | Settlement Administrator to provide direct mail and email notice, and commence the publication notice plan. |
| 2. December 21, 2021 (60 days after the mailing of Notice) | Last day to request exclusion from the Settlement Class; object to the Settlements; and file notices to appear at the Fairness Hearing. |
| 4. January 3, 2022 (13 days after last day to request exclusion from the settlement) | Class Counsel shall file with the Court a list of all persons and entities who have timely and adequately requested exclusion from the Settlement Class. |
| 5. January 11, 2022 (14 days before Fairness Hearing) | Class Counsel shall file a motion for final approval of the Settlements and all supporting papers, and Class Counsel and the Settling Defendants may respond to any objections to the proposed Settlements. |
| 6. January 25, 2022 at 1:00 p.m. Central Time | Final Settlement Fairness Hearing. |

961653.7

4

**Other Provisions**

8.      Terms used in this Order that are defined in the Settlement Agreements are, unless otherwise defined herein, used as defined in the Settlement Agreements.

9.      If the Settlement Agreements are not finally approved, then they and all proceedings in connection therewith shall be vacated, and shall be null and void, except insofar as expressly provided otherwise in the Settlement Agreements, and without prejudice to the *status quo ante* rights of Plaintiffs, the Settling Defendants, and the members of the Class. The parties shall also comply with any terms or provisions of the Settlement Agreements applicable to termination, rescission, or the Settlements otherwise not becoming Final.

      **IT IS SO ORDERED.**

DATED: __October 5, 2021__

_Thomas M. Durkin_

      HON. THOMAS M. DURKIN