# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| *In re PVC Pipe Antitrust Litigation* | Case No. 1:24-cv-07639 |
| This Document Relates to: | Hon. LaShonda A. Hunt |
| Non-Converter Seller Purchaser Class | |

## JOINT DECLARATION OF BRIAN D. CLARK AND KARIN E. GARVEY IN SUPPORT OF NON-CONVERTER SELLER PURCHASER CLASS PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT WITH ATKORE DEFENDANTS AND RELATED RELIEF

Pursuant to 28 U.S.C. §1746, I, Brian D. Clark, declare as follows:

1.      I am a partner at the law firm of Lockridge Grindal Nauen PLLP ("Lockridge Grindal Nauen"). This Court appointed Lockridge Grindal Nauen and Scott+Scott Attorneys at Law LLP as Interim Co-Lead Class Counsel for the Non-Converter Seller Purchaser Class in this Action. This Declaration is based upon my personal knowledge and experience, and, if called on to do so, I could and would testify competently thereto.

Pursuant to 28 U.S.C. §1746, I, Karin E. Garvey, declare as follows:

2.      I am a partner at the law firm of Scott+Scott Attorneys at Law LLP ("Scott+Scott"). This Court appointed Lockridge Grindal Nauen and Scott+Scott as Interim Co-Lead Class Counsel for the Non-Converter Seller Purchaser Class in this Action. This Declaration is based upon my personal knowledge and experience, and, if called on to do so, I could and would testify competently thereto.

Pursuant to 28 U.S.C. §1746, we, Brian D. Clark and Karin E. Garvey, declare as follows:

3.      Unless otherwise defined herein, all capitalized terms have the meanings ascribed to them in the Settlement Agreement, dated April 28, 2026 ("Settlement Agreement" or "Settlement"), which is attached as **Exhibit 1** to this Joint Declaration. Unless otherwise noted, ECF cites are to the docket in this Action, and all internal citations and quotations are omitted.

4.      We submit this Joint Declaration in support of Plaintiffs' Motion, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for preliminary approval of the Settlement between Plaintiffs George Bavolak, Delta Line Construction Co., TC Construction, Inc., Blake Wrobbel, Stephen Bell, Bell Electric, LLC, Russell Jacobs, Kecia Newton, Alpha and Omega Development LLC, Eric Wasman, Adam Kennedy, My Flooring, Inc., and Victor Silva (collectively, the "NCSPs" or "Plaintiffs") and Defendants Atkore Inc., Atkore International, Inc., Atkore Plastic

Pipe Corp., Atkore RMCP, Inc., and Allied Tube & Conduit Corporation ("Atkore" and together with NCSPs, the "Parties").

5. The Settlement provides for a total of $64,000,000 in cash and Atkore's agreement to provide extensive cooperation, which we believe will assist NCSPs in pursuing their claims against the remaining Defendants. If approved, the Settlement will resolve the Action against Atkore.

6. Based on NCSP counsel's analysis, Atkore's market share is between 6% and 7% of the NCSP class. Importantly, all commerce associated with the alleged conspiracy remains in the case, as the other Defendants remain jointly and severally liable for any damages caused by Atkore's conduct.

7. Importantly, the amount of sales by Atkore to the Distributor Co-Conspirators (Core & Main Inc., Ferguson Enterprises, Inc., Fortiline Waterworks, Hajoca Corporation, Porter Pipe & Supply Co., and United Pipe & Steel Corp.) is *de minimis* (less than 2%). Therefore, this Settlement is all the more valuable as it leaves unsettled and within the NCSP Class such sales that are subject to the *Illinois Brick* co-conspirator exception and are treated as direct claims for NCSP class members.

## I. LITIGATION BACKGROUND

8. Interim Co-Lead Counsel's extensive pre-suit investigation, done prior to the U.S. Department of Justice ("DOJ") publicly revealing its parallel investigation, led to the filing of the first three class action complaints in this consolidated action, alleging an industry-wide conspiracy involving Converter Defendants, Atkore, and certain named and unnamed co-conspirators.

9. On September 30, 2024, the Court granted NCSPs' motion (i) appointing Lockridge Grindal Nauen and Scott+Scott as Interim Co-Lead Counsel for a putative class consisting of "all

2

purchasers of PVC Pipes through a non-converter seller" and (ii) consolidating all actions alleging such purchases under Interim Co-Lead Counsel's leadership. ECF No. 122, *as amended*, ECF No. 164.

10.     Since filing the initial complaints in this Action, Interim Co-Lead Counsel have appeared at multiple in-person hearings, coordinated with all parties on consolidation and case deadlines, ensured service of the complaints, held a discovery conference with all defense counsel, served discovery, opposed Defendants' motions to dismiss, coordinated with DOJ on a limited stay of discovery, settled with Defendant Oil Price Information Service ("OPIS"), participated in multiple proffers and reviewed documents produced by OPIS in connection with that settlement, filed a robust amended complaint bolstered by information learned from the OPIS documents, and vetted potential class representatives.

11.     On October 30, 2024, NCSPs filed the First Consolidated Class Action Complaint ("Complaint"). ECF Nos. 179 (sealed version) and 180 (public redacted version). The depth and detail of the allegations in the Complaint showcase Interim Co-Lead Counsel's extensive investigation which spanned numerous fronts—legal, factual, and economic—and entailed substantial resources, in both attorney time and monetary expense. Interim Co-Lead Counsel held discussions with class members and other industry participants, developed sources, collected relevant information, retained expert economists, and conducted considerable industry research.

12.     On November 7, 2024, DOJ's inquiry into price-fixing in the PVC Pipe industry was publicly disclosed for the first time when defendant Otter Tail[1] revealed that it had received a federal criminal grand jury inquiry into price-fixing in the PVC pipe industry. Subsequently,

---

[1] https://www.nasdaq.com/articles/otter-tail-lower-after-disclosing-receipt-doj-subpoena-pvc-pipe-probe (last visited June 2, 2025).

Defendants Atkore[2] and Westlake[3] have also confirmed that they too received criminal grand jury subpoenas.

13.     On May 5, 2025, NCSPs and DPPs informed the Court that they had reached proposed settlements with OPIS. ECF Nos. 282-83. Following the notification, NCSPs and OPIS negotiated the Long-Form Settlement Agreement, which was executed on May 16, 2025.

14.     On May 8, 2025, the proposed End-User Plaintiffs ("EUPs") class counsel raised concerns regarding potential intraclass conflict within the NCSP class and moved the Court to create a separate end-user class. Subsequently, the Court granted the motion and created the EUP class which included: (1) all public water systems who purchased for end-use; (2) public wastewater systems who purchased PVC for end-use; (3) all suppliers of public energy or electricity, in connection with the supply of electricity for public consumption; or (4) individuals who purchased PVC product from a seller, who purchased indirectly from a Converter Defendant on June 6, 2025. ECF No. 307.

15.     On June 23, 2025, the Court granted EUPs' motion appointing Fegan Scott LLC and Pearson Warshaw, LLP as Interim Co-Lead Counsel for a putative class consisting of "end-users of PVC Pipe who purchased through a non-converter seller." ECF Nos. 307, 340.

16.     On July 17, 2025, the Court granted Preliminary Approval of the OPIS Settlement. ECF No. 362. Subsequently, the Court granted the NCSP Notice Plan on July 31, 2025.

17.     On August 18, 2025, NCSPs, DPPs and EUPs each filed detailed amended complaints, incorporating information learned from the materials they had received from OPIS.

---

[2]     https://www.msn.com/en-us/money/companies/Atkore-receives-doj-subpoena-over-product-pricing/ar-AA1z5lcP (last visited June 2, 2025).

[3]     https://www.ft.com/content/de2ac6e1-c5ef-4b0a-aa70-c936c46fe9f3 (last visited June 2, 2025).

4

ECF Nos. 391, 394, 398. Defendants[4] moved to dismiss by November 11, 2025. *See* ECF Nos. 534, 538, 549, 552, 555, 567, 571, 575. All motion to dismiss briefing was completed by January 26, 2026. The Court has indicated it is endeavoring to rule on the fully briefed motions to dismiss by July 1, 2026. ECF No. 671.

## II.    SETTLEMENT NEGOTIATIONS

18.    NCSPs' settlement posture was informed by Interim Co-Lead Counsel's extensive factual investigation that preceded the Settlement, including review of tens of thousands of pages of documents produced by OPIS as part of its settlement, discussions with class members and other industry participants, developing sources, collecting relevant information, retaining expert economists, and conducting considerable industry research. Interim Co-Lead Counsel comprehensively vetted the factual record, analyzed Atkore's arguments and contrary facts, and thoroughly considered the costs and risks of ongoing litigation. Interim Co-Lead Counsel, who have extensive experience litigating antitrust class actions, were well informed of the strengths and weaknesses of the claims and defenses in this Action and conducted the settlement negotiations seeking to achieve the best possible result for the Settlement Class in light of the risks, costs, and delays of continued litigation.

19.    The Parties negotiated the Settlement over the course of three months, beginning in January 2026 when Atkore, through its experienced and respected counsel at Mayer Brown (Britt Miller) initially approached NCSP Interim Co-Lead Counsel and expressed an interest in exploring a potential resolution of the case. The negotiations were hard-fought over both the monetary and non-monetary (e.g., cooperation) components of the Settlement. Over the course of many phone

---

[4] Pre-Existing Defendants moved to dismiss on October 30, 2025; New Defendants moved to dismiss on November 11, 2025.

calls and a 10-hour in-person mediation session with mediator Miles Ruthberg,[5] the Parties reached a settlement agreement executed on April 28, 2026. At all times, the negotiations were at arm's length, and counsel zealously advocated for their respective clients.

### III. COOPERATION

20. In addition to agreeing to pay $64,000,000 in monetary consideration, Atkore has agreed to provide NCSPs as part of the Settlement extensive cooperation in their ongoing prosecution of claims against the remaining Defendants. Atkore's cooperation includes providing NCSPs with: (a) four depositions; (b) three live trial witnesses, in the event that NCSPs' claims against any of the remaining Defendants proceed to trial; (c) all documents produced by Atkore to DOJ in connection with DOJ's investigation; (d) collection and search of five document custodians' files that NCSP counsel selects; and (e) declarations to establish the authenticity and admissibility of Atkore's documents.

21. The value of Atkore's cooperation is critical at this juncture of the lawsuit. While NCSPs have obtained highly valuable information from OPIS, to date NCSPs do not have access to the Converter Defendants' files. This is significant because only through such access can NCSPs gain (a) an understanding of how information from OPIS was used to make decisions and (b) visibility into communications between Converter Defendants that did not flow through OPIS. This information will allow NCSPs to streamline discovery through knowing far more than usual about the who, what, where, and when of the alleged conspiracy.

---

[5] The Parties selected Miles Ruthberg of Phillips ADR to serve as mediator. Mr. Ruthberg is a former Global Chair of Latham & Watkins LLP's Litigation & Trial Department and a law clerk to Justice Thurgood Marshall, who has personally closed over $4 billion in settlements across antitrust, securities, and complex commercial matters and is widely regarded as one of the preeminent mediators in the country.

## IV.      SELECTION OF ESCROW AGENT AND SETTLEMENT ADMINISTRATOR

22.      Interim Co-Lead Counsel propose Kroll Settlement Administration ("Kroll") to serve as Settlement Administrator, having the duties and responsibilities as described in the Settlement Agreement. Interim Co-Lead Counsel previously selected Kroll after reviewing the available options and undertaking a rigorous bidding process consisting of bids from four experienced settlement administration firms. As indicated in the Reed Declaration, Kroll has been in the business of administering class action settlements for decades and has administered hundreds of class action settlements, including many well-known antitrust settlements. Interim Co-Lead Counsel believe Kroll is qualified to serve as Settlement Administrator and request that the Court approve this selection. The Court previously appointed Kroll as Settlement Administrator in connection with the OPIS Settlement. ECF No. 374.

23.      Interim Co-Lead Counsel propose Huntington National Bank ("HNB") to serve as Escrow Agent, having the duties and responsibilities as described in the Settlement Agreement. HNB was established in 1866, holds over $60 billion in assets, and has more than 700 branches nationwide. HNB's National Settlement Team has handled more than 1,000 settlements for law firms, claims administrators, and regulatory agencies. *See, e.g.*, *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Practices & Antitrust Litig.*, No. 2:17-md-02785, ECF No. 2590-1 (D. Kan.) (preliminary approval motion seeking appointment of Huntington Bank as escrow agent) (Joint Decl., Ex. 4); *id.* at ECF No. 2594 (order granting preliminary approval) (Joint Decl., Ex. 5); *In re Solodyn (Minocycline Hydrochloride) Antitrust Litig.*, No. 1:14-md-02503, ECF No. 1145 (D. Mass. Apr. 5, 2018) (appointing Huntington Bank as escrow agent) (Joint Decl., Ex. 6). Interim Co-Lead Counsel believe HNB is qualified to serve as Escrow Agent and request that the Court

7

approve our selection. The Court previously appointed Huntington as Escrow Agent in connection with the OPIS Settlement. ECF No. 362.

## V.     MISCELLANEOUS

24.     This Declaration and the Memorandum attach a number of relevant unpublished cases, which are attached as exhibits to this declaration as noted below:

a.  **Exhibit 2:** *In re Broiler Antitrust Litigation*, 1:16-cv-08637, ECF No. 462 (N.D. Ill. Aug. 8, 2017).

b.  **Exhibit 3:** *In re Turkey Antitrust Litigation*, No. 1:19-cv-08318 (KLH), ECF No. 1100-1 (N.D. Ill. Jan. 15, 2025).

c.  **Exhibit 4:** *In re EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices & Antitrust Litigation*, No. 2:17-md-02785, ECF No. 2590-1 (D. Kan.).

d.  **Exhibit 5**: *In re EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices & Antitrust Litigation*, No. 2:17-md-02785, ECF No. 2594 (D. Kan.).

e.  **Exhibit 6:** *In re Solodyn (Minocycline Hydrochloride) Antitrust Litigation*, No. 1:14-md-02503, ECF No. 1145 (D. Mass. Apr. 5, 2018).

## VI.     CONCLUSION

25.     For the reasons set forth herein, in Plaintiffs' motion for preliminary approval of the Settlement, and in the documents filed in support thereof, we believe the Settlement is fair, reasonable, and adequate and will substantially advance NCSPs' knowledge of acts taken in furtherance of the conspiracy by the remaining Converter Defendants. As such, we believe that the Court should grant Plaintiffs' motion for preliminary approval of the Settlement and to certify, for purposes of effectuating the Settlement, the Settlement Class.

* * *

8

I declare under penalty of perjury that, to the best of my knowledge, the foregoing is true and correct. Executed on the 29th day of April, 2026 in Minneapolis, Minnesota.

*/s/ Brian D. Clark*
Brian D. Clark

I declare under penalty of perjury that, to the best of my knowledge, the foregoing is true and correct. Executed on the 29th day of April, 2026 in New York, New York.

*/s/ Karin E. Garvey*
Karin E. Garvey

9