# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **IN RE: EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation** | **MDL No:  2785**<br><br>**Case No. 17-md-2785-DDC-TJJ** |
| **(This Document Applies to Consumer Class Cases)** | |

**ORDER (I) PRELIMINARILY APPROVING SETTLEMENT UNDER**
**FED. R. CIV. P. 23(e)(1), (II) APPOINTING THE SETTLEMENT ADMINISTRATOR,**
**(III) APPROVING FORM AND MANNER OF NOTICE TO CLASS MEMBERS,**
**(IV) SCHEDULING A FINAL FAIRNESS HEARING TO CONSIDER FINAL**
**APPROVAL OF THE SETTLEMENT, AND (V) GRANTING RELATED RELIEF**

An MDL proceeding entitled *In re EpiPen (Epinephrine Injection, USP) Marketing,*

*Sales Practices and Antitrust Litigation*, Civil Action No. 2:17-md-02785-DDC-TJJ (D. Kan.)

(the "Action") is pending before this court.  Plaintiff Class Representatives, on behalf of the

certified Class, have filed a motion under Federal Rule of Civil Procedure 23(e).  Doc. 2590.

The motion asks the court to enter an order preliminarily approving the Settlement of this Action

against Defendants Mylan N.V., Mylan Specialty L.P., Mylan Pharmaceuticals Inc., and Heather

Bresch (collectively, "Mylan"), in accordance with a Stipulation of Class Action Settlement

dated as of February 27, 2022 (the "Settlement Agreement"), which, together with the Exhibits

attached to it, sets forth the terms and conditions for a proposed Settlement of the Action and

Other Actions against Mylan and Viatris Inc. (collectively, the "Mylan Defendants") and for

dismissal of the Action and Other Actions with prejudice against the Mylan Defendants upon the

terms and conditions set forth therein.  The court has read and considered the Settlement

Agreement and the Exhibits attached to it.  Also, the court held a hearing on the motion on

March 11, 2022.  Now, the court considers whether it should grant preliminary approval of that

Settlement Agreement under Rule 23(e).

Rule 23(e) permits the parties to settle the claims of a certified class action, but "only

with the court's approval."  And, the court may approve a settlement only upon finding that it is

"fair, reasonable, and adequate[.]"  Fed. R. Civ. P. 23(e)(2).  The Tenth Circuit has identified

four factors that a district court must consider when assessing whether a proposed settlement is

"fair, reasonable, and adequate":

(1)     whether the proposed settlement was fairly and honestly negotiated;
(2)     whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt;
(3)     whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and
(4)     the judgment of the parties that the settlement is fair and reasonable.

*Rutter & Willbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002).

The settlement approval process typically transpires in two phases.  *First*, the court

considers whether preliminary approval of the settlement is appropriate.  William B. Rubenstein,

*Newberg on Class Actions* § 13:10 (5th ed.); *Freebird, Inc. v. Merit Energy Co.*, No. 10-1154-

KHV, 2012 WL 6085135, at *4 (D. Kan. Dec. 6, 2012).  "If the Court grants preliminary

approval, it directs notice to class members and sets a hearing at which it will make a final

determination on the fairness of the class settlement."  *In re Motor Fuel Temperature Sales*

*Pracs. Litig.*, 286 F.R.D. 488, 492 (D. Kan. 2012); *see also Newberg on Class Actions* § 13:10

("[T]he court's primary objective [at the preliminary approval stage] is to establish whether to

direct notice of the proposed settlement to the class, invite the class's reaction, and schedule a

final fairness hearing."  *Second*, "taking account of all of the information learned during [the

preliminary approval] process, the court decides whether or not to give 'final approval' to the

settlement."  *Newberg on Class Actions* § 13:10.

Because preliminary approval is just the first step of the approval process, courts apply a "less stringent" standard than they apply at the final approval stage. *Freebird*, 2012 WL 6085135, at \*5. "[D]istrict courts have developed a jurisprudence whereby they undertake some review of the settlement at preliminary approval, but perhaps just enough to ensure that sending notice to the class is not a complete waste of time." *Newberg on Class Actions* § 13:10. "The general rule [is] that a court will grant preliminary approval where the proposed settlement [is] neither illegal nor collusive and is within the range of possible approval." *Id.* (internal citation omitted). "While the Court will consider [the Tenth Circuit's] factors in depth at the final approval hearing, they are a useful guide at the preliminary approval stage as well." *In re Motor Fuel Temperature Sales Pracs. Litig.*, 286 F.R.D. at 502–03.

Applying this governing legal standard, the court grants the Motion for Preliminary Approval of Settlement (Doc. 2590), as follows:

**IT IS HEREBY ORDERED:**

1.      The court has reviewed the Settlement Agreement and preliminarily approves the Settlement between Plaintiffs and the Mylan Defendants set forth therein as fair, reasonable, and adequate, subject to further consideration at the Fairness Hearing described below.

2.      As the court previously certified in its Memorandum and Order dated February 27, 2020 (ECF No. 2018-1), the classes are defined as follows, which are collectively referred to as the "Class":

> All persons and entities in the United States who paid or provided reimbursement for some or all of the purchase price of Branded or authorized generic EpiPens for the purpose of consumption, and not resale, by themselves, their family member(s), insureds, plan participants, employees, or beneficiaries, at any time between August 24, 2011, and November 1, 2020;

> All persons and entities in the Antitrust States who paid or provided reimbursement for some or all of the purchase price of Branded EpiPens at any

time between January 28, 2013, and November 1, 2020, for the purpose of consumption, and not resale, by themselves, their family member(s), insureds, plan participants, employees, or beneficiaries.

The "Antitrust States" are:  Alabama, California, Florida, Hawaii, Illinois, Kansas, Maine, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Hampshire, New York, North Carolina, Tennessee, and Utah.

The following groups are excluded from the Class:

a.    Defendants and their officers, directors, management, employees, subsidiaries, and affiliates;

b.    Government entities, other than government-funded employee benefit plans;

c.    Fully insured health plans (i.e., plans that purchased insurance that covered 100% of the plan's reimbursement obligations to its members);

d.    "Single flat co-pay" consumers who purchased EpiPens or generic EpiPens only via a fixed dollar co-payment that is the same for all covered devices, whether branded or generic (*e.g.*, $20 for all branded and generic devices);

e.    Consumers who purchased or received EpiPens or authorized generic equivalents only through a Medicaid program;

f.    All persons or entities who purchased branded or generic EpiPens directly from defendants;

g.    The judges in this case and members of their immediate families;

h.    All third-party payors who own or otherwise function as a Pharmacy Benefit Manager or control an entity who functions as a Pharmacy Benefit Manager; and

i.    Individual consumers whose only purchases of an EpiPen occurred before March 13, 2014 (the Generic Start Date).

3.    Also excluded from the Class are those persons and entities who timely and validly requested exclusion from the Class under the court's Memorandum and Order dated October 13, 2020 (Doc. 2240), and are listed on Exhibit F to Class Plaintiffs' Final Status Report

Re Implementation of Class Notice (Doc. 2323-1) as well as those persons excluded from the

Class as set forth in the Pfizer Final Judgment (Doc. 2507 at 8).

4.      The court preliminarily finds that the court should approve the proposed

Settlement of the Action between Plaintiff Class Representatives and Mylan because:  (i) it is the

result of serious, extensive arm's-length and non-collusive negotiations; (ii) it falls within a

range of reasonableness warranting final approval; (iii) it suffers no obvious deficiencies; and

(iv) the proposed settlement deserves notice of the proposed Settlement to Class Members and

further consideration at the Fairness Hearing described below.

5.      The court will conduct a Fairness Hearing on July 6, 2022 at 9:30 a.m., Central

Time, at the United States District Court for the District of Kansas, 500 State Avenue, Kansas

City, Kansas 66101, Courtroom 643, (A) to determine (i) whether the proposed Settlement of the

Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable,

and adequate to the Class and should be finally approved by the court; (ii) whether the proposed

Final Judgment and Order of Dismissal with Prejudice as provided under the Settlement

Agreement should be entered as to the Mylan Defendants; (iii) whether the proposed Plan of

Allocation is fair, reasonable, and adequate and should be approved; (iv) the amount of

attorneys' fees, costs, and expenses that the court should award to Class Counsel; and (v) any

service award to Plaintiff Class Representatives; (B) to hear any objections by Class Members to

(i) the Settlement or Plan of Allocation; (ii) the award of attorneys' fees and expenses to Class

Counsel; and (iii) service awards to Plaintiff Class Representatives; and (C) to consider such

other matters the court deems appropriate.  The court may adjourn the Fairness Hearing without

further notice to the Class Members.

6.      The court approves the form and content of the Notice substantially in the form annexed as Exhibit B to the Settlement Agreement.

7.      The court approves the form and content of the Summary Notice and Proof of Claim forms (together, the "Notice Package"), substantially in the forms annexed as Exhibits C and D to the Settlement Agreement, respectively.

8.      The court finds that the distribution and publication of the Notice and Notice Package substantially in the manner and form set forth in ¶¶ 10, 11 of this Order:  (a) constitute the best notice to Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement Agreement and of the Settlement and to apprise Class Members of their right to object to the proposed Settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive such notice; and (d) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c)–(e)), the United States Constitution (including the Due Process Clause), the Rules of this court, and other applicable law.

9.      The firm of A.B. Data, Ltd. ("Settlement Administrator") is appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below.

10.     Not later than five business days after entry of this order (the "Notice Date"), the Settlement Administrator shall commence distributing the Notice Package to all Class Members who it can identify with reasonable effort and post it on the case-designated website, www.EpiPenClassAction.com, according to the Notice Plan in the Declaration of Eric Schachter filed in support of Preliminary Approval.

11. Not later than the Notice Date, the Settlement Administrator shall publish the Summary Notice, according to the Notice Plan in the Declaration of Eric Schachter filed in support of Preliminary Approval.

12. At least seven (7) calendar days prior to the Fairness Hearing, Class Counsel shall serve on Mylan's counsel and file with the court proof, by affidavit or declaration, of such distribution and publishing.

13. The Settlement Fund shall pay all fees and expenses incurred in identifying and notifying Class Members and in no event shall any of the Mylan Defendants' Released Parties bear any responsibility or liability for such fees or expenses.

14. The Settlement Administrator shall submit a projected budget to Class Counsel for performing its duties and shall not make expenditures that exceed the projected budget by more than five percent without the prior approval of Class Counsel.  Consistent with the requirements of Rules 1, 23, and due process, the Settlement Administrator shall coordinate to minimize costs in effectuating its duties.

15. All determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Class, shall bind all Class Members regardless of whether such persons or entities seek or obtain by any means, including, without limitation, by submitting a Proof of Claim or any similar documentation, any distribution from the Settlement Fund or the Net Settlement Fund.

16. Class Members who wish to participate in the Settlement shall complete and submit Proofs of Claim in accordance with the instructions contained therein.  Unless the court orders otherwise, Class Members must postmark or submit electronically all Proofs of Claim, no later than July 25, 2022.  Any Class Member who submits a Proof of Claim shall reasonably

7

cooperate with the Settlement Administrator, including by promptly responding to any inquiry made by the Settlement Administrator.  Any Class Member who does not timely submit a Proof of Claim within the time provided shall be barred from sharing in the distribution of the proceeds of the Settlement but shall nonetheless be bound by the Settlement Agreement, the Judgment, and the releases therein, unless otherwise ordered by the court.  Notwithstanding the foregoing, the Settlement Administrator may, in its discretion, accept late-submitted claims for processing so long as distribution of the Net Settlement Fund to Class Members is not materially delayed thereby.

17.    Each Class Member must submit the Proof of Claim that:  (a) is properly completed, signed, and submitted in a timely manner in accordance with the preceding paragraph; (b) is deemed adequate by the Settlement Administrator or Class Counsel; (c) if the person executing the Proof of Claim is acting in a representative capacity, include a certification of his or her current authority to act on behalf of the claimant; (d) is complete and contains no deletions or modifications of any of the printed matter contained therein; and (e) is signed under penalty of perjury.  As part of the Proof of Claim, each claimant shall submit to the jurisdiction of the court with respect to the claim submitted.

18.    Class Members who previously submitted a claim in connection with the settlement with the Pfizer Defendants in this Action shall not be required to submit a new claim in this Settlement, and the Distribution Amount for any Class Member's share of the Net Settlement Fund from this Settlement shall be combined with the Distribution Amount from the settlement with the Pfizer Defendants, if any, such that the Settlement Administrator may make one payment to each Class Member who submitted a timely and valid claim.  Class Members

8

who did not previously submit a claim in connection with the settlement with the Pfizer

Defendants in this Action shall only receive a payment for this Settlement.

19.     Any Class Member may enter an appearance in the Action, at the Class Member's

own expense, individually or through counsel of the Class Member's own choice.  If a Class

Member does not enter an appearance, Class Counsel will continue to represent that Class

Member.

20.     Any Class Member may appear at the Fairness Hearing and show cause why the

court should or should not approve the proposed Settlement of the Action as fair, reasonable, and

adequate, why the court should or should not enter a judgment thereon, why the court should or

should not approve the Plan of Allocation, why the court should or should not award attorneys'

fees and expenses to Class Counsel, or why the court should or should not award an amount of

Service Awards to Plaintiff Class Representatives; provided, however, that no Class Member or

any other person or entity shall be heard or entitled to contest such matters, unless that person or

entity has delivered by hand or sent by First-Class Mail written objections and copies of any

papers and briefs such that they are received, not simply postmarked, on or before June 8, 2022,

by Rex A. Sharp, SHARP LAW, LLP, 4820 West 75th Street, Prairie Village, KS 66208, and

Adam K. Levin, HOGAN LOVELLS US LLP, 555 13th Street, NW, Washington, DC 20004,

and filed said objections, papers, and briefs with the Clerk of the United States District Court for

the District of Kansas, 500 State Avenue, Kansas City, Kansas 66101, on or before June 8, 2022,

unless otherwise ordered by the court.  Any objections must:  (i) state the name, address, and

telephone number of the objector and must be signed by the objector even if represented by

counsel; (ii) state that the objector is objecting to the proposed Settlement, Plan of Allocation,

application for Attorneys' Fees and Expenses, and/or application for Service Awards to

9

Plaintiffs; (iii) state the objection(s) and the specific reasons for each objection, including any legal and evidentiary support the objector wishes to bring to the court's attention; (iv) state whether the objection applies only to the objector, to a subset of the Class, or to the entire Class; (v) identify all class actions to which the objector and his, her, or its counsel has previously objected; (vi) include documents sufficient to prove the objector's membership in the Class, such as the number of EpiPens purchased, acquired, or paid for during the Class Period, as well as the dates and prices of each such purchase, acquisition, or payment; (vii) state whether the objector intends to appear at the Fairness Hearing; (viii) if the objector intends to appear at the Fairness Hearing through counsel, state the identity of all attorneys who will appear on the objector's behalf at the Fairness Hearing; and (ix) state that the objector submits to the jurisdiction of the court with respect to the objection or request to be heard and the subject matter of the Settlement of the Action, including, but not limited to, enforcement of the terms of the Settlement.  Any Class Member who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Settlement Agreement, to the Plan of Allocation, or to the award of fees, charges, and expenses to Class Counsel or any incentive awards to Plaintiff Class Representatives, unless otherwise ordered by the court.  Class Members submitting written objections are not required to attend the Fairness Hearing, but any Class Member wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses must file a written objection and indicate in the written objection their intention to appear at the hearing and to include in their written objections the identity of any witnesses they may call to testify and copies of any exhibits they intend to introduce into evidence at the

Fairness Hearing. Class Members do not need to appear at the Fairness Hearing or take any other action to indicate their approval.

21. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the court, and shall remain subject to the jurisdiction of the court, until such time as such funds shall be distributed under the Settlement Agreement and/or further order(s) of the court.

22. All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and any application by Class Counsel for attorneys' fees, charges, and expenses and Service Awards to Plaintiff Class Representatives shall be filed and served by no later than May 20, 2022, and any reply papers shall be filed and served no later than June 27, 2022. The Mylan Defendants' Released Parties shall have no responsibility for the Plan of Allocation or any application for attorneys' fees, charges, or expenses submitted by Class Counsel or any Service Award to Plaintiff Class Representatives, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

23. At or after the Fairness Hearing, the court shall determine whether it should approve the Plan of Allocation proposed by Class Counsel, and any application for attorneys' fees, charges, expenses, or awards. The court reserves the right to enter the Final Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or charges and expenses.

24. All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Settlement Agreement. In the event the Settlement is not approved by the court, or otherwise fails to become effective, neither Plaintiff Class Representatives nor any of their counsel shall have any

obligation to repay any amounts incurred and properly disbursed, except as set forth in the Settlement Agreement.

25.    Neither this Order, the Settlement Agreement, nor any of its terms or provisions, nor any act performed or document executed under or in furtherance of the Settlement Agreement or the Settlement:  (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Plaintiffs' Released Claim, or of any wrongdoing or liability of the Mylan Defendants or Mylan Defendants' Related Parties, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Mylan Defendants or Mylan Defendants' Related Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.

26.    The court reserves the right to adjourn the date of the Fairness Hearing without further notice to the members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The court may approve the Settlement, with such modifications as the Settling Parties may agree to, if appropriate, without further notice to the Class.

27.    If the Settlement Agreement and the Settlement set forth therein is not approved or consummated for any reason whatsoever, the Settlement Agreement and Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties *status quo ante* as set forth in ¶ 7.2 of the Settlement Agreement.

28.    Pending a final determination about the approval of the settlement, the court shall stay all proceedings in the Action and Other Actions for the Mylan Defendants, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement.  Pending final determination of whether the court should approve the proposed

12

Settlement, neither Plaintiff Class Representatives nor any Class Member, directly or indirectly, representatively, or in any other capacity, nor anyone claiming through or on behalf of any such Class Members, shall commence or prosecute against any of the Mylan Defendants, any action or proceeding in any court or tribunal asserting any of the Plaintiffs' Released Claims.

29.     The court retains exclusive jurisdiction over the Action and Other Actions to consider all further matters arising out of or connected with the Settlement.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the Class Plaintiffs' Motion for Preliminary Approval of Settlement With Mylan (Doc. 2590) is granted.

**IT IS SO ORDERED.**

**Dated this 11th day of March, 2022, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**

13

**APPROVED SCHEDULE FOR FINAL APPROVAL PROCESS**

| DATE | EVENT |
|---|---|
| March 10, 2022 | Mylan provides Class Action Fairness Act Notice |
| March 11, 2022 at 9:30 am | Hearing on Preliminary Approval of Settlement |
| Five business days after the entry of this Order | Settlement Notice Program Begins |
| May 20, 2022 | Plaintiffs file Motion for Final Approval of Settlement, Attorneys' Fees, Expenses, and Service Awards |
| June 8, 2022 | Deadline to file Comments/Objections |
| June 27, 2022 | Plaintiffs file Response to Objections for Final Approval of Settlement, Attorneys' Fees, Expenses, and Service Awards |
| July 6, 2022 at 9:30 am | Hearing on Final Approval of Settlement, Attorneys' Fees, Expenses, and Service Awards |

14