# Exhibit 8

**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE SOLODYN (MINOCYCLINE HYDROCHLORIDE) ANTITRUST LITIGATION | MDL No. 2503<br><br>1:14-md-2503-DJC |
| THIS DOCUMENT RELATES TO:<br><br>ALL END-PAYOR ACTIONS | |

## [PROPOSED] ORDER PRELIMINARILY APPROVING END-PAYOR CLASS PLAINTIFFS' SETTLEMENTS WITH IMPAX LABORATORIES, INC.

WHEREAS, on March 28, 2018, Plaintiffs, United Food and Commercial Workers Local 1776 & Participating Employers Health and Welfare Fund; City of Providence, Rhode Island; Fraternal Order of Police, Fort Lauderdale Lodge 31 Insurance Trust Fund; International Union of Operating Engineers Local 132 Health and Welfare Fund; International Union of Operating Engineers Stationary Engineers Local 39 Health & Welfare Trust Fund; Painters District Council No. 30 Health and Welfare Fund; Plumbers & Pipefitters Local 178 Health & Welfare Trust Fund; Heather Morgan; Man-U Service Contract Trust Fund; Sheet Metal Workers Local No. 25 Health & Welfare Fund; Local 274 Health & Welfare Fund; and Allied Services Welfare Fund (collectively, "End-Payor Class Plaintiffs"), on behalf of themselves and the certified End-Payor Class, entered into a settlement agreement ("Impax Settlement"), which sets forth the terms and conditions of the parties' proposed settlement and the release and dismissal with prejudice of the End-Payor Class' claims against Impax Laboratories, Inc. ("Impax");

WHEREAS, on April 4, 2014, End-Payor Class Plaintiffs filed a Motion for Preliminary Approval of Proposed Class Action Settlement with Impax ("End-Payor Class Plaintiffs' Motion"), requesting the entry of an Order: (i) preliminarily approving the Impax Settlement; (ii)

approving the plan of allocation; (iii) approving the proposed notice to the Class; (iv) appointing A.B. Data, Ltd. ("A.B. Data") to serve as claims administrator; (v) appointing The Huntington National Bank to serve as Escrow Agent; (vi) setting a schedule for final approval of the Impax Settlement; and (vii) staying End-Payor Class Plaintiffs' litigation against Impax;

WHEREAS, Impax does not oppose End-Payor Class Plaintiffs' Motion;

WHEREAS, the Court is familiar with and has reviewed the record in this case and has reviewed the Settlement Agreement, including the attached exhibits, and has found good cause for entering the following Order.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**JURISDICTION**

1. This Court has jurisdiction to enter this Order. The Court has jurisdiction over the subject matter of this action and over all parties to the action, including all members of the End-Payor Class.

**PREVIOUSLY CERTIFIED CLASS**

2. In light of this Court's previous order dated October 16, 2017 [ECF No. 682] certifying the End-Payor Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3), and the now proposed settlement in the above-captioned action (the "Action") with Impax, for purposes of this Settlement the Class is defined as follows:

> All persons or entities in the United States and its territories and possessions, including the Commonwealth of Puerto Rico, who indirectly purchased, paid and/or provided reimbursement for some or all of the purchase price for Solodyn 45mg, 55mg, 65mg, 80mg, 90mg, 105mg, 115mg and/or 135mg tablets and/or generic versions of one or more of these dosages in Alabama, Alaska, Arizona, Arkansas, California, Florida,

Hawaii, Idaho, Illinois, Iowa, Kansas, Louisiana, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Oklahoma, Oregon, Rhode Island, South Dakota, Tennessee, Utah, Vermont, Washington, West Virginia, Wisconsin, Wyoming, the District of Columbia and Puerto Rico, for consumption by themselves, their families, or their members, employees, insureds, participants, or beneficiaries, other than for resale, at any time from July 23, 2009 to February 25, 2018. The following persons or entities are excluded from the End-Payor Class:

Defendant and their counsel, officers, directors, management, employees, subsidiaries, or affiliates;

All federal or state governmental entities, excluding cities, towns, or municipalities with self-funded prescription drug plans;

All persons or entities who purchased Solodyn or its generic equivalents for purposes of resale or directly from the Defendant or its affiliates;

Fully insured health plans (plans that purchased insurance from another third-party payor covering 100% of the plan's reimbursement obligations to its members);

Pharmacy Benefits Managers;

Flat co-payers (consumers who paid the same co-payment amount for brand and generic drugs); and

The judges in this case and any members of their immediate families.

### PRELIMINARY APPROVAL OF SETTLEMENT

3.      The terms of the Impax Settlement Agreement, dated March 28, 2018, including all exhibits thereto, are hereby preliminarily approved. This Order incorporates the Settlement

3

Agreement, and terms used in this Order that are defined in the Settlement Agreement have the same meanings. The Settlement Agreement was entered into after full fact and expert discovery, class certification and summary judgment/*Daubert* motions decided after extensive briefing and argument, and ten days of trial. The Settlement Agreement was concluded after arm's-length negotiations by experienced counsel on behalf of the certified End-Payor Class. Because the parties reached the settlement as a result of good-faith negotiations and after sufficient discovery, a presumption of fairness attaches to the settlement. *See In re Pharm. Indus. Avg. Wholesale Price Litig.*, 588 F.3d 24, 32-33 (1st Cir. 2009). Accordingly, the Court preliminarily finds that the Settlement is fair, reasonable and adequate, and in the best interests of the End-Payor Class, pursuant to Rule 23 of the Federal Rules of Civil Procedure, and that preliminary approval is warranted.

4. Huntington Bank is hereby appointed as Escrow Agent pursuant to the Settlement Agreement.

5. A.B. Data is hereby appointed as claims administrator.

6. Pending further Order of the Court, all litigation activity against Impax on behalf of End-Payor Class Plaintiffs is hereby stayed, and all hearings, deadlines, and other proceedings related to End-Payor Class Plaintiffs' claims against Impax, other than those incident to the settlement process, are hereby taken off calendar. The stay shall remain in effect until such time that: (i) the Impax or End-Payor Class Plaintiffs exercise their right to terminate the Impax Settlement Agreement pursuant to its terms; (ii) the Settlement Agreement is terminated pursuant to its terms; or (iii) the Court renders a final decision regarding approval of the Impax Settlement, and, if it approves the Impax Settlement, enters final judgment and dismisses End-Payor Class Plaintiffs' claims against Impax with prejudice. Impax shall not be a party to the

4

ongoing proceedings in this case, and Impax is neither bound nor estopped by any findings made hereafter.

7. In the event that the Impax Settlement Agreement fails to become effective in accordance with its terms, or if an Order granting final approval to the Impax Settlement Agreement and dismissing End-Payor Class Plaintiffs' claims against Impax with prejudice is not entered or is reversed, vacated, or materially modified on appeal, this Order shall be null and void.

8. In the event the Impax Settlement Agreement is terminated, not approved by the Court, or the Impax Settlement does not become final pursuant to the terms of the Impax Settlement Agreement, litigation against Impax shall resume in a reasonable manner as approved by the Court upon joint application of End-Payor Class Plaintiffs and Impax.

## APPROVAL OF SCHEDULE

9. A.B. Data and End-Payor Class Plaintiffs shall adhere to the following schedule:

a. Within 5 days of the date of this Order, A.B. Data shall update the Class Website (www.solodyncase.com) to announce the Settlement.

b. Within 5 days of the date of this Order, A.B. Data shall begin the process of providing notice to the Class of this Settlement, in accordance with the Plan of Notice.

c. A.B. Data shall complete publication of Notice of the Settlement by June 11, 2018.

d. Members of the End-Payor Class may object to the Impax Settlement not later than June 18, 2018.

e. Class members who wish to object to the proposed Settlement and/or appear in person at the hearing on final approval of the settlement ("Fairness Hearing") must first

5

send an objection and, if intending to appear, a notice of intention to appear, along with a

summary statement outlining the position(s) to be asserted and the grounds therefore, together

with copies of any supporting papers or briefs, via first class mail, postage prepaid, to the Clerk

of the U.S. District Court for the District of Massachusetts, United States Courthouse, 1

Courthouse Way, Boston, MA 02210, with copies to the following counsel:

Counsel for the End-Payor Class:

Steve D. Shadowen
Hilliard & Shadowen LLP
2407 S. Congress Ave., Ste. E 122
Austin, TX 78704
Tel: (855) 344-3298
Email: steve@hilliardshadowenlaw.com

Michael M. Buchman
Motley Rice LLC
600 Third Avenue, 21st Floor
New York, NY 10016
Tel: (212) 577-0040
Email: mbuchman@motleyrice.com

Counsel for Impax:

Lisa Jose Fales
J. Douglas Baldridge
Danielle R. Foley
Venable LLP
600 Massachusetts Ave NW
Washington, DC 20001
Tel: (202) 344-4000

The objection and/or notice of intention to appear shall state that they relate to *In re: Solodyn*

*(Minocycline Hydrochloride) Antitrust Litigation*, MDL No. 2503 (D. Mass.). To be valid, any

such objection to the Settlement and/or notice of intention to appear must be postmarked no later

than June 18, 2018, and it must include the class member's name, address, telephone number,

and signature. Except as herein provided, no person or entity shall be entitled to contest the terms

of the proposed Settlement. All persons and entities who fail to file a notice of intention to

6

appear or a letter stating reasons for objecting as provided above shall be deemed to have waived any objections by appeal, collateral attack, or otherwise and will not be heard at the Fairness Hearing.

        f.     All briefs and materials in support of final approval of the settlements and entry of the final judgment proposed by the parties to the Settlement Agreement shall be filed with the Court no later than 30 days before the date of the Fairness Hearing.

        g.     A hearing on final approval of the settlement or Fairness Hearing shall be held before this Court on _July 18, 2018_, at _3 p.m._ Eastern Time, in Courtroom 11 of the United States District Court for the District of Massachusetts, United States Courthouse, 1 Courthouse Way, Boston, MA 02210.

10.     Neither this Order nor the Settlement Agreement nor any other Settlement-related document or anything contained herein or therein or contemplated hereby or thereby nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other Settlement-related document shall constitute, be construed as or be deemed to be evidence of or an admission or concession by Impax as to the validity of any claim that has been or could have been asserted against Impax or as to any liability of Impax or as to any matter set forth in this Order.

**SO ORDERED:**

Dated: _April 5_, 2018                _Denise J. Casper_
                                    Denise J. Casper
                                    United States District Court Judge
                                    U.S. District Court for the District of Massachusetts