**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| *In re PVC Pipe Antitrust Litigation* | Case No. 1:24-cv-07639 |
| This Document Relates to: | Hon. LaShonda A. Hunt |
| Non-Converter Seller Purchaser Class | |

**ORDER PRELIMINARILY APPROVING**
**NON-CONVERTER SELLER PURCHASER CLASS PLAINTIFFS' UNOPPOSED**
**MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**
**AGREEMENT WITH ATKORE DEFENDANTS AND RELATED RELIEF**

WHEREAS, the Court has considered the Long-Form Settlement Agreement between Non-Converter Seller Purchaser Class Plaintiffs and Defendants Atkore Inc., Atkore International, Inc., Atkore Plastic Pipe Corp., Atkore RMCP, Inc., and Allied Tube & Conduit Corporation ("Atkore Defendants"), dated April 28, 2026 ("Settlement Agreement"),[1] which sets forth the terms and conditions for a proposed Settlement[2] of the above-captioned Action, and the termination and dismissal with prejudice of all causes of action against the Atkore Defendants and Atkore Released Parties in the Action;

WHEREAS, the Court has considered Non-Converter Seller Purchaser Class Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement Agreement with Atkore Defendants and Related Relief ("Motion"), the memorandum of law, declarations, and exhibits filed in support thereof, and all other papers submitted in connection with the Settlement Agreement and the Motion for Preliminary Approval; and

WHEREAS, the Court held a hearing on May 13, 2026, at which the Court heard argument on whether the Settlement Agreement should be preliminarily approved;

NOW, THEREFORE, IT IS HEREBY ORDERED AND DECREED as follows:

1.      The Court hereby preliminarily approves the Settlement Agreement. The Court has considered and determined that the Settlement Agreement preliminarily satisfies the class action settlement requirements of Rule 23 of the Federal Rules of Civil Procedure and is "within the range

---

[1] The Settlement Agreement is attached as **Exhibit 1** to the Declaration of Brian D. Clark and Karin E. Garvey in Support of Non-Converter Seller Purchaser Class Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement Agreement with Atkore Defendants and Related Relief (ECF No. 725) ("Joint Declaration").

[2] Unless otherwise defined herein, capitalized terms shall be those defined in the Settlement Agreement.

of possible approval" in order to "ascertain whether there is any reason to notify the class members of the proposed settlement and to proceed with a fairness hearing." *In re TikTok, Inc., Consumer Priv. Litig.*, 565 F. Supp. 3d 1076, 1083 (N.D. Ill. 2021).

2.  The Court has subject matter and personal jurisdiction over Plaintiffs, all members of the Settlement Class provisionally certified below, and the Atkore Defendants.

3.  The Court preliminarily finds that the requirements of Rule 23(a) and 23(b)(3) have been met and therefore provisionally certifies, for Settlement purposes only, the following Settlement Class:

> All entities and persons who purchased PVC Pipe Systems in the United States between January 1, 2020 through May 13, 2026 (1) directly from a seller that purchased PVC Pipe Systems from a Converter Defendant that was (2) manufactured by a Converter Defendant.
>
> Specifically excluded from the Settlement Class are (1) the following categories of purchasers: (a) All public water systems that purchased PVC Pipe Products for end-use, including in connection with the treatment or supply of water; (b) All public wastewater systems that purchased PVC Pipe Products for end-use, including for the collection, disposal, or treatment of wastewater; (c) All suppliers of public energy or electricity that purchased PVC Pipe Products for end-use, including in connection with the supply of electricity for public consumption; or (d) All purchasers of PVC Pipe Products that purchased from a seller who purchased the product indirectly from a Converter Defendant; (2) Defendants; the officers, directors, or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any Affiliate, legal representative, heir, or assign of any Defendant, (3) any federal government entities, (4) any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, any juror assigned to this action, and any business majority-owned by any such person, and (5) and the following alleged co-conspirators: Core & Main Inc., Ferguson Enterprises, Inc., Fortiline Waterworks, Hajoca Corporation, Porter Pipe & Supply Co., and United Pipe & Steel Corp.

4.  The Court appoints plaintiffs George Bavolak, Delta Line Construction Co., TC Construction, Inc., Blake Wrobbel, Stephen Bell, Bell Electric, LLC, Russell Jacobs, Kecia Newton, Alpha and Omega Development LLC, Eric Wasman, Adam Kennedy, My Flooring, Inc.,

and Victor Silva (collectively, the "NCSPs") as named representatives of the Settlement Class, finding that they will fairly and adequately represent and protect the interests of the Settlement Class. The Court appoints the law firms of Lockridge Grindal Nauen PLLP and Scott+Scott Attorneys at Law LLP as Settlement Class Counsel, finding and concluding that they meet the requirements to be Class Counsel pursuant to Rule 23(g).

5. In the event the Settlement Agreement is terminated pursuant to the terms thereof, or fails to become effective for any reason, then: (a) all orders of the Court preliminarily or otherwise approving the Settlement and/or preliminarily or otherwise certifying a settlement class shall be vacated; (b) the Parties shall be returned to the *status quo* that existed in the Action immediately prior to the Execution Date of the Settlement Agreement; and (c) the Parties shall retain all of their respective rights and defenses as of immediately prior to the Execution Date of the Settlement Agreement, including Atkore Defendants' right to contest certification of any class and/or subclass on any grounds. The Parties shall then proceed in all respects as if the Settlement Agreement and any related orders had not been executed and/or entered, and all documents produced pursuant to the Settlement Agreement shall be returned to Atkore Defendants as provided in the Settlement Agreement.

6. The Court appoints Kroll Settlement Administration as the Settlement Administrator to effectuate and administer the Notice Plan delineated in the Declaration of Christie Reed (ECF No.726) ("Reed Declaration"), the exclusion process for opt-outs, and the claims process for members of the Settlement Class.

7. The Court appoints Huntington Bank to serve as Escrow Agent.

8. The Court determines that Notice should be provided to members of the Settlement Class with opt-out rights afforded to them as to their participation in the Settlement Class.

4

9.     The Court approves the method of Notice to be provided to the Settlement Class as described in the Settlement Agreement and in the Notice Plan delineated in the Reed Declaration, including use of the summary notices and detailed notice substantially in the forms attached to the Reed Declaration as **Exhibit 2** (detailed notice), **Exhibit 3** (email notice), **Exhibit 4** (digital ads notice), and **Exhibit 5** (press release). The Court finds and concludes that such notice: (a) is the best notice that is practicable under the circumstances and is reasonably calculated to reach the members of the Settlement Class that would be bound by the Settlement Agreement and to apprise them of the Action, the terms and conditions of the Settlement Agreement, and their right to opt-out and be excluded from the Settlement Class and to object to the Settlement Agreement; and (b) meets the requirements of Rule 23 and due process. Non-substantive changes, such as typographical errors and inserting specific dates or Settlement Administrator contact information, can be made to the notice documents by agreement of the Parties without leave from the Court.

10.     Consistent with the Notice Plan, if the Settlement Administrator has not already done so, the Court directs the Settlement Administrator, as soon as practicable following the Court's entry of this Preliminary Approval Order, but before publication or dissemination of notice, to establish a case website, post office box, and toll-free telephone line for providing notice and information to members of the Settlement Class and communications from members of the Settlement Class.

11.     All administration costs and taxes shall be paid from the Escrow Account, as set forth in the Settlement Agreement.

12.     Notwithstanding that discovery is stayed in this matter, Counsel are granted permission to negotiate custodians and search terms with Atkore Defendants pursuant to the terms of the cooperation provisions in Paragraph 10 of the Settlement Agreement.

13. Within 28 days following entry of this Order, the Settlement Administrator shall commence publication and dissemination of notice to members of the Settlement Class ("Notice Date"), as described in the Notice Plan, using the summary notice and detailed notice contained in Exhibits 2-5 to the Reed Declaration.

14. As explained in the summary and detailed notice, any member of the Settlement Class that does not wish to participate in the Settlement Class shall have until 60 days after the commencement of the Notice Plan to submit a request to become an opt-out and be excluded from the Settlement Class. Settlement Class Members shall not be permitted to exclude other Settlement Class Members. Moreover, group or class-wide exclusions shall not be permitted. A request for exclusion must be submitted by each Settlement Class Member on an individual basis, and any request for exclusion by a purported authorized agent or representative of a Class Member must include proof of the representative's legal authority and authorization to act and request exclusion on behalf of each Class Member for which the representative requests exclusion.

15. Requests for Exclusion from the NCSP Class

(a) A member of the Settlement Class may effect such an opt-out by sending a written request to the Settlement Administrator at the address provided for in finalized notice documents: (i) first-class U.S. mail with postage prepaid and postmarked within the Class Exclusion Period or (ii) overnight delivery shown as sent within the Class Exclusion Period. The written request must be signed by a person authorized to do so and must provide all of the following information:

(i) If a Settlement Class Member is an individual: (1) the individual's full name, current mailing address, email address, and telephone number; (2) a statement that the individual wishes to be excluded from the Settlement Class; (3) the individual's signature; and (4)

6

information on the total dollar amount of your purchases of PVC Pipe Systems from January 1, 2020, to May 13, 2026, and documents sufficient to show proof of Your membership in the NCSP Settlement Class (e.g., receipts showing purchase of PVC Pipe Systems).

(ii) If a Settlement Class Member is an entity: (1) the entity's full name, current mailing address, email address, and telephone number; (2) a statement that the entity wishes to exclude itself from the Settlement; (3) a signature from the authorized representative of the entity along with a statement of that person's position or authority by which he or she has the power to exclude the entity from the Settlement Class; and (4) information on the total dollar amount of your purchases of PVC Pipe Systems from January 1, 2020, to May 13, 2026, and documents sufficient to show proof of Your membership in the NCSP Settlement Class (*e.g.*, receipts showing purchase of PVC Pipe Systems).

(b) Any Settlement Class Member, or Affiliate or assign thereof, who requests to be excluded from the Settlement with respect to an assigned claim must identify the assignor, the assignee, provide a signed copy of the assignment agreement, and the total value of all PVC Pipe System purchases during the Settlement Class Period that are subject to the assignment.

(c) A request for exclusion that does not include all of the foregoing information, that does not contain the proper signature, that is sent to an address other than the one designated above, or that is not sent within the time specified shall be invalid; the individual or entity submitting such an invalid request shall be a Settlement Class Member and shall be bound by the Settlement, if the Settlement is approved.

16. As also explained in the summary and detailed notice, any Settlement Class Member shall have until 60 days after the Notice Date to submit an objection to the Settlement Agreement and to file any notice to appear (an "Objector").

17.     Such an Objector must: (i) file or send a written statement of objections by first-class U.S. mail and postmarked on or before the deadline to object to the Clerk of the United States District Court for the Northern District of Illinois, United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604, and (ii) send a copy of the statement of objections to the following designees of Interim Co-Lead Counsel and Defense Counsel, by first-class U.S. mail and postmarked within the Class Objection Period:

| Designees of Interim Co-Lead Counsel: | Designees of Defense Counsel: |
|---|---|
| Brian D. Clark | Britt M. Miller |
| LOCKRIDGE GRINDAL NAUEN PLLP | Matthew D. Provance |
| 100 Washington Avenue South, Suite 2200 | MAYER BROWN LLP |
| Minneapolis, Minnesota 55401 | 71 South Wacker Drive |
| T: (612) 339-6900 | Chicago, IL 60606 |
| Email: bdclark@locklaw.com | bmiller@mayerbrown.com |
| | mprovance@mayerbrown.com |

Karin E. Garvey
SCOTT+SCOTT ATTORNEYS AT LAW LLP
The Helmsley Building
230 Park Ave., 24th Floor
New York, New York 10168
T: (212) 223-6444
Email: kgarvey@scott-scott.com

18.     The Objector's written statement of objections shall provide the following information: (a) the Objector's name, address, email address, and the identity of and contact information for any attorney representing the Objector; (b) the legal or factual basis for the objection; (c) documents sufficient to show proof of membership in the Settlement Class (*e.g.*, receipts showing purchase of a PVC Pipe System) during the Class Period; (d) a list of any witnesses, exhibits, or legal authority that the Objector intends to offer; (e) whether the Objector intends to appear, either in person or through counsel, at the Fairness Hearing; (f) whether the objection applies only to the Objector, to a subset of the Class, or to the Class as a whole; and (g) a list of all class action settlements to which the Objector and/or their counsel have previously objected.

19. In addition, any Objector or counsel for an Objector that desires to appear at the Fairness Hearing must file with the Court on or before the objection deadline, and send to the designees of Interim Co-Lead Counsel and Defense Counsel identified above, by first-class mail and postmarked on or before the objection deadline, a separate notice of intention to appear in *In re PVC Pipe Antitrust Litigation*, No. 1:24-cv-7639 that identifies the name, position, address, email address, and telephone number of each person who intends to appear at the Fairness Hearing on behalf of the Objector as well as the Objector's signature.

20. The Settlement Administrator's expenses for the foregoing Notice and exclusion activities, including those of any third-party vendors it uses to perform tasks necessary for the implementation or effectuation of its duties, shall be paid from the Escrow Account. In no event shall Atkore Released Parties have any obligation, responsibility, or liability with respect to the Settlement Administrator, the Notice Plan, or the exclusion procedures for members of the Settlement Class, including with respect to the administration costs or any other charges for any notice and exclusion procedures, except as otherwise set forth in ¶6(e) of the Settlement Agreement. NCSPs may withdraw up to $325,000 from the Settlement Fund to pay for class notice and administration costs, without further approval by the Court. *See* Settlement Agreement, ¶ 6(d)-(e).

## Continued Litigation of Released Claims

21. In aid of the Court's jurisdiction to implement and enforce the proposed Settlement, NCSPs and all members of the Settlement Class who do not timely and validly request exclusion from the Settlement shall be preliminarily enjoined from commencing or prosecuting any action or other proceeding involving the Released claims against the Atkore Released Parties and from

asserting any of the Released Claims against the Atkore Released Parties pending Final Approval of the Settlement or until such time as this Court lifts such injunction by subsequent order.

<u>Schedule of Class Notice and Final Approval Hearing</u>

22.    The Court hereby sets the schedule below for discovery to obtain necessary contact information for the Settlement Class; dissemination of notice to the Settlement Class; for Settlement Class members to object to or request exclusion from the Settlement; payment of attorneys' fees, current and on-going costs, and class representative service awards; and the Court's Fairness Hearing to determine whether the Settlement Agreement is fair, reasonable, and adequate, and whether it should be finally approved by the Court. The Court may adjourn the Fairness Hearing without further notice to the Settlement Class and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class. The Court may decide to hold the Fairness Hearing by telephone or video conference without further mailed notice to the Settlement Class. If the Court adjourns the Fairness Hearing or orders that the Fairness Hearing be conducted telephonically or by video conference, that decision will be posted on the website to be developed for the Settlement. Any Settlement Class Member (or his, her, or its counsel) who wishes to appear at the Fairness Hearing should consult the Court's docket and/or the Settlement website for any change in date, time, or format of the hearing.

| DATE | EVENT |
|---|---|
| 10 days after the filing of this Motion for Preliminary Approval | The Atkore Defendants shall file via ECF confirmation of its provision of notice to government regulators pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(d) |
| Within 28 days of an order granting Preliminary Approval of this Motion | Settlement Administrator to commence email notice and commence implementation of publication notice plan |
| 60 days after commencement of Notice | Last day for Settlement Class Members to: (1) request exclusion from the Settlement; (2) file objections to the |

| DATE | EVENT |
|---|---|
| | Settlement, and (3) file notices to appear at the Fairness Hearing |
| 3 days after last day to request exclusion from the Settlement | Settlement Administrator to provide the Atkore Defendants with a list of all persons and entities who have timely and validly requested exclusion from the Settlement Class |
| September 1, 2026 | Interim Co-Lead Counsel shall file a motion for Final Approval of the Settlement and all supporting papers, providing a list of all timely and valid exclusions from the Settlement Class and/or Settlement (as well as all rejected exclusion requests), and Co-Lead Class Counsel and Atkore Defendants may respond to any objections to the proposed Settlement |
| September 15, 2026 at 9:00 a.m. Central | Fairness Hearing regarding the Settlement[3] |

IT IS SO ORDERED.

**DATED**: May 13, 2026                    **ENTERED**:

*LaShonda A Hunt*
_____
LaShonda A. Hunt
United States District Judge

---

[3] Under CAFA, the Court may not issue an order giving final approval to a proposed settlement earlier than 90 days after the later of the dates on which the appropriate Federal official and the appropriate State official are served with notice of these proposed Settlement. *Id*. at 28 U.S.C. § 1715(d). Under the Settlement Agreement, within 10 days of the filing of this motion, Atkore Defendants will serve upon the appropriate state officials and the appropriate federal official the CAFA notice required by Section 1715(b). This schedule will allow the Court to schedule a Fairness Hearing as NCSPs propose in the schedule above, in conformance with CAFA's requirements.