**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| *In Re PVC Pipe Antitrust Litigation* | Case No. 1:24-cv-07639 |
| This Document Relates to: *All Actions* | Hon. LaShonda A. Hunt |

# REPLY IN SUPPORT OF THE UNITED STATES' MOTION TO EXTEND AND MODIFY DISCOVERY STAY

## I. INTRODUCTION

The modified stay proposed by the government protects the criminal grand jury investigation while enabling substantial discovery to proceed in this matter. The supposed prejudice claimed by the non-settling defendants is overstated because the government's proposed stay does not preclude them from obtaining relevant materials. Nor does the government's proposed stay create an information disparity between plaintiffs and the non-settling defendants. Under the terms of the government's proposed stay, neither plaintiffs nor defendants may reference the criminal grand jury investigation (or settlement agreements that reference the grand jury investigation) in discovery requests. Conversely, any party may obtain document discovery through requests that do not make those references and any party may obtain documents voluntarily. Thus, the non-settling defendants can obtain any documents they deem relevant in discovery—they are simply precluded from obtaining them in a way that reveals with certainty the totality of documents obtained from the defendants by the grand jury.

While any prejudice caused to the non-settling defendants by the government's proposed stay is minimal, the non-settling defendants' proposed order could substantially prejudice the grand jury investigation. As proposed, the non-settling defendants (themselves subjects of the

grand jury investigation) would be permitted to obtain the entirety of the documents that the settling defendants (also subjects of the grand jury investigation) provided to the government. Such complete insight into the grand jury investigation could hinder the government's ability to bring charges. And the non-settling defendants will not be precluded from obtaining the documents provided to the government forever; once the stay is lifted, it will not impede the non-settling defendants (or any party) from seeking documents that another party provided to the government (whether via settlement agreement or otherwise).

Given the minimal prejudice to the non-settling defendants, the lack of objection from the plaintiffs and the settling defendants,[1] and the substantial prejudice that the grand jury could suffer if the stay, as proposed by the government, is not extended, the Court should grant the government's motion.

## II. ARGUMENT

### A. Any Prejudice to the Non-Settling Defendants by the Government's Proposed Stay is Minimal

The non-settling defendants claim prejudice by the government's proposed stay because it would preclude them from obtaining the specific grand jury materials that the settling defendants provided to the government. But, as the non-settling defendants acknowledge, the government's proposed stay does not preclude them from obtaining the underlying documents they deem relevant (*see* Dkt. No 846 at 9); it merely precludes them from framing their discovery requests in a way that ensures they obtain a mirror image of the materials that were

[1] In the government's motion, it noted that PipeLife JetStream opposed the government's motion. On July 7, 2026, the Court entered an order preliminarily approving settlements between PipeLife and the DPPs and NCSPs. On July 17, 2026, counsel for PipeLife JetStream informed the government that it no longer opposed the government's motion.

provided to the grand jury. In short, the government's proposed stay requires the defendants to seek discovery as if the grand jury investigation did not exist, including issuing original document requests and negotiating the scope of those requests.

Defendant's claim that "topic-by-topic" discovery requests will be inefficient (Dkt. No. 846 at 9), but, as the non-settling defendants recognize, various settlement agreements identify categories of documents separate and apart from the documents provided to the grand jury that the non-settling defendants may seek in discovery consistent with the government's proposed order.[2] Further, "topic-by-topic" discovery requests are typical in civil litigation. For example, the non-settling defendants may seek, consistent with the government's proposed stay, "OPIS communications," "[a]ll messages or communications to or from Donna Todd," "[c]opies of all draft and final PVC & Pipe Weekly reports," or any of the other categories of documents referenced in the various settlement agreements (*see* Dkt. No. 846 at 2-4) so long as they do not seek the specific documents provided to the government, or the entirety of documents provided via a settlement agreement (which in turn references the documents provided to the government).[3]

Moreover, the government's proposed stay does not create an "information asymmetry" as claimed by the non-settling defendants. Under the terms of the government's proposed stay, plaintiffs will be subject to the same limitations as the non-settling defendants. Like the non-

[2] Of course, a party may object to discovery requests even if those requests are not precluded by the stay.

[3] *Commodity Futures Trading Comm'n v. Nowak*, No. 19-cv-6163, 2020 WL 3050225 (N.D. Ill. June 8, 2020), is not helpful to the non-settling defendants. In that case, the government sought a complete stay of discovery pending a criminal trial of the defendants, but the court granted only a partial stay and permitted document discovery to proceed. *Id.* at *5. But unlike *Nowak*, here, the government's proposed stay permits substantial document discovery to proceed. Indeed, since intervening in this matter, the government has sought to narrowly tailor the scope of the stay only as necessary to protect the grand jury investigation.

settling defendants, plaintiffs cannot frame discovery requests by referencing the grand jury investigation or settlement agreements (that in turn reference the grand jury investigation). And while plaintiffs have obtained documents from settling defendants that were produced to the government, the settlements in this case are not consistent across the classes of plaintiffs. For example, the Westlake defendants have reached a settlement with the DPPs but not the NCSPs or the EUPs. Under the terms of the government's proposed stay, just like the non-settling defendants, the NCSPs and EUPs would be precluded from framing discovery requests by referencing the Westlake settlement agreement to obtain the documents that Westlake produced to the government. Likewise, under the government's proposed stay, the plaintiffs cannot issue discovery requests seeking the documents that the non-settling defendants provided to the government.[4]

Additionally, to the extent the government's proposed stay perpetuates any "asymmetry of information" (it does not), it is temporary. The government's proposed stay extension is for six months. And as the government indicated in its motion, while it is difficult to predict with certainty, the government does not anticipate seeking to extend the stay as applied to the documents produced to the government (or pursuant to settlements) beyond December 31, 2026. And while the non-settling defendants claim the prejudice caused by the stay "accumulates" with each passing month (Dkt. No. 846 at 9), the non-settling defendants did not object to the government's initial stay, or its motion to extend the stay, even though settlement agreements had

[4] Tellingly, the non-settling defendants do not object to this portion of the government's proposed stay even though, by the non-settling defendants' logic, it perpetuates an "asymmetry of information" since each non-settling defendant knows which documents it produced to the government but plaintiffs do not. So too with respect to the stay's applicability to depositions. Compared with plaintiffs, the non-settling defendants likely have greater access to witnesses employed by the non-settling defendants.

been reached at that time.[5] Moreover, at the time of this filing, the motions to dismiss have not been adjudicated. The non-settling defendants cannot claim prejudice by the stay when they sought a stay through that decision.

Regardless, given the posture of this case, delaying the non-settling defendants' access to documents provided to the grand jury will not prejudice them: trial has not been scheduled in this matter, the parties have not conducted a Rule 26(f) conference,[6] and no substantial completion date for fact discovery has been set by this Court. Accordingly, extending the stay with the modified terms proposed by the government, which permits substantial discovery to proceed, will not prejudice the non-settling defendants. *See SEC v. Downe*, No. 92-cv-4092, 1993 WL 22126, at *13 (S.D.N.Y. Jan. 26, 1993) (defendants failed to demonstrate prejudice from a stay for a "limited duration" because "appropriate opportunities for discovery can be allowed when the stay is lifted").[7] Accordingly, the Court should grant the government's motion.

### B. Defendants' Access to Grand Jury Materials Could Hinder the Grand Jury Investigation

The non-settling defendants concede a stay is appropriate to protect parallel criminal investigations and purport to respect the government's views about its grand

---

[5] The non-settling defendants contend that they sought an initial discovery stay under "different circumstances" when the Cresline defendants and Charlotte Pipe were not part of the case. (Dkt. No. 846 at 9). But regardless of the circumstances when they made their initial request, the non-settling defendants did not oppose the government's motion for a stay, or its motion to extend that stay, both filed after Cresline and Charlotte Pipe were added as defendants (Dkt. No. 500 at 2 and Dkt. No. 688 at 2).

[6] In their Joint Status Report, plaintiffs contend a Rule 26(f) conference occurred but acknowledge that the Cresline defendants and Charlotte Pipe were not parties to that conference (Dkt. No. 750 at 8).

[7] *In re Grand Jury Proc. GJ-76-4 & GJ-75-3*, 800 F.2d 1293 (4th Cir. 1986) is readily distinguishable. In that case, the Court permitted the Civil Division of the Department of Justice to access grand jury materials because the defendant in the civil case (and prior criminal prosecution) had "unfettered access" to those same materials for seven years. *Id.* at 1297.

jury investigation (Dkt. No. 846 at 5 and 10). Yet in opposing the government's motion, the non-settling defendants propose that they be permitted to obtain *all* of the materials provided to the government by the settling defendants so long as the producing party does not identify which specific materials were provided to the government. First, the non-settling defendants' proposal will not work because certain settlement agreements provide for an initial production of grand jury material to be followed by additional productions in the future (*see* Dkt. No. 851 at 2, Statement of the NCSPs and EUPs noting provisions of the NCSPs' Settlement Agreement with the Atkore Defendants). Therefore, even if not specifically identified, the grand jury materials may be readily discernable. And second, regardless of whether the grand jury materials are identifiable, a production of the entirety of the settlement documents would necessarily provide certainty to the recipient that the government does not possess additional materials. Such certainty hinders the grand jury investigation because it would provide subjects visibility into the grand jury's investigation.

At this stage of the grand jury investigation, the government is seeking to interview certain witnesses. Likewise, the grand jury may seek testimony from witnesses. Some of these witnesses may include witnesses that work for, or worked for, the non-settling (and settling) defendants. If the non-settling defendants obtain insight into the specific documents obtained by the grand jury, it could hinder the investigation. Thus, whether a production (that contains the grand jury materials) also includes additional materials that may not have been obtained by the grand jury provides little comfort to the government.

Defendant's argument that Federal Rule of Criminal Procedure 6(e) does not impose an obligation of secrecy on parties before the grand jury is beside the point. Indeed, if Rule 6(e) precluded the parties from sharing documents produced to the grand jury, the government would

not have needed to seek a stay in the first place. The limitations of Rule 6(e) underscore, however, why the government did not seek a protective order precluding the settling defendants from voluntarily producing documents to the plaintiffs.[8] Likewise, the government has not sought a protective order precluding the defendants from voluntarily sharing documents among themselves. Thus, contrary to seeking a "gag rule," as hyperbolized by the non-settling defendants (Dkt. No. 846 at 8), the government's proposed stay merely prohibits the parties from using the Rules of Civil Procedure to obtain insight into the grand jury investigation.[9] Courts have ample authority to stay civil proceedings to protect parallel criminal investigations. *See, e.g.*, *Benevolence Int'l Found., Inc. v. Ashcroft*, 200 F. Supp. 2d 935, 941 (N.D. Ill. 2002) ("[T]he trial judge in the civil proceeding should not ignore the effect discovery would have on a criminal proceeding that is pending. . . .") (quoting *Nowaczyk v. Matingas,* 146 F.R.D. 169, 178 (N.D. Ill. 1993)); *Walsh Securities Inc. v. Cristo Property Management, Ltd.*, 7 F. Supp. 2d 523,

[8] The non-settling defendants imply that because the NCSPs and EUPs allege that distributors represented by counsel for the DPPs are co-conspirators, and the government did not object to the DPPs receiving settlement documents, the grand jury investigation will not be harmed by the non-settling defendants' receipt of those documents. But the government is better positioned to determine how the disclosure of documents obtained by the grand jury will affect the investigation. And regardless, the DPPs obtained the documents through voluntary settlement agreements; they did not compel their production using the Federal Rules of Civil Procedure. As explained in the government's initial motion, precluding the production of documents in settlement agreements would cause significantly more delay to this litigation because it would hinder settlement discussions between the parties.

[9] The non-settling defendants argue that, because the settlement agreements contain confidentiality provisions, they cannot obtain the documents voluntarily. That may be so, but plaintiffs' ability to obtain documents voluntarily does not mean defendants are entitled to them during the pendency of a stay. *See Encinias v. Sanders,* 570 F. Supp. 3d 1078, 1095 (D.N.M. 2021) (rejecting the defendants' argument that by obtaining documents through "independent means" beyond the prohibitions of a discovery stay, plaintiffs were required to disclose information to the defendants); *see also Takiguchi v. MRI Int'l, Inc.,* No. 2:13-CV-1183-JAD-VCF, 2014 WL 3105068, at *6 (D. Nev. July 7, 2014) (automatic stay provided by the Private Securities Litigation Reform Act does not preclude plaintiffs from obtaining information that "does not constitute discovery under the Federal Rules of Civil Procedure").

529 (D.N.J 1998) ("[A] stay in this case would benefit the public by allowing the Government to conduct a complete, unimpeded investigation into potential criminal activity."); *SEC v. Offhill*, No. 3:07-cv-1643-D, 2008 WL 958072, at *3 (N.D. Tx. Apr. 9, 2008) (accepting government's argument that "permitting the two criminal targets to proceed with discovery in the civil case will jeopardize its criminal investigation and later prosecution of them because the criminal targets will be allowed to obtain information not available to them in the criminal proceedings").[10]

## III. CONCLUSION

For all the foregoing reasons, the government's motion to extend and modify the stay should be granted.

DATED: July 23, 2026

Respectfully submitted,

*/s/ Andrew Mast*

Andrew Mast (CA Bar No. 284070)
Nolan J. Mayther (CA Bar No. 319471)
Trial Attorneys
United States Department of Justice
Antitrust Division
San Francisco Office
450 Golden Gate Ave., 10-0101
San Francisco, CA 94102
415-229-2928
andrew.mast@usdoj.gov

[10] *In re Graphics Processing Units Antitrust Litig.*, No. C 06-07417 WHA, 2007 WL 2127577 (N.D. Cal. July 24, 2007) does not counsel otherwise. In that case, the government advised the court that it was ***not*** seeking to intervene in the matter and took no position on the defendants' motion for a stay. *Id.* at 2. Accordingly, the court rejected defendants' argument that a stay was necessary to protect the grand jury investigation. *Id.* Here, the government has taken the opposite position.