**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| *In re PVC Pipe Antitrust Litigation*<br><br>THIS DOCUMENT RELATES TO:<br><br>Non-Converter Seller Purchaser Class | Case No. 1:24-cv-07639<br><br>Hon. LaShonda A. Hunt |

**ORDER AND FINAL JUDGMENT GRANTING NON-CONVERTER SELLER PURCHASER CLASS PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT WITH DEFENDANT ATKORE AND RELATED RELIEF**

WHEREAS, the Court has considered the Settlement Agreement between Non-Converter Seller Purchaser Class Plaintiffs ("NCSPs" or "Plaintiffs") and Defendant Atkore Inc., Atkore International, Inc., Atkore Plastic Pipe Corp., Atkore RMCP, Inc., and Allied Tube & Conduit Corporation (collectively, "Atkore"), dated April 28, 2026, ("Settlement Agreement"),[1] which sets forth the terms and conditions for a proposed Settlement[2] of the above-captioned Action, and the termination and dismissal with prejudice of all causes of action against Defendant Atkore in the Action;

WHEREAS, the Court has considered Non-Converter Seller Purchaser Class Plaintiffs' Motion for Final Approval of Settlement Agreement with Defendant Atkore and Related Relief ("Motion"), the memorandum of law, declarations, and exhibits filed in support thereof, and all

---

1 ECF No. 720-1 (Apr. 29, 2026).

2 Unless otherwise defined herein, capitalized terms shall be those defined in the Settlement Agreement.

other papers submitted in connection with the Settlement Agreement and the Motion for Final Approval; and

WHEREAS, the Court held a Fairness Hearing on September 15, 2026, at which the Court heard argument regarding whether the Settlement Agreement should be finally approved;

NOW, THEREFORE, IT IS HEREBY ORDERED AND DECREED as follows:

***Certification of the Settlement Class and Approval of the Settlement Agreement as Fair, Reasonable, and Adequate***

1. The Court has personal jurisdiction over Plaintiffs, all members of the Settlement Class certified below, and Atkore. The Court has subject matter jurisdiction over all causes of action against Defendant Atkore in the Action.

2. The Court hereby **GRANTS** final approval of the Settlement Agreement and its terms and finds that the Settlement was reached in good faith and is in all respects, fair, reasonable, and adequate pursuant to Federal Rule of Civil Procedure 23(e): (1) Settlement Class Counsel have adequately represented the NCSPs and the Settlement Class; (2) the Settlement was negotiated at arm's length; (3) the relief provided to the Settlement Class is adequate, taking into account: the costs, risks, and delay of trial and appeal; the effectiveness of any proposed method of distributing relief to the class, including the method of processing Settlement Class member claims; and any agreements of the parties required to be identified pursuant to Rule 23(e)(3); and (4) the Settlement treats class members equitably relative to each other. Further, the Court directs consummation of the Settlement Agreement according to its terms and conditions.

3. Based on and pursuant to the class action criteria of Rule 23(a) and 23(b)(3), the Court finds that the requirements of Rule 23(a) and 23(b)(3) have been met and therefore certifies, for Settlement purposes only, the following Settlement Class:

> All entities and persons who purchased PVC Pipe Systems in the United States between January 1, 2020 through May 13, 2026 (1) directly from a seller that purchased the PVC Pipe Systems from a Converter Defendant that was (2) manufactured by a Converter Defendant.
>
> Specifically excluded from the Settlement Class are (1) the following categories of purchasers: (a) All public water systems that purchased PVC Pipe Products for end-use, including in connection with the treatment or supply of water; (b) All public wastewater systems that purchased PVC Pipe Products for end-use, including for the collection, disposal, or treatment of wastewater; (c) All suppliers of public energy or electricity that purchased PVC Pipe Products for end- use, including in connection with the supply of electricity for public consumption; or (d) All purchasers of PVC Pipe Products that purchased from a seller who purchased the product indirectly from a Converter Defendant; (2) Defendants; the officers, directors, or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any Affiliate, legal representative, heir, or assign of any Defendant, (3) any federal government entities, (4) any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, any juror assigned to this action, and any business majority-owned by any such person, and (5) the following alleged co-conspirators: Core & Main Inc., Ferguson Enterprises, Inc., Fortiline Waterworks, Hajoca Corporation, Porter Pipe & Supply Co., and United Pipe & Steel Corp.

4. The Court finds and concludes that plaintiffs George Bavolak, Delta Line Construction Co., TC Construction, Inc., Blake Wrobbel, Stephen Bell, Bell Electric, LLC, Russell Jacobs, Kecia Newton, Alpha and Omega Development LLC, Eric Wasman, Adam Kennedy, My Flooring, Inc. and Victor Silva (collectively, the "NCSPs") will fairly and adequately represent and protect the interests of the Settlement Class and appoints them to serve as the named representatives of the Settlement Class. The Court appoints the law firms of Lockridge Grindal Nauen PLLP and Scott+Scott Attorneys at Law LLP to serve as Settlement Class Counsel, finding and concluding that they meet the requirements to be Settlement Class Counsel pursuant to Rule 23(g).

5. The Court finds that, for Settlement purposes, the Settlement Class meets the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure. As to the requirements of Rule 23(a), the Court expressly finds that (1) the Settlement Class certified herein

meets Rule 23(a) numerosity requirements, and joinder of all such entities would be impracticable; (2) there are questions of law and fact common to the Settlement Class; (3) Plaintiffs' claims are typical of the claims of the Settlement Class they seek to represent for purposes of the settlement; and (4) Plaintiffs are adequate representatives of the Settlement Class. As to the requirements of Rule 23(b)(3), the Court expressly finds that the questions of law and fact common to the Settlement Class predominate over any questions affecting any individual Settlement Class member, and that a class action on behalf of the Settlement Class is superior to other available means of adjudicating this dispute.

6. The Court hereby dismisses on the merits and with prejudice all complaints in the Action asserted by Non-Converter Seller Purchaser Class Plaintiffs against the Atkore Released Parties, with each party to bear its own costs and fees, including attorneys' fees, except as provided in the Settlement Agreement.

7. The releases set forth in Paragraphs 14 and 15 of the Settlement Agreement are incorporated herein and the Releasing Parties shall, by operation of law, be deemed to have released the Atkore Released Parties from the Released Claims. All entities who are Releasing Parties or who purport to assert claims on behalf of the Releasing Parties are hereby and forever barred and enjoined from initiating, asserting, maintaining, or prosecuting, any and all Released Claims against the Atkore Released Parties.

8. The Atkore Released Parties are hereby and forever released and discharged with respect to any and all claims, demands, actions, suits, or causes of action of any kind which the Releasing Parties had, have, or in the future may have, arising out of or related to any of the Released Claims as defined in the Settlement Agreement.

9. The notice given to the Settlement Class, including individual notice to all members of the Settlement Class who could be identified through reasonable efforts, was the most effective and practicable under the circumstances. This notice provided due and sufficient notice of proceedings and of the matters set forth therein, including the proposed Settlements and the proposed claims process, to all persons entitled to such notice. This notice fully satisfied the requirements of Rules 23(c)(2) and 23(e)(1) of the Federal Rules of Civil Procedure and the requirements of due process.

***The Court Overrules the Objection of Cook Green Lane, LLC***

10. Cook Green Lane, LLC ("Cook Green Lane" or "Objector") submitted the sole objection to the Atkore and Otter Tail Settlements. ECF No. 866. Its objection raises five grounds: (1) that the Settlement Class definition is unascertainable; (2) that the Court-approved Notice conflicted with the Preliminary Approval Orders on objection procedures; (3) that attorneys' fees are improperly measured against the gross settlement fund; (4) that the $98 million in total consideration is inadequate; and (5) that the Settlement releases are overbroad. The objection is **OVERRULED**.

11. First, Cook Green Lane contends that class members cannot determine their own membership because the definition turns on whether their seller purchased PVC Pipe Systems directly from a Converter Defendant. ECF No. 866 at 5-6. This ascertainability challenge fails under controlling Seventh Circuit authority, which requires only that a class be "defined clearly and based on objective criteria." *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 659 (7th Cir. 2015). The Settlement Class satisfies that standard: it identifies a specific group of purchasers, an objective purchase criterion, and a defined class period, and is not vague, subjective, or fail-safe. That establishing membership may require investigation into upstream transactions is a question

of claims administration, not class definition. *See id.* at 662, 668-69. The Notice directed uncertain class members to contact the Settlement Administrator, a mechanism Cook Green Lane did not use before objecting.

12. Second, the Notice instructed class members not to send objections to the Court, while the Preliminary Approval Orders directed that objections be filed with the Clerk, and the Notice omitted several required objection contents. ECF No. 866 at 7. These discrepancies caused no prejudice. Cook Green Lane itself filed a timely, complete, and compliant objection, demonstrating that the Notice created no actual barrier. No class member's objection has been or will be rejected on this basis. Corrective notice and a reopened objection period are unwarranted. In addition, no other objection was submitted by the objection deadline to the Settlement Administrator, Settlement Class Counsel, or Atkore's counsel through any of the channels identified in the Notice. Accordingly, the record identifies no Settlement Class member whose ability to object was impaired by the discrepancy.

13. Third, no fee, expense, or service award is sought at this time. Interim Co-Lead Counsel have deferred any fee application to a later date with a further opportunity for the class to object, and the Objector will have a full opportunity to be heard when that application is filed. There is no proposed fee award for the Court to evaluate. *See* Fed. R. Civ. P. 23(e)(2)(C)(iii).

14. Fourth, Cook Green Lane provides no evidence that $98 million in total consideration, between the Atkore and Otter Tail Settlements, is inadequate. The Seventh Circuit affirmed settlement approval under materially identical circumstances where the objector failed to retain an expert or otherwise support an inadequacy claim. *In re Broiler Chicken Antitrust Litig.*, 133 F.4th 761, 763-64 (7th Cir. 2025). The consideration is proportionate to Atkore's and Otter Tail's market positions: NCSPs estimate that Atkore holds less than 10% of NCSP-relevant sales

with only *de minimis* sales through the alleged co-conspirator distributors, and Otter Tail is roughly half that size. The objector's comparison to the direct-purchaser settlement is unavailing because those classes assert different mixes of claims at different levels of the distribution chain. The monetary figures also exclude the substantial cooperation both Atkore and Otter Tail committed to provide, which Interim Co-Lead Counsel describe as critical to prosecuting claims against the remaining Defendants. "Because the essence of settlement is compromise, courts should not reject a settlement solely because it does not provide a complete victory to the plaintiffs." *In re Clearview AI, Inc. Consumer Privacy Litig.*, 181 F.4th 785, 792 (7th Cir. 2026) (internal quotation marks omitted). Together with the previously finally approved OPIS settlement and the preliminarily approved $18 million Pipelife settlement, the NCSP class has recovered over $116 million to date with no reduction in trebled damages recoverable from the non-settling Converter Defendants.

15. Fifth, a class release may extend beyond pleaded claims to any claim resting on "the identical factual predicate as that underlying the claims in the settled class action." *Williams v. Gen. Elec. Cap. Auto Lease, Inc.*, 159 F.3d 266, 273 (7th Cir. 1998). The Seventh Circuit has upheld materially identical releases because "[d]efendants settle to buy peace." *In re Broiler Chicken*, 133 F.4th at 763. The waiver of unknown claims is standard in antitrust class settlements and necessary to achieve finality. *See ADM Alliance Nutrition, Inc. v. SGA Pharm Lab, Inc.*, 877 F.3d 742, 747 (7th Cir. 2017). Cook Green Lane's remedy, if it objected to the release's scope, was to opt out, which it did not do.

***Attorneys' Fees, Expenses, Service Awards, and Distribution***

16. As set forth in the notice to the Settlement Class, at this time Settlement Class Counsel is not seeking fees, expenses, or service awards, or to distribute proceeds from the

Settlement to qualified claimants; when Settlement Class Counsel determines to do so, they will notify the Settlement Class and seek the Court's approval.

17. Any member of the Settlement Class who failed to timely and validly request to be excluded from the Settlement Class shall be subject to and bound by the provisions of the Settlement Agreement, the Released Claims contained therein, and this Order with respect to all Released Claims, regardless of whether such members of the Settlement Class seek or obtain any distribution from the Settlement proceeds. Only eight members of the Settlement Class submitted a timely and valid request to be excluded from the Settlement Class. Attached to this Order as **Exhibit 1** is a list of all persons or entities who validly requested to be excluded from the Settlement Class. Therefore, all members of the Settlement Class, but for the eight who timely requested exclusion, are so bound.

***Retention of Jurisdiction and Entry of Final Judgment***

18. Without affecting the finality of this Final Judgment in any way, the Court hereby retains continuing, exclusive jurisdiction over: (a) consummation, administration, and implementation of the Settlement Agreement and any allocation or distribution to Settlement Class members pursuant to further orders from this Court; (b) disposition of the Settlement's proceeds; (c) hearing and determining any future applications by Settlement Class Counsel for attorneys' fees, costs, expenses, and interest; (d) hearing and determining any future applications by Settlement Class Counsel for service awards; (e) hearing and ruling on any matters relating to any plan of allocation or distribution of proceeds from the Settlement; (f) the parties to the Settlement Agreement for the purpose of enforcing and administering the Settlement Agreement and the releases contemplated by, or executed in connection with, the Settlement Agreement; (g) the enforcement of this Final Judgment; and (h) over any suit, action, proceeding, or dispute arising

out of or relating to the Settlement Agreement or the applicability of the Settlement Agreement that cannot be resolved by negotiation and agreement.

19. Atkore has served upon the appropriate state officials and the appropriate federal official notice as required by the Class Action Fairness Act, 28 U.S.C. §1715. ECF No. 731. More than 90 days have elapsed since service of those notices, satisfying 28 U.S.C. §1715(d). No federal or state official objected to the Settlement.

20. The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that judgment should be entered and further finds that there is no just reason for delay in the entry of final judgment as to the parties to the Settlement Agreement. Accordingly, the Clerk is hereby directed to enter this Order and Final Judgment forthwith.

IT IS SO ORDERED.

**DATED**: September 16, 2026

**ENTERED**:

LaShonda A. Hunt

LASHONDA A. HUNT
United States District Judge

**EXHIBIT 1**

Exclusions from the Settlement Class

| **Name** | **Address** |
|---|---|
| ALEX VERRAIRES | 9215 TEPEE TRL, HOUSTON, TX |
| BRIAN DYKSTRA | 7000 NOON RD, EVERSON, WA |
| JOHN PALMER | PO BOX 185, TOUTLE, WA |
| MELISSA DIAZ | 2914 ELLENWOOD DR, FAIRFAX, VA |
| SHARON GAYAN | 3701 PLEASANT LN, RACINE, WI |
| NATHAN GREEN | 105 S WASHINGTON ST, PENELOPE, TX |
| DARLENE CLEARWATER | 4406 N ELLEN DR, COVINA, CA |
| NICHOLAS ADE | 318 SAGE CIR, LOGAN, UT |