**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| *In re PVC Pipe Antitrust Litigation*<br>________________________<br>THIS DOCUMENT RELATES TO:<br>*The Direct Purchaser Plaintiff Class* | Case No. 24 C 07639<br>Hon. LaShonda A. Hunt |

**ORDER FINALLY APPROVING THE DIRECT PURCHASER PLAINTIFFS' ("DPPs") CLASS ACTION SETTLEMENT WITH ATKORE INC., ATKORE INTERNATIONAL, INC., ATKORE PLASTIC PIPE CORP., ATKORE RMCP, INC., AND ALLIED TUBE & CONDUIT CORPORATION ("ATKORE") AND GRANTING FINAL JUDGMENT AS TO THE ATKORE DEFENDANTS**

On October 1, 2026, at 9:00 a.m. Central Time, this Court held a hearing on Direct Purchaser Plaintiffs' ("DPPs") Motion for Final Approval of Class Action Settlement with Settling Defendants Atkore Inc., Atkore International, Inc., Atkore Plastic Pipe Corp., Atkore RMCP, Inc., and Allied Tube & Conduit Corporation (referred to collectively as "Atkore"). DPPs (who together with Atkore, are referred to collectively as the "Parties," or individually as a "Party") have entered into a Settlement Agreement with Atkore. Having reviewed the Settlement Agreement, DPPs' final approval filings (including the brief, declarations, and all exhibits thereto) and all other relevant case filings, the Court hereby finds that DPPs' motion should be **GRANTED**, and that Final Judgment should be entered as to the Atkore Released Parties named in DPPs' Complaint.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. For purposes of this Order and Final Judgment, except as otherwise defined herein, the Court adopts and incorporates the definitions contained in the Settlement Agreement Between

Direct Purchaser Class Plaintiffs and Atkore Defendants, ECF No. 715-1, filed on April 29, 2026.

2. This Court has jurisdiction over the subject matter of this litigation, including the actions within this litigation, and over the Parties to the Settlement Agreement, including the Atkore Released Parties named in the Complaint and all members of the DPP Settlement Class.

3. Pursuant to Fed. R. Civ. P. 23(g), the law firm of Kaplan Fox & Kilsheimer, LLP, which the Court previously appointed as Interim Lead Counsel for the Direct Purchaser Plaintiff Class, is appointed as Settlement Class Counsel for the DPP Settlement Class, as it has and will fairly and competently represent the interests of the DPP Settlement Class.

4. Finding that they will fairly and adequately protect the interests of the DPP Settlement Class, the Court appoints DPPs Bill Wagner & Son, Inc., Vitolite Electric Sales Company, and Hodges Supply Company as the Representatives for the DPP Settlement Class.

5. Pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), the Court certifies, for settlement purposes only, the following DPP Settlement Class:

> All persons and entities who purchased PVCPs and/or Fittings in the United States and its territories directly from one or more of the Converter Defendants (or from any of the Converter Defendants' parents, predecessors, subsidiaries, or Affiliates) at any time from January 1, 2020 through March 31, 2026 (the "Settlement Class Period"). Excluded from the DPP Settlement Class are Converter Defendants, and their parents, predecessors, subsidiaries, and Affiliates, and all federal government entities and instrumentalities of the federal government.

6. The Court further finds that the prerequisites to a class action under Fed. R. Civ. P. 23 are satisfied, for settlement purposes only, in that: (a) there are thousands of geographically-dispersed members of the DPP Settlement Class, making joinder of all members impracticable; (b) there are questions of law and fact common to the DPP Settlement Class that predominate over individual issues; (c) the claims or defenses of the Representatives of the DPP Settlement Class are typical of the claims or defenses of the DPP Settlement Class; (d) the Representatives of the

DPP Settlement Class will fairly and adequately protect the interests of the DPP Settlement Class, and have retained counsel experienced in antitrust class action litigation who have, and will continue to, adequately represent the DPP Settlement Class; and (e) a class action is superior to individual actions.

7. The Court hereby finally approves the Settlement Agreement and finds that said Settlement Agreement was reached in good faith and is, in all respects, fair, reasonable and adequate to the DPP Settlement Class within the meaning of Rule 23 of the Federal Rules of Civil Procedure, and directs that the Settlement Agreement and all its material terms and conditions, without material modification of those terms and conditions, be implemented, performed, and consummated.

8. The Court finds that the Class Notice provided to the DPP Settlement Class fully satisfied the requirements of Rules 23(c)(2) and 23(e)(1) of the Federal Rules of Civil Procedure, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice for all other purposes to all persons entitled to receive notice.

9. The DPPs' Complaint, and all other complaints asserted by the Releasing Parties in the Action, are hereby **dismissed with prejudice as to the Atkore Released Parties only**, without further costs or fees.

10. Upon the Effective Date, the Atkore Released Parties shall be completely and fully released, acquitted, and forever discharged and dismissed from the Action, and any and all claims, cross-claims, counter-claims, liabilities, demands, actions, judgments, suits, causes of action, obligations, debts, setoffs, rights of recovery, or liabilities of any kind whatsoever (however denominated), whether class or individual, joint or several, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs,

penalties, fines, debts, expenses, attorneys' fees, or damages, whenever incurred, known or unknown, foreseen or unforeseen, suspected or unsuspected, asserted or unasserted that Releasing Parties, or each of them, ever had, now has, or hereafter can, shall, or may have against any of the Atkore Released Parties on account of, or arising out of, or relating in any way to, any of the claims in the Action are hereby released, whether such claims are actual or alleged, whether legal or factual, from the beginning of the world up to April 28, 2026 (the date of the Settlement Agreement), including any conduct alleged and any cause of action asserted or that could have been alleged or asserted, based upon the allegations in the Action, including but not limited to those arising under any federal or state antitrust, unfair competition, unfair practices, consumer protection, unjust enrichment, price discrimination, unitary pricing, or trade practice law, except for claims to enforce any of the terms of the Settlement Agreement (the "Released Claims"). This release is intended to be and is as broad and comprehensive as the law allows, both as to its subject matter and as to the persons and entities released**.** This release of the Released Claims is binding on the Releasing Parties regardless of whether or not any member of the DPP Settlement Class has objected to the Settlement Agreement or makes a claim for monetary benefits from the Settlement Fund, whether directly, representatively, derivatively or in any other capacity. Releasing Parties, or anyone representing them or acting on their behalf, shall not encourage any individual or entity to sue the Atkore Released Parties over matters related in any way to the Released Claims. However, this release does not preclude DPP Settlement Class members from pursuing claims (a) arising in the ordinary course of business under Article 2 of the Uniform Commercial Code (pertaining to sales), other than claims based in whole or in part on any of the Released Claims, (b) solely for the purchase of PVCPs and Fittings made indirectly from one or more of the Converter Defendants (or from any of the Converter Defendants' parents, predecessors, subsidiaries, or

Affiliates), or (c) for negligence, breach of contract, bailment, failure to deliver, lost goods, damaged or delayed goods, breach of warranty, or product liability claims, other than claims based in whole or in part on any of the Released Claims.

11. In addition, upon the Effective Date, the Releasing Parties will be deemed to have expressly waived and released, solely with respect to the Released Claims, any and all provisions, rights, and benefits conferred by Section 1542 of the California Civil Code, which states:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY,

or conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code. This provision includes, without limitation, 20-7-11 of the South Dakota Codified Laws providing:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

Each Releasing Party may hereafter discover facts other than or different from those which he, she, or it knows or believes to be true with respect to the claims which are released pursuant to the Settlement Agreement, but each Releasing Party hereby expressly waives and fully, finally, and forever settles and releases, upon the Effective Date, any known or unknown, suspected or unsuspected, accrued or unaccrued, contingent or non-contingent claim that the Releasing Parties have agreed to release pursuant to the Settlement Agreement or that would otherwise fall within the definition of Released Claims, whether or not concealed or hidden, without regard to the

subsequent discovery or existence of such different or additional facts. The foregoing release of unknown, unanticipated, unsuspected, unforeseen, and unaccrued losses or claims is contractual and not a mere recital. For the avoidance of doubt, the Releasing Parties also hereby agree that, as of the Effective Date, they expressly waive and fully, finally, and forever settle and release any and all claims that would otherwise fall within the definition of Released Claims they may have against any Atkore Released Parties under §§ 17200, *et seq.*, of the California Business and Professions Code or any similar, comparable, or equivalent provision of the law of any other state or territory of the United States or other jurisdiction, which claims are hereby expressly incorporated into the definition of Released Claims.

12. The Releasing Parties are hereby enjoined from suing or threatening to sue any of the Atkore Released Parties for any transaction, event, circumstance, action, failure to act, or occurrence of any sort or type arising out of the Released Claims, including, without limitation, seeking to recover damages relating to any of the Released Claims.

13. The Court finds that the Atkore Released Parties have served appropriate notice upon the appropriate state officials and the appropriate federal official pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1711 *et seq.* More than 90 days have elapsed since service of those notices, satisfying 28 U.S.C. § 1715(d). No federal or state official has objected to the Settlement.

14. No objections to the Settlement were filed or submitted.

15. No persons or entities requested to be excluded from the DPP Settlement Class with respect to the Atkore settlement. Therefore, all members of the DPP Settlement Class shall be subject to and bound by the provisions of the Settlement Agreement and this Order, including with respect to all Released Claims, regardless of whether such members of the DPP Settlement Class

seek or obtain any distribution from the Settlement proceeds.

16. Without affecting the finality of this Order and Final Judgment, this Court hereby retains continuing exclusive jurisdiction over the Settlement Agreement for all purposes.

17. The Court finds, pursuant to Rules 54(a) and 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay in the entry of this Final Judgment, and that final judgment as to the Atkore Released Parties should be, and is directed to be, entered, whereupon this Final Judgment will be final and immediately appealable.

**DATED**: October 1, 2026

**ENTERED**:

LaShonda A Hunt

LASHONDA A. HUNT
United States District Judge