**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| *In re PVC Pipe Antitrust Litigation*<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 1:24-cv-07639<br><br>Judge LaShonda A. Hunt<br>Magistrate Judge Young B. Kim |

**JOINT STATUS REPORT**

The Parties respectfully submit this Joint Status Report pursuant to the Court's October 6, 2026 Minute Order. Dkt. No. 928. This report contains the following sections: (1) Counsel who will address the Court; (2) proposed schedule for written discovery; (3) anticipated discovery issues; (4) logistical questions; (5) settlements and discovery provided pursuant to settlement agreements; and (6) email addresses for video conference links.

## I. COUNSEL WHO WILL ADDRESS THE COURT[1]

The Parties identify the below names and email addresses of attorneys who will most likely address the Court during status and motion hearings. The Parties will update or supplement this list as needed as the case proceeds.

[1] Defendants that have settled with all Plaintiff classes and obtained final judgment as to each, OPIS (Dkt. Nos. 780, 781, 782), the Atkore Defendants (Dkt. Nos. 892, 915, 918), and the Otter Tail Defendants (Dkt. Nos. 893, 916, 917), are omitted from the lists below, as they are no longer active parties to this litigation. Pipelife JetStream, Inc. has reached settlements with all three Plaintiff classes (Dkt. Nos. 840, 842, 864), but none of those settlements has received final judgment, and a fairness hearing on the Direct Purchaser Plaintiffs' settlement with Pipelife JetStream is scheduled for November 5, 2026. The Westlake Defendants have settled and obtained final judgment as to the Direct Purchaser Plaintiffs (Dkt. Nos. 914). Accordingly, Pipelife JetStream and Westlake remain listed below.

**Plaintiffs**

**Non-Converter Seller Purchasers ("NCSP"):** Lockridge Grindal Nauen PLLP and Scott+Scott Attorneys at Law LLP are appointed as interim co-lead class counsel, and Cohen Milstein Sellers & Toll PLLC has been appointed Liaison Counsel. The lead trial attorneys for the NCSPs are Brian Clark (bdclark@locklaw.com) of Lockridge Grindal Nauen PLLP and Karin Garvey (kgarvey@scott-scott.com) of Scott+Scott Attorneys at Law LLP.

**Direct Purchaser Plaintiffs ("DPP"):** Kaplan Fox & Kilsheimer LLP is appointed interim lead class counsel, and Sperling Kenny Nachwalter, LLC is appointed Liaison Counsel. The lead trial attorneys for the DPPs are Robert N. Kaplan (RKaplan@kaplanfox.com), Elana Katcher (ekatcher@kaplanfox.com), and Matthew P. McCahill (mmccahill@kaplanfox.com) of Kaplan Fox & Kilsheimer LLP, and Joseph M. Vanek (jvanek@sperlingkenny.com) and John P. Bjork (jbjork@sperlingkenny.com) of Sperling Kenny Nachwalter, LLC.

**End-User Plaintiffs ("EUP"):** Fegan Scott LLP and Pearson Warshaw, LLP are appointed as interim co-lead class counsel. The lead trial attorneys for the EUPs are Elizabeth Fegan (beth@feganscott.com) of Fegan Scott LLP, and Daniel L. Warshaw (dwarshaw@pwfirm.com) and Bobby Pouya (bpouya@pwfirm.com) of Pearson Warshaw, LLP.

**Defendants**

**Counsel for Defendants IPEX USA, LLC ("IPEX") and Multi Fittings Corporation ("Multi Fittings"):** White & Case LLP is lead counsel for Defendants IPEX and Multi Fittings. The lead trial attorneys for IPEX and Multi Fittings are Robert Milne (rmilne@whitecase.com), Bryan Gant (bgant@whitecase.com), Kristen O'Shaughnessy (kristen.oshaughnessy@whitecase.com), and Holly Zheng (holly.zheng@whitecase.com).

**Counsel for Defendant National Pipe and Plastics, Inc. ("National Pipe"):** Sheppard Mullin Richter & Hampton LLP is lead counsel for Defendant National Pipe. The lead trial attorneys who will most likely address the Court during status and motion hearings are Thomas V. Panoff (tpanoff@sheppard.com), Ann M. O'Brien (aobrien@sheppard.com), and Leo D. Caseria (lcaseria@sheppard.com).

**Counsel for Charlotte Pipe and Foundry Company ("Charlotte Pipe"):** Charlotte Pipe is represented by Bartlit Beck LLP and Robinson Bradshaw and Hinson PA. The lead trial attorneys for Charlotte Pipe are Rebecca Weinstein Bacon (rweinstein.bacon@bartlitbeck.com), Mark Levine (mark.levine@bartlitbeck.com), Lawrence Moore (lmoore@rbh.com) and Nathan Chase (nchase@rbh.com).

**Counsel for Cresline Plastic Pipe Co., Inc. ("Cresline"):** Cresline is represented by McKool Smith, P.C. and Hansen Reynolds LLC. The lead trial attorneys for Cresline are John Briody (jbriody@mckoolsmith.com), James H. Smith, (jsmith@mckoolsmith.com, Daniel Levy (dlevy@mckoolsmith.com), Rick Halper (ehalper@mckoolmsith.com), and Alan W. Nicgorski (anicgorski@hansenreynolds.com).

**Counsel for Defendants Cantex, Inc., Diamond Plastics Corporation, Prime Conduit, Inc., Sanderson Pipe Corporation, and Southern Pipe, Inc. (collectively, "Cantex Defendants"):** Axinn LLP is lead counsel for the Cantex Defendants. The lead trial attorneys who will most likely address the Court during status and motion hearings are John D. Briggs (jbriggs@axinn.com), Richard B. Dagen (rdagen@axinn.com), Daniel K. Oakes (doakes@axinn.com), Daniel Matheson (dmatheson@axinn.com), and Kenina Lee (klee@axinn.com).

**Counsel for J-M Manufacturing Company, Inc., d/b/a JM Eagle ("JM Eagle"):** Kirkland & Ellis LLP represents JM Eagle. The lead trial attorneys for JM Eagle are Daniel E. Laytin (daniel.laytin@kirkland.com); Christa C. Cottrell (christa.cottrell@kirkland.com); Taylor Rothman (taylor.rothman@kirkland.com); Max Samels (max.samels@kirkland.com), and Vanessa Barsanti (vanessa.barsanti@kirkland.com).

**Counsel for Westlake Corporation and Westlake Pipe & Fittings Corporation ("Westlake"):** Susman Godfrey LLP and Massey & Gail LLP represent Westlake. The lead trial attorneys for Westlake who will most likely address the court during status and motion hearings are William R. H. Merrill (bmerrill@susmangodfrey.com), James T. Southwick (jsouthwick@susmangodfrey.com), Elizabeth B. Hadaway (ehadaway@susmangodfrey.com), Alexander Aiken (aaiken@susmangodfrey.com), Ezra Ruiz (eruiz@susmangodfrey.com), and Suyash Agrawal (sagrawal@masseygail.com).

**Intervenors**

Intervenor, the United States of America, is represented by the U.S. Department of Justice, Antitrust Division ("DOJ"). The lead attorney representing the United States is Andrew Mast (andrew.mast@usdoj.gov).

The attorneys identified above will most likely address the Court during status and motion hearings. Contact information for all attorneys other than those representing the United States are set forth in the signature block.

## II. PROPOSED SCHEDULE FOR WRITTEN DISCOVERY

### A. Overview of Current Status of Discovery

#### 1. Stay of Discovery

On October 7, 2025, the United States intervened and sought a six-month partial stay of discovery. *See* Dkt. No. 500. On October 10, 2025, the Court granted the government's motion. *See* Dkt. No. 503. On February 24, 2026, the Court modified the scope of the partial stay (Dkt. No. 671) as follows:

- Pre-Existing Defendants (*i.e.* all Defendants other than Charlotte Pipe and Cresline) were required to provide written responses and objections to Plaintiffs' Rule 34 Requests for Production. Negotiations with respect to the Requests would not proceed during the stay.
- New Defendants (*i.e.* Charlotte Pipe and Cresline) were required to produce organizational charts.
- Plaintiffs were permitted to serve Rule 45 subpoenas on third parties. Negotiations and document productions would not proceed during the stay, except with respect to subpoenas to telephone carriers.
- The Court also encouraged Plaintiffs and Pre-Existing Defendants "to jointly craft a reasonable proposal for rolling production of structured data." The Court did not explicitly require production of structured data or the submission of data samples.

On April 7, 2026, the Court granted the government's request to extend the stay (as modified) until July 1, 2026. *See* Dkt. No. 690. The Court later left that stay in place, pending determination of the DOJ's motion to amend and extend the stay until the end of 2026. Dkt. No. 837. The Parties have fully complied with the Court-ordered stay.

2. Status of Discovery Permitted by the Court and Not Modified by DOJ Stay

*a. Rule 34 Requests for Production and Meet and Confers with Defendants Regarding Production of Structured Data*

The Court permitted service of comprehensive Rule 34 requests by the Parties. Dkt. Nos. 507, 671. On October 28, 2025, Plaintiffs served All Plaintiffs' Revised First Set of Requests to the Converter Defendants. On October 29, 2025, Downstream Plaintiffs (NCSPs and EUPs) served an additional set of Requests for Production to Converter Defendants. Pursuant to the Court-ordered stay, Plaintiffs did not include a response date for these discovery requests. On April 27, 2026, the Pre-Existing Defendants served their written objections and responses to Plaintiffs' Requests for Production, as did Charlotte Pipe.[2] On October 20, 2026, Defendants served their First Set of Requests for Production to Plaintiffs.

The Parties have not engaged in meet-and-confer negotiations with respect to discovery pursuant to the Court's prior order staying such discussions, except the parties have been permitted to negotiate regarding the production of structured data.

Plaintiffs served upon Defendants eight (8) requests for structured data. Plaintiffs and Defendants have been conferring on the production of Defendants' structured data, including over a dozen meet and confers. These negotiations are largely proceeding with Defendants individually.

The Parties have also been negotiating, on a global basis, the relevant time period for the structured data requests. The Parties have agreed to a relevant time period of January 1, 2015 through December 31, 2025 for purposes of structured data productions subject to Party-specific limitations concerning the availability of, and burden associated with, producing such data. The

[2] Cresline did not serve its written objections and responses to Plaintiffs' Requests for Production of Documents and was not ordered by the Court to do so at that time. Cresline will serve its written objections and responses in advance of the November 12, 2026 Status Conference.

Parties are also substantially aligned regarding the process and timetable for producing transactional sales data. Defendants will provide transactional sales data samples by November 16, 2026, and Charlotte Pipe and Cresline will provide transactional sales data samples by December 4, 2026. Defendants will provide samples of all other structured data by January 29, 2027. After the samples are provided, the Parties will promptly meet and confer regarding the relevant fields, data sources and production format. Plaintiffs and their experts will use best efforts to conduct a substantive review of the samples and raise any questions during those discussions.

Defendants will substantially complete their productions of transactional sales data no later than the earlier of (i) one month after the Parties conclude negotiations regarding that Party's sample or (ii) sixty (60) days[3] after November 16, 2026 (or December 4, 2026 in the case of Charlotte Pipe and Cresline). No later than 60 days after January 29, 2027, Defendants will complete their productions of non-sales transaction data. Defendants will consider on an individual basis any questions or subsequent requests for additional data or overlays relating to issues that could not reasonably have been identified earlier, while reserving all objections to requests for information that could have been identified from the samples.

Westlake has provided samples of transactional sales structured data to Plaintiffs and has responded to follow-up questions received from Plaintiffs.

Plaintiffs were served with Rule 34 requests by Defendants on October 20, 2026, which included requests for structured data. Plaintiffs have not yet served their written responses and objections, and the DPPs' specifically preserve all available objections to the production of downstream sales data. By December 21, 2026, subject to interposed objections, Plaintiffs and

[3] Defendants will provide samples of all non-transactional structured data by January 29, 2027, and will complete their respective productions of that data within sixty (60) days after providing the corresponding data sample.

Defendants will agree upon a schedule for Plaintiffs' production of structured data or submit any unresolved issue to the Court.

*b. Production of Organizational Charts*

All Defendants produced organizational charts to Plaintiffs by the end of April 2026.

*c. Rule 45 Subpoenas on Telephone Carriers*

Plaintiffs continue to serve Rule 45 subpoenas on Verizon and AT&T seeking the production of telephone records for the telephone numbers of certain current or former employees of Defendants and non-parties. Verizon and AT&T have produced documents, including telephone records and certificates of authenticity, in response to those subpoenas, and Plaintiffs are, in turn, serving on Defendants all documents produced to Plaintiffs. Plaintiffs are also serving follow-up subpoenas on various smaller carriers, such as T-Mobile, identified by AT&T and Verizon as potentially holding responsive records.

Downstream Plaintiffs (the NCSP and EUP classes) continue to serve Rule 45 subpoenas on Verizon and AT&T seeking the production of telephone records for the telephone numbers of certain current or former employees of certain distributors that the Downstream Plaintiffs have alleged to be Converter Defendants' Co-Conspirators. Both Verizon and AT&T have produced documents, including telephone records and certificates of authenticity, in response to those subpoenas, and Downstream Plaintiffs are, in turn, serving on Defendants all documents produced to them.

*d. Rule 45 Subpoenas on Non-Parties Other than Telephone Carriers*

All Plaintiffs have served Rule 45 subpoenas on ten (10) non-party trade associations and one (1) data analytics company, Epicor. Plaintiffs have responded to general questions from the non-party trade associations about these subpoenas but due to the stay have not been permitted to

engage in discussions regarding document productions or custodians. Plaintiffs have received responses and objections from nine (9) non-party trade associations. All Plaintiffs expect to serve additional Rule 45 subpoenas in the near future.

Downstream Plaintiffs (NCSPs and EUPs) have served additional Rule 45 subpoenas on seventeen (17) non-party entities, including twelve (12) fitting manufacturers and five (5) resin producers. No substantive meet and confers have taken place to date.

Downstream Plaintiffs served additional Rule 45 subpoenas on nineteen (19) non-party distributors, six (6) alleged Co-Conspirator Distributors, four (4) distributor cooperatives, and supplemental requests on two (2) non-party distributors. Downstream Plaintiffs have responded to general questions from these subpoena targets but due to the stay have not been permitted to engage in discussions about documents or document custodians. Downstream Plaintiffs have received objections and responses from sixteen (16) non-party distributors. The Downstream Plaintiffs expect to serve additional Rule 45 subpoenas in the near future.

EUPs served additional Rule 45 subpoenas on thirty-four (34) PVC Pipe retailers. EUPs have responded to general questions from these subpoena targets but due to the stay have not engaged in substantive meet and confers. EUPs have received objections and responses from sixteen (16) of the PVC Pipe retailer subpoena recipients. EUPs may serve additional Rule 45 subpoenas in the near future.

Plaintiffs have cross-produced to Defendants all materials received from third parties to date, and will continue to do so promptly upon receipt.

Defendants have served Rule 45 subpoenas on the six (6) alleged Co-conspirator Distributors and fifty-two (52) Non-conspirator Distributors. No substantive meet and confers

have taken place to date. Defendants expect to serve additional Rule 45 subpoenas in the near future.

Defendants have not received any productions from third parties to date, but will promptly cross-produce to Plaintiffs any materials received.

*e. Canadian Discovery*

Downstream Plaintiffs engaged Canadian counsel to enforce the Letters Rogatory issued by the Court on March 31, 2026. Dkt. Nos. 685-687. Downstream Plaintiffs have re-produced to Defendants telephone records received from telecom companies in Quebec and British Columbia on August 24, 2026, and October 5, 2026, respectively. Requests before the Ontario court remain in progress.

*f. Discovery Protocols*

The Court has entered a Stipulated Protective Order governing the treatment of confidential and highly confidential information produced in this litigation (Dkt. No. 378), and an Order Regarding Production of Electronically Stored Information and Paper Documents governing the format and manner of document production, search methodology, and privilege logging, including the Rule 502(d) non-waiver provisions governing inadvertent production of privileged material (Dkt. No. 383).

The Parties are also currently negotiating the terms of a deposition protocol, expert protocol, as well as an amendment to the Protective Order governing the use of artificial intelligence.

### B. The Parties' Joint Proposal for Numeric Limits on Discovery Requests

1. Rule 33 Interrogatories

Plaintiffs may jointly serve up to twenty (20) interrogatories on each Defendant. Each Plaintiff class may separately serve up to five (5) interrogatories on each Defendant. With respect to the Cantex, IPEX, and Westlake Defendant families, the interrogatories served on each Defendant within the family shall be identical, except that up to two (2) of the thirty-five (35) total interrogatories may vary by Defendant within the family. Each Plaintiff Class must coordinate to ensure that any such requests do not cause unnecessary duplication.

Defendants may jointly serve up to thirty-five (35) interrogatories on each named Plaintiff, with Defendants determining the allocation among themselves.

2. Rule 34 Document Requests

Consistent with Fed. R. Civ. P. 34, there shall be no limits on the number of requests to produce the Parties may serve. Each side must endeavor to jointly serve their requests where there is overlap. Plaintiffs may direct their requests to all Defendants or, for any discrete issues, to individual Defendants. Defendants may direct their requests to all Plaintiffs or, for any discrete issues, to individual named Plaintiffs. No rights, obligations, or objections available by the Federal Rules of Civil Procedure are modified by this section.

### C. Proposed Schedule for Written Discovery

The chart below provides the Parties' joint proposal on deadlines for the written discovery events provided in the Court's minute entry (Dkt. No. 928) as well as certain proposed additional deadlines.

| Event | The Parties' Proposed Deadline |
|---|---|
| Rule 26(a)(1) disclosures | *December 4, 2026* |
| Deadline for Defendants to serve Plaintiffs with initial Rule 33 and Rule 34 requests[4] | *November 16, 2026* |
| Production of structured data | Submission of Data Samples:<br>*November 16, 2026 (samples of transactional sales data for most Defendants, and December 4, 2026 for Charlotte Pipe and Cresline)*<br>*January 29, 2027 (all other samples of structured data)*<br><br>Completion of Defendants' Structured Data Productions:<br>*60 days after submission of corresponding data sample*[5]<br><br>Deadline for Plaintiffs' Submission of Structured Data Production Schedule:<br>*December 21, 2026* |

[4] As of the date of this report, all Parties have served an initial round of Rule 34 requests. This deadline is without prejudice to the Parties' ability to serve additional Rule 33 or Rule 34 requests at a later time.

[5] The requesting party shall timely engage with the submitting party regarding the fields included in the corresponding data sample.

| Event | The Parties' Proposed Deadline |
|---|---|
| Deadline for responding party to:<br><br>(1) provide list of proposed document custodians and non-custodial document sources relevant to Rule 34 requests per ESI Protocol ¶ V(B)(1); and<br><br>(2) propose Search Methodology Parameters per ESI Protocol ¶¶ VI(C)(2), VI(C)(3), & VI(C)(5)(a) | Deadline for Disclosure of Proposed Custodians and Non-Custodial Sources, as provided in the ESI protocol:<br><br>*All Parties*: November 19, 2026<br><br>Deadline for Requesting Parties to Respond to Proposed Custodians and Non-Custodial Sources:<br><br>*All Parties*: November 25, 2026<br><br>Deadline for Producing Parties to Further Respond Concerning Proposed Custodians and Non-Custodial Sources:<br><br>*All Parties*: December 4, 2026<br><br>Deadline to Propose Search Methodology Parameters:<br><br>*All Parties*: December 18, 2026 |
| Deadline for agreement on priority custodians of no more than two (2) custodians per Defendant[6] and two (2) per Plaintiff Class | *All Parties*: January 15, 2027 |
| Substantial completion of document productions of priority custodians; rolling production of remaining custodians begins | *All Parties:* March 31, 2027, but only as to search terms agreed upon or ordered by the Court on or before January 29, 2027.[7] |

[6] As to the IPEX and Westlake Defendants, each Defendant Family will designate two (2) priority custodians agreed to by the Parties.

[7] By agreeing to this deadline, the Parties do not intend to alter Section VI.C.4 of the ESI Protocol, Dkt 383, which provides that a "Producing Party is not required to add search terms after

| Event | The Parties' Proposed Deadline |
|---|---|
| Substantial completion of remaining document productions | *All Parties*: September 17, 2027 |
| Deadline for service of final privilege logs[8] | *30 days after deadline for substantial completion of document productions* |

## III. ANTICIPATED DISCOVERY ISSUES

The Parties have identified one potential discovery dispute: Defendants' request for Plaintiffs to cross-produce the materials already produced to Plaintiffs pursuant to its settlement agreements and Plaintiffs' request that such cross-production to Defendants be conditioned on Defendants' cross-production of materials provided to the Department of Justice. The Parties do not currently have other discovery disputes.

**<u>DOJ Stay and Cross-Production of Materials</u>**

On July 1, 2026, DOJ moved to extend the current discovery stay until December 31, 2026, but narrow the scope of the stay. Dkt. No. 834. DOJ proposed that depositions remain stayed but that all document discovery be permitted to proceed, "except that no party would be permitted to respond to discovery requests that refer to the criminal grand jury investigation," including a prohibition on inter-party discovery into documents produced pursuant to settlements made in this case to the extent such discovery would reveal the contents of the grand jury investigation. *Id*. The prior stay remains in effect pending resolution of the government's motion. Dkt. No. 837; *see also* Dkt. 690, 777.

---

completion of the process described in paragraphs VI(C)(2)(a)-(b). Notwithstanding the preceding sentence, the Producing Party agrees to consider narrow, specific requests in good faith."

[8] The Parties agree that rolling productions of privilege logs will be made during the document production period.

The non-settling Defendants ("NSDs")—which excludes Westlake, the Otter Tail Defendants, and the Atkore Defendants —opposed the scope of DOJ's proposed modification on the ground that it would preclude them from obtaining, through ordinary discovery, materials that Plaintiffs obtained from other Defendants and which Plaintiffs are using to inform their case. Dkt. No. 846. Judge Hunt recently referred that motion to this Court. Dkt. No. 912. The motion is fully briefed, *see* Dkt. Nos. 846, 851, 852, and 853, and this Court stated in a minute entry that it will review those documents "to resolve this motion." Dkt. No. 930.

1. Non-Settling Defendants' Position

NSDs understand that Plaintiffs will not cross-produce the materials received from Settling Defendants absent a court order requiring them to do so. NSDs believe that this narrow issue is critical to the orderly progression of these proceedings and is now ripe for decision. NSDs are prepared to address this issue at the November 12 conference or as soon as practicable.

Since at least early this year, Plaintiffs have possessed a large volume of documents[9] from Settling Defendants, including a substantial set of documents that class counsel received from OPIS more than a year ago and used to amend their complaints. These are documents which have been produced in this case, but which Defendants do not have. The prejudice to NSDs from this information asymmetry is ongoing and substantial, and allowing NSDs to get up to speed with class counsel should be the first priority to ensure discovery proceeds fairly.

The Court should reject Plaintiffs' request below that their cross-production of materials be conditioned on NSDs' production of any documents NSD provided to the DOJ. Plaintiffs have served requests on NSDs for documents produced to the DOJ along with many other categories of

[9] NSDs do not know how many documents have been produced to Plaintiffs, but expect the volume to be at least tens of thousands of documents.

documents, which remain subject to objections and shall be resolved through the ordinary discovery process. The two categories of materials are not similarly situated: any documents NSDs provided to the DOJ have not been produced at all in this litigation, whereas the materials in Plaintiffs' possession have already been produced by Settling Defendants.

DPPs' suggestion that they should be permitted to withhold produced materials from NSDs in order to maintain their settlement leverage is revealing, and should be rejected. Downstream Plaintiffs have not substantiated any burden with the requested production. Further, Downstream Plaintiffs' suggestion that NSDs seek these materials from the Settling Defendants does not address the issue. NSDs seek the defined body of materials already furnished to Plaintiffs, rather than requiring NSDs to attempt to obtain those materials separately from multiple Settling Defendants. That approach would create additional processes, objections and delay, without ensuring that NSDs receive the same universe of materials available to Plaintiffs.

Before being launched into extensive and costly discovery, NSDs need time to receive and review the documents class counsel obtained from Settling Defendants. Once full blown discovery is launched, NSDs cannot realistically close the information gap while simultaneously meeting their own discovery obligations and they should not have to do so. NSDs request that Plaintiffs be ordered to cross-produce all materials received from Settling Defendants no later than 14 days after the resolution of the DOJ's motion, and to promptly cross-produce any settlement materials received in the future within 7 days of receipt. Dkt. No. 834.

2. Westlake's Position

Westlake opposes requiring DPPs to produce materials that Westlake provided to DPPs pursuant to the Westlake-DPP settlement because the Court approved that settlement and Exhibit A to the settlement agreement provides that materials produced by Westlake to DPPs must be kept

confidential. Dkt. Nos. 699-1 at 32. Westlake also does not oppose the DOJ's stay motion. Requests for production of any such materials should occur after the discovery stay is lifted through the discovery process.

3. NCSP/EUP Classes' Position

Downstream Plaintiffs did not take a position on the DOJ's Motion to Extend and Modify the Discovery Stay. Dkt. 851. Downstream Plaintiffs did, however, oppose Defendants' request that they be permitted to "pursue any discovery seeking materials provided by Settling Defendants to Plaintiffs, provided that the producing party may not identify whether those documents" were subject to a DOJ grand jury investigation." *Id.* As stated in Downstream Plaintiffs' statement, the burden of policing grand jury confidentiality should not fall to Plaintiffs in this action. *Id.* Further, if the stay is lifted, NSDs may seek these documents from Settled Defendants, rather than Plaintiffs, which may consider those requests in accordance with the Settlement Agreements at issue. *See, e.g.*, NCSPs Settlement Agreement with Atkore, Dkt. 725-1 at § 10.j. In any event, if NSDs are permitted to obtain settlement documents, NSDs should also be ordered to produce to Plaintiffs mirror images of any productions NSDs made to the DOJ, which Plaintiffs' have explicitly requested in propounded discovery requests. While Defendants do not mention it above, it is just as unknown to Downstream Plaintiffs how many documents NSDs have provided to the DOJ, and what those documents say. Therefore, NSDs' description of a one-way asymmetry of information between the Parties is inaccurate.

4. DPPs' Position

As articulated in Direct Purchaser Plaintiffs' Reply With Respect to the United States' Motion to Extend and Modify the Discovery Stay (Dkt. No. 852) DPPs support the DOJ motion. The confidentiality provisions in DPPs' settlement agreements are material terms of these

settlement agreements which have been finally approved by the Court. DPPs believe that these confidentiality provisions have created informational parity. DPPs do not have access to NSDs' grand jury productions and NSDs do not have access to the grand jury materials that DPPs have obtained voluntarily through settlement agreements. This has created a level playing field for further settlement negotiations that would otherwise be made more difficult if DPPs did not have access to NSDs' grand jury materials while NSDs were given access to the grand jury materials DPPs have obtained through settlements.

## IV. LOGISTICAL QUESTIONS

First, the Court's October 6, 2026 Minute Entry directed the Parties to propose a schedule for "exchanging Rule 26(a)(1) disclosures, interrogatories, requests to produce, and discovery responses, and responsive documents" and provided that requests to admit may be served later. Dkt. No. 928. Therefore, the Parties have not proposed deadlines past the completion of written discovery, or for issues such a deadline to amend pleadings, but are prepared to do so at the Court's request. The Parties also recognize that any full case schedule will need to account for other interrelated deadlines, including class certification briefing, and other deadlines which should be determined prior to the close of discovery in order to ensure orderly progression of the case. The Parties would appreciate the Court's guidance as to the appropriate process and timing for submitting a proposed comprehensive case schedule.

Second, in the event that the Parties are unable to reach agreement on terms included in the Expert and Deposition Protocols, and amendment to the Protective Order regarding artificial intelligence, the Parties request that the Court allow the submission of short joint letter briefs presenting any unresolved issues from such documents, in lieu of the ordinary practice of one party

submitting a motion and then the holding of a hearing on such a motion prior to a response from the other party.

## V. SETTLEMENTS AND DISCOVERY PROVIDED PURSUANT TO SETTLEMENT AGREEMENTS

DPPs have settled with the following Defendants (or groups of Defendants): OPIS, Westlake, Atkore, Otter Tail, Pipelife, and Cantex (motion for preliminary approval filed). NCSPs and EUPs have settled with the following Defendants (or groups of Defendants): OPIS, Atkore, Otter Tail, and Pipelife. Pursuant to each of these settlement agreements, the respective Settling Defendant(s) have produced documents and, except in two cases, transactional data. Those productions are ongoing. To date, none of these materials have been cross-produced to the NSDs, leaving what NSDs believe to be a significant gap in the information within the possession of the Parties. However, under the existing stay of discovery, Plaintiffs have similarly not received the productions made by the NSDs to the DOJ, because no such documents have been produced to any party in this litigation.

## VI. EMAIL ADDRESSES FOR VIDEO CONFERENCE LINK

Counsel request that the conference link be sent to the email addresses identified in **Exhibit A** (with one tab for Plaintiffs Counsel and one for Defendants Counsel).

Dated: November 5, 2026

Respectfully submitted,

*/s/ Robert N. Kaplan*
Robert N. Kaplan
Matthew P. McCahill
Elana Katcher
Matthew Lindenmuth
Carihanna Morrison
**KAPLAN FOX & KILSHEIMER LLP**
800 Third Avenue, 38th Floor
New York, NY 10022
Tel: (212) 687-1980
rkaplan@kaplanfox.com
mmccahill@kaplanfox.com
ekatcher@kaplanfox.com
mlindenmuth@kaplanfox.com
cmorrison@kaplanfox.com

Gary L. Specks
**KAPLAN FOX & KILSHEIMER LLP**
681 Prestwick Lane
Wheeling, IL 60090
T: (847) 831-1585
gspecks@kaplanfox.com

*Interim Lead Counsel for the Direct Purchaser Plaintiff Class*

*/s/ Joseph M. Vanek*
Joseph M. Vanek
David Germaine
John P. Bjork
**SPERLING KENNY NACHWALTER, LLC**
321 N Clark Street, Suite 2500
Chicago, IL 60654
Tel: (312) 641-3200
jvanek@sperlingkenny.com
dgermaine@sperlingkenny.com
jbjork@sperlingkenny.com

Phillip F. Cramer
**SPERLING KENNY NACHWALTER, LLC**
1221 Broadway, Suite 2140

*/s/ Brian D. Clark*
Brian D. Clark
Simeon A. Morbey
Laura M. Matson
Eura Chang
Madison J. Gaffney (admitted *pro hac vice*)
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Avenue South, Suite 2200
Minneapolis, Minnesota 55401
(612) 339-6900
bdclark@locklaw.com
samorbey@locklaw.com
lmmatson@locklaw.com
echang@locklaw.com
mjgaffney@locklaw.com

Kyle J. Pozan
Consuela Abotsi-Kowu
**LOCKRIDGE GRINDAL NAUEN PLLP**
1165 N. Clark Street, Suite 700
Chicago, IL 60610
(312) 205-8968
kjpozan@locklaw.com
cmabotsi-kowu@locklaw.com

*/s/ Karin E. Garvey*
Karin E. Garvey
Brian M. Hogan
Michelle E. Conston (admitted *pro hac vice*)
Daniel F. Loud (admitted *pro hac vice*)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Ave., 24th Floor
New York, NY 10169
(212) 223-6444
kgarvey@scott-scott.com
brian.hogan@scott-scott.com
mconston@scott-scott.com
dloud@scott-scott.com

Patrick J. Coughlin (N.D. Ill. Bar No. 90785466)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

Nashville, TN 37212
Tel: (312) 641-3200
Fax: (312) 641-6492
pcramer@sperlingkenny.com

James Almon
**SPERLING KENNY NACHWALTER, LLC**
1616-D Metropolitan Cir.
Tallahassee, FL 32308
Tel: (850) 942-4334
jalmon@sperlingkenny.com

*Interim Liaison Counsel for the Direct Purchaser Plaintiff Class*

600 W. Broadway, Suite 3300
San Diego, CA 92101
(619) 233-4565
pcoughlin@scott-scott.com

Patrick McGahan (admitted *pro hac vice*)
Michael Srodoski (admitted *pro hac vice*)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
156 South Main Street
P.O. Box 192
Colchester, CT 06415
(860) 537-5537
pmcgahan@scott-scott.com
msrodoski@scott-scott.com

*Co-Lead Class Counsel for Non-Converter Seller Purchaser Class Plaintiffs*

*/s/ Elizabeth Fegan*
Elizabeth Fegan
Sarah Jonas
Megan Shannon
**FEGAN SCOTT LLP**
150 S. Wacker Drive, 24th Floor
Chicago, IL 60606
Telephone: (312) 741-1019
Facsimile: (312) 264-0100
beth@feganscott.com
sarah@feganscott.com
megan@feganscott.com

Jonathan D. Lindenfeld (admitted *pro hac vice*)
**FEGAN SCOTT LLP**
305 Broadway, 7th Floor
New York, NY 10007
Phone: 332.216.2101
Fax: 312.264.0100
jonathan@feganscott.com

*/s/ Daniel L. Warshaw*
Daniel L. Warshaw (Bar No. 185365)
Bobby Pouya (Bar No. 245527)
Michael H. Pearson (Bar No. 277857)
Matthew A. Pearson (admitted *pro hac vice*)
Naveed Abaie (admitted *pro hac vice*)
Adrian Buonanoce (admitted *pro hac vice*)
**PEARSON WARSHAW, LLP**
15165 Ventura Boulevard, Suite 400
Sherman Oaks, CA 91403
Telephone: (818) 788-8300
Facsimile: (818) 788-8104
dwarshaw@pwfirm.com
bpouya@pwfirm.com
mpearson@pwfirm.com
mapearson@pwfirm.com
nabaie@pwfirm.com
abuonanoce@pwfirm.com

Brian Pafundi (admitted *Pro Hac Vice*)
**PEARSON WARSHAW, LLP**
328 Barry Avenue South, Suite 200

Wayzata, MN 55391
Telephone: (612) 389-0600
Facsimile: (612) 389-0610
bpafundi@pwfirm.com

Neil Swartzberg (admitted Pro Hac Vice)
**PEARSON WARSHAW, LLP**
555 Montgomery Street, Suite 816
San Francisco, CA 94111
Telephone: (415) 433-9000
Facsimile: (415) 433-9008
nswartzberg@pwfirm.com

*Co-Lead Counsel for the*
*End-User Plaintiff Class*

*<u>/s/ Thomas V. Panoff</u>*
Thomas V. Panoff
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
321 North Clark St., 32nd Floor
Chicago, Illinois 60654
Telephone: (312) 499-6328
tpanoff@sheppardmullin.com

Ann M. O'Brien (admitted *pro hac vice*)
Leo D. Caseria (admitted *pro hac vice*)
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC 20006-6801
Telephone: (202) 747-1900
aobrien@sheppardmullin.com
lcaseria@sheppardmullin.com

*Counsel for Defendant National Pipe & Plastics, Inc.*

*<u>s/ Daniel E. Laytin</u>*
Daniel E. Laytin, P.C. (6257119)
Christa C. Cottrell, P.C. (6284749)
Taylor S. Rothman (6327528)
Max Samels (6333288)
**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
dlaytin@kirkland.com
ccottrell@kirkland.com
taylor.rothman@kirkland.com
max.samels@kirkland.com

*Counsel for J-M Manufacturing Company, Inc., d/b/a JM Eagle*

*<u>/s/ Kristen O'Shaughnessy</u>*
Robert Milne (admitted *pro hac vice*)
Bryan Gant (admitted *pro hac vice*)
Kristen O'Shaughnessy (admitted *pro hac vice*)
**WHITE & CASE LLP**
1221 Avenue of the Americas
New York, NY 10020
Tel: (212) 819-8200
rmilne@whitecase.com
bgant@whitecase.com
kristen.oshaughnessy@whitecase.com

David H. Suggs (admitted *pro hac vice*)
**SHERRARD ROE VOIGT & HARBISON, PLC**
1600 West End Avenue
Nashville, TN 37203
Telephone: (615) 742-4200
dsuggs@srvhlaw.com

*Counsel for Defendant IPEX USA LLC, and Multi Fittings Corporation*

*<u>/s/ William R. H. Merrill</u>*
William R. H. Merrill
James T. Southwick
Elizabeth B. Hadaway
**SUSMAN GODFREY LLP**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Phone: (713) 651-9366
bmerrill@susmangodfrey.com
jsouthwick@susmangodfrey.com
ehadaway@susmangodfrey.com

Alexander Aiken (*pro hac vice* pending)
Ezra Ruiz (admitted *pro hac vice*)
**SUSMAN GODFREY LLP**
401 Union Street, Suite 3000
Seattle, WA 98101
Phone: (206) 516-3880
aaiken@susmangodfrey.com
eruiz@susmangodfrey.com

*/s/ John DeQ. Briggs*
John DeQ. Briggs (DC Bar #171470)
Richard B. Dagen (DC Bar #388115)
Daniel K. Oakes (DC Bar #1009519)
Daniel Matheson (DC Bar #502490)
Kenina J. Lee (DC Bar #1017499)
**AXINN LLP**
1901 L Street NW
Washington, DC 20036
Telephone: (202) 912-4700
jbriggs@axinn.com
rdagen@axinn.com
doakes@axinn.com
dmatheson@axinn.com
klee@axinn.com

*Counsel for Defendants Cantex Inc., Diamond Plastics Corporation, Prime Conduit, Inc., Sanderson Pipe Corporation, and Southern Pipe, Inc.*

/s/ *Rebecca Weinstein Bacon*
Rebecca Weinstein Bacon (6257492)
Mark L. Levine (6201501)
Benjamin Robert Montague (6327341)
Victoria Kalumbi (admitted *pro hac vice*)

**BARTLIT BECK LLP**
54 W. Hubbard St., Ste. 300
Chicago, Illinois 60654
Telephone: (312) 494-4400
Facsimile: (312) 494-4440
rweinstein.bacon@bartlitbeck.com
mark.levine@bartlitbeck.com
benjamin.montague@bartlitbeck.com
victoria.kalumbi@bartlitbeck.com

Lawrence C. Moore, III (N.C. Bar No. 21731)
Nathan C. Chase, Jr. (N.C. Bar No. 39314)
William M. Miller (N.C. Bar No. 36946)
**ROBINSON, BRADSHAW & HINSON, P.A.**
600 S. Tryon St., Suite 2300
Charlotte, North Carolina 28202
(704) 377-2536
lmoore@rbh.com

*/s/ Suyash Agrawal*
Suyash Agrawal (6308343)
Christopher Walling (6333521)
**MASSEY & GAIL LLP**
50 E. Washington St., Suite 400
Chicago, Illinois 60602
Tel: (312) 379-0949
Fax: (312) 379-0467
sagrawal@masseygail.com
cwalling@masseygail.com

*Counsel for Defendants Westlake Corporation and Westlake Pipe & Fittings Corporation*

*/s/ John Briody*
Alan W. Nicgorski
Joseph J. Jacobi
**HANSEN REYNOLDS LLC**
150 South Wacker Drive, 24th Floor
Chicago, IL 60606
Telephone: (312) 265-2253
anicgorski@hansenreynolds.com
jjacobi@hansenreynolds.com

James H. Smith
John Briody (*pro hac vice to follow*)
Daniel W. Levy (*pro hac vice to follow*)
**MCKOOL SMITH**
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 402-9400
Facsimile: (212) 402-9444
jsmith@mckoolsmith.com
jbriody@mckoolsmith.com
dlevy@mckoolsmith.com

*Counsel for Defendant Cresline Plastic Pipe Co.*

nchase@rbh.com
wmiller@rbh.com

*Counsel for Defendant Charlotte Pipe & Foundry Company*