**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE PVC PIPE ANTITRUST LITIGATION** | ) | |
| | ) | **No. 24 CV 7639** |
| | ) | |
| | ) | **Magistrate Judge Young B. Kim** |
| | ) | |
| | ) | **November 23, 2026** |
| | ) | |

## MEMORANDUM OPINION and ORDER

In this civil antitrust action, three Plaintiff Classes—End User Plaintiffs ("Users"), Non-Converter Seller Plaintiffs ("Sellers"), and Direct Purchaser Plaintiffs ("Purchasers")—complain of price-fixing in the PVC pipe and pipe fitting industry in violation of the Sherman Act, 15 U.S.C. § 1, and various state laws. Before the court is the government's motion to extend the existing discovery stay until December 31, 2026, based on its ongoing federal grand jury investigation, but for a narrower scope. For the following reasons, the motion to stay is granted.

### Background

The government moved in October 2025 to intervene in this case to prevent the production of documents it obtained in connection with its grand jury investigation of the PVC pipe market in the Northern District of California and to preclude the parties from producing documents in response to, or negotiating the scope of, Rule 34 Requests for Production of Documents ("RFPs"). (R. 500.) The court granted that motion, partially staying discovery until April 2026, (R. 503), and later modified the stay several times, (R. 507; R. 671). The government then obtained, without

opposition, an extension of the discovery stay until July 1, 2026, noting that it anticipated seeking to narrow the stay thereafter to allow for "more fulsome discovery [to] proceed." (R. 688 at 2; R. 690.)

In the meantime, a few of the named Defendants settled with one or more Plaintiff classes ("Settling Defendants") and produced to Plaintiffs in connection with those settlements the documents they had disclosed to the government in the grand jury investigation. On July 1, 2026, the government again moved to extend the stay until December 31, 2026, but only to delay oral discovery and responses to discovery requests seeking the grand jury investigation documents and the documents Settling Defendants produced to Plaintiffs pursuant to settlement agreements. (R. 834, Govt. Mem. at 4.) Plaintiffs and the Settling Defendants do not oppose the motion. (See R. 853, Govt. Reply at 2 & n.1.)

The non-settling Defendants ("NSDs") oppose the motion insofar as the government seeks to preclude them from seeking the documents produced pursuant to settlement agreements—including the documents OPIS produced—arguing that Plaintiffs have had "highly relevant" documents from Settling Defendants "since at least May 2025" to which NSDs lack access. (See generally R. 846, NSD Opp.) They oppose any stay that would prevent them from pursuing those materials from Plaintiffs and propose that any continued stay specifically note that "Defendants may pursue any discovery seeking materials provided by Settling Defendants to Plaintiffs, provided that [Plaintiffs] may not identify whether those documents were provided to the Department of Justice pursuant to the grand jury investigation." (Id. at 2.)

Plaintiffs object to that proposal as burdensome and one-sided. (See R. 851; R. 852.) The motion and discovery supervision were referred to this court in October 2026, (R. 920), and the parties' November 5, 2026 status report indicates that the dispute remains, (R. 965).

**Analysis**

The Constitution does not require that civil proceedings be held in abeyance while parallel criminal proceedings are ongoing. *Benevolence Int'l Found., Inc. v. Ashcroft*, 200 F. Supp. 2d 935, 938 (N.D. Ill. 2002). But the court has substantial discretion to control its docket and inherent authority to stay civil proceedings, or some aspect of them, pending a criminal proceeding when the interests of justice require it. *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936); *Doe v. City of Chicago*, 360 F. Supp. 2d 880, 881 (N.D. Ill. 2005). Such a stay is "the exception, not the rule," and the movant must demonstrate its necessity. *Martin v. Siciliano*, No. 22 CV 2344, 2023 WL 12204375, at *1 (N.D. Ill. Nov. 15, 2023). Courts consider: (1) the posture of the criminal proceeding; (2) whether the issues overlap; (3) whether the government brings both proceedings; (4) the public interest; (5) the efficient use of judicial resources; (6) the civil plaintiff's interest in proceeding expeditiously and the prejudice it may suffer from a stay; and (7) the burden on defendants if a stay is denied. *See Doe*, 360 F. Supp. 2d at 881; *Chagolla v. City of Chicago*, 529 F. Supp. 2d 941, 945 (N.D. Ill. 2008).

Plaintiffs do not oppose a stay, the NSDs oppose it only on a limited basis, and they all either agree with or take no position on the government's suggestion that

written discovery and document production proceed. (See R. 846, NSD Opp. at 9; R. 834, Govt. Mem. at 1; R. 851, Sellers & Users Stmt. at 1; R. 852, Purchasers Reply at 1.) The dispute is therefore narrow. The parties debate how information may be requested when it overlaps with productions made to the grand jury or pursuant to settlement agreements. The court nonetheless examines the "interests of justice" factors, addressing the appropriate contours of a continued stay under the prejudice factor, as the parties do.

As to the posture of the criminal proceeding, courts in this district routinely note that the pre-indictment status of a parallel grand jury proceeding generally weighs against a stay. *See, e.g.*, *Hollinger Int'l, Inc. v. Hollinger Inc.*, No. 04 CV 698, 2005 WL 8179401, at *3-4 (N.D. Ill. July 15, 2005) (noting "[t]he case for staying civil proceedings . . . is 'far weaker' when the defendant has not been indicted and thus 'no Fifth Amendment privilege is threatened'") (quoting *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1376 (D.C. Cir. 1980)); *Admiral Ins. Co. v. Fed. Sec., Inc.*, No. 94 CV 5649, 1996 WL 139243, at *1 (N.D. Ill. Mar. 26, 1996) (holding discovery stay in civil proceeding "more problematic" where "indictment has not yet been returned"). But this is not the typical case in which a defendant seeks a stay because of Fifth Amendment concerns. Here, the government seeks the stay and cites authority that "when the government seeks a stay of civil discovery, the justification for obtaining the stay is often strongest before an indictment is handed down." (R. 834, Govt. Mem. at 10-11 (quoting *SEC v. Offhill*, No. 3:07-cv-1643-D, 2008 WL 958072, at *3 (N.D.

Tex. Apr. 9, 2008)) (collecting cases).) The court is persuaded and finds that this factor favors a continued stay.

As to overlap of issues and parties, the government says that some or all Defendants in this case are also subjects of the grand jury investigation for the same conduct. (Id. at 6-7.) Neither the NSDs nor Plaintiffs dispute this representation, and the court has no basis to question it. (See generally R. 846, NSD Opp.; R. 851, Sellers & Users Stmt.; R. 852, Purchasers Reply.) Thus, this factor weighs in favor of a stay. *See Benevolence Int'l*, 200 F. Supp. 2d at 940 (holding fact that "parallel civil and criminal cases involve many of the same parties, issues, relevant facts, and transactions" favors a stay); *Admiral Ins.*, 1996 WL 139243, at *1 ("A stay of civil proceedings is most likely to be granted where the civil and criminal actions involve the same subject matter.").

The third factor does not apply here. The government did not bring this case and is seeking, rather than opposing, a continued stay, so there is no concern that it is using this case "to escalate the pressure on [the NSDs]," or as a "stalking horse for the government's criminal inquiry." *Cf. Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc.*, 175 F. Supp. 2d 573, 578-79 (S.D.N.Y. 2001) (noting this factor may be an issue where government could "manipulat[e] simultaneous civil and criminal proceedings").

There is generally "a strong public interest in favor of granting a stay" where "the government has made or joined in the request," as it has here. *Hollinger Int'l*, 2005 WL 8179401, at *7. The government is correct that the public's interest in effective and untainted criminal law enforcement outweighs its interest in the

"prompt disposition of civil litigation," (R. 834, Govt. Mem. at 6-7 (quoting *Chagolla*, 529 F. Supp. 2d at 946-47)), and the NSDs do not dispute that a narrowed but continued stay is generally appropriate. This factor favors a stay.

As to judicial economy, the government contends that its proposal would conserve resources because resolution of the criminal matter may "eliminate much of the Court's work in the civil action by simplifying the issues," and a judgment against a defendant in a criminal antitrust case is "'prima facie evidence against such defendant in any action or proceeding brought by any other party.'" (Id. at 7 (citing *United States v. All Meat & Poultry Prods.*, No. 02 CV 5145, 2003 WL 22284318, at *5 (N.D. Ill. Oct. 2, 2003)).) The NSDs respond that the government's stay proposal "is highly inefficient" and would "inject undue delay" because of the topic-by-topic requests it would require and the "objections, meet-and-confers, and motion practice" it would invite, (R. 846, NSD Opp. at 8-9), but that argument goes more to prejudice than judicial economy, and this factor favors a stay.

As to prejudice, the government asserts that the short-lived, narrow stay would cause at most minimal, temporary prejudice to the NSDs because they can obtain the same documents at any time without referencing the grand jury investigation or settlement agreements in their RFPs and may seek them *en masse* when the stay expires. (R. 834, Govt. Mem. at 8-10; R. 853, Govt. Reply at 1-5.) The government also says that the NSDs' proposal could hinder its ability to bring charges because the staged production of grand jury materials under certain settlement agreements could make them "readily discernable," and production of "the entirety of the

settlement documents" would give the NSDs "certainty" that the government "does not possess additional materials." (R. 853, Govt. Reply at 5-6.)

For their part, the NSDs acknowledge that the government's proposal restricts the way they may ask for certain documents but does not impact their ability to obtain them. (R. 846, NSD Opp. at 9.) Still, they characterize it as a "highly inefficient" "blanket prohibition" that causes information asymmetry because "topic-by-topic" requests cannot guarantee they will "capture the same universe of documents" Plaintiffs already possess, and they liken the settlement productions to third-party subpoena productions that must be shared with all parties. (Id. at 8-11.) The court is not persuaded. The NSDs' answers to the complaint are not due until later this month, and the proposed stay would expire soon thereafter on December 31, 2026. While the court recently approved an agreed discovery schedule that includes some near-term deadlines, (R. 965; R. 977), the effective period during which the government's motion would forestall full-blown document discovery is brief, and the court remains open to extending deadlines to accommodate the NSDs as needed for good cause. Even if the stay is extended beyond December 31, 2026, the court is hard-pressed to find more than minimal prejudice. This is not akin to a third-party subpoena situation, because the settlements and associated productions are the result of voluntary, arm's length negotiations that are generally the purview of the settling parties. Nor is the proposed stay a "blanket prohibition," and the NSDs will not "remain in the dark" because of it, as they concede they still may seek the same documents in discovery. (R. 846, NSD Opp. at 9 & 11.) And while crafting and

responding to objections to topic-by-topic RFPs may require more time and effort, that burden does not outweigh the risk of impeding the grand jury investigation.

By contrast, the NSDs' proposal is problematic. First, the court agrees with the government that it would provide at least some insight into the grand jury investigation, solidifying for the NSDs that they possess the universe of documents involved in it. Second, it is one-sided, allowing the NSDs access to grand jury productions and other documents Plaintiffs obtained through settlements while denying Plaintiffs access to the NSDs' grand jury productions. Third, it shifts to Plaintiffs the burden of screening for and scrubbing any indication that documents received through Settling Defendants are grand jury related, when the NSDs can simply request documents by topic. Given the length of the extension the government seeks and that the NSDs still may obtain the underlying documents, the burden the NSDs' proposal imposes counsels against adopting it. In sum, each factor favors the short stay proposed by the government.

## Conclusion

For the foregoing reasons, the government's motion for a limited discovery stay is granted through December 31, 2026.

**ENTER:**

**Young B. Kim**
**United States Magistrate Judge**